IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JACK TELL, NATASHA TORKZABAN, MORGAN SALISBURY, OPAL MORRIS, HENRY FARTHING, SUZANA KENNEDY, NAOMI SUI PANG, A.T., a minor, by and through her parents DAVE TELL and HANNAH TELL and P.M., a minor, by and through her parents MARGARET WEISBROD MORRIS and JOHNATHAN MORRIS, | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| v. | ) ) ) | No. 25-2428-KHV |
| LAWRENCE BOARD OF EDUCATION, LAWRENCE USD 497 and GREG FARLEY, in his individual capacity, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Emergency Motion For Temporary Restraining Order And Preliminary Injunction (Doc. #4) filed August 15, 2025. Plaintiffs request an emergency temporary restraining order and preliminary injunction enjoining defendants from (1) enforcing or reimposing a prior restraint forbidding The Budget (the Lawrence High School student newspaper) and its editor-in-chief, A.T., from reporting on this lawsuit or related district conduct and (2) taking or threatening adverse employment action against The Budget's faculty adviser, Abbi Epperson-Ladd, on account of such reporting.

Plaintiffs seek an ex parte temporary restraining order under Fed. R. Civ. P. 65, which authorizes the Court to issue a temporary restraining order without written or oral notice to the adverse party only if "(A) specific facts in an affidavit or a verified complaint clearly show that

immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). An ex parte temporary restraining order is an emergency remedy, which is reserved for exceptional circumstances and lasts only until the Court can hear arguments or evidence regarding the controversy. Uhlig, LLC v. PropLogix, LLC, No. CV 22-2475-KHV, 2023 WL 8452426, at *1 (D. Kan. Dec. 6, 2023). Plaintiffs have not shown exceptional circumstances which would justify a temporary restraining order without service to or response from defendants. The Court therefore overrules plaintiffs' motion for a temporary restraining order.

The Court notes that defendants have rescinded the ban on publication, and plaintiffs present no evidence that defendants intend to enforce or re-impose any prior restraint. Plaintiffs do not allege that defendants authorized Jeff Plinsky's communications with A.T. about possible action against Epperson-Ladd, or that in his statements to A.T., he was acting on behalf of defendants. Accordingly, on this record, the Court declines to hold defendants responsible for his statements. Also, plaintiffs have not shown that defendants have threatened adverse action against Epperson-Ladd. In that regard, K.S.A. § 72-7211 protects Epperson-Ladd by stating that "[n]o [student publication] advisor or employee shall be terminated from employment, transferred, or relieved from duties imposed under this subsection for refusal to abridge or infringe upon the right to freedom of expression conferred by this act." K.S.A. § 72-7211(d).

As to plaintiffs' request for a preliminary injunction, the Court defers consideration until defendants have been served and have responded.

**IT IS THEREFORE ORDERED** that plaintiffs' Emergency Motion For Temporary Restraining Order And Preliminary Injunction (Doc. #4) filed August 15, 2025 is **OVERRULED**

**as to plaintiffs' request for a temporary restraining order and DEFERRED until defendants have been served and have responsed.**

Dated this 19th day of August, 2025 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
