# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JACK TELL, NATASHA TORKZABAN, MORGAN SALISBURY, OPAL MORRIS, HENRY FARTHING, SUZANA KENNEDY, NAOMI SUI PANG, A.T., a minor, by and through her parents DAVE TELL and HANNAH TELL and P.M., a minor, by and through her parents MARGARET WEISBROD MORRIS and JOHNATHAN MORRIS,<br><br>        Plaintiffs,<br><br>v.<br><br>LAWRENCE BOARD OF EDUCATION, LAWRENCE USD 497 and GREG FARLEY, in his individual capacity,<br><br>        Defendants. | Case No. 2:25-cv-2428-KHV-GEB |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY
RESTRAINING ORDER AND FOR PRELIMINARY INJUNCTION**

Defendants Lawrence Board of Education, Lawrence USD 497 (the "School District"), and Greg Farley (collectively "Defendants") hereby respond in opposition to Plaintiffs' Emergency Motion For Temporary Restraining Order and Preliminary Injunction (Doc. 4).[1]

**INTRODUCTION**

Plaintiffs still demand more—even after Defendants provided Lawrence High School's student journalism advisor with a signed memorandum stating that students may freely publish about the School District's ongoing Gaggle lawsuit. Plaintiffs' requested preliminary injunction

---

[1] Because the Court previously denied Plaintiffs' request for a temporary restraining order, Defendants address only Plaintiffs' request for a preliminary injunction. *See* Doc. 5.

162016427.1                                                           1

would permit students to publish about the School District's ongoing Gaggle lawsuit and protect the journalism advisor from adverse employment actions for her role in such publishing. But sworn testimony from both the School District's Superintendent and Lawrence High School's Principal establishes that neither of those concerns are outstanding. Therefore, Plaintiffs' requested injunction is moot, and also fails to satisfy the four requirements for granting a preliminary injunction. This Court should deny Plaintiffs' Motion.

## **FACTS**

1. On Friday, August 15, Superintendent Jeanice Swift and Deputy Superintendent Larry Englebrick visited Lawrence High School—where Plaintiff A.T. attends and Abbi Epperson-Ladd serves as journalism faculty advisor. Exhibit A, Declaration of Jeanice Swift at 2; Exhibit B, Declaration of Quentin Rials at 2.

2. Dr. Swift, Dr. Englebrick, and Lawrence High School Principal Quentin Rials prepared a memorandum to Ms. Epperson-Ladd regarding student journalism about the Gaggle lawsuit. Exhibit A at 2; Exhibit B at 2. That memorandum is attached to both Dr. Swift's Declaration (Exhibit A) and Dr. Rials' Declaration (Exhibit B).

3. Dr. Rials signed the memorandum and provided it to Ms. Epperson-Ladd. Exhibit A at 2; Exhibit B at 2.

4. The memorandum explained that district staff would not themselves comment on ongoing litigation. But the memorandum emphasized that no school or district official would restrict students' lawful reporting on the Gaggle lawsuit—or on any other subject. Exhibit A at 2; Exhibit B at 2.

5. Also on August 15, the School District confirmed to Plaintiffs' counsel that the School District would not restrict any student journalist or journalism advisor from lawful

reporting on the Gaggle lawsuit. The School District stated that no School District official will prohibit, delay, condition, or otherwise restrain such reporting. Exhibit A at 2.

6. Dr. Rials understands that the School District is not restricting any student journalist or journalism advisor from lawful reporting on the Gaggle lawsuit. He understands that this means that neither he nor any other School District official may prohibit, delay, condition, or otherwise restrain such reporting. Exhibit B at 2.

7. Defendants have no intention of either (1) restricting student reporting related to the Gaggle lawsuit, or (2) taking or threatening any adverse employment action against Ms. Epperson-Ladd (or anyone else) for their role in encouraging, facilitating, or otherwise participating in such reporting. The School District would never do either of these things. Exhibit A at 2.

8. Dr. Rials has no intention of either (1) restricting student reporting related to the Gaggle lawsuit, or (2) taking or threatening any adverse employment action against Ms. Epperson-Ladd (or anyone else) for their role in encouraging, facilitating, or otherwise participating in such reporting. Exhibit B at 2.

9. The School District has never communicated to Ms. Epperson-Ladd—or to anyone else—that Ms. Epperson-Ladd (or any other School District employee) could suffer an adverse employment action because of their role in lawfully reporting about the Gaggle lawsuit. Statements to the contrary by Ms. Epperson-Ladd, Jeff Plinsky, or anyone else are inaccurate and do not reflect School District policy. Exhibit A at 2.

10. Dr. Rials has never communicated to Ms. Epperson-Ladd—or to anyone else—that Ms. Epperson-Ladd (or any other School District employee) could suffer an adverse employment action because of their role in lawfully reporting about the Gaggle lawsuit. Exhibit B at 2.

## ARGUMENT

"To obtain a preliminary injunction the moving party must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood that the moving party will suffer irreparable harm if the injunction is not granted; (3) the balance of equities is in the moving party's favor; and (4) the preliminary injunction is in the public interest." *Verlo v. Martinez*, 820 F.3d 1113, 1126 (10th Cir. 2016).

Plaintiffs "ha[ve] the burden to establish by clear and unequivocal proof [their] right to a preliminary injunction." *Hill's Pet Nutrition, Inc. v. Nutro Prods., Inc.*, 258 F. Supp. 2d 1197, 1205 (D. Kan. 2003). "A preliminary injunction is an extraordinary remedy constituting drastic relief." *Pryor v. Sch. Dist. No. 1*, 99 F.4th 1243, 1249–50 (10th Cir. 2024).

Three types of preliminary injunctions are "specifically disfavored" and demand even closer scrutiny: "(1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits." *Schrier v. Univ. Of Co.*, 427 F.3d 1253, 1259 (10th Cir. 2005) (cleaned up). A preliminary injunction alters the status quo when it alters the "last uncontested status between the parties which preceded the controversy until the outcome of the final hearing." *Id.* at 1260. A preliminary injunction is mandatory when it "affirmatively requires the nonmovant to act in a particular way, and as a result…places the issuing court in a position where it may have to provide ongoing supervision to assure the nonmovant is abiding by the injunction." *Id.* at 1261 (quoting *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 1002 (10th Cir. 2004).

**I.     Plaintiffs' preliminary injunction request fails because they cannot satisfy any of the four requirements for granting a preliminary injunction.**

Preliminarily, this Court should apply a heightened standard to Plaintiffs' requested injunction because Plaintiffs seek a mandatory injunction that alters the status quo.

The preliminary injunction is mandatory because it both involves affirmative action and requires this Court's continued involvement. It involves affirmative action to

> (1) not change Ms. Epperson-Ladd's employment status for any reason unless this Court orders that such a change is permitted,
>
> (2) "withdraw in writing any prior directive forbidding reporting on this lawsuit," and
>
> (3) "circulate K.S.A. 72-7209 through 72-7211, together with this Order, to relevant central-office and LHS administrators and journalism staff."

Doc. 4 at 11. It requires this Court's continued involvement because the Court must

> (1) make "a content-specific written finding that particular material falls within one of the narrow statutory exceptions in K.S.A. 72-7211(c), supported by content-specific facts," and
>
> (2) ensure that Defendants "maintain the adviser's employment status quo pending further order of the Court."

*Id.*

The preliminary injunction also alters the status quo because it demands that Defendants do more than merely restore the parties' position pre-controversy. Plaintiffs not only request recission of any anti-publication policies, but also require that they change the status quo in the following ways:

> (1) Defendants must provide additional protections to Ms. Epperson-Ladd's employment status; and
>
> (2) Defendants must provide affirmative communications regarding student journalism beyond rescinding any prior prohibitions.

*Id.*

Under this standard, Plaintiffs cannot show that they satisfy any of the four elements required to obtain a preliminary injunction.

### A. Plaintiffs cannot show a likelihood of success on the merits because they cannot establish any ongoing violations of Plaintiffs' First Amendment rights.

The main problem with Plaintiffs' Motion is simple: they cannot establish any ongoing restrictions on student journalists or threats against faculty. Jeanice Swift—who represents the School District—and Quentin Rials—who represents Lawrence High School—both explain that any prior restrictions on reporting about the Gaggle lawsuit have been removed. They state that both Plaintiffs' counsel and Ms. Epperson-Ladd have been informed about this removal. And both declare that they have never communicated that Ms. Epperson-Ladd might suffer any adverse employment action because of her role in reporting about the Gaggle lawsuit. Plaintiffs' alleged evidence to the contrary relies upon either (1) misunderstandings by A.T., a student who was not privy to Defendants' communications to teachers, or (2) misleading claims by a Jeff Plinsky, a teachers' union representative without any evidence to support his claims. Plaintiffs fail to provide "clear and unequivocal proof" or to satisfy the heightened standard for a mandatory injunction that alters the status quo.

### B. Plaintiffs cannot show a likelihood that they will suffer irreparable harm because no ongoing harm exists.

"Irreparable harm" means harm that is "certain, great, actual, and not theoretical." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotations omitted) (*citing Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C.Cir.1985)). Harm is "irreparable" if that harm would make it "difficult or impossible to resume [the moving party's] activities or restore the status quo ante in the event they prevail." *Id.*

No irreparable harm exists here; indeed, no ongoing harm exists at all. Plaintiffs fail to provide "clear and unequivocal proof" under a heightened standard that they face any ongoing threat of publication restrictions or that Ms. Epperson-Ladd faces any ongoing threat of adverse employment actions. Therefore, Plaintiffs cannot establish irreparable harm.

### C. Plaintiffs cannot show that the balance of equities is in their favor because the preliminary injunction would injure Defendants more than it would allegedly injure Plaintiffs.

Another way of stating this requirement is that "the threatened injury to the movant outweighs the injury to the other party under the preliminary injunction." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1190 (10th Cir. 2003) (*quoting Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001)).

Plaintiffs have failed to show any threatened injury because Defendants have withdrawn all policies or actions that could cause the injuries that Plaintiffs claim. Additionally, the requested injunction would impose the following injuries on Defendants:

> (1) Defendants must "[m]aintain [Ms. Epperson-Ladd's] employment *status quo* pending further order of the Court," prohibiting Defendants from changing her employment status for any reason—even if unrelated to Plaintiffs' Motion—without Court approval;
>
> (2) Defendants must circulate a copy of this Court's order granting the preliminary injunction and a written withdrawal of any prior directive forbidding reporting on the Gaggle lawsuit "to relevant central-office and LHS administrators and journalism staff," which would create unnecessary embarrassment for the School District when the School District has already withdrawn any such policies; and
>
> (3) Defendants must undergo the expense of responding to Plaintiffs' Motion and the inconvenience of ensuring compliance with any Court order that results from it despite having already addressed Plaintiffs' concerns.

Doc. 4 at 11. Unlike Plaintiffs' alleged injuries—all of which are now moot—Defendants' injuries are real and will occur if this Court imposes a preliminary injunction.

For these reasons, Plaintiffs fail to provide "clear and unequivocal proof" under a heightened standard that their alleged injuries outweigh Defendants' injuries.

    **D.    Plaintiffs cannot show that the preliminary injunction is in the public interest because—with any potential First Amendment issues corrected—no public interest remains.**

No public interest exists because no First Amendment violation—and, indeed, no request that Plaintiffs make in their Motion—remains outstanding and unaddressed. Defendants have already provided Plaintiffs with all of the protection they have requested for student journalists and faculty to report about the Gaggle lawsuit. Under those circumstances, a preliminary injunction does nothing to further the public interest.

**II.    Plaintiffs' preliminary injunction request fails for several other reasons.**

    **A.    Plaintiffs' requested preliminary injunction request is moot.**

A preliminary injunction request becomes moot when the nonmoving party grants the relief the moving party requested. *See Hirt v. Unified Sch. Dist. No. 287*, No. 17-CV-02279-JAR-GLR, 2017 WL 4776956, at *4 (D. Kan. Oct. 23, 2017) (preliminary injunction request moot to the extent that it sought admission to school board meetings after the school district stated that the moving party could attend all public school board meetings); *Gilmore v. Beveridge*, No. 222CV02032HLTRES, 2022 WL 3139023, at *4 n.6 (D. Kan. Aug. 5, 2022) (issuance of a revised policy mooted a preliminary injunction request regarding the original policy); *Alpha & Omega Fin. Servs., Inc. v. Kesler*, No. 18-4015-DDC-KGS, 2018 WL 5719992, at *4 (D. Kan. Nov. 1, 2018) (finding that when the "relief plaintiff seeks…already has been achieved, and granting a preliminary injunction thus is unnecessary"); *In re Santa Fe Nat. Tobacco Co. Mktg. & Sales Pracs. & Prods. Liab. Litig.*, 288 F. Supp. 3d 1087, 1201 (D.N.M. 2017) ("if the injunction would have no present-day effect, the injunctive relief request is also rendered moot"); *but see*

*Pharmanex, Inc. v. HPF*, No. 99–4116, 221 F.3d 1352, at *2 (10th Cir. Apr. 20, 2000) (unpublished).

Here, Defendants have granted the two remedies that Plaintiffs sought—permission to freely publish about the Gaggle lawsuit in student newspapers, and assurance that Ms. Epperson-Ladd (and other School District employees) would suffer no adverse employment actions because of assisting the students in lawfully publishing about that lawsuit. Plaintiffs' request for a preliminary injunction to require the very relief Defendants have already provided makes their request moot.

Plaintiffs' rebuttal arguments fail because they attempt to rely upon the standard for mooting an entire case or claim—which may apply differently to preliminary injunction requests. *See Hirt v. Unified Sch. Dist. No. 287*, No. 17-CV-02279-JAR-GLR, 2017 WL 4776956, at *5 (D. Kan. Oct. 23, 2017) (stating "Defendants here have not moved to dismiss this case on the basis of mootness; rather, Defendants oppose Plaintiffs' motion for a preliminary injunction and the parties' underlying dispute remains subject to this Court's review"); *McFadden v. Meeker Hous. Auth.*, No. 16-CV-2304-WJM-GPG, 2016 WL 8608449, at *3 (D. Colo. Oct. 19, 2016) (stating "no party has cited any cases discussing whether voluntary cessation imposes this same burden in a preliminary injunction analysis" and determining that plaintiffs could not satisfy the preliminary injunction standard when the non-moving party rescinded the objectionable policies); *but see Pharmanex, Inc. v. HPF*, No. 99–4116, 221 F.3d 1352, at *2 (10th Cir. Apr. 20, 2000) (unpublished).

And regardless, mootness still applies because the two requirements for voluntary cessation—no reasonable expectation of recurrence and interim events completely eradicated the challenged conduct's effects—are met here. Both the School District's Superintendent and Lawrence Public Schools' Principal have testified under oath that they will not disturb the

students' publishing or Ms. Epperson-Ladd's employment regarding the Gaggle lawsuit. No reasonable expectation exists that they will contradict their sworn testimony. And that testimony establishes that the effects of any alleged violation have been completely eradicated. Any statements by Jeff Plinsky to the contrary lack evidentiary support and do not have the School District's authorization. And Plaintiffs' allegations that "the District has a history of publicly making false promises to student journalists" are unsupported slander.

### B.   Plaintiffs' requested preliminary injunction is not reasonably specific.

A preliminary injunction must be "reasonably specific to notify the defendant of what is prohibited." *Pryor v. Sch. Dist. No. 1*, 99 F.4th 1243, 1255 (10th Cir. 2024) (internal quotations omitted) (*citing Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1243 (10th Cir. 2001)).

Plaintiffs' requested preliminary injunction is not reasonably specific in that it requests the Court to "[m]aintain the adviser's employment status quo pending further order of the Court." Doc. 4 at 11. This requirement is unclear regarding what "employment status quo" and what "further order of the Court" the requirement entails. Would this require Defendants to obtain a Court order approving any change in Ms. Epperson-Ladd's employment status, even if unrelated to the Gaggle lawsuit? This requirement is not reasonably specific, and should be removed from the preliminary injunction request.

## CONCLUSION

WHEREFORE, Defendants respectfully request the Court to deny Plaintiffs' Emergency Motion For Temporary Restraining Order and Preliminary Injunction (Doc. 4) and grant any other relief that is just and proper under the circumstances.

/s/ Alan L. Rupe
Alan L. Rupe, KS #08914
Blake M. Edwards, KS #28187
Jared D. Harpt, KS #30005
LEWIS BRISBOIS BISGAARD & SMITH LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, KS 67206
Telephone: (316) 609-7900
Facsimile: (316) 462-5746
alan.rupe@lewisbrisbois.com
blake.edwards@lewisbrisbois.com
jared.harpt@lewisbrisbois.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on August 29, 2025, I filed the above Defendants' Response in Opposition to Plaintiffs' Emergency Motion For Temporary Restraining Order and Preliminary Injunction using the Court's CM/ECF system which will send notification to all counsel of record.

/s/ Alan L. Rupe
Alan L. Rupe