# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JACK TELL; NATASHA TORKZABAN; MORGAN SALISBURY; OPAL MORRIS; HENRY FARTHING; SUZANA KENNEDY; NAOMI SUI PANG; A.T., a minor, by and through her parents DAVE TELL and HANNAH TELL; and P.M., a minor, by and through her parents MARGARET WEISBROD MORRIS and JONATHAN MORRIS,<br><br>*Plaintiffs*,<br><br>v.<br><br>LAWRENCE BOARD OF EDUCATION, a political subdivision of the State of Kansas; LAWRENCE USD 497, a political subdivision of the State of Kansas; and GREG FARLEY, in his individual capacity,<br><br>*Defendants*. | Case No.: 2:25-cv-02428-KHV-GEB |

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR
## TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Defendants' response does not dispute that a directive barred student reporting about this lawsuit; it argues instead that Plaintiffs "cannot establish any ongoing restrictions on student journalists." Resp. at 6. That position is inconsistent with the record when Defendants assert that they "have no intention" and "would never" "restrict[] student reporting related to the Gaggle lawsuit," Resp., ¶ 7, given that a lawyer for the District already confirmed in writing and over the phone that such a restriction had been implemented. *See* Finkeldei-Rosenthal Emails [Docket No. 4-2]; *see also* Motion, ¶ 8.[1]

---

[1] The "Motion" refers to *Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction* [Docket No. 4]. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Notwithstanding Defendants' present-tense assurances, Plaintiffs welcome Defendants' representations that such a restriction will not be implemented in the future. Defendants ask the Court to credit those assurances even as they decline to enter an order embodying them. On September 3, 2025, Plaintiffs sent Defendants a short proposed consent order that would forbid any such future restrictions and commit to non-retaliation, consistent with the representations in their Response and the District's "clarification of expectations" memo stating: "No school or district official will prohibit, delay, condition or otherwise restrain any student journalist or journalism adviser from lawful reporting on any subject [going forward]." See **Ex. A** (Proposed Consent Order). On September 4, Defendants asked if Plaintiffs would make it a stipulation instead of a consent order. Plaintiffs explained that a court-ordered enforcement mechanism is necessary because a private stipulation is not self-executing or enforceable by the Court and would require additional motion practice to address violations, whereas a consent order preserves the professed status quo and is immediately enforceable under Rule 65(d). On September 5 at 5:25 p.m., Defendants stated: "We will not agree to a consent order." See **Ex. B** (email chain). Unless and until agreement is reached, this controversy is not moot and the Court should enter a narrow prohibitory injunction that preserves the status quo that Defendants say now exists.

**I.      Mootness Fails Under the Voluntary Cessation Doctrine.**

An action challenging an illegal practice is only mooted by voluntary cessation of the practice "if two conditions are satisfied: '(1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1115 (10th Cir. 2010). "The party asserting

2

mootness bears the "'heavy burden of persua[ding] the court that the challenged conduct cannot reasonably be expected to start up again.'" *Id*. at 1116.

Defendants contend that no controversy exists because they issued a memorandum [Docket No. 13-1, Page 4] (the "Clarification Memo") to the journalism adviser stating that the District would not restrict reporting. But the Clarification Memo and synonymous representations already failed to protect lawful reporting, and by extension, failed to moot the instant controversy. Further, the Clarification Memo is not district-facing: it was directed only to the adviser, not adopted by the Board or issued as a policy, and it was not communicated to students or parents. A non-public, adviser-only communication does not "completely and irrevocably eradicate" the effects of a prior restraint and offers no assurance against recurrence.

As stated in the Motion, not three hours after Brad Finkeldei's written confirmation that the District had lifted its restriction on reporting related to the lawsuit, and on the same day the Clarification Memo was issued, a District teacher met with A.T. and pressured her not to publish an article regarding the lawsuit. Consequently, A.T. did not publish for five days. Defendants' refusal to agree to the Proposed Consent Order, coupled with the District's history of publicly making false statements to student journalists and advisers[2] (*see* Motion, Page 10; Complaint, ¶¶

---

[2] Respectfully, Plaintiffs take exception to Defendants' accusation that "Plaintiffs' allegations that 'the District has a history of publicly making false promises to student journalists' are **unsupported slander**." Response, Page 10 (emphasis added). Contrary to Defendants' assertion, Plaintiffs have provided, among other support: (1) the date and circumstances surrounding the District's promise to exempt journalism students from Gaggle scanning and seizure (Complaint, ¶ 151); (2) a letter from counsel for the District reiterating the District's foregoing promise (Complaint, Exhibit E [Docket No. 1-6]); (3) a direct quote from an email sent by the previous journalism adviser reiterating the foregoing promise and chastising the District for failing to honor same (Complaint, ¶ 177); and (4) direct quotes from an exchange between Julie Boyle, Executive Director of Communications for the District, and Suzana Kennedy, former editor-in-chief of *The Budget*, in which Boyle's attempts to send information to Kennedy were repeatedly seized by Gaggle (Complaint, ¶¶ 161-173). Further, publications ranging from *The Budget* to *The New York Times* have reported on the District's foregoing promise. *See, e.g.*, Ellen Barry, *The Brave New World of A.I.-Powered Self-Harm Alerts*, N.Y. Times, December 9, 2024 ("[T]he school agreed to exempt student journalists' files from monitoring."); Grace Hills, *Lawrence school board's spyware renewal leaves student journalists' concerns unresolved*, The Lawrence Times, July 16, 2024 ("During the July 8 school board meeting, superintendent Anthony Lewis said the board had been working with student journalists to protect their 'journalistic integrity' by no longer monitoring their devices."); Sherman Smith, *'Unapologetically loud': How student journalists fought a Kansas district over*

129-159), demonstrates that Plaintiffs cannot count on the District to police itself and uphold its commitments. Absent an order memorializing the contents and commitments in the Clarification Memo, Plaintiffs have no belief—let alone the requisite assurance—"that there is no reasonable expectation that the alleged violation will recur."

## II. Plaintiffs are Likely to Succeed on the Merits.

Defendants offer no content-based finding under K.S.A. 72-7211(c) and no disruption rationale that ever justified forbidding coverage of this lawsuit. Their Response instead points to the Clarification Memo and present-tense assurances that "neither . . . concerns are outstanding." That record supports a finding that Plaintiffs are likely to succeed in showing an unlawful prior restraint and, under the voluntary cessation doctrine, the need for guardrails to prevent re-imposition during the case.

## III. Irreparable Harm Persists.

A prior restraint inflicts *per se* irreparable harm. *Elrod v. Burns*, 427 U.S. 347, 373 (1976); *Verlo v. Martinez*, 820 F.3d 1113, 1127 (10th Cir. 2016). Defendants say "no ongoing harm exists" because the restriction was lifted by the Clarification Memo. But as described above, on the same day the Clarification Memo was issued—and within three hours of Brad Finkeldei's written confirmation of representations synonymous to those in the Clarification Memo—the Clarification Memo had already proven insufficient to protect lawful reporting. Indeed, the restraint and ensuing pressure have already halted and chilled A.T.'s reporting and *The Budget*'s editorial decisions. *See* Motion, Page 7; [Docket No. 4-1, ¶¶ 9, 17, 20, 22]. At this time, nothing prevents the District from rescinding the Clarification Memo or from reneging on same. Absent a court-ordered enforcement

---

*spyware and won*, Kansas Reflector, April 22, 2024; Cuyler Dunn, *Lawrence journalism students convince district to reverse course on AI surveillance they say violates freedom of press*, The Budget, April 18, 2024. Plaintiffs take the accusation of slander very seriously.

4

mechanism to ensure compliance with the Clarification Memo and the representations in Defendants' Response and the Finkeldei-Rosenthal Emails, lawful reporting will continue to be chilled.

## IV.   The Balance of Equities and the Public Interest Support Immediate Injunctive Relief.

Enjoining a categorical prior restraint—and unlawful threats to teacher employment—imposes no legally cognizable harm on Defendants and advances the public interest. Conversely, censorship unjustifiably burdens and restricts Plaintiffs' constitutional rights to free speech.

Further, Defendants assert that the injunction sought by Plaintiffs would alter the status quo by requiring Defendants to act in a particular way and would require ongoing Court supervision. However, Defendants have so far failed to agree or to suggest reasonable revisions to the Proposed Consent Order, which merely memorializes the contents of the Clarification Memo that Defendants contend reflect the status quo. Indeed, Plaintiffs seek a purely prohibitory order that (i) tracks Defendants' "no … restrain" formulation; and (ii) bars coercion or retaliation tied to student reporting about this lawsuit. That order neither compels staff to comment nor requires ongoing court supervision; it simply preserves the status quo defendants now profess exists. This advances strong interests under the First Amendment and Kansas Student Publications Act with minimal, if any, burden on the District.

## CONCLUSION

Defendants do not dispute the dispositive fact: the District issued a directive restricting student reporting on this lawsuit. Present-tense assurances and carefully worded statements in the Response do not erase that violation—particularly where the District's own counsel confirmed the restriction in writing and by phone, and the same-day "clarification" failed to prevent pressure that delayed publication for days. Those contradictions, together with Defendants' refusal to enter a

5

short consent order that simply memorializes their professed policy, preclude any finding that recurrence is not reasonably expected or that effects have been "completely and irrevocably eradicated." Under the voluntary-cessation doctrine, Defendants have not carried their heavy burden. The Court should therefore enter a narrow, prohibitory injunction that preserves the status quo Defendants say exists by tracking their "no . . . restrain" language and barring coercion or retaliation while this case proceeds.

**Dated:** September 5, 2025

Respectfully submitted,

**DENTONS US LLP**

*/s/ Jacob S. Margolies*
Mark P. Johnson (Kan. No. 22289)
Harrison M. Rosenthal (Kan. No. 28894)
Jacob S. Margolies (Kan. No. 29470)

4520 Main Street, Suite 1100
Kansas City, Missouri 64111-7700
Telephone:  (816) 460-2400
Facsimile:  (816) 531-7545
mark.johnson@dentons.com
harrison.rosenthal@dentons.com
jacob.margolies@dentons.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on September 5, 2025, a true and correct copy of the foregoing was e-filed with the Court's CM/ECF system, which will send notice to all counsel of record who have entered an appearance in this action.

      /s/ *Jacob S. Margolies*
      Jacob S. Margolies
      *Counsel for Plaintiffs*