# EXHIBIT A

#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JACK TELL; NATASHA TORKZABAN; MORGAN SALISBURY; OPAL MORRIS; HENRY FARTHING; SUZANA KENNEDY; NAOMI SUI PANG; A.T., a minor, by and through her parents DAVE TELL and HANNAH TELL; and P.M., a minor, by and through her parents MARGARET WEISBROD MORRIS and JONATHAN MORRIS,<br><br>*Plaintiffs*,<br><br>v.<br><br>LAWRENCE BOARD OF EDUCATION, a political subdivision of the State of Kansas; LAWRENCE USD 497, a political subdivision of the State of Kansas; and GREG FARLEY, in his individual capacity,<br><br>*Defendants*. | Case No.: 2:25-cv-02428-KHV-GEB |

### **STIPULATED CONSENT ORDER**

Upon the parties' stipulation and the Court being duly advised, IT IS ORDERED:

1. **Scope (District-Wide).** This Order applies district-wide to Lawrence USD 497 and the Lawrence Board of Education, including all schools, programs, departments, officers, agents, servants, employees, contractors, and attorneys, and all persons in active concert or participation with those who receive actual notice of this Order. *See* Fed. R. Civ. P. 65(d)(2).

2. **No Prior Restraint / No Prepublication Review or Prior Notice.** Defendants shall not prohibit, delay, condition, require prior notice or permission for, or otherwise restrain any student journalist's lawful reporting, editing, publication, or distribution concerning this litigation or District conduct. Nothing in this Order authorizes prepublication review.

3.      **Adviser Guidance Not Restricted.** Defendants shall not bar, direct, pressure, or encourage any student-publication adviser to refrain from providing instruction, supervision, or content-neutral journalistic guidance because the reporting concerns this litigation or related District conduct, consistent with K.S.A. 72-7209 to -7211.

4.      **Content-Specific Limits—Written Reasons.** Any content-specific limitation permitted by Kansas law governing student publications must be documented in writing by a building principal or the Superintendent, state brief reasons tied to the statutory criteria, and be provided to the adviser and the student editor(s)-in-chief.

5.      **Non-Retaliation (Students).** Defendants shall not take, threaten, or initiate adverse action—including discipline, grading penalties, removal from staff roles, or restrictions on participation in student media—because of a student's lawful reporting.

6.      **Non-Retaliation (Adviser).** Defendants shall not take or threaten adverse employment action against any adviser because student journalists engage in lawful reporting or because the adviser fulfills duties consistent with Kansas law protecting student publications and advisers. Nothing in this Order restricts employment actions for documented, non-retaliatory reasons unrelated to student-press activity.

7.      **Expedited Enforcement; Order to Show Cause.** A party alleging non-compliance shall confer in good faith with opposing counsel. If the issue remains unresolved, that party may file a Motion to Enforce and Show Cause supported by declaration(s). The motion shall be deemed a request for an order to show cause, and the responding party shall, within two (2) business days of service, file a response showing cause why relief should not be granted. The Court may set expedited briefing or a hearing and enter appropriate relief, including interim measures, sanctions, and, in its discretion, fees and costs.

8. **Duration; Jurisdiction.** This Order takes effect upon entry and remains in effect until further order of the Court or final judgment. The Court retains jurisdiction to enforce or modify this Order.

**IT IS SO ORDERED.**

Signed this _____ day of _____ 2025, at _____AM/PM

_____
Hon. Kathryn H. Vratil
United States District Judge

Approved as to form and content:

Counsel for Plaintiffs: _____

Counsel for Defendants: _____

US_ACTIVE\131143521

3