# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JACK TELL; NATASHA TORKZABAN; )
MORGAN SALISBURY; OPAL MORRIS; )
HENRY FARTHING; SUZANA KENNEDY; )
NAOMI SUI PANG; ASHLYN TELL; and )
P.M., a minor, by and through her parents )
MARGARET WEISBROD MORRIS and )
JONATHAN MORRIS, )
　 )
　　　　*Plaintiffs*, )
　 ) Case No.:  2:25-cv-02428-KHV-GEB
　　　v. )
　 )
LAWRENCE BOARD OF EDUCATION, a )
political subdivision of the State of Kansas; )
LAWRENCE USD 497, a political subdivision )
of the State of Kansas; GREG FARLEY, in his )
individual capacity; and QUENTIN RIALS, in )
his individual capacity, )
　 )
　　　　*Defendants*. )
　 )

## PLAINTIFFS ASHLYN TELL AND P.M.'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS ON KORA VIOLATIONS AND FOR <u>DECLARATORY AND COMPLIANCE ORDER</u>

COME NOW Plaintiffs Ashlyn Tell and P.M., by and through undersigned counsel, and hereby move under Federal Rule of Civil Procedure 12(c) for (1) partial judgment on the pleadings against Defendants Lawrence USD 497 and the Lawrence Board of Education on their Kansas Open Records Act ("KORA") claims (Counts X–XII) and (2) entry of a declaratory and compliance order under K.S.A. 45-222. Defendants' Answer to Plaintiffs' First Amended Complaint (ECF No. 36) ("Answer") admits facts that establish, as a matter of law, that the District and Board failed to provide a KORA-compliant response to Plaintiffs' October 30, 2025 requests within three business days, failed to provide the required "detailed explanation of the cause for further delay and the place and earliest time and date" the records would be available, and failed

1

to issue a timely written denial citing specific statutes. K.S.A. 45-218(d). No material fact dispute bars judgment on the pleadings on this discrete liability issue. In support of this Motion, Plaintiffs Ashlyn Tell and P.M. state as follows:

## INTRODUCTION

KORA embodies a strong policy of openness and must be liberally construed to promote that policy. K.S.A. 45-216(a); *Cypress Media, Inc. v. City of Overland Park*, 268 Kan. 407, 416–17, 997 P.2d 681, 688–89 (2000). It places the burden on the agency to justify withholdings and to comply with process obligations. K.S.A. 45-218(d); K.S.A. 45-222(c); *Wichita Eagle & Beacon Publ'g Co. v. Simmons*, 274 Kan. 194, 209, 50 P.3d 66, 78 (2002); *Telegram Publ'g Co. v. Kan. Dep't of Transp.*, 275 Kan. 779, 789–91, 69 P.3d 578, 586–87 (2003); *Data Tree, LLC v. Meek*, 279 Kan. 445, 456–57, 109 P.3d 1226, 1234–35 (2005). The statute requires an agency to act on a request "as soon as possible, but not later than the end of the third business day" and, if access to the requested documents is not immediately granted, to provide a letter that includes both a "detailed explanation of the cause for further delay" and "the place and earliest time and date" the records will be available; upon request by the requestor for a denial statement, the agency must provide that statement within three business days and "cite the specific provision of law" supporting denial. K.S.A. 45-218(d); *see In re Comfort*, 284 Kan. 183, 189, 159 P.3d 1011 (2007). Agencies must also segregate and produce non-exempt portions. K.S.A. 45-221(d).

By their own admissions, Defendants complied with not one of these requirements. Defendants' Answer admits that Plaintiffs submitted their requests on October 30, 2025; that on October 31, Defendants only acknowledged "attorneys were reviewing the requests"; that the October 31 acknowledgments did not identify any custodian, describe searches or repositories, forward the requests, or provide records; that as of November 4, 2025—the third business day—

2

Defendants had not denied the requests, produced records, or provided the earliest date and place for inspection; and that, as of December 19, the date they filed their Answer, Defendants had still not produced records, provided an itemized estimate, identified staff roles or hourly rates, cited K.S.A. 45-221(a) exemptions, or provided a production schedule or earliest availability date. Answer ¶¶ 18, 297–302. Those admissions establish violations of K.S.A. 45-218(d) as a matter of law. Plaintiffs seek judgment on that violation and a compliance order.

## BACKGROUND AND UNDISPUTED PLEADED FACTS

The First Amended Complaint alleges that Plaintiffs Ashlyn Tell and P.M., acting in their journalistic capacities, submitted KORA requests on October 30, 2025, seeking contracts, invoices, procurement, configuration and policy records for Gaggle and ManagedMethods, and related communications, invoking K.S.A. 45-218(d)'s three-business-day action requirement. They also allege requesting itemized estimates limited to actual costs, and asking that non-exempt material be segregated and produced. Doc. 23 ("FAC") ¶¶ 295–302, 433–435 and Exs. W, X. In their Answer, Defendants admit that "two Plaintiff-journalists submitted KORA requests . . . on October 30, 2025, and that the School Board and School District responded to these requests within three days stating, among other things, that their attorneys were reviewing the requests." Answer ¶ 18.

Defendants further admit that "[t]he October 31 acknowledgments did not identify any custodian holding responsive records, did not describe any search methodology or repositories to be searched, did not forward the requests to other offices or personnel . . . [and] did not provide any records." Answer ¶ 297. They admit that "as of October 31, 2025, Defendants had not denied the requests, produced responsive materials, or provided a list of costs." Answer ¶ 298. They admit that "as of November 4, 2025, Defendants had not denied the requests, produced responsive

materials, or provided . . . the earliest available date and place of inspection." Answer ¶ 299. They admit that as of December 19, 2025, "Defendants have not produced responsive materials." Answer ¶ 300. They admit that as of the Answer they "had not provided any itemized fee estimate, identified staff roles or hourly rates, cited to subsections of KORA for withholdings, or produced any materials," Answer ¶ 301, and that "as of the date of the filing of Plaintiffs' First Amended Complaint" they had "not provided any itemized fee estimate, cited to subsections of KORA for withholdings, produced any materials, or provided a production schedule or earliest availability date." Answer ¶ 302.

## LEGAL STANDARD

A Rule 12(c) motion is governed by the same standard as Rule 12(b)(6): judgment on the pleadings is appropriate when, accepting the nonmovant's well-pleaded allegations as true and viewing them in the light most favorable to the nonmovant, the moving party is entitled to judgment as a matter of law. *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012); *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). Admissions in an answer are binding and may be used to support judgment on the pleadings. Fed. R. Civ. P. 8(b)(6); *Grynberg v. Bar S Servs., Inc.*, 527 F. App'x 736, 739 (10th Cir. 2013); *Plastic Container Corp. v. Continental Plastics of Oklahoma, Inc.*, 607 F.2d 885, 906 (10th Cir. 1979). Declaratory relief may be obtained through a Rule 12(c) disposition where the pleadings establish entitlement as a matter of law. Fed. R. Civ. P. 57.

## KORA FRAMEWORK

KORA provides that public records "shall be open for inspection by any person" and "shall be liberally construed and applied" to promote openness. K.S.A. 45-216(a); *Cypress Media*, 268 Kan. at 416–17, 997 P.2d at 688–89. The agency receiving a KORA request bears the burden to

4

sustain any withholding and to comply with KORA's process requirements. K.S.A. 45-222(c); *Wichita Eagle*, 274 Kan. at 203–06, 50 P.3d at 73–75; *Telegram Publ'g*, 275 Kan. at 789–91, 69 P.3d at 586–87; *Data Tree*, 279 Kan. at 454–55, 109 P.3d at 1234–35.

K.S.A. 45-218(d) imposes mandatory, time-defined obligations. The agency must act "as soon as possible, but not later than the end of the third business day" after receipt. If access is not immediately granted, "the custodian shall give a detailed explanation of the cause for further delay and the place and earliest time and date that the record will be available for inspection." If access is denied, "the custodian shall provide, upon request, a written statement of the grounds for denial," which "shall cite the specific provision of law" and be furnished within three business days of the request. K.S.A. 45-218(d); *In re Comfort*, 284 Kan. at 189. The agency must produce reasonably segregable non-exempt material. K.S.A. 45-221(d). KORA's remedies include declaratory judgment, mandamus, injunction, or "other appropriate order," with early docketing preference. K.S.A. 45-222(a), (g). While bad faith governs fee-shifting, the absence of bad faith does not excuse a process violation. *Telegram Publ'g*, 275 Kan. at 784–90, 69 P.3d at 582–87; *Clark v. USD 287*, 55 Kan. App. 2d 402, 413, 416 P.3d 1032 (2018) (damages unavailable; process remedies control).

## ARGUMENT

Defendants' admissions conclusively establish a violation of K.S.A. 45-218(d). Plaintiffs submitted their requests on October 30, 2025. Answer ¶ 18. By October 31, Defendants had not denied the requests, produced records, or provided costs, and their acknowledgment of receipt of the requests did not identify any custodian, describe searches or repositories, forward the requests, or provide any records. Answer ¶¶ 297–98. By November 4—the third business day—Defendants still had not denied the requests, produced records, or provided "the earliest available date and

5

place of inspection." Answer ¶ 299. As of December 19, 2025, Defendants still had not produced records, provided an itemized estimate limited to actual costs, identified staff roles or hourly rates, cited K.S.A. 45-221(a) exemptions, or provided a production schedule or earliest availability date. Answer ¶¶ 300–02.

K.S.A. 45-218(d) requires more than an acknowledgment that requests are under review. If access is not granted immediately, the custodian "shall give a detailed explanation of the cause for further delay and the place and earliest time and date" records will be available. *Id.* Defendants admit they did not provide those required particulars by the third business day. Answer ¶ 299. And when an agency intends to deny access, it must, upon request, provide a written statement "cit[ing] the specific provision of law" supporting denial within three business days of the request for such a statement. K.S.A. 45-218(d). Defendants admit they cited no statutory exemptions and provided none of the other process elements KORA requires. Answer ¶¶ 300–02. Under Kansas Supreme Court precedent, those obligations are mandatory, the statute is construed liberally, and the agency bears the burden to justify deviations or withholdings. *Cypress Media*, 268 Kan. at 416–17, 997 P.2d at 688–89; *Wichita Eagle*, 274 Kan. at 203–06, 50 P.3d at 73–75; *Telegram Publ'g*, 275 Kan. at 789–91, 69 P.3d at 586–87; *Data Tree*, 279 Kan. at 456–57, 109 P.3d at 1234–35.

Because Defendants' own Answer establishes each element of the K.S.A. 45-218(d) process violation and no material factual dispute remains on this discrete issue, Plaintiffs are entitled to judgment on the pleadings declaring that Defendants violated K.S.A. 45-218(d) with respect to the October 30, 2025 requests, and to a compliance order under K.S.A. 45-222. That order should require a KORA-compliant response that describes searches and repositories; specifies the earliest date and place for inspection or production; cites specific K.S.A. 45-221(a) exemptions for any withholdings; produces all reasonably segregable non-exempt material, K.S.A.

6

45-221(d); and provides any itemized estimate limited to actual costs, identifying tasks, staff roles, and hourly rates, consistent with K.S.A. 45-219. Consistent with Plaintiffs' Opposition to Defendants' Motion to Dismiss, this process relief does not open federal merits discovery and can proceed on a short, parallel track. *See* Fed. R. Civ. P. 57 (authorizing declaratory relief and speedy hearing). This Court has supplemental jurisdiction over the KORA claim under 28 U.S.C. § 1367(a) and may grant the state-law remedies K.S.A. 45-222 authorizes.

WHEREFORE, Plaintiffs respectfully request that the Court:

1. Grant judgment on the pleadings in favor of Plaintiffs Ashlyn Tell and P.M. and against Defendants Lawrence USD 497 and the Lawrence Board of Education on Counts X–XII of Plaintiffs' First Amended Complaint, declaring that Defendants violated K.S.A. 45-218(d) with respect to the October 30, 2025 requests;

2. Enter a compliance order under K.S.A. 45-222 directing Defendants, within fourteen (14) days, to issue a KORA-compliant response that, for each request: (a) describes the searches conducted and repositories consulted; (b) specifies the earliest date and place for inspection or production; and (c) for any record withheld in whole or in part, cites the specific K.S.A. 45-221(a) subsection and produces all reasonably segregable non-exempt material as required by K.S.A. 45-221(d);

3. Reserve Plaintiffs' right to seek attorney's fees and costs under K.S.A. 45-222 upon the requisite showing on a fuller record, with any fee determination deferred until after compliance; and

4. Award any further relief that this Court deems just and proper.

**Dated:** January 20, 2026                    Respectfully submitted,

                                               **DENTONS US LLP**

                                               */s/ Harrison M. Rosenthal*
                                               Mark P. Johnson (Kan. No. 22289)
                                               Harrison M. Rosenthal (Kan. No. 28894)
                                               Jacob S. Margolies (Kan. No. 29470)

                                               4520 Main Street, Suite 1100
                                               Kansas City, Missouri 64111-7700
                                               Telephone:  (816) 460-2400
                                               Facsimile:  (816) 531-7545
                                               mark.johnson@dentons.com
                                               harrison.rosenthal@dentons.com
                                               jacob.margolies@dentons.com

                                               *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 20, 2026, a true and correct copy of the above and foregoing was e-filed with the Court's CM/ECF electronic filing system, which provided notice to all parties who have entered an appearance in this action.

/s/ *Harrison M. Rosenthal*
*Counsel for Plaintiffs*