## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JACK TELL, NATASHA TORKZABAN,
MORGAN SALISBURY, OPAL MORRIS,
HENRY FARTHING, SUZANA KENNEDY,
NAOMI SUI PANG, ASHLYN TELL; and
P.M., a minor, by and through her parents
MARGARET WEISBROD MORRIS and
JOHNATHAN MORRIS,

          Plaintiffs,

v.

LAWRENCE BOARD OF EDUCATION, a
political subdivision of the State of Kansas;
LAWRENCE USD 497, a political subdivision
of the State of Kansas; GREG FARLEY, in his
individual capacity, and QUENTIN RIALS, in
his individual capacity,

          Defendants.

Case No. 2:25-cv-02428-KHV-GEB

### DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO PARTIALLY DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants Lawrence Board of Education (the "School Board"), Lawrence USD 497 (the "School District"), Greg Farley, and Quentin Rials (collectively "Defendants") present this Reply in Support of Their Motion to Partially Dismiss Plaintiffs' First Amended Complaint.

### I.    Qualified Immunity (Defendants Quentin Rials and Greg Farley)

Plaintiffs dispute Defendants' assertions that the individual defendants did not violate the First or Fourth Amendments.  Doc. 40 at 20–21.  With almost no supporting analysis or legal authority, they declare that their First Amended Complaint have alleged violations of those rights. *Id.*  However, these bald declarations miss the point.  When Defendants raise qualified immunity as a defense, Plaintiffs must "convince court that defendants violated a clearly established right, and failure to do so entitles judgment for defendants."  *Stevenson v. Hannigan*, No. 92-3425-DES,

169994843.1
        1

1993 WL 502415, at *1 (D. Kan. Nov. 30, 1993).  Defendants provided ten pages of authority and analysis showing that neither Greg Farley nor Quentin Rials violated any clearly established rights. Doc. 35 at 7–17.  Plaintiffs' meager responses fail to satisfy their burden—and therefore Defendants Quentin Rials and Greg Farley are entitled to qualified immunity.

Plaintiffs assert that the Court cannot resolve the qualified immunity issues Defendants' Motion raised because of the "contested facts" provided in Superintendent Jeanice Swift's declaration, which Defendants provided with their Memorandum in Support (Doc. 35-1).  *See* Doc. 40 at 7.  Plaintiffs are wrong.  Defendants did not bring their qualified immunity arguments under Rule 12(b)(1), but under Rule 12(b)(6), and never used Dr. Swift's declaration in support of those arguments.  *See* Doc. 35 at 7–17; *Fuller v. Dep't of Child. & Fams.*, No. 16-2415-DDC-JPO, 2019 WL 3318216, at *2 (D. Kan. July 24, 2019) (stating that it is proper to consider a qualified immunity challenge under Rule 12(b)(6)); *Gilmore v. Beveridge*, No. 222CV02032HLTRES, 2022 WL 17082681, at *4 (D. Kan. Nov. 18, 2022) ("Where qualified immunity is raised in a motion to dismiss, a court analyzes the issue based on the allegations in the complaint").

Further, additional discovery on qualified immunity is inappropriate when Plaintiff cannot demonstrate that any right allegedly violated was clearly established.  *See Advantageous Cmty. Servs., LLC v. King*, 844 F. App'x 58, 64 (10th Cir. 2021) (denying request for additional discovery in the summary judgment context when "[n]o amount of discovery would have overcome the lack of clearly established law on [the requesting party's] seizure claims").  And Plaintiffs fail to provide any argument or authority to satisfy their burden to show that the rights allegedly violated were clearly established.

Therefore, Plaintiff's' request for discovery, Doc. 40 at 11–12—jurisdictional or otherwise—is inappropriate here.  Defendants do not invoke Rule 12(b)(1) to support their

169994843.1                                        2

qualified immunity arguments.  And Plaintiffs fail to establish that any disputed facts are at issue. They have chosen to plead their First Amended Complaint as they did—if that pleading proves inadequate, they should be held responsible.

### A.    Quentin Rials

Under District of Kansas Local Rule 7.1(c), when a party fails to respond to a motion, District of Kansas Courts will consider the motion uncontested and generally grant it.  "Likewise, under District of Kansas Rule 7.1 and basic litigation principles, when a party files a response to a motion but does not address all arguments which the motion raises, the party has effectively conceded the arguments which it does not address and abandoned any claims which depend on response to such arguments."  *Series 17-03-615 v. Teva Pharms. USA, Inc.*, 785 F. Supp. 3d 904, 935 (D. Kan. 2025); *see also C1.G on behalf of C.G. v. Siegfried*, 38 F.4th 1270, 1282 (10th Cir. 2022) ("The district court correctly dismissed Plaintiff's facial challenge here because he abandoned it by not addressing it in his response to Defendants' motion to dismiss.).

Plaintiffs' Response entirely fails to address Defendants' arguments (Doc. 35 at 15–17) that Quentin Rials is entitled to qualified immunity for the claims against him.  Other than acknowledging that Defendants seek dismissal of claims against him, Doc. 40 at 6, Plaintiffs' Response never mentions Quentin Rials.  And out of the key paragraphs of Plaintiffs' First Amended Complaint that make factual allegations against Rials—paragraphs 16, 32–34, and 241–274—Plaintiffs' Response mentions only paragraph 272 (which does not explicitly mention Rials). Doc. 40 at 10.  Because of Defendants' arguments and Plaintiffs' failure to respond, this Court should grant Defendants' Motion to Dismiss all damages claims against Quentin Rials based upon qualified immunity.

### B.    Greg Farley

Plaintiffs' response on this issue entirely fails to establish either that Greg Farley violated any constitutional right, or that any such right was clearly established at the relevant time. In fact, Plaintiffs provide no analysis or authority showing that the allegedly-violated rights were clearly established. And they mention the phrase "clearly established" only once—and then only to note Defendants' position that "clearly established law does not prohibit Defendants' conduct." Doc. 40 at 11. Given Plaintiffs' burden of proof, that alone should be fatal to their claims. *See Comprehensive Addiction Treatment Ctr., Inc. v. Leslea*, 552 F. App'x 812, 816 (10th Cir. 2014) (affirming district court's finding that qualified immunity applied when Plaintiffs failed to cite to any authority showing the a plaintiff's constitutional right was clearly established in "analogous factual situations" and Plaintiffs' appellate brief failed to mention the phrase "clearly established").

Plaintiffs attempt to defeat Mr. Farley's qualified immunity by purporting to summarize their allegations against "school officials." Doc. 40 at 11. But they fail to state in which of these actions they allege Mr. Farley was involved. In doing so, Plaintiffs ignore the mandate to give "careful attention to particulars, especially in lawsuits involving multiple defendants" by making clear who has done what and not merely asserting that "their rights were violated" or that "Defendants violated their rights." *Pahls v. Thomas*, 718 F.3d 1210, 1225–26 (10th Cir. 2013). Plaintiffs also fail to effectively challenge Defendants' summary of their allegations against Mr. Farley—which allegations, if true, merely allege that he questioned certain Plaintiffs about alleged indecent exposure and child pornography on their devices. *See* Doc. 35 at 8–9.

Plaintiffs also misunderstand Defendants' assertions that Mr. Farley's behavior did not violate the First or Fourth Amendments. Plaintiffs insist that their First Amended Complaint alleges that Fourth Amendment "searches" occurred based upon the "pipeline" of Gaggle and

ManagedMethods supervision.  Doc. 40 at 12.  But this misses the point.  The point is that Mr. Farley himself did nothing that constituted a Fourth Amendment search—or any other constitutional violation.  Therefore, he is entitled to qualified immunity even if the allegations in Plaintiffs' First Amended Complaint are taken as true.

Finally, Plaintiffs also claim that "[t]argeted discovery" is necessary because Superintendent Jeanice Swift's declaration states that the School District no longer uses Gaggle, while Defendants' Answer states that certain journalism students were not subject to Gaggle supervision.  Doc. 40 at 18.  But they again misunderstand Defendants' position.  While the School District was using Gaggle, certain journalism students were at certain times exempted from its supervision.  There is no contradiction, and therefore no need for clarifying discovery.

## II.    First Amendment Retaliation (School Board and School District)

Plaintiffs invoke the voluntary cessation exception to the mootness doctrine, saying that Defendants could readily resume their allegedly retaliatory conduct after this case ends.  Doc. 40 at 7.  But this is not true.  In fact, Defendants have repeatedly stated that no retaliation will occur in the future—including in a declaration under penalty of perjury submitted to this Court.  *See* Doc. 35 at 6.  Such formal policy alterations or declarations under penalty of perjury prevent the voluntary cessation exception from applying.  *Prison Legal News v. Fed. Bureau of Prisons*, 944 F.3d 868, 881 (10th Cir. 2019).

More importantly, Plaintiffs' Response fails to address Defendants' assertion that their First Amended Complaint does not satisfy the pleading standards applicable to their First Amendment Retaliation claim against the School Board and School District.  *See* Doc. 35 at 21–24.  This Court should dismiss that claim against those Defendants because Plaintiffs fail to show that they have satisfied Rule 8 or the *Iqbal*/*Twombly* standard.

169994843.1                                                    5

**III.    Kansas Open Records Act ("KORA") Claims**

Regarding Plaintiffs' KORA claims, Plaintiffs repeatedly fail to understand the law—starting with the definition of a discovery stay, which they argue was not in place here.  Doc. 40 at 18.  A discovery stay is "[a]n order to suspend all or part of a judicial proceeding or a judgment resulting from that proceeding."  STAY, Black's Law Dictionary (12th ed. 2024).  Plaintiffs have essentially conceded the issue by acknowledging that the Court's order (Doc. 20) "post-dated the KORA requests," Doc. 40 at 15, apparently meaning that the requests would have no effect until the Court later orders discovery to open.  Plaintiffs insist that this is somehow different from a discovery stay while recognizing that the Court's order places a hold on the requests until further Court order—precisely the definition of a discovery stay.  Additionally, Plaintiffs essentially acknowledge that discovery cannot begin before a Rule 26(f) conference absent a court order.  Doc. 40 at 8.  Again, this is the very definition of a discovery stay.

Plaintiffs also argue that a court cannot impose a discovery stay when discovery has not yet opened.  Doc. 40 at 8.  They are wrong as a matter of law.  *See Rezene v. USD 500 Kansas City, Kansas*, No. 25-2305-HLT-GEB, 2025 WL 3140358, at *2 (D. Kan. Nov. 10, 2025) (granting a motion to stay discovery in light of Defendants' qualified immunity defense even though no Rule 16 conference had yet occurred); *Newton v. City of Atchison, Kansas*, No. 23-2153-JWB-ADM, 2023 WL 12175301, at *3 (D. Kan. June 13, 2023) (staying discovery—including the Rule 16 conference and Rule 26 proceedings—pending the Court's ruling on a motion for judgment on the pleadings).

Plaintiffs also attempt to distinguish several of Defendants' cases because, in those cases, defendants explicitly asked that the Court order that they need not respond to KORA requests.  Doc. 40 at 15–16.  But these cases do not say that these defendants would have been obligated to

respond to the KORA requests without an explicit court order. And the decisions' reasoning suggests the opposite. In *Smith*, the Court had ordered a stay until the decision on the defendant's motion to dismiss for qualified immunity, which was denied as moot, leading to the expiration of the three-day KORA response period. However, the Court insisted that "allowing Plaintiff to conduct an Open Records Request to a party Defendant during this window created by a hyper-technical application of the Federal Rules would defeat the purpose and spirit of the Court granting the initial stay." *Smith v. City of Wellsville, Kansas*, No. 19-2431-CM-KGG, 2020 WL 584449, at *2 (D. Kan. Feb. 6, 2020).

In *McRoberts*, the KORA requests were sent to the City of Overland Park—no longer even a defendant in the case when the Court made its decision. *McRoberts v. Rosas*, No. 21-CV-2470-DDC-TJJ, 2022 WL 1538690, at *1 (D. Kan. May 16, 2022). The Court framed the question at issue broadly—"When a discovery stay is in place, can Plaintiff utilize KORA to receive case-related documents from the City of Overland Park, Kansas—the employer of City Defendants and a former Defendant in this case?" *Id.* at *3. The answer was no. The Court explained that "if a stay of discovery is in place, Plaintiff should not be able to pursue what would otherwise be considered discovery through another channel" because "[i]n imposing the stay, the Court did not intend or contemplate that the parties would incur discovery-related or similar expenses and time commitments while the motions to dismiss were pending." *Id.*

Plaintiffs fail to show how this situation is any different. With the Court's letter already sent—creating what amounted to a discovery stay—Plaintiffs Ashlyn Tell and P.M. sent identical KORA requests on the same day to the School District. They clearly intended to obtain this information for use in this case despite the Court's clear intent to stay all discovery. Plaintiffs' actions violated the spirit of the Court's letter and subsequent order, and therefore their KORA

claims are invalid.  Though Plaintiffs claim that Defendants have refused to provide the requested documents "because" of Plaintiffs' lawsuit (Doc. 40 at 17), this is inaccurate.  Far from retaliation, Defendants' refusal to provide documents given the pending discovery stay complies with this Court's prior decisions.

## IV.    Lack of Subject Matter Jurisdiction (Rule 12(b)(1))

### A.    Former Students

Plaintiffs do not contest, and practically admit, that graduated students' requests for prospective relief are moot.  Doc. 40 at 8.  Therefore, this Court should dismiss all claims for injunctive and declaratory relief by Plaintiffs Jack Tell, Natasha Torkzaban, Morgan Salisbury, Opal Morris, Henry Farthing, Suzana Kennedy, and Naomi Sui Pang.

### B.    Gaggle

Plaintiffs invoke the voluntary cessation exception to the mootness doctrine, saying that Defendants are continuing to pursue the same policies and practices with ManagedMethods as they previously did with Gaggle.  Doc. 40 at 9–10.  But Courts may determine that claims are moot to the extent based upon certain factual conditions, which are no longer true.  *See Citizen Ctr. v. Gessler*, 770 F.3d 900, 904 (10th Cir. 2014) ("The claims are partially moot because the Secretary of State has adopted new regulations banning some of the challenged practices.").  Such is the case here—to the extent that any Plaintiff's prospective claims (for declaratory or injunctive relief) are based upon Gaggle usage, such claims are now moot because the School District no longer uses Gaggle to supervise students.  Additionally, the School District's decision to stop using Gaggle is yet another reason to dismiss as moot all prospective claims by former students, who never experienced supervision by ManagedMethods.

Plaintiffs also protest that, because of Superintendent Jeanice Swift's declaration, they are entitled to jurisdictional discovery surrounding the switch from Gaggle to ManagedMethods and other issues. Doc. 40 at 10. But this request ignores the fact that the statements found in Dr. Swift's declaration are not debatable. Dr. Swift only stated that (1) certain Plaintiffs have already graduated, and (2) the School District does not use Gaggle anymore. Doc. 35-1. Plaintiffs' First Amended Complaint practically alleges the first statement by acknowledging that the Plaintiffs at issue are former students. *See* Doc. 23 at 8–9, ¶¶ 16–23. And Plaintiffs' First Amended Complaint also asserts that Defendants have substituted ManagedMethods in Gaggle's place. Doc. 23 at ¶¶ 3, 17, 54, 79. Under these circumstances, there is no need for jurisdictional discovery to evaluate these facts further.

## V.    Duplicative Pleading (Defendant School Board)

Plaintiffs' sole rebuttal attempt is to explain why they brought claims against both the School Board and the School District. Doc. 40 at 13. But they make no attempt to challenge or distinguish the law Defendants' Memorandum in Support cited—which law made clear that such claims are duplicative because the School Board and School District are not separate legal entities. Doc. 35 at 18. Therefore, this Court should dismiss all claims against the School Board.

/s/ Alan L. Rupe
Alan L. Rupe, KS #08914
Jared D. Harpt, KS #30005
LEWIS BRISBOIS BISGAARD & SMITH LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, KS 67206
Telephone:  (316) 609-7900
Facsimile:  (316) 462-5746
alan.rupe@lewisbrisbois.com
jared.harpt@lewisbrisbois.com

*Attorneys for Defendants Lawrence Board of Education, Lawrence USD 497, Greg Farley and Quentin Rials*

## CERTIFICATE OF SERVICE

I certify that on February 3, 2026, I filed the above Defendants' Reply in Support of Defendants' Motion to Partially Dismiss Plaintiffs' First Amended Complaint using the Court's CM/ECF system which will send notification to all counsel of record.

/s/ Alan L. Rupe
Alan L. Rupe

169994843.1                                    10