## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JACK TELL, NATASHA TORKZABAN, MORGAN SALISBURY, OPAL MORRIS, HENRY FARTHING, SUZANA KENNEDY, NAOMI SUI PANG, ASHLYN TELL; and P.M., a minor, by and through her parents MARGARET WEISBROD MORRIS and JOHNATHAN MORRIS, <br><br> Plaintiffs, <br><br> v. <br><br> LAWRENCE BOARD OF EDUCATION, a political subdivision of the State of Kansas; LAWRENCE USD 497, a political subdivision of the State of Kansas; GREG FARLEY, in his individual capacity, and QUENTIN RIALS, in his individual capacity, <br><br> Defendants. | Case No. 2:25-cv-02428-KHV-GEB |

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS ASHLYN TELL AND P.M.'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS ON KORA VIOLATIONS AND FOR DECLARATORY AND COMPLIANCE ORDER

Plaintiffs Ashlyn Tell and P.M.'s ("Moving Plaintiffs") Motion asks this Court to find that Defendants violated Kansas law by complying with the Court's own discovery stay. The Motion then asks this Court to consider finding that—by complying with the discovery stay—Defendants acted in bad faith and without a reasonable factual or legal basis. Moving Plaintiffs' requests should be denied.

In short, Moving Plaintiffs' KORA requests were improper because they sought information related to this case despite a Court order staying discovery. Even if the Court determines that no stay was technically in place when the KORA requests were served, Defendants' alleged failure to adequately respond was still warranted.

1

Further, Moving Plaintiffs are not entitled to any of the remedies they seek. They are not entitled to attorney's fees or costs because the arguable discovery stay gave Defendants' response a good faith, reasonable basis. Moving Plaintiffs are not entitled to injunctive relief because of the discovery stay and because they are still negotiating the scope of the requests. And Moving Plaintiffs are not entitled to any of the other remedies they seek.

Therefore, Defendants ask this Court to deny Moving Plaintiffs' Motion and dismiss Plaintiffs' First Amended Complaint's request for attorney's fees and costs for Moving Plaintiffs' KORA claims.

## STATEMENT OF FACTS

Defendants filed a Motion to Partially Dismiss Plaintiffs' original Complaint on October 27, 2025. Docs. 17–18. That Motion included a qualified immunity argument. Doc. 18 at 5–12. On October 29, Magistrate Judge Birzer explained to the parties via letter that she would postpone scheduling under Rules 16(b) and 26(f) until District Judge Vratil's decision regarding Defendants' Motion to Partially Dismiss unless the parties agreed to proceed with scheduling. Doc. 35-2. Moving Plaintiffs acknowledge that they did not send their KORA requests to Defendants until October 30. Doc. 23 at 6, ¶ 18. On November 13, the Court entered an order deferring scheduling until the Court's ruling on Defendants' Motion to Dismiss. Doc. 20. Not until November 17 did Plaintiffs file their First Amended Complaint alleging violations of KORA. Doc. 23. After Defendants filed their Motion to Partially Dismiss Plaintiffs' First Amended Complaint (Doc. 34), this Court again entered an order postponing the Rule 16 conference until after the Court decided Defendants' Motion to Partially Dismiss. Doc. 39.

**ARGUMENT**

I.  **Moving Plaintiffs Cannot Prevail Under Their KORA Claims.** [1]

   A.  **Moving Plaintiffs' KORA claims were improper because they sought information related to this case despite a Court order staying discovery.**

District of Kansas courts have repeatedly prohibited KORA requests that attempt to do an end-run around a pending discovery stay by seeking case-related materials. *See McRoberts v. Rosas*, No. 21-CV-2470-DDC-TJJ, 2022 WL 1538690, at *3–4 (D. Kan. May 16, 2022); *Smith v. City of Wellsville*, No. 19-2431-CM-KGG, 2020 WL 584449, at *2 (D. Kan. Feb. 6, 2020); *Newton v. City of Atchison*, No. 23-2153-JWB-ADM, 2023 WL 12175301, at *3 (D. Kan. June 13, 2023); *see also* Tristan Kimbrell, *The Use and Misuse of KORA As A Civil Discovery Tool*, 94 Kan. B.J. 21, 24 (2025) ("a public agency may [refuse] to provide records as part of a KORA request is if a court has put a discovery stay in place [and] if the KORA request is made as part of ongoing litigation in federal district court"). All three of these cases involved dispositive motions based upon qualified immunity as the basis for preventing discovery. Therefore, if a discovery stay was in place, then Plaintiffs' KORA requests were improper and did not require Defendants' response.

Second, this Court had stayed discovery prior to Moving Plaintiffs' KORA requests. A discovery stay is "[a]n order to suspend all or part of a judicial proceeding or a judgment resulting from that proceeding." STAY, Black's Law Dictionary (12th ed. 2024). This Court's letter expressed the Court's intent to postpone the Rule 16(b) scheduling conference and the Rule 26(f) planning conference—and thereby prohibit any discovery[2]—absent further Court order until the

---

[1] For further argument and authority on these arguments, Defendants reference their briefing in support of their Motion to Partially Dismiss Plaintiffs' First Amended Complaint, Docs. 35 at 19–21 and 42 at 6–8.

[2] Discovery cannot proceed until after the Rule 16(b) and 26(f) conferences occur. Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as

Court resolved Defendants' Motion to Partially Dismiss Plaintiffs' original Complaint. This is in line with numerous other District of Kansas decisions saying that discovery stays are appropriate in these cases—even if no Rule 16(b) conference has occurred. *Rezene v. USD 500 Kansas City, Kansas*, No. 25-2305-HLT-GEB, 2025 WL 3140358, at *2 (D. Kan. Nov. 10, 2025); *Newton v. City of Atchison, Kansas*, No. 23-2153-JWB-ADM, 2023 WL 12175301, at *3 (D. Kan. June 13, 2023). All Plaintiffs even admit that the Court's eventual order (Doc. 20) "post-dated the KORA requests," Doc. 40 at 15—essentially admitting that the Court thereby stayed discovery. Therefore, Moving Plaintiffs' KORA requests were improper and required no response.

### B. Even if the Court determines that no stay was technically in place when the KORA requests were served, Defendants' alleged failure to adequately respond was still warranted.

Qualified immunity protects defendants from the burdens of discovery until a court resolves those defenses. *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (cleaned up) (the qualified immunity defense "is meant to give government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery"); *Newton*, 2023 WL 12175301 at *2 ("A defendant is therefore generally entitled to have immunity questions resolved before being required to engage in discovery"). Plaintiffs should not be allowed to sidestep this protection merely because they used KORA to make their requests.

Additionally, District of Kansas Courts have repeatedly refused to allow technicalities to require responses to KORA requests despite arguable discovery stays. In *Smith*, the Court had ordered a stay until decision on the defendant's motion to dismiss for qualified immunity, which was denied as moot, leading to the expiration of the three-day KORA response period. However,

---

required by Rule 26(f)"); Fed. R. Civ. P. 26(f)(1) (Rule 26(f) conference not required until 21 days before Rule 16(b) schedule conference will be held or Rule 16(b) scheduling order is due).

4

the Court insisted that "allowing Plaintiff to conduct an Open Records Request to a party Defendant during this window created by a hyper-technical application of the Federal Rules would defeat the purpose and spirit of the Court granting the initial stay." *Smith v. City of Wellsville, Kansas*, No. 19-2431-CM-KGG, 2020 WL 584449, at *2 (D. Kan. Feb. 6, 2020).  Similarly, this Court should not find that Defendants were obligated to comply with the KORA requests merely because the Court did not formally order the discovery stay until about two weeks after Moving Plaintiffs sent the KORA requests.

In *McRoberts*, the KORA requests were sent to the City of Overland Park—no longer even a defendant in the case when the Court made its decision. *McRoberts v. Rosas*, No. 21-CV-2470-DDC-TJJ, 2022 WL 1538690, at *1 (D. Kan. May 16, 2022).  The Court framed the question at issue broadly—"When a discovery stay is in place, can Plaintiff utilize KORA to receive case-related documents from the City of Overland Park, Kansas—the employer of City Defendants and a former Defendant in this case?"  *Id.* at *3.  The answer was no.  The Court explained that "if a stay of discovery is in place, Plaintiff should not be able to pursue what would otherwise be considered discovery through another channel" because "[i]n imposing the stay, the Court did not intend or contemplate that the parties would incur discovery-related or similar expenses and time commitments while the motions to dismiss were pending."  *Id.*  The Court was very clear—plaintiffs cannot use KORA to obtain case-related documents despite a discovery stay, even from non-parties in some cases.

Therefore, this Court should deny Moving Plaintiffs' Motion For Partial Judgment on the Pleadings because Defendants properly heeded the Court's discovery stay on Plaintiffs' improper KORA requests.

## II.     Moving Plaintiffs Are Not Entitled to the Remedies They Seek.

Private plaintiffs are not entitled to either damages or penalties for KORA violations. *Clark v. Unified Sch. Dist. No. 287*, 416 P.3d 1032 (Kan. Ct. App. 2018). And here, no attorney's fees, costs, injunctive relief, or other remedies are appropriate.

### A.     Awarding attorney's fees or costs would be inappropriate because the arguable discovery stay gave Defendants' response a good faith, reasonable basis.

KORA provides that a plaintiff may recover costs and attorney's fees "if the court finds that the agency's denial of access to the public record was not in good faith and without a reasonable basis in fact or law." K.S.A. § 45-222(d). Unless the Court finds a lack of both (1) good faith, and (2) a reasonable basis in fact or law, the Court should not award attorney's fees. *Telegram Pub. Co. v. Kansas Dep't of Transp.*, 69 P.3d 578, 583 (Kan. 2003).

The Kansas Court of Appeals has found that—even if a KORA request response lacks a reasonable factual or legal basis—the response does not warrant an award of fees or costs unless the response was also made in dishonesty of belief, purpose, or motive. *Clark*, 416 P.3d at 1042. Additionally, the Court suggested that "mere technical violations" that do not result in "prejudice" would not warrant an award of fees or costs. *Id.* at 416.

In another case, the Kansas Court of Appeals ruled that no bad faith existed—and therefore no attorney's fee award was appropriate—even though the response asserted KORA exemptions that did not apply. In fact, the Court also noted that the responding entity relied upon an inapplicable Kansas Attorney General opinion and failed to provide any evidence to support the exemptions it claimed. *Sw. Anesthesia Serv., P.A. v. Sw. Med. Ctr.*, 937 P.2d 1257, 1260 (Kan. Ct. App. 1997).

Here, attorney's fees and costs are not warranted and should be denied now. Moving Plaintiffs' allegations in their First Amended Complaint allege that Defendants failed to adequately respond to their pending KORA requests. But even if Defendants were incorrect in doing so, they did so in good faith and with a reasonable basis because of the arguable discovery stay then in place. Finally, Plaintiffs have suffered no prejudice—in fact, Defendants have not denied a single one of their pending requests.

### B. Awarding injunctive relief would be inappropriate because of the discovery stay and because they are still negotiating the scope of the requests.

Most importantly, the Court has now definitely issued a discovery stay given the Court's orders, Docs. 20 and 39, delaying a Rule 16 scheduling conference (and therefore all other discovery) until the Court's decision on Defendants' pending Motion to Partially Dismiss. Therefore, Plaintiffs' request for an order to comply with those requests is improper and flies in the face of the Court's order staying discovery.

But additionally, a compliance order is not yet appropriate because the parties are still negotiating the scope of the requests. Section 45-219(e)(1) of the Kansas Open Records Act provides, "When the staff time needed to respond to a records request will exceed five hours or the estimated actual cost for staff time needed to fill the request exceeds $200, the public agency shall make reasonable efforts to contact the requester and engage in interactive communication about mitigating costs to fill the request." The School District has provided this correspondence to both Moving Plaintiffs, explaining that the cost for reviewing and providing the documents—which likely number around 10,000—would be about $13,000. *See* Exhibits 1-2. Both Moving Plaintiffs have responded with significant proposed revisions to their KORA requests. *See*

7

Exhibits 1-2. In light of these conversations, Moving Plaintiffs' requests for injunctive relief are premature and should not be granted.

### C. Awarding the other remedies Moving Plaintiffs seek would be inappropriate.

Additionally, it is unclear what Moving Plaintiffs' basis is for requesting a description of "searches conducted and repositories consulted," Doc. 40 at 7. Unless Moving Plaintiffs can provide a statutory basis for this request, the Court should deny it.

Finally, if this Court does provide the remedies that Moving Plaintiffs seek, Defendant will need more than 14 days to provide the information and documents requested. Defendants' initial estimates suggest that the request may yield around 10,000 documents. *See* Exhibits 1-2. Therefore—if this Court orders the remedies that Moving Plaintiffs seek—Defendants request 60 days to comply with the Court's order.

## CONCLUSION

For these reasons, Defendants ask this Court to (1) deny Moving Plaintiffs' Motion, (2) dismiss Moving Plaintiffs' request for attorney's fees and costs from their First Amended Complaint, and (3) grant any other relief that the Court deems just and proper.

/s/ Alan L. Rupe
Alan L. Rupe, KS #08914
Jared D. Harpt, KS #30005
LEWIS BRISBOIS BISGAARD & SMITH LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, KS 67206
Telephone: (316) 609-7900
Facsimile: (316) 462-5746
alan.rupe@lewisbrisbois.com
jared.harpt@lewisbrisbois.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on February 10, 2026, I filed the above Defendants' Response in Opposition to Plaintiffs Ashlyn Tell and P.M.'s Motion For Partial Judgment on the Pleadings For KORA Violations and For Declaratory and Compliance Order using the Court's CM/ECF system which will send notification to all counsel of record.

/s/ Alan L. Rupe
Alan L. Rupe