**LAWRENCE** Public Schools

Jake Potter <jake.potter@usd497.org>

---

## KORA request (Managed Methods)

---

**Jake Potter** <jake.potter@usd497.org>
To: P█████ M██ <████████████████████>

Fri, Jan 30, 2026 at 4:19 PM

Attention: P█████ M███ - ████████████████████████████

Thank you for your request under the Kansas Open Records Act. We have completed an initial review of your requests.

We are able to respond immediately to the following requests you made:

- Request No. 1: The fully executed contract(s) between USD 497 and ManagedMethods (including any affiliate or reseller) in effect at any time from January 1, 2024 to the present, including all exhibits, statements of work, appendices, schedules, data-security addenda, business-associate/data-processing agreements, order forms, renewals, amendments, riders, and change orders.
- Request No. 2A: All invoices, purchase orders, payment records, warrants/ACH remittances, and contract-value summaries for ManagedMethods from January 1, 2024 to the present.

No documents exist that are responsive to Request No. 1. We have attached all documents responsive to Request No. 2A to this email transmission.

Your remaining requests (Nos. 2B, 3, 4, and 5) are very broad and will require extensive document review to identify responsive materials and screen out any materials that are subject to KORA exemptions (see, e.g., K.S.A. § 45-221). In fact, a preliminary search yielded around 10,000 emails potentially responsive to your requests. Therefore, we are unable to commit to providing all of these documents because we do not yet know which ones will be covered by KORA exemptions.

Under K.S.A. § 45-218(f) and 45-219(c), we may charge and require advance payment of a fee for providing access to or furnishing copies of public record, including reasonable fees for providing access to or furnishing copies of public records. We currently estimate that the following costs will apply to the collection, review, and production of the materials you asked for in your remaining requests:

- We estimate about 55 hours of staff review time (given about 20 seconds per email). At $33 per hour, you would owe $1815 for staff review. This review would be necessary to identify and collect documents that fall within the scope of your remaining requests.
- We estimate about 55 hours of attorney review time (given about 20 seconds per email). At $200 per hour, you would owe $11,000 for attorney review. This review is necessary to filter out any documents that should not be produced because of privilege or because of any other KORA exemptions that apply to any given email.

Please consider this correspondence our detailed explanation of the cause for further delay in providing record access under K.S.A. § 45-218(d).

**EXHIBIT 1**

hours or the estimated actual cost for staff time needed to fill the request exceeds $200, the public agency shall make reasonable efforts to contact the requester and engage in interactive communication about mitigating costs to fill the request." We would like to discuss potential mitigation options. Please let us know by the end of the third business day after you receive this email regarding mitigation. If we do not hear from you by then, we will consider your remaining KORA requests withdrawn under K.S.A. § 45-219(e)(2).

Please let us know if you have any questions. We will wait to proceed with collecting, reviewing, and providing the additional materials until we receive your approval and agreement to pay the costs outlined above. Under K.S.A. § 45-218(d), the earliest time and date that the records will be available for inspection is 60 days after we receive your approval and agreement.

Very respectfully,

Jake Potter

--




**Jake Potter, APR**
Executive Director of Communications
Educational Support Center
110 McDonald Drive
Lawrence, KS 66044
785/832-5000
www.usd497.org

**MMrecords.pdf**
214K



Jake Potter <jake.potter@usd497.org>

## Re: KORA Requests re ManagedMethods and Gaggle: Narrowing, Rolling Schedule, and Cost Mitigation

P▮▮▮ M▮▮ <▮▮▮▮▮▮▮▮▮▮▮▮>                                    Wed, Feb 4, 2026 at 3:11 PM
To: Jake Potter <jake.potter@usd497.org>
Cc: Jeanice Swift <jeanice.swift@usd497.org>, Larry Englebrick <larry.englebrick@usd497.org>, Bob Byers <bbyers@usd497.org>, GR Gordon-Ross <gr.gordon-ross@usd497.org>

Dear Mr. Potter:

I write regarding your January 30, 2026, email about my KORA requests, including your confirmation that the District has never signed a final contract with ManagedMethods. I am engaging in the interactive mitigation you invited and narrowing my requests to reduce volume and costs. This correspondence is sent solely to mitigate the burden and facilitate access under K.S.A. 45-215 et seq. and is made without waiver of, or prejudice to, any rights, claims, defenses, or remedies under KORA or otherwise, including positions taken in pending litigation. Nothing herein should be construed to concede any legal position, timeline, or exemption, or to modify any rights preserved in court. If anything in this letter is inaccurate, please respond by Monday, February 9, 2026, with detail as to what is incorrect.

First, I am narrowing my requests to records created between August 1 and November 15, 2025, limited to the superintendent and deputy superintendent responsible for approvals, the IT director and any project lead, and the procurement official reflected on the ManagedMethods quote and purchase documentation. Within that time period and for those custodians, please start by gathering the core procurement documents for the ManagedMethods purchase from the District's procurement/IT files (rather than running broad email searches), including any RFI/RFQ/RFP (or equivalent), the ManagedMethods quote and any addendum, any evaluation or approval memoranda, and any conflict-of-interest disclosures or bid protests. Because it appears from your response and the documents produced with it that the invoice and purchase records are already collected, these procurement documents should be accessible from procurement and IT repositories without broad email review.

For communications with ManagedMethods, I am narrowing my requests to external emails and attachments thereto with ManagedMethods between August 1 and November 15, 2025, limited to the same IT and procurement custodians and any project manager who interacted with the vendor during procurement and initial implementation. Please identify these using domain-based filtering (e.g., ManagedMethods' email domain) and apply deduplication and email-threading to minimize volume.

For internal District communications, I am narrowing the first phase to internal District memoranda, directives, configuration summaries, and FAQs that describe the selection, scope of monitoring, configuration, and messaging to students and/or parents of students concerning ManagedMethods within the August 1 to November 15, 2025 timeframe and within the same core custodians. If you contend that these documents are not maintained in final form as such, an acceptable alternative for this first phase is the email transmittals to which those final documents were attached, within the same dates and custodians.

For Gaggle wind-down and data disposition, I am narrowing my requests to August 1 through December 31, 2025, and limiting custodians to the IT director, the procurement official handling the process of eliminating Gaggle, and any central office official responsible for vendor management. Please prioritize production of the notice(s) of termination or non-renewal, any termination checklist or similar process documentation, and any certifications or attestations of data deletion or return, together with any correspondence about student and staff data disposition during the transition. Please include any documents concerning Gaggle's access or non-access to student data, and Gaggle's responsibility to delete student information it had accessed while providing service to the District.

To mitigate costs, please provide an itemized estimate limited to actual costs that identifies tasks, staff roles or titles, hourly rates, and projected time by task, to reduce or eliminate the need for attorney time for many categories, especially procurement documents and vendor-facing communications. If you still contend that attorney review is necessary for a given category, please explain why, and segregate non-exempt materials for production without attorney time wherever feasible (eliminating any charge for attorney time related to litigation purposes). To the extent the District is locating,

matter, those efforts should be completed once and any fees should reflect only non-duplicative actual costs, and the search and production should eliminate duplicate files containing the same material. Please note in your itemization what work (if any) is unique to this request versus work already completed for overlapping requests. For any redactions or withholdings, please cite the specific subsection(s) of K.S.A. 45-221(a) and produce all reasonably segregable non-exempt material as required by K.S.A. 45-221(d). I authorize up to $300 in actual costs to begin collecting and producing the discrete, low-burden categories described above while I review any revised, itemized estimate. Nothing in this authorization should be construed to accept or concede attorney-time charges or the necessity of attorney review for the prioritized categories.

I also request a short, date-certain rolling schedule for the narrowed categories. In particular, please provide a date during the week of February 9, 2026, for production of procurement file pulls and Gaggle off-boarding and data-disposition documents, and a date during the week of February 16, 2026, for production of vendor-facing communications and final internal memoranda within the narrowed scope. Your January 30 correspondence refers to "60 days after approval," but KORA contemplates the earliest time and date for inspection on a specific schedule. At this point, more than 96 days have passed since my initial KORA requests, which you acknowledged having received on October 31, 2025.

Given my good-faith engagement and narrowing, please confirm in writing by Monday, February 9, 2026, that you will not treat any portion of my requests as withdrawn. Please also confirm that for any category that still proves voluminous even after this narrowing, you will provide a small, representative sample so I can recalibrate the scope collaboratively. Finally, in light of your statement that no executed ManagedMethods contract exists, please produce any purchase order terms and incorporated vendor terms or data-security addenda that apply. Please also identify in writing if no such terms exist and describe what documents, if any, govern the ManagedMethods relationship.

For avoidance of doubt, KORA imposes independent statutory duties on the District. My engagement in narrowing and mitigation is without prejudice to, and does not concede, any position regarding the applicability or effect of federal case scheduling or any purported discovery stay. All rights are expressly reserved.

I appreciate your attention and look forward to your confirmation of the rolling schedule and itemized estimate consistent with the narrowed scope above.

Sincerely,



On Fri, Jan 30, 2026 at 4:19 PM Jake Potter <jake.potter@usd497.org> wrote:

Attention: P██ M██ - ████████████████

Thank you for your request under the Kansas Open Records Act. We have completed an initial review of your requests.

We are able to respond immediately to the following requests you made:

- Request No. 1: The fully executed contract(s) between USD 497 and ManagedMethods (including any affiliate or reseller) in effect at any time from January 1, 2024 to the present, including all exhibits, statements of work, appendices, schedules, data-security addenda, business-associate/data-processing agreements, order forms, renewals, amendments, riders, and change orders.
- Request No. 2A: All invoices, purchase orders, payment records, warrants/ACH remittances, and contract-value summaries for ManagedMethods from January 1, 2024 to the present.

No documents exist that are responsive to Request No. 1. We have attached all documents responsive to Request No. 2A to this email transmission.

Your remaining requests (Nos. 2B, 3, 4, and 5) are very broad and will require extensive document review to identify responsive materials and screen out any materials that are subject to KORA exemptions (see, e.g., K.S.A. § 45-221). In fact, a preliminary search yielded around 10,000 emails potentially responsive to your requests. Therefore, we are unable to commit to providing all of these documents because we do not yet know which ones will be covered by KORA exemptions.

Under K.S.A. § 45-218(f) and 45-219(c), we may charge and require advance payment of a fee for providing access to or furnishing copies of public record, including reasonable fees for providing access to or furnishing copies of public records. We currently estimate that the following costs will apply to the collection, review, and production of the materials you asked for in your remaining requests:

- We estimate about 55 hours of staff review time (given about 20 seconds per email). At $33 per hour, you would owe $1815 for staff review. This review would be necessary to identify and collect documents that fall within the scope of your remaining requests.
- We estimate about 55 hours of attorney review time (given about 20 seconds per email). At $200 per hour, you would owe $11,000 for attorney review. This review is necessary to filter out any documents that should not be produced because of privilege or because of any other KORA exemptions that apply to any given email.

Please consider this correspondence our detailed explanation of the cause for further delay in providing record access under K.S.A. § 45-218(d).

Under K.S.A. § 45-219(e), "When the staff time needed to respond to a records request will exceed five hours or the estimated actual cost for staff time needed to fill the request exceeds $200, the public agency shall make reasonable efforts to contact the requester and engage in interactive communication about mitigating costs to fill the request." We would like to discuss potential mitigation options. Please let us know by the end of the third business day after you receive this email regarding mitigation. If we do not hear from you by then, we will consider your remaining KORA requests withdrawn under K.S.A. § 45-219(e)(2).

Please let us know if you have any questions. We will wait to proceed with collecting, reviewing, and providing the additional materials until we receive your approval and agreement to pay the costs outlined above. Under K.S.A. § 45-218(d), the earliest time and date that the records will be available for inspection is 60 days after we receive your approval and agreement.

Very respectfully,

Jake Potter

--



**Jake Potter, APR**
Executive Director of Communications
Educational Support Center
110 McDonald Drive
Lawrence, KS 66044
785/832-5000
www.usd497.org

--



Personal Email: ███████████████



**P.M. KORA (1).pdf**
518K