IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JACK TELL; NATASHA TORKZABAN; MORGAN SALISBURY; OPAL MORRIS; HENRY FARTHING; SUZANA KENNEDY; NAOMI SUI PANG; ASHLYN TELL; and P.M., a minor, by and through her parents MARGARET WEISBROD MORRIS and JONATHAN MORRIS,<br><br>       *Plaintiffs*,<br><br>    v.<br><br>LAWRENCE BOARD OF EDUCATION, a political subdivision of the State of Kansas; LAWRENCE USD 497, a political subdivision of the State of Kansas; GREG FARLEY, in his individual capacity; and QUENTIN RIALS, in his individual capacity,<br><br>       *Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No.: 2:25-cv-02428-KHV-GEB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFFS' REQUEST FOR IN-PERSON ORAL ARGUMENT ON DEFENDANTS' MOTION TO PARTIALLY DISMISS AND PLAINTIFFS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

Pursuant to D. Kan. Rule 7.2, Plaintiffs respectfully request in-person oral argument in Kansas City, Kansas, at the Court's convenience on Defendants' Motion to Partially Dismiss Plaintiffs' First Amended Complaint (ECF No. 34) and Plaintiffs Ashlyn Tell and P.M.'s Motion for Partial Judgment on the Pleadings on KORA Violations and for Declaratory and Compliance Order (ECF No. 41).

This request is timely and appropriate. Both motions are fully briefed. The Court set page limits for the dismissal briefing (ECF No. 33) and has deferred Rule 16/26 scheduling pending a ruling on Defendants' motion (ECF Nos. 20, 39). Focused oral argument will aid efficient resolution of discrete threshold and case-management issues, without rehashing the briefs,

including the proper treatment of Defendants' qualified-immunity assertions at the pleadings stage, the effect of Answer admissions on mootness and the scope of any prospective relief, whether dismissal of the Board as duplicative is appropriate at this stage, and the sequencing and scope of Plaintiffs' narrow KORA Rule 12(c) request.

Oral argument will assist the Court in addressing Defendants' abandonment theory under D. Kan. Rule 7.1(c) as to Principal Rials. Defendants contend Plaintiffs did not respond to Rials-specific qualified-immunity arguments and invoke Rule 7.1(c) to deem those arguments conceded. *See* ECF No. 42 at 2–3. Plaintiffs do not concede qualified immunity for any Defendant. A brief hearing will allow the Court to confirm the grounds for Plaintiffs' position and to address the Rule 12(b)(6) posture for both individual defendants so that any immunity ruling turns on the pleadings and clearly established law, not on an asserted waiver. The Tenth Circuit has instructed that a court should not, and may not, grant dismissal or summary judgment solely because a party failed to respond; the court must still examine the complaint or record and determine whether the movant has met its burden on the merits. *See Issa v. CompUSA*, 354 F.3d 1174, 1177–78 (10th Cir. 2003); *Reed v. Bennett*, 312 F.3d 1190, 1194–95 (10th Cir. 2002); *see also Ellison v. English*, No. 18-3070-SAC, 2019 WL 3716448, at *1 (D. Kan. Aug. 7, 2019) (Crow, S.J.); *cf. Marcure v. Lynn*, 992 F.3d 625, 631–33 (7th Cir. 2021).

Argument will likewise aid the Court in resolving mootness and voluntary-cessation issues presented by the Superintendent's declaration and, as relevant here, by admissions in Defendants' Answer regarding the District's transition to ManagedMethods and its ongoing monitoring policy/practice. *See* ECF Nos. 34–36, 40, 42. Targeted questions can help determine whether, on the current record, any claim for prospective relief is moot as a matter of law or whether

2

Defendants' admission of continued surveillance of student-generated content demonstrates that Plaintiffs' claims are not moot.

Argument will also assist the Court on Defendants' request to dismiss claims against the Board as duplicative of those against the District. *See* ECF No. 34–35. The pleadings assign policy adoption and clarification to the Board and implementation and enforcement to the District. Argument will assist the Court in determining whether dismissal at the pleading stage is appropriate or better deferred until the record clarifies responsibility for policymaking and implementation roles.

Finally, a joint hearing is especially useful because Plaintiffs' Motion for Partial Judgment on the Pleadings on their Kansas Open Records Act claims is fully briefed and presents a discrete, admissions-based issue suitable for resolution on the present record, without discovery, and without intruding on any qualified-immunity interests. Plaintiffs seek tailored declaratory and compliance relief under K.S.A. 45-222 based on Answer admissions establishing a violation of K.S.A. 45-218(d). *See* Answer ¶¶ 18, 297–302 (ECF No. 36); ECF Nos. 41, 44. Defendants oppose based on a purported discovery-stay theory. *See* ECF No. 43. A brief hearing will allow the Court to address sequencing with Defendants' Rule 12 motion and the scope and timing of any process-focused compliance order that respects the Court's scheduling posture and any immunity interests.

WHEREFORE, pursuant to D. Kan. Rule 7.2, Plaintiffs respectfully request that the Court set Defendants' Motion to Partially Dismiss (ECF No. 34) and Plaintiffs' Motion for Partial Judgment on the Pleadings (ECF No. 41) for in-person oral argument in Kansas City, Kansas, at the Court's convenience, and grant such other and further relief as the Court deems just and proper.

**Dated:** February 25, 2026  Respectfully submitted,

**DENTONS US LLP**

*/s/ Harrison M. Rosenthal*
Mark P. Johnson (Kan. No. 22289)
Harrison M. Rosenthal (Kan. No. 28894)
Jacob S. Margolies (Kan. No. 29470)

4520 Main Street, Suite 1100
Kansas City, Missouri 64111-7700
Telephone: (816) 460-2400
Facsimile: (816) 531-7545
mark.johnson@dentons.com
harrison.rosenthal@dentons.com
jacob.margolies@dentons.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 25, 2026, a true and correct copy of the above and foregoing was e-filed with the Court's CM/ECF electronic filing system, which provided notice to all parties who have entered an appearance in this action.

/s/ <i>Harrison M. Rosenthal</i><br>
<i>Counsel for Plaintiffs</i>