IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JACK TELL, NATASHA TORKZABAN, MORGAN SALISBURY, OPAL MORRIS, HENRY FARTHING, SUZANA KENNEDY, NAOMI SUI PANG, ASHLYN TELL; and P.M., a minor, by and through her parents MARGARET WEISBROD MORRIS and JOHNATHAN MORRIS,<br><br>            Plaintiffs,<br><br>v.<br><br>LAWRENCE BOARD OF EDUCATION, a political subdivision of the State of Kansas; LAWRENCE USD 497, a political subdivision of the State of Kansas; GREG FARLEY, in his individual capacity, and QUENTIN RIALS, in his individual capacity,<br><br>            Defendants. | Case No. 2:25-cv-02428-KHV-GEB |

**DEFENDANTS' MOTION TO STAY DISCOVERY,
INCLUDING ALL KANSAS OPEN RECORDS ACT REQUESTS
BY PLAINTIFFS, UNTIL THE COURT'S RULING ON DEFENDANTS'
MOTION TO PARTIALLY DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendants Lawrence Board of Education (the "School Board"), Lawrence USD 497 (the "School District"), Greg Farley, and Quentin Rials (collectively "Defendants"), by the undersigned counsel, request this Court to stay all discovery in this matter, including all Kansas Open Records Act ("KORA") requests, until after this Court resolves Defendants' pending Motion to Partially Dismiss Plaintiffs' First Amended Complaint (Doc. 34). In support of this motion, Defendants state:

    1.     On August 1, 2025, Plaintiffs filed their original Complaint. Doc. 1.

2. Defendants filed a Motion to Partially Dismiss Plaintiffs' original Complaint on October 27, 2025. Docs. 17–18. That Motion included a qualified immunity argument. Doc. 18 at 5–12.

3. On October 29, 2025, Magistrate Judge Birzer explained to the parties via letter that she would postpone scheduling under Rules 16(b) and 26(f) until District Judge Vratil's decision regarding Defendants' Motion to Partially Dismiss, unless the parties agreed to proceed with scheduling. Doc. 35-2.

4. On October 30, 2025, two Plaintiffs sent KORA requests to Defendants. Doc. 23 at 6, ¶ 18.

5. On November 13, 2025, the Court entered an order deferring scheduling until the Court's ruling on Defendants' Motion to Dismiss. Doc. 20.

6. Not until November 17, 2025, did Plaintiffs file their First Amended Complaint alleging violations of KORA. Doc. 23.

7. On December 19, 2025, Defendants filed a Motion to Partially Dismiss Plaintiffs' First Amended Complaint (Doc. 34) and Memorandum in Support (Doc. 35). Among other arguments, Defendants again invoked qualified immunity. Doc. 35.

8. After Defendants filed their Motion to Partially Dismiss Plaintiffs' First Amended Complaint (Doc. 34), this Court again entered an order postponing the Rule 16 conference until after the Court decided Defendants' Motion to Partially Dismiss. Doc. 39.

9. As Defendants have previously argued, Plaintiffs' KORA claims were improper because they sought information related to this case despite a Court order effectively staying discovery until the Court's resolution of Defendants' Motion to Partially Dismiss. Doc. 35 at 19–21; Doc. 42 at 6–8; Doc. 43. Even if the Court determines that no stay was technically in place

when the KORA requests were served, Defendants' alleged failure to adequately respond was still warranted. Doc. 43 at 4–5. Defendants incorporate those arguments by reference here.

10. On January 20, 2026, Plaintiffs filed a Motion For Partial Judgment on the Pleadings. Doc. 41. Among other things, Plaintiffs requested the Court to grant judgment in Plaintiffs' favor on these claims and to order Defendants to comply with numerous burdensome requests within 14 days. Doc. 41 at 7. Briefing on this motion closed on February 24, 2026. Doc. 44.

11. In this Court, "a discovery stay may be appropriate if…the dispositive motion raises issues as to a defendant's immunity from suit." *Arnold v. City of Olathe, Kansas*, No. 18-2703-CM, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019), *objections overruled*, No. 18-2703-CM-JPO, 2019 WL 2435725 (D. Kan. June 11, 2019). "The decision whether to stay discovery rests in the sound discretion of the court." *Id.*

12. Qualified immunity protects defendants from the burdens of discovery until a court resolves those defenses. *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (cleaned up) (the qualified immunity defense "is meant to give government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery"); *Newton v. City of Atchison, Kansas*, No. 23-2153-JWB-ADM, 2023 WL 12175301, at *2 (D. Kan. June 13, 2023) ("A defendant is therefore generally entitled to have immunity questions resolved before being required to engage in discovery"). Raising qualified immunity in a dispositive motion often warrants a stay on discovery. *See Hay v. Applequist*, No. 23-3175-HLT-GEB, 2025 WL 752505, at *1 (D. Kan. Feb. 20, 2025). Numerous District of Kansas decisions state that discovery stays are appropriate because of pending dispositive motions asserting qualified immunity. *Rezene v.*

*USD 500 Kansas City, Kansas*, No. 25-2305-HLT-GEB, 2025 WL 3140358, at *2 (D. Kan. Nov. 10, 2025); *Newton*, 2023 WL 12175301 at *3.

13. A KORA custodian may refuse to provide records when a discovery stay is in place in a pending federal case with the same subject matter. *See McRoberts v. Rosas*, No. 21-CV-2470-DDC-TJJ, 2022 WL 1538690, at *3–4 (D. Kan. May 16, 2022) (plaintiff could not use KORA to obtain "case-related documents" from defendant when a discovery stay was in place because of defendant's pending dispositive motion on qualified immunity, among other issues); *Smith v. City of Wellsville*, No. 19-2431-CM-KGG, 2020 WL 584449, at *2 (D. Kan. Feb. 6, 2020) (same result when defendant had filed a dispositive motion on qualified immunity in response to plaintiff's initial complaint and was anticipated to file a similar motion in response to plaintiff's amended complaint); *Newton*, 2023 WL 12175301 at *3 (granting motion to stay discovery—which included "requests under the Kansas Open Records Act that are directly germane to the allegations in the complaint"—because of pending motion for judgment on the pleadings on qualified immunity); *see also* Tristan Kimbrell, *The Use and Misuse of KORA As A Civil Discovery Tool*, 94 Kan. B.J. 21, 24 (2025) ("a public agency may [refuse] to provide records as part of a KORA request is if a court has put a discovery stay in place [and] if the KORA request is made as part of ongoing litigation in federal district court").

14. In these cases, courts repeatedly confirm that the purpose of such rulings is to prevent parties from using KORA requests to evade discovery restrictions placed upon the parties. *See Smith*, 2020 WL 584449, at *2 ("allowing Plaintiff to conduct an Open Records Request to a party Defendant during this window created by a hyper-technical application of the Federal Rules would defeat the purpose and spirit of the Court granting the initial stay"); *McRoberts*, 2022 WL

172055068.1

1538690, at *3 ("if a stay of discovery is in place, Plaintiff should not be able to pursue what would otherwise be considered discovery through another channel").

15. Defendants have not previously requested a stay of discovery in this matter.

16. Plaintiffs have informed Defendants that Plaintiffs intend to oppose the instant motion.

17. The requested stay will not unduly delay these proceedings and is not sought for an improper purpose.

For these reasons, Defendants request that the Court enter an order staying all discovery, including any pending or later-served KORA requests to Defendants, until the Court resolves Defendants' pending Motion to Partially Dismiss Plaintiffs' First Amended Complaint (Doc. 34).

/s/ Alan L. Rupe
Alan L. Rupe, KS #08914
Jared D. Harpt, KS #30005
LEWIS BRISBOIS BISGAARD & SMITH LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, KS 67206
Telephone: (316) 609-7900
Facsimile: (316) 462-5746
alan.rupe@lewisbrisbois.com
jared.harpt@lewisbrisbois.com

*Attorneys for Defendants*

172055068.1

## **CERTIFICATE OF SERVICE**

I certify that on March 4, 2026, I filed the above Defendants' Motion to Stay Discovery, Including All Kansas Open Records Act Requests by Plaintiffs, Until the Court's Ruling on Defendants' Motion to Partially Dismiss Plaintiffs' First Amended Complaint using the Court's CM/ECF system which will send notification to all counsel of record.

/s/ Alan L. Rupe
Alan L. Rupe

172055068.1