## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JACK TELL; NATASHA TORKZABAN; MORGAN SALISBURY; OPAL MORRIS; HENRY FARTHING; SUZANA KENNEDY; NAOMI SUI PANG; ASHLYN TELL; and P.M., a minor, by and through her parents MARGARET WEISBROD MORRIS and JONATHAN MORRIS, | ) ) ) ) ) ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | Case No.: 2:25-cv-02428-KHV-GEB |
| LAWRENCE BOARD OF EDUCATION, a political subdivision of the State of Kansas; LAWRENCE USD 497, a political subdivision of the State of Kansas; GREG FARLEY, in his individual capacity; and QUENTIN RIALS, in his individual capacity, | ) ) ) ) ) ) ) ) | |
| *Defendants*. | ) ) | |

### PLAINTIFFS' MOTION TO CLARIFY SCOPE OF DISCOVERY CONFERENCE AND FOR CONFERENCE PROTOCOL ORDER

Plaintiffs move under Fed. R. Civ. P. 7(b) and 16, D. Kan. Rules 7.1, 37.1(a), and 37.2, and the Court's inherent authority to manage proceedings, for an order clarifying that the March 30, 2026 discovery conference will be confined to case-management topics and will not be used to argue or obtain renewed stay relief, and directing that any request to stay discovery—including any request to halt compliance with the Kansas Open Records Act (KORA)—be presented by a properly filed motion with full briefing and handled in accordance with 28 U.S.C. § 636(b)(1)(A) and D. Kan. Rule 72.1.1. Plaintiffs further request that any renewed motion to stay be adjudicated only after full adversarial briefing from both sides in accordance with D. Kan. Rule 7.1, and not argued at the March 30 conference. Plaintiffs will timely submit the five-page position statement

required by ECF No. 48 and seek prompt commencement of discovery consistent with the Federal Rules and the Court's orders.

## BACKGROUND

On March 4, 2026, Defendants moved to stay "all discovery in this matter, including all KORA requests," without arranging the pre-motion conference required by D. Kan. Rule 37.1(a) or demonstrating conferral under D. Kan. Rule 37.2. ECF No. 47. On March 11, 2026, the Court denied that motion without prejudice for failure to comply with D. Kan. Rule 37.1(a), set a discovery conference for March 30 via Zoom, directed Plaintiffs to submit a five-page position statement with supporting caselaw by March 18, and directed Defendants to submit conferral correspondence by the same date. ECF No. 48.

The merits of any stay have not been briefed by both sides. Defendants' stay motion was denied on procedural grounds, and Plaintiffs have not yet had the opportunity to file a full opposition because no renewed motion is pending. To date, the only advocacy the Court has received on whether to stay discovery, including KORA, has come from Defendants. In this posture, argument at a Rule 16/26 conference would be one-sided and premature.

On March 12, 2026, at approximately 4:00 p.m., the District emailed Plaintiffs Ashlyn Tell and P.M. a revised, itemized cost estimate in response to their February 4 narrowed KORA letter. The District stated it had "been able to obtain a revised cost estimate," set "the earliest time and date on which these records may be available for inspection (to the extent that the School District decides to provide access to them)" as Thursday, April 9, conditioned progress on prepayment, and applied an attorney-review rate of $200 per hour, along with staff time, for a total of $6,392.32 across the narrowed categories. A true and correct copy of the estimate emails are attached as Exhibit A.

2

Seventeen minutes later, at 4:23 p.m. that same day, defense counsel emailed to "confer regarding [Defendants'] intent to seek a stay on all discovery—particularly Plaintiffs' outstanding KORA requests," stated that Defendants would withdraw and refile their stay motion after conferring, and attached prior filings asserting KORA requests "are, or should be, stayed." A true and correct copy of the 4:23 p.m. conferral email is attached as Exhibit B.

## ARGUMENT

This Court has inherent authority to structure the March 30 conference and to require that any renewed request for stay relief be presented and be made by motion on a developed record. Fed. R. Civ. P. 16(c)(2)(L); *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); D. Kan. Rules 7.1, 37.1(a), 37.2. District of Kansas practice disfavors discovery stays and requires a properly supported motion and particularized showing before halting progress. *See Escalante v. 10th Jud. Dist., Johnson Cnty.*, No. 24-2235-TC-TJJ, 2024 WL 3771776, at *1 (D. Kan. Aug. 13, 2024); *Sullivan v. Univ. of Kan. Hosp. Auth.*, No. 19-CV-2078-JAR-TJJ, 2019 WL 3801638, at *1 (D. Kan. Aug. 13, 2019); *Cetin v. Kansas City Kansas Cmty. Coll.*, No. 23-CV-2219-KHV-TJJ, 2023 WL 8188599, at *1 (D. Kan. Nov. 27, 2023) (citing *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)); *Kutilek v. Gannon*, 132 F.R.D. 296, 300 (D. Kan. 1990).

When parties seek to restrain KORA activity, District decisions confirm that relief, if warranted, is obtained by motion and express order on a properly developed record—not by converting a scheduling or discovery conference into a merits proceeding. *See Smith v. City of Wellsville*, No. 19-2431-CM-KGG, 2020 WL 584449, at *1–2 (D. Kan. Feb. 6, 2020); *McRoberts v. Rosas*, No. 21-CV-2470-DDC-TJJ, 2022 WL 1538690, at *1, *3–4 (D. Kan. May 16, 2022); *Newton v. City of Atchison*, No. 23-2153-JWB-ADM, 2023 WL 12175301, at *2–3 (D. Kan. June

3

13, 2023). Any effort to halt KORA compliance should therefore be presented by separate motion and handled consistent with 28 U.S.C. § 636(b)(1)(A) and D. Kan. Rule 72.1.1.

Full adversarial briefing before any ruling is essential here. The Court has not received Plaintiffs' fully briefed opposition to any renewed stay because Defendants' prior motion was denied without prejudice for failure to comply with Local Rule 37.1(a). ECF No. 48. The Court directed a five-page position statement for the upcoming conference, but that limited submission is not a substitute for on-the-record motion briefing under D. Kan. Rule 7.1. In contrast, Defendants have already previewed their stay arguments in multiple filings and, on March 12 at 4:23 p.m., announced their intent to refile a stay "particularly" targeting KORA. Allowing Defendants to press those arguments at the conference—before Plaintiffs have an opportunity to respond by brief—would risk a one-sided, informal adjudication that District authority disallows.

Clarification and conference protocols are warranted to prevent concrete, imminent prejudice at the March 30 conference in light of the March 12 sequence. At 4:06 p.m., the District advanced KORA processing by issuing a revised, itemized estimate, conditioning progress on prepayment, applying attorney-review charges of $200 per hour, and setting an "earliest time and date" of April 9 "to the extent that the School District decides to provide access." *See* Ex. A. Minutes later, defense counsel announced an intent to refile a motion to stay "particularly" targeting those same KORA requests and asserted they "are, or should be, stayed." *See* Ex. B. Without clear guardrails, there is a substantial risk that the March 30 conference becomes a vehicle for renewed stay argument—without a live motion, without compliance with D. Kan. Rules 37.1(a) and 37.2, and without Plaintiffs' full, on-the-record opposition. That is what District authority counsels against, especially where stays are exceptional and must be justified through proper briefing.

4

The requested order will ensure that any renewed stay request proceeds in the ordinary course—on a properly filed motion, with full briefing by both sides under D. Kan. Rule 7.1, and decided on the papers or, if the Court deems appropriate, at a separately noticed hearing—rather than at a Rule 16/26 conference intended for case management.

WHEREFORE, Plaintiffs respectfully request that the Court enter an order clarifying that the March 30, 2026 discovery conference will be confined to case-management topics and will not be used to argue or obtain renewed stay relief; directing that any request to stay discovery, including any request to halt KORA compliance, be presented by separate motion with full briefing and handled in accordance with 28 U.S.C. § 636(b)(1)(A) and D. Kan. Rule 72.1.1; further directing that any renewed motion to stay will be adjudicated only after both sides have had an opportunity to submit full briefs under D. Kan. Rule 7.1 and will not be argued at the March 30 conference; and granting such other and further relief as the Court deems just and proper. Plaintiffs will timely submit the five-page position statement required by ECF No. 48 and seek prompt commencement of discovery.

**Dated:** March 16, 2026

Respectfully submitted,

**DENTONS US LLP**

*/s/ Mark P. Johnson*
Mark P. Johnson (Kan. No. 22289)
Harrison M. Rosenthal (Kan. No. 28894)
Jacob S. Margolies (Kan. No. 29470)

4520 Main Street, Suite 1100
Kansas City, Missouri 64111-7700
Telephone: (816) 460-2400
Facsimile: (816) 531-7545
mark.johnson@dentons.com
harrison.rosenthal@dentons.com
jacob.margolies@dentons.com

*Counsel for Plaintiffs*

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 16, 2026, a true and correct copy of the above and foregoing was e-filed with the Court's CM/ECF electronic filing system, which provided notice to all parties who have entered an appearance in this action.

/s/ *Mark P. Johnson*
*Counsel for Plaintiffs*