# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JACK TELL; NATASHA TORKZABAN;  )
MORGAN SALISBURY; OPAL MORRIS;  )
HENRY FARTHING; SUZANA KENNEDY;  )
NAOMI SUI PANG; ASHLYN TELL; and  )
P.M., a minor, by and through her parents  )
MARGARET WEISBROD MORRIS and  )
JONATHAN MORRIS,  )
                                         )    Case No.: 2:25-cv-02428-KHV-GEB

        *Plaintiffs*,  )

        v.  )

LAWRENCE USD 497, a political subdivision  )
of the State of Kansas,  )

        *Defendant*.  )

## PLAINTIFFS' MOTION TO ENFORCE THE COURT'S APRIL 8, 2026 MEMORANDUM AND ORDER (ECF NO. 56), FOR ORDER TO SHOW CAUSE, AND TO REJECT DEFENDANT'S EXTRA-STATUTORY "NO-SHARING" DEMAND

Pursuant to Fed. R. Civ. P. 7(b) and 70(a), the Court's inherent authority to enforce its orders, D. Kan. Rule 7.1, and K.S.A. § 45-222(a), Plaintiffs respectfully move this Court for an order: (1) enforcing the Court's April 8, 2026 Memorandum and Order (ECF No. 56); and (2) rejecting Defendant's unilateral demand that Plaintiffs refrain from sharing non-exempt public records produced under the Kansas Open Records Act ("KORA"). In support, Plaintiffs state as follows:

## BACKGROUND

On April 8, 2026, this Court sustained Plaintiffs' Motion for Partial Judgment on the Pleadings on KORA Violations in full, declared that Defendant violated K.S.A. § 45-218(d), and ordered that "no later than 5:00 P.M. on April 13, 2026," Defendant issue a KORA-compliant response for each of Plaintiffs' October 30, 2025 requests which: (a) describes the searches

conducted and repositories consulted; (b) specifies the earliest date and place for inspection or production; (c) for any record withheld in whole or in part, cites the specific K.S.A. § 45-221(a) subsection; and (d) produces all reasonably segregable non-exempt material as required by K.S.A. § 45-221(d). ECF No. 56 at 43, 45. The Court also set a hearing for April 23, 2026 "to determine whether defendants acted in good faith" for purposes of attorney costs and fees under K.S.A. § 45-222(d). *Id.* at 45.

The next day, Defendant moved for an extension of the April 13 deadline. ECF No. 58. On April 10, 2026, the Court denied that motion, finding:

> Defendant misrepresents exactly what the Court requires it to do and does not claim that it cannot comply with the deadline of April 13, 2026. Defendant merely complains that the work required will create "significant hardship." The Court never intends to inflict significant hardship on litigants. By the same token, defendant has apparently done absolutely nothing to comply with plaintiffs' request under the KORA dated October 30, 2025—five months ago. The Court therefore has no sympathy for defendant if it has to work this weekend. This matter is set for hearing on April 23, and the requested extension would be unfair to both plaintiffs and the Court.

ECF No. 60.

Also on April 10, defense counsel sent a letter to Plaintiffs' counsel purporting to memorialize a "mutual understanding" that only elements (a) and (b) of the Court's Order were due by April 13, and that elements (c) and (d)—the production of documents and subsection-specific exemption citations—could be deferred on a "rolling" basis through April 22. A true and correct copy of this letter is attached as **Exhibit A**. Plaintiffs' counsel disagreed and promptly corrected this in writing. In Plaintiffs' April 10 response, Mark Johnson wrote:

> Your April 10 letter misstates both what Cameron Grant [Managing Partner of the Kansas City office of Lewis Brisbois] and I discussed and what the Court ordered. . . . Nothing in Doc. 56 authorizes the parties to "agree" to stagger or defer any portion of the Court's mandated KORA-compliant response beyond 5:00 p.m. on April 13, 2026. The Order requires all four elements for each request by that deadline. Those obligations are unitary and due in full on April 13. The Court's

2

April 10 order denying your extension motion confirms as much. The discussion between Cameron and me did not result in any "mutual understanding" that altered the Judge's order. . . . Parties cannot make agreements contrary to a court order, and nothing in Doc. 56 permits private arrangements to narrow or postpone the Court's April 13 directives.

A true and correct copy of this email is attached as **Exhibit B**. Plaintiffs' counsel further noted: "If we do not receive documents by 5:00 p.m. Monday, we will be very disappointed. Personally, I will feel misled." *Id.* Counsel also observed: "You have had nearly one-half year to prepare the KORA response and review and prepare the documents for production. That fact that you have not done so indicates to me that you have not taken Plaintiffs' case seriously." *Id.*

**DEFENDANT'S APRIL 13, 2026 NONCOMPLIANCE**

At approximately 4:49 p.m. Central on April 13, 2026—twelve minutes before the Court's deadline—defense counsel emailed Plaintiffs' counsel. A true and correct copy is attached as **Exhibit C**. The email described Defendant's use of Google Vault and Boolean searches, stated that it had "reviewed and marked over 3500 documents" and identified "nearly 27,000 items that may be responsive," and announced that production would begin "tomorrow, April 14" on a rolling basis with completion by April 22. *Id.* (As of the filing of this paper, Plaintiffs have received no documents from Defendant). The email enclosed a Proposed Protective Order and requested that Plaintiffs "do not share any of the produced materials with any third parties until the Protective Order is agreed to and signed by the Court." *Id.* A true and correct copy of the Proposed Protective Order is attached as **Exhibit D**.

Measured against the Court's Order, this communication fails in three respects: *First*, Defendant produced no documents whatsoever by 5:00 p.m. on April 13 (and have yet to produce any documents). The Order requires production of "all reasonably segregable non-exempt material" by the deadline. ECF No. 56 at 44–45; K.S.A. § 45-221(d). Not a single page has been

3

produced. *Second*, Defendant provided no subsection-specific exemption citations. The Order requires that, "for any record withheld in whole or in part," Defendant "cite[] the specific K.S.A. § 45-221(a) subsection." ECF No. 56 at 44–45. Instead, Defendant deferred identification of bases for withholding documents to some future rolling productions. *Third*, Defendant did not identify the "place" for inspection or production, as both the Order and K.S.A. § 45-218(d) require. ECF No. 56 at 43, 45. Announcing a self-imposed rolling schedule ending nine days after the Court's deadline does not cure noncompliance with a date-certain judicial directive. Moreover, Defendant's self-imposed schedule—ending April 22, one day before the April 23 hearing— hardly affords Plaintiffs adequate time to review what Defendant describes as potentially 27,000 items, assess the sufficiency of any exemption citations, and prepare for the hearing at which Defendant's compliance and good faith will be directly at issue.

## ARGUMENT

### I.    The Court should enforce its Order and require Defendant to show cause.

A federal court has inherent authority to enforce compliance with its orders. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980). Under Fed. R. Civ. P. 70(a), when a party fails to comply with a judgment requiring a specific act, the court may order the act performed at the disobedient party's expense, and Rule 70(e) authorizes the court to hold the disobedient party in contempt. To establish civil contempt, the movant must prove by clear and convincing evidence that a valid court order existed, the contemnor had knowledge of the order, and the contemnor disobeyed the order. *Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998); *F.T.C. v. Kuykendall*, 371 F.3d 745, 756 (10th Cir. 2004) (*en banc*). Willfulness is not required for civil contempt. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949).

4

Here, the Order is specific: four enumerated elements, due by a date-certain deadline. ECF No. 56 at 43, 45. The Court denied an extension and admonished Defendant for "apparently [having] done absolutely nothing" to comply in five months. ECF No. 60. Despite Plaintiffs' counsel expressly correcting Defendant's mischaracterization and warning that documents were expected by the deadline, Defendant produced nothing. Ex. B; Ex. C.

KORA's obligations reinforce the point. The statute imposes mandatory, time-defined obligations on the agency. K.S.A. § 45-218(d); *In re Comfort*, 284 Kan. 183, 189, 159 P.3d 1011, 1018 (2007). It is "liberally construed and applied to promote" openness, and the agency bears the burden to justify any withholding. K.S.A. § 45-216(a); *Cypress Media, Inc. v. City of Overland Park*, 268 Kan. 407, 416–17, 997 P.2d 681, 688–89 (2000); *Wichita Eagle & Beacon Publ'g Co. v. Simmons*, 274 Kan. 194, 202, 50 P.3d 66, 75 (2002).

## II.    The Court should reject Defendant's unilateral "no-sharing" demand.

Defendant's email conditions production on Plaintiffs' agreement not to share materials with third parties. Ex. C. No protective order has been entered, and the Court's Order imposes no such restriction. Defendant's demand lacks legal basis for three independent reasons.

First, no court order restricts dissemination. Defendant's demand is a private command, not a judicial directive. Absent a duly entered protective order under Fed. R. Civ. P. 26(c), a party has no obligation to accept extra-judicial confidentiality conditions imposed by opposing counsel. *See* D. Kan. Rule 26.1 (protective-order procedures).

Second, Defendant's own Proposed Protective Order defeats its demand. The Proposed Order recognizes "a presumption in favor of open and public judicial proceedings," states it "will be strictly construed in favor of public disclosure and open proceedings wherever possible," and provides that "[i]nformation or documents that are available to the public may not be designated

as Confidential Information." Ex. D at 2-3. Non-exempt records produced under KORA are, by definition, public records. K.S.A. § 45-216(a). They cannot be cloaked in confidentiality merely by virtue of being produced during litigation.

Third, Plaintiffs are student journalists and members of the student press. Ashlyn Tell and P.M. submitted their October 30, 2025 KORA requests "acting in [their] capacity" as student editors and journalists. ECF No. 23 ¶¶ 290–302; ECF No. 41 at 3. They seek these records to report on matters of public concern—the District's adoption and use of AI-driven student surveillance tools. The First Amendment protects student journalists' right to gather and publish information on matters of public concern. *See Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503, 506 (1969) (students do not "shed their constitutional rights to freedom of speech or expression at the schoolhouse gate"); *Branzburg v. Hayes*, 408 U.S. 665, 681 (1972) (news gathering qualifies for First Amendment protection). Kansas further protects student publications and advisers through the Kansas Student Publications Act, K.S.A. § 72-7209 *et seq.* Defendant's attempt to impose a prior restraint on the dissemination of public records by student journalists—through an informal email demand, without any court order—is precisely the kind of extrajudicial restriction this litigation was brought to challenge.

**III.     Enforcement serves the Court's schedule and KORA's purposes.**

The Court has set a hearing for April 23, 2026 "to determine whether defendants acted in good faith." ECF No. 56 at 45. Enforcing the April 13 deadline now ensures that: (a) Plaintiffs receive the segregable non-exempt material KORA entitles them to, (b) exemption rationales are specifically identified by K.S.A. § 45-221(a) subsection, and (c) the record is developed for the April 23 hearing. *See* K.S.A. § 45-222(d) (fees awarded where denial of access "not in good faith

and without a reasonable basis in fact or law"); *Telegram Publ'g Co. v. Kansas Dep't of Transp.*, 275 Kan. 779, 789–91, 69 P.3d 578, 586–87 (2003) (awarding fees for KORA noncompliance).

The pattern of delay bears on good faith: five months of nonresponse to valid KORA requests; mischaracterization of the Court's Order (ECF No. 60); a fabricated "mutual understanding" that Plaintiffs' counsel promptly rejected (Ex. A; Ex. B); and, finally, zero production by the deadline accompanied by an extra-statutory demand for silence. The Court should not reward this course of conduct.

WHEREFORE, Plaintiffs respectfully request that this Court enter an order:

1.  Enforcing the April 8, 2026 Memorandum and Order (ECF No. 56) and directing Defendant to produce, forthwith, all reasonably segregable non-exempt material responsive to Plaintiffs' October 30, 2025 requests, and to concurrently serve logs citing the specific K.S.A. § 45-221(a) subsection for each record withheld in whole or in part, consistent with K.S.A. § 45-221(d);

2.  Directing Defendant to identify in writing the "place" for inspection or production, as required by the Order and K.S.A. § 45-218(d);

3.  Rejecting Defendant's unilateral "no-sharing" demand and confirming that, absent a court-entered protective order, Plaintiffs are under no obligation to refrain from sharing or publishing non-exempt KORA-produced material, and that any future protective order cannot designate as confidential information or documents available to the public; and

4.  Granting such other and further relief as the Court deems just and proper.

[*Signature block on following page*]

7

**Dated:** April 14, 2026

Respectfully submitted,

**DENTONS US LLP**

*/s/ Harrison M. Rosenthal*
Mark P. Johnson (Kan. No. 22289)
Harrison M. Rosenthal (Kan. No. 28894)
Jacob S. Margolies (Kan. No. 29470)

4520 Main Street, Suite 1100
Kansas City, Missouri 64111-7700
Telephone: (816) 460-2400
Facsimile: (816) 531-7545
mark.johnson@dentons.com
harrison.rosenthal@dentons.com
jacob.margolies@dentons.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 14, 2026, a true and correct copy of the above and foregoing was e-filed with the Court's CM/ECF electronic filing system, which provided notice to all parties who have entered an appearance in this action.

/s/ *Harrison M. Rosenthal*
*Counsel for Plaintiffs*