# EXHIBIT B

| | |
|---|---|
| **From:** | Johnson, Mark P. |
| **Sent:** | Friday, April 10, 2026 5:18 PM |
| **To:** | Rupe, Alan; Rosenthal, Harrison M.; Margolies, Jacob; Cameron.Grant@lewisbrisbois.com |
| **Cc:** | Gnefkow, Andrew; Harpt, Jared; Mannani, Hanna |
| **Subject:** | RE: Jack Tell, et al. v. Lawrence USD 497 - Confirmation of Our Understanding on the Court's KORA Response Order - 44920.28 |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Dear Alan:

Your April 10 letter misstates both what Cameron Grant and I discussed and what the Court ordered. Your letter also implies that you participated in the calls; you did not. Nothing in Doc. 56 authorizes the parties to "agree" to stagger or defer any portion of the Court's mandated KORA-compliant response beyond 5:00 p.m. on April 13, 2026. The Order requires all four elements for each request by that deadline. Those obligations are unitary and due in full on April 13. The Court's April 10 order denying your extension motion confirms as much.

The discussion between Cameron and me did not result in any "mutual understanding" that altered the Judge's order. Parties cannot make agreements contrary to a court order, and nothing in Doc. 56 permits private arrangements to narrow or postpone the Court's April 13 directives. Cameron told me this morning that Defendants cannot fully comply by April 13, largely because your client still has not provided documents to you. I acknowledged that point, taking Cameron at his word, and suggested partial compliance on what you can achieve. Plaintiffs' acknowledgment does not absolve Defendants of their duty to complete all four elements by the Court's deadline. Those are two separate things. Our acknowledgment of your stated plan for partial compliance—responses to items (a) and (b) and initiation of a rolling production on Monday; and, when I suggested some documents would be expected by Monday morning, Cameron did not disagree—is not an agreement to alter the Order or to accept anything less than full, on-time completion.

In other words, Plaintiffs understand that Defendants may attain only partial compliance by April 13 and additional compliance thereafter. But that is merely Plaintiffs' understanding of Defendants' stated plan; it is not an agreement that anything short of full compliance satisfies the Court's Order. To the extent Defendants are unable to comply fully, we appreciate prompt communication about what you intend to produce and when. But your inability to complete the ordered response does not change the Order itself, and Defendants' level of compliance by April 13 will be directly relevant to the April 23 hearing. I am reluctant to say this, but Plaintiffs expressly preserve all rights, remedies, and arguments for that hearing and thereafter.

If we do not receive documents by 5:00 p.m. Monday, we will be very disappointed. Personally, I will feel misled.

Also, given that only Cameron and I participated in today's calls, I am surprised Cameron was not copied on your email. I am copying him here.

You have had nearly one-half year to prepare the KORA response and review and prepare the documents for production.  That fact that you have not done so indicates to me that you have not taken Plaintiffs' case seriously.  With the Judge's order on our respective motions, I trust you now know this is a serious case.

Mark

Mark P. Johnson

 +1 816 460 2424  |  +1 816 456 5044
Kansas City

---

**From:** Rupe, Alan <Alan.Rupe@lewisbrisbois.com>
**Sent:** Friday, April 10, 2026 5:18 PM
**To:** Johnson, Mark P. <mark.johnson@dentons.com>; Rosenthal, Harrison M. <harrison.rosenthal@dentons.com>; Margolies, Jacob <jacob.margolies@dentons.com>
**Cc:** Gnefkow, Andrew <Andrew.Gnefkow@lewisbrisbois.com>; Harpt, Jared <Jared.Harpt@lewisbrisbois.com>; Mannani, Hanna <Hanna.Mannani@lewisbrisbois.com>
**Subject:** Jack Tell, et al. v. Lawrence USD 497 - Confirmation of Our Understanding on the Court's KORA Response Order - 44920.28

**[WARNING: EXTERNAL SENDER]**

---

Mark, thanks for speaking with us earlier today regarding the Court's order on Monday's KORA response deadline. I have attached a letter that I believe summarizes the mutual understanding we reached. Please let us know if you have any questions or concerns. Thank you, alan.

## LEWIS BRISBOIS

**Alan L. Rupe**  ABOTA  Advocate
Wichita Managing Partner | Vice Chair Employment and Labor Practice
Wichita | Kansas City | Omaha
Alan.Rupe@lewisbrisbois.com
1605 North Waterfront Parkway, Suite 150
Wichita, KS 67206

**T: 316.609.7901  F: 316.462.5746**
**C: 316.304.8573**

Admitted in Arkansas, Kansas, Nebraska, Missouri, Oklahoma, Tennessee, and Texas

4600 Madison Avenue, Suite 700
Kansas City, MO 64112

**T: 816.299.4250  F: 816.299.4245**

**Representing clients from coast to coast. View our nationwide locations.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.