## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JACK TELL, NATASHA TORKZABAN,
MORGAN SALISBURY, OPAL MORRIS,
HENRY FARTHING, SUZANA KENNEDY,
NAOMI SUI PANG, ASHLYN TELL; and
P.M., a minor, by and through her parents
MARGARET WEISBROD MORRIS and
JOHNATHAN MORRIS,

        Plaintiffs,

v.

LAWRENCE USD 497,

        Defendant.

Case No. 2:25-cv-02428-KHV-GEB

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO ENFORCE, FOR ORDER TO SHOW CAUSE, AND TO REJECT

Plaintiffs' call for civil contempt and immediate production of all materials misunderstands the Court's initial order (Doc. 56) and ignores Defendant's good faith, diligent efforts to comply with that order and with Defendant's KORA production obligations, KORA exemptions, student privacy laws, and attorney-client privilege. Therefore, Defendant requests the Court to deny Plaintiffs' Motion (Doc. 61).

## STATEMENT OF FACTS

At 1:41 P.M. on Wednesday, April 8, via CM/ECF notification, Defendant received the Court's ruling granting Plaintiffs' Motion For Partial Judgment on the Pleadings and ordering that the following be completed by 5:00 P.M. on Monday, April 13: "defendants [must] issue a KORA-compliant response for each request which (a) describes the searches conducted and repositories consulted; (b) specifies the earliest date and place for inspection or production; and (c) for any record withheld in whole or in part, cites the specific K.S.A. § 45-221(a) subsection and (d)

175126333.1

1

produces all reasonably segregable non-exempt material as required by K.S.A. § 45-221(d)." See Doc. 56.

On Thursday, April 9, Defense counsel met with an ESI vendor to discuss retaining the vendor to assist with document processing, review, and production. Exhibit A. That day, Defendant also met with its counsel to discuss compliance with the order. Defense counsel initially understood the order to mean that all documents and related privilege logs must be produced by April 13 at 5:00 P.M. Therefore, Defendant filed an Opposed Motion For Extension of Time to provide the Court-ordered response. Doc. 58. The Court denied that Motion. Doc. 60.

On Friday, April 10, Defense counsel reevaluated the meaning of the Court's order and concluded that the order required parts (a) and (b) to be completed by April 13 at 5:00 P.M., but permitted the remaining portions to be completed timely but not necessarily by 5:00 P.M. on April 13. Therefore, Defense counsel called Plaintiffs' counsel and discussed Defendant's understanding of the order and its intended rolling document production. Defense counsel believed that Plaintiffs' counsel understood and agreed with Defense counsel's interpretation of the order. Defense counsel memorialized the understanding of the call in a letter sent later that day to Plaintiffs' counsel. Exhibit B. Late Friday evening, Defendant completed uploading the documents to the vendor for processing.

On Saturday, April 11 at about noon, the vendor reported that the documents had been processed and were ready for review. The collection yielded nearly 27,000 total documents. Exhibit C.

Over the weekend, Defense counsel worked diligently and reviewed over 2,200 documents.

On Monday, April 13 before 5:00 P.M., Defense counsel e-mailed Plaintiffs' counsel with and described the searches conducted and repositories consulted and the earliest date and place for

175126333.1                                        2

inspection or production. Exhibit D. Defense counsel also specified the reasons for the delay, which were the number of documents at issue and the need to redact or withhold extensive amounts of sensitive or privileged information. In this e-mail, Defense counsel also provided a Proposed Protective Order along with a privilege log proposal for categories redacted or withheld and requested Plaintiffs' agreement to the order and the process. Notably, Defense counsel never claimed any authority to require compliance with the a proposed order without this Court's entry of that order. And the e-mail invited Plaintiffs' revisions to the Proposed Protective Order. Defendant simply hoped that the parties could agree on a procedure for protecting sensitive or privileged information that needed to be redacted or withheld but might inadvertently be included in the production and would necessarily need to be clawed back.

On Tuesday, April 14, 2026, Defendant completed its first production to Plaintiffs, consisting of about 1,800 documents and about 4,100 pages. Exhibit E.

Since then, Defense counsel has continued to diligently review documents. The current number of total documents reviewed is nearly 12,000. Because of privilege, sensitivity, or KORA exemptions, about 6600 of these are privileged, and about 6800 require redactions before production. Some of this information is protected by the attorney-client and work product privileges, and much of it is sensitive or identifying information about students at Lawrence Public Schools. And Defendant is obtaining further assistance from the vendor's contract attorneys to speed up the review and production process. Exhibit F.

**ARGUMENT**

### I.    A finding of civil contempt is inappropriate here.

"To prevail in a civil contempt proceeding, the plaintiff has the burden of proving, by clear and convincing evidence…that a valid court order existed, that the defendant had knowledge of

175126333.1                                                3

the order, and that the defendant disobeyed the order." *Reliance Ins. Co. v. Mast Const. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998). Even if Plaintiffs satisfy their burden on all three elements, the Court "retains broad discretion in determining whether to exercise its authority to hold a party in contempt." *Braintree Lab'ys, Inc. v. Nephro-Tech, Inc.*, 99 F. Supp. 2d 1300, 1303 (D. Kan. 2000). A civil contempt finding is "a severe [remedy] which should be used only when necessary to sustain the authority of the court." *N. L. R. B. v. Shurtenda Steaks, Inc.*, 424 F.2d 192, 194 (10th Cir. 1970).

Additionally, a "nonmovant may avoid a finding of contempt if it demonstrates it attempted compliance in good faith based on a reasonable interpretation of the order." *Woodson v. Green*, 191 F. Supp. 2d 1231, 1234 (D. Kan. 2002). Any ambiguities in the order should be construed in favor of the party charged with violating the order. *Braintree*, 99 F. Supp. 2d at 1303.

Defendant concedes that a valid court order existed and that it had knowledge of the order.

However, Defendant did not violate the Court's order. In the order—after noting Defendant's argument that a compliance order was inappropriate when the parties were still negotiating the KORA requests' scope—the Court stated that "[t]o comply with KORA, defendants do not necessarily need to produce all of plaintiffs' requests." Doc. 56 at 43. This statement appears to indicate that full production of all documents and any privilege logs was not required by the April 13 at 5:00 P.M. deadline. The Court appeared to further confirm this understanding in a later order. Defendant based its Motion For Extension of Time on the understanding that full production of all documents and privilege logs was required by the April 13 at 5:00 P.M. deadline. *See* Doc. 58 at ¶ 2. When denying this Motion, the Court explained that "Defendant misrepresents exactly what the Court requires it to do." Doc. 60. Additionally, parts (c) and (d) of the order appear to only apply "for any record withheld in whole or in part" and "if

the request for access is denied." Doc. 56 at 43, 45. Defendant has not yet denied access to any portion of the requests, nor has Defendant specified any records that it is withholding in whole or in part. Therefore, Defendant believes that it has not disobeyed the Court's order.

Even if it failed to comply with the Court's order, Defendant attempted to comply with a reasonable interpretation of the Court's order as described above. Therefore, Defendant respectfully requests that the Court not hold Defendant in contempt.

## II.    Plaintiffs misconstrue Defendant's intentions and efforts.

Plaintiffs repeatedly attempt to paint Defendant's actions as dishonest and in bad faith. *See, e.g.*, Doc. 61 at 7. They are wrong.

To the extent that Defendant failed to comply with KORA, it had a reasonable legal basis for doing so. Qualified immunity protects defendants from the burdens of discovery until a court resolves those defenses. District of Kansas courts have repeatedly prohibited KORA requests that attempt to do an end-run around a pending discovery stay by seeking case-related materials. Therefore, Defendant had a valid legal reason for its actions. *See* Doc. 43 at 3–5.

Further, Defendant has worked diligently to seek to comply with the Court's order and to produce documents as quickly as possible. Indeed, given the privileged and sensitive information that has been found, a full production at this point—which could only be done without reviewing most of the documents collected—is practically impossible.

Finally, Plaintiffs' other allegations are inaccurate. Defendant's "mischaracterization" of the Court's order was a good faith misunderstanding of the Court's order. Defendant's "fabricated mutual understanding" was similarly Defendant's honest attempt to summarize the parties' call. And Defendant's "demand" that Plaintiffs not share the produced documents was simply a request in hopes that the parties could agree on a procedure for protecting sensitive or privileged

175126333.1                                5

information that needed to be redacted or withheld but might inadvertently be included in the production.  None of this was done dishonestly or in bad faith.

**III.     Contrary to Plaintiffs' representations, Defendant has made clear that the place of production is email correspondence to Plaintiffs' counsel.**

Any lack of clarity regarding the place of production should no longer be relevant now that Plaintiffs' counsel has received the first document production.  Defendant anticipates that all productions will occur via email from Defense counsel to Plaintiff's counsel.

## CONCLUSION

For these reasons, Defendant asks this Court to deny Plaintiffs' Motion to Enforce, For Order to Show Cause, and to Reject (Doc. 61) and grant any other relief that the Court deems just and proper.

/s/ Alan L. Rupe
Alan L. Rupe, KS #08914
Jared D. Harpt, KS #30005
LEWIS BRISBOIS BISGAARD & SMITH LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, KS 67206
Telephone:  (316) 609-7900
Facsimile:   (316) 462-5746
alan.rupe@lewisbrisbois.com
jared.harpt@lewisbrisbois.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 15, 2026, I filed the above Defendant's Response in Opposition to Plaintiffs' Motion to Enforce, For Order to Show Cause, and to Reject using the Court's CM/ECF system which will send notification to all counsel of record.

/s/ Alan L. Rupe
Alan L. Rupe