# EXHIBIT D

**DECLARATION OF P.M.**

I, P.M., pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a minor and make this declaration by and through my parents, Margaret Weisbrod Morris and Jonathan Morris. The statements herein are based upon my personal knowledge. If called as a witness, I could and would testify competently to the facts set forth herein.

2. I am a named Plaintiff in this action, appearing by and through my parents. I am a citizen of the United States and a domiciliary of Douglas County, Kansas.

3. I am currently a student at Lawrence Free State High School, where I serve on the staff of the *Free Press*, the student news publication.

4. As a student journalist, I have been investigating and reporting on the District's use of student surveillance software, including Gaggle and ManagedMethods.

5. On October 30, 2025, I submitted 5 KORA requests to the District seeking records concerning the District's use of ManagedMethods and Gaggle.

6. My requests sought: (1) the ManagedMethods contract and attachments; (2) invoices, payments, and cost analyses; (3) procurement materials including RFP/RFQ documents, bids, scoring, and award memoranda; (4) District communications concerning the selection, configuration, and public messaging of the vendor transition; and (5) Gaggle wind-down and data disposition records.

7. In my KORA requests, I stated: "I am a member of the news media requesting records while acting in that capacity. Given the strong public interest and ongoing news coverage, please waive or substantially reduce fees."

8. The District did not produce any documents within 3 business days of my requests.

1

9.    Instead, the District sent acknowledgments stating my requests were "under review."

10.    Over 3 months later, on January 30, 2026, the District demanded $12,815 in fees before it would produce any documents.

11.    The fee estimate included attorney-review time billed at $200 per hour.

12.    The District's letter stated that if it did not hear from me within 3 business days regarding mitigation, it would consider my remaining requests withdrawn.

13.    On February 4, 2026, I sent a letter narrowing my requests and offering to pay up to $300 in actual costs for discrete low-burden categories.

14.    The District did not timely respond to my narrowing proposals and did not produce any documents.

15.    On April 8, 2026, the Court ordered the District to produce documents by 5:00 P.M. on April 13, 2026.

16.    The District did not produce any documents by that deadline.

17.    The District began producing documents at approximately 7:53 P.M. on April 14, 2026—more than 26 hours after the Court's deadline.

18.    Every page of the production was stamped "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER."

19.    At the time of the production, no protective order had been entered by the Court.

20.    While reviewing the District's production, I discovered that it included unredacted student email addresses.

2

21.    On April 13, 2026, minutes before the Court-ordered deadline, defense counsel sent an email asking that I and my fellow plaintiffs "do not share any of the produced materials with any third parties until the Protective Order is agreed to and signed by the Court."

22.    When I received the District's "no-sharing" request, I felt constrained in my ability to report on the documents I had requested for newsgathering purposes.

23.    The confidentiality stamps on every page made me uncertain whether I could share or publish the documents with the public.

24.    On April 17, 2026, I co-authored an article with Ashlyn Tell reporting on the District's document production, including the confidentiality stamps and the Court proceedings.

25.    The District's delays in producing documents impeded my ability to report on the surveillance practices at issue in this case.

26.    But for the District's conduct, I would have published reporting on the documents sooner and without concern about whether I was permitted to share them with the public.

27.    I continue to feel uncertain about whether I may freely publish or share the documents produced by the District because of the confidentiality stamps and the no-sharing request.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on ___*April 22*___, 2026.

Lawrence, Kansas


_____*PM*_____

P.M., by and through her parents, Margaret Weisbrod Morris and Jonathan Morris


3