**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JACK TELL; NATASHA TORKZABAN; MORGAN SALISBURY; OPAL MORRIS; HENRY FARTHING; SUZANA KENNEDY; NAOMI SUI PANG; ASHLYN TELL; and P.M., a minor, by and through her parents MARGARET WEISBROD MORRIS and JONATHAN MORRIS, <br><br> *Plaintiffs*, <br><br> v. <br><br> LAWRENCE USD 497, a political subdivision of the State of Kansas, <br><br> *Defendant*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No.: 2:25-cv-02428-KHV-GEB

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO ENFORCE**

Plaintiffs submit this Reply to Defendant's Response in Opposition (ECF No. 63) to Plaintiffs' Motion to Enforce (ECF No. 61). Plaintiffs respectfully request that the Court take up the Motion to Enforce at the April 23, 2026 hearing, already scheduled to determine whether Defendant acted in good faith under K.S.A. § 45-222(d). ECF No. 56 at 45; ECF No. 64. As shown below, Defendant's post-order conduct is relevant to the Court's good-faith inquiry.

**ARGUMENT**

**I.    Defendant's Noncompliance Is Undisputed; the Question Is the Remedy.**

Defendant admits it produced no documents by the Court's 5:00 P.M. April 13 deadline. ECF No. 63 at 2–3. It admits every page of its production stated "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" despite no such order having been entered. *Id.* at 3. It also admits its production "might" include personally identifiable information the District was required to redact before production. K.S.A. § 45-221(a)(4), (30); *id.* § 45-221(d). All are sufficient to find substantial noncompliance.

1

Defendant's "reinterpretation" of the Court's Order rings hollow. Under its post-hoc rationale, only elements (a) and (b) of the Court's Order were due April 13. But this is contradicted by Defendant's own extension request, premised on an understanding that full production was required by the deadline. ECF No. 58 at 1–2; ECF No. 63 at 1–2. Defendant's request unartfully suggests, with no foundation, that partial compliance was *always* understood to be all that was required and that additional time to complete compliance would have to be sought. In fact the parties' contemporaneous communications shows otherwise. After Defendant stated there was a "mutual understanding" on this issue, Plaintiffs' counsel immediately and unequivocally corrected Defendant, writing: "Nothing in Doc. 56 authorizes the parties to 'agree' to stagger or defer any portion of the Court's mandated KORA-compliant response beyond 5:00 p.m. on April 13, 2026." ECF No. 61-2 at 2.

## II.    Requested Relief.

Plaintiffs respectfully request entry of an order that provides concrete, enforceable deadlines and addresses the "no-sharing" demand, confidentiality stamping, and PII failures—all of which are directly relevant to the Court's determination of good faith under K.S.A. § 45-222(d). Defendant's post-order conduct—missing the deadline entirely, stamping public records "CONFIDENTIAL" under a nonexistent protective order, shifting PII-screening burdens to student journalists, and conditioning production on an extrajudicial no-sharing demand—further demonstrates Defendant's pattern of KORA noncompliance ECF No. 56 at 40–44.

### A.    Court-Ordered Completion with Certifications.

Defendant committed to completing all productions by April 22. ECF No. 63 at 2–3. Plaintiffs request the Court order Defendant: (1) complete production of all reasonably segregable non-exempt material responsive to Plaintiffs' KORA requests to the extent any remain

2

outstanding; (2) serve logs citing the specific K.S.A. § 45-221(a) subsection for each record withheld in whole or in part; and (3) serve a sworn certification by the District's KORA custodian attesting that (a) all repositories identified in the Court's Order have been searched, (b) all reasonably segregable non-exempt material has been produced, and (c) all exempt material has been properly screened for PII before production. Plaintiffs further request the Court order Defendant serve an index of all documents produced and withheld, including bates ranges and exemption codes.

### B.     Civil Contempt with Purge Conditions.

A federal court has inherent authority to enforce compliance with its orders. Fed. R. Civ. P. 70(a), (e). To establish civil contempt, the movant must prove by clear and convincing evidence that a valid order existed, the contemnor had knowledge of it, and the contemnor disobeyed it. *Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998). Willful disobedience is not required. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949). Plaintiffs ask the Court for an order providing that the Court will impose civil-contempt sanctions, which may include per diem fines or other measures, beginning April 23, 2026 if Defendant fails to satisfy the conditions set forth in Section II.A. This approach gives Defendant a clear opportunity to purge through compliance while preserving the Court's authority if Defendant (again) falls short.

### C.  Rejection of the "No-Sharing" Demand and Confidentiality Stamps.

Attempting to save face, Defendant characterizes its "no sharing" demand as "simply a request." ECF No. 63 at 5–6. But this "request" was made contemporaneously with production, accompanied by a Proposed Protective Order, and premised on the assumption that Plaintiffs "are agreeable to the provisions of this order until we hear from you otherwise." ECF No. 61-3 at 2–3. This demand—directed at student journalists who sought KORA records specifically to report on

3

matters of public concern—is not an innocent one. It is a prior restraint. Ashlyn Tell and P.M. submitted their KORA requests "acting in [their] capacity" as student journalists reporting on the District's use of student surveillance tools. ECF No. 23 ¶¶ 290–302; ECF No. 41 at 3. The First Amendment protects student journalists' right to gather and publish information on matters of public concern. *See Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503, 506 (1969). Kansas further protects student journalists through statute. *See* K.S.A. § 72-7209 *et seq*. Defendant's attempted imposition of confidentiality conditions on public records sought for protected newsgathering echoes the prior restraint the District imposed on Plaintiff Tell's reporting about this very lawsuit—a restraint rescinded only after Plaintiffs filed an emergency motion. ECF No. 56 at 16–19.

The blanket "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" stamping on Defendant's production is likewise improper. No protective order has been entered. ECF No. 61 at 4–5. Defendant's own Proposed Protective Order acknowledges "a presumption in favor of open and public judicial proceedings" and provides that "[i]nformation or documents that are available to the public may not be designated as Confidential Information." ECF No. 61-4 at 2, 4. Non-exempt records produced under KORA are, by definition, public records. K.S.A. § 45-216(a). Defendant cannot designate every page as "CONFIDENTIAL" when its own proposed order bars that designation for public records. Defendant's continued "CONFIDENTIAL" designation to its subsequent productions after Plaintiffs raised the issue confirms deliberate intent. ECF No. 63 at 2; *see also* Ashlyn Tell & P.M., *Lawrence USD 497 Stamps Public Records "Confidential," Tells Student Journalists Not to Share*, The Budget (Apr. 17, 2026).

Plaintiffs request the Court order Defendant to strike any blanket "CONFIDENTIAL" designations affixed to KORA-produced public records; confirm that, absent a court-entered

protective order, Plaintiffs are under no obligation to refrain from sharing or publishing non-exempt KORA-produced material; and declare that any future protective order may not designate as confidential information or documents available to the public, including documents that this Court has directly held to be properly made public.

WHEREFORE, Plaintiffs respectfully request that this Court:

1.      Consider this Motion at the April 23, 2026 hearing;

2.      Order Defendant to complete production of all reasonably segregable non-exempt material to the extent documents remain outstanding, with concurrent subsection-specific exemption logs, a consolidated index, and a sworn compliance certification;

3.      Reject Defendant's "no-sharing" demand, order Defendant strike blanket "CONFIDENTIAL" designations from KORA-produced public records, and confirm that non-exempt KORA productions may not be designated as confidential under any future protective order;

4.      Consider Defendant's post-Order conduct as part of the good-faith determination under K.S.A. § 45-222(d), and award Plaintiffs' costs and attorneys' fees incurred in connection with the Motion to Enforce as part of the fee award at the April 23 hearing; and

5.      Grant such other and further relief as the Court deems just and proper.

[*Signature block on following page*]

**Dated:** April 22, 2026                    Respectfully submitted,

DENTONS US LLP

*/s/ Harrison M. Rosenthal*
Mark P. Johnson (Kan. No. 22289)
Harrison M. Rosenthal (Kan. No. 28894)
Jacob S. Margolies (Kan. No. 29470)

4520 Main Street, Suite 1100
Kansas City, Missouri 64111-7700
Telephone: (816) 460-2400
Facsimile: (816) 531-7545
mark.johnson@dentons.com
harrison.rosenthal@dentons.com
jacob.margolies@dentons.com

*Counsel for Plaintiffs*

6

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on April 22, 2026, a true and correct copy of the above and foregoing was e-filed with the Court's CM/ECF electronic filing system, which provided notice to all parties who have entered an appearance in this action.

/s/ *Harrison M. Rosenthal*
*Counsel for Plaintiffs*