**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JACK TELL; NATASHA TORKZABAN; MORGAN SALISBURY; OPAL MORRIS; HENRY FARTHING; SUZANA KENNEDY; NAOMI SUI PANG; ASHLYN TELL; and PHOEBE MORRIS, <br><br> *Plaintiffs*, <br><br> v. <br><br> LAWRENCE USD 497, a political subdivision of the State of Kansas, <br><br> *Defendant*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No.: 2:25-cv-02428-KHV-GEB |

## PLAINTIFFS' RULE 21 MOTION TO ADD E.B. AS PLAINTIFF

Plaintiffs respectfully move this Court under Federal Rule of Civil Procedure 21 for leave to add E.B., a minor, by and through his parent and next friend Catherine P. Batza, Ph.D., as a plaintiff in this action. Rule 21 authorizes the Court to add a party "at any time, on just terms." Fed. R. Civ. P. 21. The requirements for permissive joinder under Rule 20 are satisfied, and, if joinder is granted, the "just terms" of joinder should include case-management conditions limiting any responsive pleading or motion directed to E.B.'s Pleading in Joinder to E.B.-specific issues. In support of this Motion, Plaintiffs state as follows:

Plaintiffs file this Motion now to avoid a foreseeable mootness issue: Ashlyn Tell and Phoebe Morris are the only remaining Plaintiffs eligible to pursue prospective relief, and both are scheduled to graduate from Lawrence USD 497 on May 20, 2026. Plaintiffs raised E.B.'s joinder with Defendant's counsel on April 29, 2026, and again during the parties' Rule 26(f) conference on May 13, 2026. Defendant has not consented. Plaintiffs are prepared to proceed with the June 12, 2026 scheduling conference regardless of this Motion's resolution. If Defendant seeks

dismissal of Plaintiffs' claims for prospective relief as moot based on Ashlyn Tell's and Phoebe Morris's graduation before this Motion is resolved, Plaintiffs respectfully request that the Court decide this Motion first.

## INTRODUCTION

This case challenges Lawrence USD 497's student monitoring regime under the First and Fourth Amendments. On April 8, 2026, this Court issued its Memorandum and Order (ECF No. 56) resolving Defendants' motion to dismiss. The Court dismissed the claims for injunctive and declaratory relief by plaintiffs who have graduated while permitting their damages claims to proceed. *See* ECF No. 56 at 30–31. The Court found that claims based on the District's surveillance practices were not moot despite the switch from Gaggle to ManagedMethods because "other than switching from Gaggle to ManagedMethods, defendants have not ceased or altered their challenged behavior." *Id.* at 30.

Only two current students—Ashlyn Tell and Phoebe Morris—remain eligible for prospective relief. Ashlyn Tell is a senior at Lawrence High School and Phoebe Morris is a senior at Lawrence Free State High School; both are scheduled to graduate on May 20, 2026. Adding E.B., a current rising junior at Lawrence High School who will remain enrolled in the District through the 2027–2028 school year, will appropriately ensure that Plaintiffs can continue to pursue injunctive and declaratory relief regardless of Ashlyn Tell's or Phoebe Morris's graduation status. *See Lane v. Simon*, 495 F.3d 1182, 1186–87 (10th Cir. 2007). Granting this Motion will also serve judicial economy by allowing the Court to resolve the constitutionality of the District's surveillance regime in this single proceeding rather than requiring a duplicative new lawsuit by a current student challenging the same policies and practices.

2

## BACKGROUND

E.B. is a rising junior currently enrolled at Lawrence High School in Lawrence USD 497, where he is a staff writer for *The Budget*, the award-winning student newspaper. He will be a junior in the 2026–2027 school year. E.B. was born in 2010 and will not graduate from high school until at least 2028. Because E.B. is a minor, he proceeds in this action by and through his parent and next friend Catherine P. Batza pursuant to Fed. R. Civ. P. 17(c).

Like the existing plaintiffs, E.B. has been subjected to the District's surveillance practices challenged in this action. During the 2023–2024 or 2024–2025 school year, E.B. prepared a class presentation about NATO that briefly mentioned nuclear and chemical warfare. Because of that presentation, Gaggle flagged and quarantined E.B.'s document. E.B. could not access the document for a period of time. A vice principal then approached E.B. and asked about the context of the document. E.B. explained that it was for a class presentation, and the document was returned to him shortly thereafter. At no point did anyone explain to E.B. that his communications were being monitored by AI surveillance software. As a direct and proximate result of this experience, E.B. began self-censoring his communications—a chilling effect that persists to this day. E.B. also had several essays deleted by Gaggle during this period. E.B. remains subject to the District's ongoing surveillance regime through ManagedMethods.

E.B. did not know the District was using Gaggle or any other AI surveillance software until after his content was flagged. The District did not announce its use of Gaggle to students. The District likewise did not announce its subsequent adoption of ManagedMethods to students.

As a result of these incidents, E.B. has refrained from certain expression and changed the way he communicates online. He began avoiding, and continues to avoid using, any words or topics he thought could be flagged by the surveillance system. E.B. alleges that the presentation

3

was a legitimate academic assignment, non-disruptive, and not in any way dangerous, and that the District's surveillance response caused him to self-censor his communications—a chilling effect that persists to this day. As a staff writer for *The Budget*, E.B. has kept portions of his journalistic research—including interview transcripts—off of the District's Google Drive specifically because he feared the content would be flagged. For example, while working on a story about a student suicide hotline in Lawrence, E.B. stored his interviews and research on his personal devices rather than risk having them quarantined or deleted by the District's surveillance system. E.B. currently uses District-managed platforms for his coursework and is required to use Google Classroom and other District tools to complete assignments. Like all students in the District, E.B. cannot refuse or decline the privacy terms imposed by the District without forfeiting access to the basic tools of his public education. Because of this, E.B. remains subject to ManagedMethods monitoring.

## LEGAL STANDARD

Rule 21 provides that the court "may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The decision to add a party under Rule 21 lies within the sound discretion of the trial court.

When determining whether joinder is appropriate under Rule 21, courts consider whether the requirements for permissive joinder under Rule 20 are satisfied. Rule 20(a)(1) permits joinder when plaintiffs "assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and when "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Because both Rules 15 and 21 vest discretion in the trial court to add parties, courts apply similar factors when evaluating either type of motion by analogy. *See Foman v. Davis*, 371 U.S.

178, 182 (1962) (articulating the standard for leave to amend under Rule 15). The focus remains on Rule 21's "just terms" language and Rule 20's joinder requirements.

Under this framework, joinder should be granted absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman*, 371 U.S. at 182; *see also Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (applying *Foman* factors). None of those concerns is present here.

This Motion does not seek to add any new defendant, assert any new legal theory, revive any dismissed claim, alter the KORA claims, or reopen any issue already decided. Plaintiffs simply ask the Court to add a currently enrolled student—who has already been subjected to the challenged surveillance regime and remains subject to it today—so that the case may proceed to a full resolution on the merits.

## ARGUMENT

### I.  E.B. Satisfies the Requirements for Permissive Joinder Under Rule 20.

As detailed in his Pleading in Joinder, E.B.'s claims arise out of the same series of transactions or occurrences as those of the existing plaintiffs—namely, the District's implementation and operation of its AI surveillance regime using Gaggle and ManagedMethods. Like the existing Plaintiffs, E.B. was subjected to suspicionless monitoring of his communications by Gaggle, had his content flagged and quarantined, was questioned by a school administrator without parental notice, and continues to be monitored by ManagedMethods. The same policies, practices, and constitutional theories are at issue.

Common questions of law and fact are present: (1) whether the District's suspicionless surveillance violates the Fourth Amendment; whether the automated flagging, quarantine, and

seizure of student content without notice or process violates the Fourth Amendment; (2) whether the surveillance regime violates the First Amendment by chilling protected speech and expression; and (3) whether students have a legitimate expectation of privacy in their school-managed accounts. These questions apply with equal force to E.B.'s claims. *See* ECF No. 56 at 29–30 (rejecting mootness based on the Gaggle-to-ManagedMethods transition); *id.* at 35–44 (addressing the surviving First and Fourth Amendment theories).

## II.    Adding E.B. Will Preserve Plaintiffs' Claims for Prospective Relief.

The Tenth Circuit has addressed mootness arising from student graduation in cases seeking prospective relief. In *Lane v. Simon*, 495 F.3d 1182 (10th Cir. 2007), the court held that, because plaintiffs had already graduated, "defendants can no longer impinge upon plaintiffs' exercise of freedom of the press, [and] plaintiffs' claims for declaratory and injunctive relief are moot." *Id.* at 1186-87. The court noted that the plaintiffs in that case had not made efforts "to substitute current editors as parties," *id.* at 1187, thereby losing their ability to pursue prospective relief. *Lane* underscores the mootness problem this Motion seeks to avoid. Rule 21 provides the procedural mechanism for adding a party to preserve claims for prospective relief. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

This Court applied *Lane* in its April 8, 2026 Memorandum and Order. The Court dismissed the claims for injunctive and declaratory relief by the seven graduated plaintiffs, noting that "Plaintiffs do not contest defendants' argument that graduation moots claims for prospective relief." ECF No. 56 at 28-29. The Court found, however, that claims based on the District's ongoing surveillance practices remain live because the District "ha[s] not ceased or altered [its] challenged behavior." *Id.* at 30. Thus, only Ashlyn Tell and Phoebe Morris remain as plaintiffs capable of seeking prospective relief—and both are scheduled to graduate on May 20, 2026.

E.B. will not graduate until 2028 at the earliest, ensuring that at least one plaintiff will remain enrolled in the District and subject to the challenged surveillance practices throughout the pendency of this litigation.

### III.    E.B. Has Standing to Pursue Prospective Relief.

E.B. alleges the same type of current-student injury that the Court recognized when rejecting Defendants' mootness challenge to prospective relief based on the Gaggle-to-ManagedMethods transition. Current students face "a credible and imminent threat of future investigation, discipline and deletion of their [communications]" because ManagedMethods "operates on the same student accounts and content, applies automated 'student safety' policies using AI and removes, quarantines and interferes with student communications and files[.]" ECF No. 56 at 7, 24. E.B. remains enrolled in the District, uses District-managed platforms, is required to use District-managed platforms, and remains subject to ManagedMethods monitoring. E.B. faces the same credible and imminent threat of future harm.

### IV.    Defendant Will Not Be Prejudiced by E.B.'s Joinder.

Adding E.B. will not prejudice Defendant. E.B. asserts the same First and Fourth Amendment theories, against the same Defendant, arising from the same surveillance program that the April 8 Order left pending after rejecting mootness based on the Gaggle-to-ManagedMethods vendor switch. ECF No. 56 at 29–30, 35–44. Defendant will not need to develop new case-wide legal defenses. Any discovery specific to E.B.'s individual experiences—Gaggle quarantine of his NATO presentation, a meeting with a vice principal, and ongoing ManagedMethods exposure— will coincide with discovery already planned and will involve limited and substantially overlapping discovery.

7

Joinder is also timely. No scheduling order has been entered and discovery has not begun. The scheduling conference is set for June 12, 2026. ECF No. 59. This Motion is filed at an early practical juncture so that E.B. can be incorporated into the case at the start of discovery. Defendant has been on notice of the nature and scope of Plaintiffs' constitutional challenges since the filing of the original complaint in August 2025. The claims are well-defined, and the legal issues are joined. Adding an additional plaintiff who has suffered the same injuries from the same policies does not unfairly surprise or burden Defendant.

### V.      There Is No Bad Faith or Dilatory Motive.

This Motion represents a good-faith effort to avoid the mootness problem that can arise when student plaintiffs graduate. *See Lane*, 495 F.3d at 1187 (noting plaintiffs' failure to substitute current students); *Bd. of Sch. Comm'rs of Indianapolis v. Jacobs*, 420 U.S. 128, 129–30 (1975) (per curiam) (vacating as moot where student plaintiffs had graduated and no class remained). There is no improper motive in seeking to preserve claims for injunctive relief by adding a plaintiff who will remain subject to the challenged policies. E.B. will remain enrolled through approximately 2028, ensuring that the merits of the District's surveillance practices can be fully adjudicated.

### VI.    Joinder Is Not Futile.

E.B.'s claims are substantively identical to claims the April 8 Order left pending. The Court found that "other than switching from Gaggle to ManagedMethods, defendants have not ceased or altered their challenged behavior[,]" ECF No. 56 at 30, and that Defendant has "not shown that [it] will not switch back to Gaggle in the future." *Id.* E.B. was flagged, had his content quarantined, and was questioned under the Gaggle program. He self-censored as a result. He remains subject to ManagedMethods today. Because the existing Plaintiffs' First and Fourth Amendment theories

against USD 497 remain pending, E.B.'s identical claims are not futile for joinder purposes. *See Foman*, 371 U.S. at 182.

**VII.    As "Just Terms" of Joinder, Any Responsive Pleading or Motion Directed to E.B.'s Pleading in Joinder Should Be Limited to E.B.-Specific Issues.**

Plaintiffs do not seek to restrict Defendant's ability to oppose this joinder motion. However, Plaintiffs respectfully request that the Court, as a condition of joinder under Rule 21's "just terms" provision and in the exercise of its case-management authority, limit any responsive pleading or motion directed to E.B.'s Pleading in Joinder—if joinder is granted—to issues arising solely from E.B.'s addition. Those issues include E.B.'s capacity under Rule 17(c), his Article III standing, and any E.B.-specific factual allegations. This request is designed to promote judicial efficiency and avoid duplicative briefing on issues already resolved.

*First*, the April 8 Memorandum and Order (ECF No. 56) left Plaintiffs' First and Fourth Amendment theories against the District pending and rejected mootness based on the Gaggle-to-ManagedMethods transition. "[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). Adding a plaintiff who asserts the same claims against the same Defendant, arising from the same surveillance regime, does not present a new case-wide legal question warranting renewed dispositive briefing on issues already adjudicated.

*Second*, E.B.'s joinder should not reset the case to the dispositive-motion stage. The existing Plaintiffs have waited over eight months for this case to move past motions to dismiss. Defendant filed two rounds of such motions (ECF Nos. 17, 34), moved to stay all discovery (ECF No. 47, withdrawn per ECF No. 50), and the magistrate judge twice deferred scheduling in the interim (ECF Nos. 20, 39). Renewed briefing on issues already decided would frustrate the June 12 scheduling conference and the Court's case-management objectives. *See* ECF No. 59.

*Third*, the issues arising from E.B.'s joinder are narrow. Defendant should have an opportunity to challenge E.B.'s capacity to sue through his parent and next friend under Fed. R. Civ. P. 17(c), his Article III standing, and the sufficiency of E.B.-specific factual allegations. Plaintiffs do not seek to preclude Defendant from raising any legitimate challenge unique to E.B., but respectfully submit that efficiency counsels against using E.B.'s joinder to relitigate case-wide issues already addressed by the April 8 Order, including the surviving First and Fourth Amendment theories against the District and the adequacy of the District-policy allegations.

To the extent D. Kan. Rule 15.1 applies, Plaintiffs attach the proposed Pleading in Joinder as **Exhibit A**. Because the Pleading in Joinder does not supersede or amend the First Amended Complaint, no redline is required.

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order:

(1)    Adding E.B., a minor, by and through his parent and next friend Catherine P. Batza, as a Plaintiff in this action pursuant to Fed. R. Civ. P. 21 and 17(c);

(2)    Approving and deeming filed the Pleading in Joinder of Plaintiff E.B. attached hereto as Exhibit A;

(3)    As "just terms" of joinder under Rule 21 and in the exercise of the Court's case-management authority, limiting any responsive pleading or motion directed to E.B.'s Pleading in Joinder—if joinder is granted—to issues arising solely from E.B.'s addition, including E.B.'s capacity under Rule 17(c), his Article III standing, and E.B.-specific factual allegations;

(4)    Ordering that the scheduling conference currently set for June 12, 2026 (ECF No. 59) proceed as planned; and

(5)    Granting such other and further relief as the Court deems just and proper.

10

**Dated:** May 20, 2026                                Respectfully submitted,

                                                       **DENTONS US LLP**

                                                       */s/ Harrison M. Rosenthal*
                                                       Mark P. Johnson (Kan. No. 22289)
                                                       Harrison M. Rosenthal (Kan. No. 28894)
                                                       Jacob S. Margolies (Kan. No. 29470)

                                                       4520 Main Street, Suite 1100
                                                       Kansas City, Missouri 64111-7700
                                                       Telephone: (816) 460-2400
                                                       Facsimile: (816) 531-7545
                                                       mark.johnson@dentons.com
                                                       harrison.rosenthal@dentons.com
                                                       jacob.margolies@dentons.com

                                                       *Counsel for Plaintiffs*

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 20, 2026, a true and correct copy of the above and foregoing was e-filed with the Court's CM/ECF electronic filing system, which provided notice to all parties who have entered an appearance in this action.

/s/ *Harrison M. Rosenthal*
*Counsel for Plaintiffs*