**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JACK TELL; NATASHA TORKZABAN; MORGAN SALISBURY; OPAL MORRIS; HENRY FARTHING; SUZANA KENNEDY; NAOMI SUI PANG; ASHLYN TELL; and PHOEBE MORRIS, <br><br> *Plaintiffs*, <br><br> v. <br><br> LAWRENCE USD 497, a political subdivision of the State of Kansas, <br><br> *Defendant*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No.: 2:25-cv-02428-KHV-GEB |

## PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO RULE 54

COME NOW Plaintiffs herein, by their undersigned attorneys, and pursuant to Fed. R. Civ. P. 54 ("Rule 54") and D. Kan. Rule 54.2, move the Court for an award of attorneys' fees and costs arising out of the Court's Order of June 1, 2026 (ECF No. 79), granting the Plaintiffs' request for attorneys' fees and costs arising out of their claim that Defendant responded to their requests under the Kansas Open Records Act ("KORA") in bad faith. Under K.S.A. § 45-222(d), if a court finds that an agency's denial of access to a public record was not in good faith and without a reasonable basis in fact or law, the court shall award costs and a reasonable sum as an attorney's fee to the plaintiff. That is the situation before the Court.

The Plaintiffs seek an award of $85,355 in fees and $792.55 in costs. Pursuant to D. Kan. Rule 54.2, the parties have met and conferred concerning this matter. On June 12, 2026, Plaintiffs' counsel initiated consultation with Defendant's counsel by two emails, the latter of which contained an estimated amount of the fees and costs whose recovery would be sought. Plaintiffs provided a copy of a draft of this Motion and supporting materials to Defendant's counsel on June 14, 2026, so counsel could review those materials in advance of a telephone call to discuss the matter. Counsel then held a Zoom telephone call on the afternoon of June 15, 2026, to discuss the Motion. After reviewing the Motion and supporting materials, Defendant's counsel communicated to Plaintiffs' counsel that Defendant opposes the Motion and that the

1

parties are unable to reach agreement regarding the fee award.  This statement is submitted pursuant to D. Kan. Rule 54.2(d).

The Plaintiffs reserve their right to seek a reasonable attorneys' fee for litigating the amount of fees sought herein, as recognized in *Animal Legal Defense Fund v. Kelly*, No. 18-2657-KHV, 2020 WL 4000905, at *3 (D. Kan. July 15, 2020).

## RELEVANT FACTS

In this Motion, Plaintiffs are seeking an award of reasonable attorneys' fees and costs arising out of the work necessary to address Defendant's bad faith response to requests under the Kansas Open Records Act.  The facts detailed in this Court's June 1, 2026 Order (ECF No. 79) are incorporated by reference.  The Court found as a matter of fact and law that Defendant repeatedly acted in bad faith in responding to (or in failing to respond to) KORA requests propounded lawfully by Plaintiffs in this case.  Only because of the hours expended by Plaintiffs' counsel did Defendant eventually (and eventually is the operative word) provide responses to and documents pursuant to the KORA requests.  Even at that point, the good faith of Defendant was undermined by its production of documents with a marking on each document that production was confidential, pursuant to a non-existent protective order.  That "watermark" chilled the efforts of several Plaintiffs to report on the case in their student newspaper.

## APPLICABLE LAW AND TEST

Under Rule 54(d), a Court may award costs and attorneys' fees in appropriate cases.  Rule 54(d)(1) applies to an award of costs, while Rule 54(d)(2) applies to an award of attorneys' fees.

Calculation of a reasonable attorneys' fee begins with the lodestar amount, based on the hours worked by counsel multiplied by a reasonable hourly fee for each attorney working on the matter. *Animal Legal Defense Fund at *2*. The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249–50 (10th Cir. 1998). Here, Plaintiffs seek fees for hours worked by one partner, one counsel, and three associates, as set forth in the Declaration of Mark P. Johnson. In support of their calculation, Plaintiffs point to hourly rates that have been awarded in other actions in Kansas federal court in the past

2

few years and a contract entered into by the State of Kansas in 2024 for outside counsel working on constitutional litigation matters.

The Plaintiffs refer the Court to hourly rates found reasonable for attorneys similarly experienced to the lawyers for whom attorneys' fees are sought in this case. *Mariana Rodriguez v. Midwest Division – OPRMC, LLC,* No. 23-2417-KHV (D. Kan. April 7, 2025)*; Marmon v. RPS Auto, LLC,* No. 22-2381-KHV (D. Kan. May 3, 2024); *Smith v. Smith,* No. 19-1343-KHV (D. Kan. April 12, 2-24).  The Plaintiffs believe that the hourly rates awarded in those cases are reasonable and do not overcompensate Plaintiffs' counsel for work on the  novel issues presented in this dispute before the Court, and their response to the energetic and stonewall defense presented by Defendants.[1]

Plaintiffs rely on the lodestar and seek no enhancement.  The lodestar contains no padding for unnecessary or duplicative work.  Instead, it contains only the work needed for counsel to fairly represent their clients on this issue, and any potentially duplicative hours have already been eliminated from it.  Most of the work was performed by an associate, Harrison Rosenthal, at a reasonable associate rate.  Mr. Rosenthal is Plaintiffs' first-chair lawyer and as such, performed most of the work.  Mr. Johnson is the second chair and he largely revised drafts of pleadings and advised on content. Illustrative of Plaintiffs' attitude toward the hours for which it seeks fees, Plaintiffs do not seek fees for any time before Defendant's bad faith was evident.  On January 30, 2026, Defendant finally responded to the KORA requests and requested a payment of $1,815 for staff review and $11,000 for attorney review before any documents would be produced.  Plaintiffs seek no fees for time worked before that date.

Two lawyers for Plaintiffs participated fully in the hearing on April 23, 2026, and prepared fully for it, as the nature of the hearing necessitated.  Similarly, mooting any argument that Plaintiffs over-lawyered for the hearing, two lawyers for the Defendants  testified at the hearing, and ostensibly fully prepared for their participation in the hearing.  In addition to that, the defense offered testimony from two

---

[1] Defendant identified three individuals as possible witnesses for the April 23 hearing.  It would be unreasonable to deny Plaintiffs attorneys' fees for the time spent in preparing for all of the possible witnesses, even if Defendant chose not to call all of them at the hearing.  Likewise, as Plaintiffs did not know all of the arguments Defendant might raise at the hearing, it was reasonable for their counsel to prepare some of the Plaintiffs to testify.  Indeed, Morgan Salisbury and Ashlyn Tell were present at the hearing and prepared to testify.

additional lawyers.  Plaintiffs could have prepared and filed post-hearing pleadings, but did not, relying on the Court to find—as it did—the relevant portions of the testimony and law supporting the conclusion that Defendant had acted in bad faith.

The hourly rates Plaintiffs seek are supported by the declaration of one of their counsel, Mark Johnson, who has practiced in this District for over forty-five years, including participating in trials and court appearances in the courts of this District since 1981.[2]

### APPLICATION OF THE FACTS TO THE RELEVANT LAW AND TEST

Plaintiffs acknowledge that the amount of attorneys' fees awarded is within the Court's sound discretion. As that determination is largely a factual matter, there is no need to burden this pleading with extensive citation to cases whose facts can be distinguished in one way or another from the facts of the case at hand. Plaintiffs could cite the Court to many cases that stand for this basic proposition: calculate the lodestar and determine whether that is a reasonable number.

Plaintiffs maintain that the facts already found by the Court support the finding of bad faith on Defendant's part.  Those facts also support the reasonableness of the time spent by Plaintiffs' counsel advocating for their clients on this issue.

Similarly, the hourly rates sought are reasonable.  They reflect rates normally charged by lawyers who practice in the courts of this District, and are less than Plaintiffs' counsel normally charge other clients for their time.

The number of hours and hourly rates are set forth in the exhibit attached to Mr. Johnson's declaration. The total amount sought is $85,355. That amount reflects Plaintiffs' counsel's billing judgment, excludes unnecessary or duplicative time, and represents the reasonable lodestar for the work required to obtain and enforce KORA compliance in this case.

---

[2] Mr. Johnson indicates that he first appeared in court in this District before Judge Theis in 1981 and first participated as counsel in a trial before Judge O'Connor in 1983, the first matter in a sex discrimination case and the second in a Fair Labor Standards Act trial.

**CONCLUSION**

WHEREFORE, Plaintiffs respectfully request that this Court award Plaintiffs their attorneys' fees in the amount of $85,355, their costs in the amount of $792.55, and grant such other relief as the Court deems just and proper.

Respectfully submitted.

**Dated:** June 15, 2026

**DENTONS US LLP**

*/s/ Harrison M. Rosenthal*
Mark P. Johnson (Kan. No. 22289)
Harrison M. Rosenthal (Kan. No. 28894)
Jacob S. Margolies (Kan. No. 29470)

4520 Main Street, Suite 1100
Kansas City, Missouri 64111-7700
Telephone: (816) 460-2400
Facsimile: (816) 531-7545
mark.johnson@dentons.com
harrison.rosenthal@dentons.com
jacob.margolies@dentons.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 15, 2026, a true and correct copy of the

above and foregoing was electronically filed with the Clerk of Court using the CM/ECF system,

which will send notification of such filing to all counsel of record, including:

Alan L. Rupe
Andrew J. Gnefkow
**Lewis Brisbois Bisgaard & Smith LLP**
1605 North Waterfront Parkway, Suite 150
Wichita, KS 67206
alan.rupe@lewisbrisbois.com
andrew.gnefkow@lewisbrisbois.com


/s/ *Harrison M. Rosenthal*
*Counsel for Plaintiffs*