**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**STANDING ORDER REGARDING SEALED AND**
**REDACTED DOCUMENTS IN CIVIL CASES**

In this Court's experience, particularly in light of the current cybersecurity environment, Local Rule 5.4.2 (Sealed Documents) no longer serves the mandate of Rule 1, Fed. R. Civ. P., to secure the just, speedy and inexpensive determination of every civil case.  Also, it tacitly encourages motions to seal by failing to communicate the parties' heavy burden to justify the sealing of otherwise public records.  Therefore, for all cases before the undersigned judge, the following procedures shall apply.

Unless sealing or redaction is permitted by statute, rule of civil procedure or court order, the public shall have access to all documents filed with the court and all court proceedings.  See Fed. R. Civ. P. 5.2(a) (permitting redaction of limited information).  No document shall be filed as sealed without an accompanying motion to seal.  No redactions shall be done except in compliance with Rule 5.2(a), Fed. R. Civ. P.  Without further notice, the Clerk of Court shall unseal any document which a party has filed under seal without an accompanying motion to seal.

**I.      Motion To Seal Or Redact.**

A motion to seal or redact shall be open to public inspection and shall:

(A)      identify the document or the proceeding for which sealing or redaction is sought;

(B)      address the interest to be protected and explain why such interest outweighs the presumption of public access (stipulations between the parties or protective orders with regard to discovery, alone, are insufficient to justify sealing or redaction), and cite the statutory or common law authority for any claim of privacy, privilege or confidentiality;

(C)      identify a clearly defined and non-speculative serious injury that will result

if access is not restricted; and

(D)     explain why no alternative to sealing or redaction is practicable (such as limiting public access on CM/ECF) or why only the requested restriction will adequately protect the interest in question.

A motion to seal or redact must articulate real and substantial interests which justify depriving the public access to records which inform the Court's decision process. Colony Ins. Co. v. Burke, 698 F.3d 1222, 1242 (10th Cir. 2012). This is a heavy burden and the parties should not assume that their requests to seal or redact will be granted, even if the motion is unopposed.

Based on long experience, the Court is skeptical of overbroad, legally unsubstantiated claims of "privacy" based on desires to avoid potential embarrassment, protect employment information (compensation, discipline, identity of non-party comparators, etc.), or honor private agreements to keep certain matters confidential (settlement agreements, business contracts, medical records, etc.). Mere inconvenience or embarrassment are not grounds to seal otherwise public records. Movant must demonstrate **legitimate privacy, privilege and confidentiality interests which the law recognizes**. As noted, standing alone, the fact that information has been designated "confidential" under a protective order does not meet this standard.

## II.     Responses And Objections.

No later than three calendar days after filing any person may respond or object to the motion to seal or redact. Absent exigent circumstances, no ruling on a motion to seal or redact shall be made until the time for response or objection has passed. Standing alone, the absence of objection shall not result in the granting of the motion.

## III.    Filing Restricted Documents.

A document subject to a motion to seal or redact shall be filed as a sealed document and shall remain sealed until the motion is determined by the Court. If the Court overrules a motion

3

to seal or redact in its entirety, the Clerk shall unseal the document without further proceedings or notice to the parties.  If the Court overrules in part a motion to seal or redact, the Clerk shall strike the document and movant shall refile it within three days in compliance with the Court's order.

**IT IS SO ORDERED.**

Dated this 15th day of June, 2026 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

3