**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

JACK TELL, NATASHA TORKZABAN,
MORGAN SALISBURY, OPAL MORRIS,
HENRY FARTHING, SUZANA KENNEDY,
NAOMI SUI PANG, ASHLYN TELL; and
PHOEBE MORRIS,

          Plaintiffs,

v.

LAWRENCE USD 497,

          Defendant.

Case No. 2:25-cv-02428-KHV-GEB

## <u>PROTECTIVE ORDER</u>

The parties agree that it may be necessary during discovery to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of a protective order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

In support of the parties' request, they assert that protection of the identified categories of confidential information is necessary because discovery, including documents produced pursuant to certain Plaintiffs' KORA requests, implicate or likely will implicate sensitive or personal identifying information regarding minor and non-minor students, sensitive financial account information of Defendant or third parties, information exempt from disclosure under the Kansas Open Records Act, information protected by the Family Educational Rights and Privacy Act ("FERPA"), attorney-client privileged communication, and other information that requires additional protection.

178258902.1

For good cause shown, under Fed. R. Civ. P. 26(c), the court grants the parties' joint request and enters the following Protective Order:

Nothing in this Order modifies, limits, supersedes, or stays the Court's April 8, 2026 Memorandum and Order (Doc. 56) or June 1, 2026 Memorandum and Order (Doc. 79), including Defendant's obligation to produce KORA-compliant responses and weekly status reports, Plaintiffs' entitlement to costs and attorney fees for Defendant's KORA violations, or Defendant's agreement to remove "CONFIDENTIAL" watermarks from KORA productions. Nothing in this Order validates or ratifies Defendant's prior blanket "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" watermarks or April 13, 2026 request that Plaintiffs refrain from sharing non-exempt public records produced under KORA.

1.      **Scope.** All documents and materials produced in discovery, including initial disclosures, discovery responses, deposition testimony and exhibits, and information derived therefrom (hereinafter, collectively, "documents"), are subject to this Order concerning Confidential Information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible. Notwithstanding the foregoing, documents produced in response to requests under the Kansas Open Records Act ("KORA"), K.S.A. 45-215 et seq., that are non-exempt under K.S.A. § 45-221 are public records by operation of law and are not subject to confidentiality designations under this Order, except to the extent such documents contain information that is separately exempt under K.S.A. § 45-221 or protected by FERPA, in which case only the exempt or protected portions may be redacted, or withheld only if no reasonably segregable non-exempt material can be produced.

**2.** **Definition of Confidential Information.** As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use are restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties. For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents:

Information protected by attorney-client privilege or attorney work product doctrine, provided that such information shall be identified on a privilege log with sufficient specificity to permit assessment of the privilege claim, including the date, author, recipients, and general subject matter of each withheld document;

Non-public financial statements and records of Defendant that are not subject to disclosure under KORA, excluding invoices, purchase orders, payment records, contract values, budget allocations, and other records of public expenditures, which are public records and may not be designated as Confidential Information;

Sensitive or personal identifying information of minor or non-minor students;

Sensitive financial account information of Defendant or third parties;

Materials protected under FERPA; and Information exempt from disclosure under a specifically identified K.S.A. § 45-221(a) subsection of the Kansas Open Records Act; and

Non-public proprietary technical information of Gaggle, Managed Methods, or other third-party vendors, limited to source code, API credentials, security configurations, and trade secrets, but expressly excluding contracts, pricing, invoices, purchase orders, payment records, procurement records, board materials, policies, vendor communications, and any records produced under KORA as non-exempt public records.

Non-privileged redactions, withholdings, or confidentiality designations under the categories above shall be identified on a designation or redaction log sufficient to identify the document(s), the specific basis for the protection asserted, and the date of designation.

Information or documents that are available to the public may not be designated as Confidential Information. For the avoidance of doubt, non-exempt records produced pursuant to KORA are public records under K.S.A. § 45-216(a) and may not be designated as Confidential Information under this Order.

3.      **Form and Timing of Designation.** The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter, "the marking") on the document and on all copies in a manner that will not interfere with the document's legibility. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as confidential, the designating attorney or party appearing *pro se* certifies that the document contains Confidential Information within one of the enumerated categories in Paragraph 2 and is not a public record available under KORA. Blanket designation of entire productions as Confidential Information is prohibited; the producing party must make good-faith, document-by-document determinations of confidentiality.

4.      **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise

valid claim of confidentiality pursuant to this Order, provided the designating party promptly designates the document upon discovery of the inadvertent failure.

5.    **Depositions.** Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within a reasonable time after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

6.    **Protection of Confidential Material.**

(a)    **General Protections.** Designated Confidential Information may be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals. Nothing in this Order shall restrict any party's right to use, publish, discuss, disseminate, or share: (i) non-exempt public records obtained through KORA requests; (ii) documents not properly designated as Confidential Information under this Order; (iii) information independently obtained from non-discovery sources; (iv) information already known to the receiving party before production in this action; or (v) information obtained through public meetings, interviews, public records, or other lawful means.

(b)    **Who May View Designated Confidential Information.** Except with the designating party's prior written consent or prior court order, Confidential Information may only be disclosed to the following persons:

1)    The parties, including their employees, agents, and representatives;

2)    Counsel for the parties and their employees and agents;

3)    The court and court personnel, including any special master appointed by the court, and members of the jury;

4)    Court reporters, recorders, and videographers engaged for depositions;

5) Any mediator appointed by the court or jointly selected by the parties;

6) Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

7) Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A;

8) The author or recipient of the document (not including a person who received the document in the course of the litigation);

9) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

10) Other persons only upon consent of the producing party and on such conditions as the parties may agree.

**(c)** **Control of Documents.** The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information. Counsel for the parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents, along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

**(d)** **Artificial Intelligence ("AI").** To the extent that a receiving party (including anyone acting on or at the receiving party's behalf or direction, e.g., its vendors, experts, etc.) submits Confidential Information to any AI tool, the receiving party must ensure the following: (1) that the receiving party can delete all Confidential Information from the AI tool at the conclusion of this litigation consistent with Paragraph 10(b); (2) that Confidential Information submitted to the AI tool and results received from it are not accessible to anyone who is not authorized to receive Confidential Information pursuant to this Order; and (3) that the AI tool is

used in a secure environment. The receiving party must destroy any Confidential Information from such tool(s) at the conclusion of the litigation consistent with Paragraph 10(b).

7.      **Filing Confidential Information.** Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal and any party seeking to file a document under seal must comply with this court's under-seal filing procedure set forth in D. Kan. Rule 5.4.2 and Standing Order 25-04. Merely designating information as confidential pursuant to this Order is insufficient to satisfy the court's requirements for filing under seal in light of the public's right of access to court dockets. The parties understand that the requested documents may be filed under seal only with the court's permission after proper motion. If the motion is granted and the requesting party is permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents.

In order to minimize under-seal filings, a party should avoid filing Confidential Information unnecessarily. Specifically, a party should avoid filing Confidential Information that is unnecessary to the issues presented and file only relevant excerpts.

8.      **Challenging a Confidential Designation.** Any party may challenge the designation of any material or document as Confidential Information. Before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention. The designating party shall respond to any written challenge within three (3) business days. If the parties cannot resolve the dispute within seven (7) days of the initial challenge, the objecting party may file a motion that identifies the challenged material and sets forth in detail the basis for the challenge, but must first arrange for a telephone conference with the undersigned magistrate judge as required by D. Kan. Rule 37.1(a) before filing such a motion. The burden of proving the necessity of a confidentiality

designation remains with the party asserting confidentiality. Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information. Notwithstanding the foregoing, for any document produced pursuant to KORA that a party contends should not have been designated as Confidential Information: (a) the designating party must identify the specific K.S.A. § 45-221(a) subsection or other legal basis for the designation; (b) the designating party shall have five (5) business days from the date of written objection to file a motion to maintain the designation or the designation is automatically withdrawn; and (c) the Court shall resolve such challenges on an expedited basis given the public interest in timely access to public records.

9.    **Using Confidential Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information. The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

10.    **Obligations on Conclusion of Litigation.**

(a)    **Order** Remains **in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

(b)    **Returning or Destroying Confidential Documents.** Within 30 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, the receiving party shall return or destroy all documents designated as containing Confidential Information, including copies as defined above, unless the document has been offered into evidence or filed without restriction as to disclosure. Notwithstanding the foregoing, documents

produced pursuant to KORA that are non-exempt public records under K.S.A. § 45-221 are not subject to the return or destruction requirements of this paragraph, and the receiving party may retain such public records.

11. **Retaining Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index that refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

12. **Modification.** This Order may be modified by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

13. **Enforcement.** Even after the final disposition of this case, a party or any other person with standing concerning the subject matter may file a motion to seek leave to reopen the case for the limited purpose of enforcing or modifying the provisions of this Order.

14. **No Prior Judicial Determination.** This Order is entered based on the parties' representations and agreements for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

178258902.1

15.     **Persons Bound.** This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

16.     **Applicability to Parties Later Joined.** If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file their written agreement to be bound by the provisions of this Order.

17.     **Protections Extended to Third-Party's Confidential Information.** The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

18.     **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.** A receiving party that is served with a subpoena or an order issued in other litigation that would compel disclosure of Confidential Information must so notify the designating party, in writing, immediately and in no event more than seven business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order and deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a

receiving party in this action to disobey a lawful directive from another court. The obligations in this paragraph remain in effect while the party has Confidential Information in its possession, custody, or control.

**19.    Disclosure of Attorney-Client Privileged or Work-Product Protected Information.** Whether inadvertent or otherwise, the disclosure or production of any information or document that is subject to a claim of attorney-client privilege or work-product protection will not be deemed to waive the privilege or protection in this action or in any other federal or state proceeding. Upon notice of such production, the receiving party shall promptly return, sequester, or destroy all copies of the specified documents and may not use or disclose them until the claim is resolved; provided, however, that nothing in this paragraph prevents the receiving party from sequestering the material and challenging the claim of privilege or protection under applicable law. The provisions of this paragraph constitute an order pursuant to Federal Rule of Evidence 502(d) and shall be construed in a manner consistent with the maximum protection provided by that rule.

**20.    Inadvertent Disclosure of FERPA-Protected or Student-Identifying Information.** If a party inadvertently produces information protected by FERPA or other sensitive identifying information of minor or non-minor students that should have been redacted, the producing party shall promptly notify the receiving party in writing, identify the specific document(s) by Bates number or other unique identifier, and state the basis for the claimed protection. Within seven (7) days of such notice, the producing party shall provide a replacement copy with appropriate redactions. The receiving party shall return or destroy the unredacted version within seven (7) days of receiving the replacement copy. This provision does not authorize claw back of non-exempt public records produced under KORA; any dispute as to whether a document is properly classified as FERPA-protected or exempt under KORA shall be resolved

178258902.1                                              11

under the challenge procedures in Paragraph 8. Nothing in this Order limits a party's right to review documents, including ESI, for relevance, responsiveness, or segregation of protected information before production.

**IT IS SO ORDERED.**

Dated:  _____


_____
U.S. Magistrate Judge


| **WE SO MOVE and agree to abide by the terms of this Order** | **WE SO MOVE and agree to abide by the terms of this Order** |
|---|---|
| /s/ Harrison M. Rosenthal | /s/ Alan L. Rupe |
| Signature | Signature |
| Harrison M. Rosenthal | Alan L. Rupe |
| Printed Name | Printed Name |
| Counsel for:  Plaintiffs | Counsel for:  Defendant |
| Dated:  6/16/26 | Dated:  6/16/26 |

178258902.1                    12

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JACK TELL, NATASHA TORKZABAN,
MORGAN SALISBURY, OPAL MORRIS,
HENRY FARTHING, SUZANA KENNEDY,
NAOMI SUI PANG, ASHLYN TELL; and
PHOEBE MORRIS,

        Plaintiffs,

v.

LAWRENCE USD 497,

        Defendant.

Case No. 2:25-cv-02428-KHV-GEB

## ATTACHMENT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges having read the Protective Order attached hereto in the above-referenced case, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Kansas in matters relating to this Protective Order and understands that its terms obligate the undersigned to use materials designated as Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name:

Job Title:

Employer:

Business Address:

Date:

_____
Signature