**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

JACK TELL; NATASHA TORKZABAN;　)
MORGAN SALISBURY; OPAL MORRIS;　)
HENRY FARTHING; SUZANA KENNEDY;　)
NAOMI SUI PANG; ASHLYN TELL; and　)
PHOEBE MORRIS,　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　*Plaintiffs*,　　　　)　　Case No.: 2:25-cv-02428-KHV-GEB
　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
LAWRENCE USD 497, a political subdivision　)
of the State of Kansas,　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　*Defendant*.　　　　)
　　　　　　　　　　　　　　　　)

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT**

COME NOW Plaintiffs, by and through their undersigned counsel, and respectfully move this

Court under Federal Rules of Civil Procedure 15(a)(2), 20(a)(1), and 21 for leave to file the Second

Amended Complaint attached as **Exhibit 1**.[1] Plaintiffs seek leave to amend for two limited purposes. First,

Plaintiffs seek to add E.B. and H.C., two currently enrolled Lawrence USD 497 students, as plaintiffs with

particularized allegations in the same operative complaint as the existing Plaintiffs. Second, Plaintiffs seek

to conform the operative pleading to this Court's intervening orders, including the dismissal of certain

defendants and claims, the Court's construction of certain equitable counts as requests for relief, and the

Court's rulings on the Kansas Open Records Act claims.

This Motion follows the procedure identified by the Court in its June 1, 2026 Order overruling

Plaintiffs' prior Rule 21 motions to add E.B. and H.C. as plaintiffs. ECF No. 78. The Court explained that

it was "not convinced that the proposed claims of H.C. and E.B. easily map on those of the existing

plaintiffs," that the proposed "pleadings in joinder" were "confusing," and that the claims of E.B. and H.C.

---

[1] The exhibits to the First Amended Complaint are not reattached to the proposed Second Amended Complaint. The proposed Second Amended Complaint preserves the same exhibit numbering and incorporates those exhibits by reference where applicable.

"should be asserted (if at all) in the same complaint as those of the other plaintiffs." *Id.* The Court further stated that, to join E.B. and H.C., Plaintiffs "should file a motion for leave to amend which adds the proposed plaintiffs and alleges claims which are particular to them," and that the motion should comply with D. Kan. Rule 15.1(a). *Id.* This Motion does so.

The proposed amendment is timely under the Scheduling Order. The Scheduling Order provides that "[a]ny motion for leave to join additional parties or to otherwise amend the pleadings must be filed on or before June 26, 2026." ECF No. 83 § 3(a). Plaintiffs file this Motion on that deadline. Plaintiffs do not seek any extension of the current discovery deadline, dispositive-motion deadline, pretrial deadlines, or January 4, 2027 trial setting by reason of this amendment. Defendant Lawrence USD 497 does not oppose this Motion.

Pursuant to D. Kan. Rule 15.1(a), Plaintiffs attach as Exhibit 1 the proposed Second Amended Complaint and as **Exhibit 2** a redline showing all changes from the First Amended Complaint. Plaintiffs respectfully request that, upon granting this Motion, the Court deem the Second Amended Complaint filed as of the date of the Court's order or otherwise direct filing within the time provided by D. Kan. Rule 15.1.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." This standard reflects the principle that the purpose of the Rule is "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter v. Prime Equip. Grp.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). The Supreme Court has instructed that leave to amend should be granted absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

"The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter*, 451 F.3d at 1204 (internal quotation omitted). If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief,

2

the plaintiff should be afforded an opportunity to test the claim on the merits. *Id.* Because Plaintiffs file this Motion within the amendment deadline set by the Scheduling Order, Rule 16(b)(4)'s good-cause standard is not implicated.

With respect to the joinder of parties, Rule 20(a)(1) permits persons to join in one action as plaintiffs if they assert a right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all plaintiffs will arise in the action. Fed. R. Civ. P. 20(a)(1). Rule 21 further provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Rule 17(c) permits minors to sue through appropriate representatives, including parents and next friends. Fed. R. Civ. P. 17(c).

No factor justifies denial here. The Motion is timely. Defendant does not oppose it. The amendment follows the procedure identified by the Court. E.B. and H.C. assert claims arising from the same District surveillance regime already at issue. Plaintiffs do not seek to add new defendants, revive dismissed claims, inject unrelated legal theories, or alter any case-management deadline.

## ADDITION OF E.B. AND H.C. AS PLAINTIFFS

Under Section 3 of the Scheduling Order, motions for leave to join additional parties or otherwise amend the pleadings must be filed by June 26, 2026. ECF No. 83 § 3(a). Plaintiffs seek to add two minor plaintiffs, E.B. and H.C., each by and through a parent or parents under Rule 17(c). The allegations particular to each proposed new plaintiff are set forth in the proposed Second Amended Complaint.

**E.B.**

E.B. is a currently enrolled Lawrence High School student and rising junior who will not graduate until at least 2028. He proceeds by and through his parent and next friend, Catherine P. Batza, Ph.D., under Rule 17(c). As alleged in the proposed Second Amended Complaint, E.B. was subjected to the challenged surveillance regime when Gaggle flagged and quarantined a school assignment concerning NATO that briefly referenced nuclear and chemical warfare. E.B. alleges that the assignment was legitimate, academic, non-disruptive, and not dangerous.

3

E.B. further alleges that he was questioned by a vice principal, that he began self-censoring after the incident, and that he has kept journalistic research off District-managed systems to avoid surveillance. For example, while working on a story about a student suicide hotline, E.B. stored interview notes and research outside the District's Google environment because he feared that the material could be flagged, quarantined, reviewed, or deleted. E.B. remains enrolled in the District and remains subject to ManagedMethods monitoring because he must use District-managed platforms for coursework.

**H.C.**

H.C. is a currently enrolled Lawrence USD 497 student who attended West Middle School during the events alleged, will attend Free State High School beginning in the 2026–2027 school year, and will not graduate until at least 2030. He proceeds by and through his parents and next friends, Danielle Brunin and Erik Chaney, under Rule 17(c). As alleged in the proposed Second Amended Complaint, Gaggle flagged an email in which H.C. jokingly wrote "stop bullying me" to a friend. School counselor Tiffany Fike then removed H.C. from class, displayed the flagged email on her screen, and questioned him about whether bullying was "an actual issue" and whether the school needed to intervene.

H.C. alleges that no one notified his parents that he had been removed from class and questioned by school personnel. He further alleges that he did not know the District was using AI surveillance software to monitor student communications, that he could no longer locate the email after the incident, and that the incident caused him to self-censor his communications. H.C. remains enrolled in the District and remains subject to ManagedMethods monitoring.

**E.B. and H.C. satisfy Rule 20.**

E.B. and H.C. satisfy the requirements for permissive joinder under Rule 20(a)(1). E.B.'s and H.C.'s claims arise from the same series of transactions or occurrences as the existing claims. All claims center on Lawrence USD 497's District-wide student surveillance regime, including the deployment of Gaggle and ManagedMethods to monitor student accounts and content. The common factual questions include how the District configured and used those systems, what content they scanned, what policies governed automated flagging and quarantine, what District personnel received or reviewed flagged content,

4

what notice students and parents received, whether students could meaningfully opt out, and whether the District provided any process before or after content was flagged, quarantined, deleted, or used as the basis for questioning.

Common questions of law are also present. Those questions include whether the District's suspicionless monitoring of student content violates the Fourth Amendment; whether automated flagging, quarantine, deletion, or interference with student communications constitutes an unreasonable search or seizure; whether the surveillance regime chills protected speech and press activity in violation of the First Amendment; whether the District's surveillance policies and practices are vague or overbroad in violation of the First, Fourth, and Fourteenth Amendments; whether students have a legitimate expectation of privacy in District-managed accounts and content; and whether currently enrolled students are entitled to declaratory or injunctive relief. Rule 20(a)(1)'s requirements are therefore satisfied.

**Amendment is appropriate to preserve live prospective-relief claims and avoid duplicative litigation.**

The Court's April 8, 2026 Memorandum and Order recognized the central mootness issue in this case. The Court dismissed claims for injunctive and declaratory relief by plaintiffs who had graduated, but allowed damages claims for completed injuries to proceed. ECF No. 56 at 28–31. The Court also rejected the then-Defendants' argument that the District's transition from Gaggle to ManagedMethods mooted the current-student claims, finding that, "other than switching from Gaggle to ManagedMethods, defendants have not ceased or altered their challenged behavior." Id. at 30. At the time Plaintiffs filed their earlier Rule 21 motions, Ashlyn Tell and Phoebe Morris were the only remaining plaintiffs still enrolled in the District and capable of pursuing prospective relief. Both graduated on May 20, 2026.

The Tenth Circuit's decision in *Lane v. Simon*, 495 F.3d 1182 (10th Cir. 2007), underscores why current students are necessary for prospective relief. In *Lane*, the Tenth Circuit held that students' graduation mooted their claims for declaratory and injunctive relief and noted that the plaintiffs had not taken steps to substitute current student editors as parties. Id. at 1186–87. Plaintiffs did take such steps here. They raised E.B.'s and H.C.'s joinder with Defendant before graduation, filed the first Rule 21 motion before graduation, filed the second by the date of graduation, received the Court's procedural guidance in

5

ECF No. 78, and now file the Rule 15 motion identified by the Court within the amendment deadline set by the Scheduling Order.

Granting leave will also serve judicial economy. If amendment is denied, E.B. and H.C. could file a separate action challenging the same District surveillance regime, alleging the same core constitutional violations, requiring overlapping discovery from the same District witnesses and vendors, and raising the same legal questions. Allowing amendment permits the Court and the parties to address the constitutionality of the District's surveillance regime in this single action without duplicative proceedings.

**Defendant will not be prejudiced.**

Defendant will not be prejudiced by the proposed amendment. Defendant has long been on notice that Plaintiffs challenge the District's use of AI-powered surveillance software to monitor, search, flag, quarantine, delete, and interfere with student content in District-managed accounts. The original Complaint challenged Gaggle. The First Amended Complaint challenged both Gaggle and ManagedMethods. E.B. and H.C. do not add a new defendant, a new surveillance platform, or a new legal theory unrelated to the existing case. They do not seek to revive the dismissed First Amendment retaliation claim, assert claims against dismissed individual defendants, or add new KORA claims.

The individualized discovery associated with E.B. and H.C. is limited and overlaps substantially with discovery already planned. For E.B., plaintiff-specific discovery will concern the Gaggle flagging and quarantine of his NATO presentation, any related questioning by school personnel, his journalistic self-censorship, and his current exposure to ManagedMethods. For H.C., plaintiff-specific discovery will concern the Gaggle flagging of his email, Counselor Fike's removal and questioning of him, the absence of parental notice, his inability to locate the email, his self-censorship, and his current exposure to ManagedMethods. These topics overlap with existing discovery concerning the District's surveillance architecture, vendor configuration, student-account monitoring, flagging practices, quarantine or deletion practices, notice, consent, and process.

Plaintiffs also do not seek to disturb the Court's case schedule. The Scheduling Order sets September 11, 2026 as the discovery deadline, September 30, 2026 as the pretrial conference, November

2, 2026 as the dispositive-motion deadline, and January 4, 2027 as the trial setting. ECF No. 83. Plaintiffs will make E.B. and H.C. available for discovery within those existing deadlines, will supplement disclosures promptly as required, and will not seek an extension of any case-management deadline by reason of this amendment. This commitment directly addresses the Court's caution that it is "disinclined to allow amendments which will further delay this case or jeopardize the trial date." ECF No. 78.

Defendant's non-opposition further confirms the absence of prejudice. Defendant did not file any opposition to the prior Rule 21 motions after the Court ordered any response to be filed by May 25, 2026. ECF Nos. 74, 78. Defendant likewise does not oppose this Motion. Although Defendant's non-opposition does not relieve Plaintiffs of satisfying Rules 15, 20, 21, and 17(c), it confirms that Defendant identifies no undue prejudice, surprise, or case-management burden sufficient to deny leave.

**CONFORMING AMENDMENTS IN THE PROPOSED SECOND AMENDED COMPLAINT**

The proposed Second Amended Complaint also makes conforming amendments to reflect the Court's rulings since the filing of the First Amended Complaint. These amendments streamline the pleading and reduce confusion. They do not expand the case, revive dismissed claims, or alter the current schedule. **The proposed pleading reflects dismissal of defendants.**

Throughout the proposed Second Amended Complaint, "Defendants" is modified to "Defendant" where appropriate to reflect the Court's dismissal of the individual defendants, Greg Farley and Quentin Rials, and the Lawrence Board of Education. The sole remaining Defendant is Lawrence USD 497. Although references to Greg Farley and Quentin Rials as defendants have been deleted, certain factual allegations concerning their conduct or statements have been retained where relevant to Lawrence USD 497's policies, practices, notice, causation, or liability.

This approach is consistent with the April 8, 2026 Memorandum and Order. The Court dismissed claims against the individual defendants based on qualified immunity and dismissed the claims against the Lawrence Board of Education as duplicative. ECF No. 56 at 38–39, 44–45. The proposed Second Amended Complaint respects those rulings while preserving factual allegations relevant to the remaining municipal defendant.

7

**The proposed pleading conforms the prospective-relief requests to the Court's mootness ruling.**

The proposed Second Amended Complaint limits requests for prospective relief to Plaintiffs who remain enrolled in the District and remain subject to the challenged surveillance practices. The other Plaintiffs have graduated and no longer seek prospective relief prohibiting the District's ongoing use of the surveillance programs. Their damages claims for completed constitutional injuries remain.

This amendment is consistent with the Court's April 8, 2026 Memorandum and Order, which dismissed claims for injunctive and declaratory relief by plaintiffs who had graduated while permitting damages claims for completed injuries to proceed. ECF No. 56 at 28–31. Because E.B. and H.C. remain enrolled in Lawrence USD 497 and remain subject to ManagedMethods monitoring, they are proper plaintiffs to pursue prospective relief directed to the ongoing surveillance regime.

**The proposed pleading preserves the KORA claims already adjudicated.**

Plaintiffs have retained the claims arising out of violations of the Kansas Open Records Act ("KORA") for preservation purposes. The Court has already granted judgment on the pleadings in Plaintiffs' favor on those claims, ordered KORA-compliant responses, and later awarded costs and attorney fees for Defendant's KORA violations. ECF Nos. 56, 79. The proposed Second Amended Complaint preserves those adjudicated claims, orders, compliance issues, fee issues, and appellate rights.

The proposed amendment does not add E.B. or H.C. as KORA plaintiffs. It does not assert any new KORA claim. It does not seek to relitigate KORA liability. Plaintiffs retain the KORA counts to avoid any argument that filing an amended complaint abandoned claims on which Plaintiffs have already prevailed or impaired any existing order, fee award, compliance issue, or appellate position.

**The proposed pleading updates Phoebe Morris's status.**

The proposed Second Amended Complaint identifies Phoebe Morris by name because she has reached the age of majority. Earlier filings and orders referred to her as P.M. because she was then a minor. This is a ministerial update and does not alter the substance of her claims or the Court's prior rulings concerning those claims.

8

**THE PROPOSED AMENDMENT IS NOT FUTILE**

The proposed amendment is not futile. E.B. and H.C. allege the same type of current-student injuries that the Court recognized as sufficient to keep prospective surveillance claims live as to then-current students. The Court held that the District's move from Gaggle to ManagedMethods did not moot the challenge because the District had not ceased or materially altered the challenged surveillance behavior. ECF No. 56 at 29–30. E.B. and H.C. fit that current-student posture.

Each remains enrolled in Lawrence USD 497. Each must use District-managed devices, accounts, or platforms to participate meaningfully in school. Each alleges past injury under Gaggle and ongoing exposure under ManagedMethods. Each alleges self-censorship caused by the District's surveillance regime. Each seeks prospective relief directed to the same District practices already at issue.

The proposed Second Amended Complaint also avoids futility by respecting the Court's prior rulings. It does not assert claims against Greg Farley, Quentin Rials, or the Lawrence Board of Education. It does not revive Ashlyn Tell's dismissed First Amendment retaliation claim. It treats declaratory and injunctive relief consistently with the Court's construction of those requests as remedies rather than standalone causes of action. It confines prospective relief to currently enrolled students who remain subject to the challenged practices. It preserves the damages claims of graduated Plaintiffs for completed constitutional injuries. And it preserves the KORA claims already adjudicated without seeking to expand or relitigate them.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Unopposed Motion for Leave to File Second Amended Complaint. The proposed amendment follows the procedure identified in the Court's June 1, 2026 Order, satisfies D. Kan. Rule 15.1(a), complies with Rules 15, 20, 21, and 17(c), and does not prejudice Defendant or threaten any case-management deadline. Plaintiffs further request that the Court deem the proposed Second Amended Complaint attached as Exhibit 1 filed as of the date of the Court's order granting this Motion, or otherwise direct filing within the time provided by D. Kan. Rule 15.1.

Dated: June 26, 2026

**DENTONS US LLP**

/s/  Harrison M. Rosenthal
Mark P. Johnson (Kan. No. 22289)
Harrison M. Rosenthal (Kan. No. 28894)
Jacob S. Margolies (Kan. No. 29470)
Rebecca Hughes Parker* (NY No. 4321287)

4520 Main Street, Suite 1100
Kansas City, Missouri 64111-7700
Telephone:  (816) 460-2400
Facsimile:  (816) 531-7545
mark.johnson@dentons.com
harrison.rosenthal@dentons.com
jacob.margolies@dentons.com
rebeccahughes.parker@dentons.com
*Admitted Pro Hac Vice

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 26, 2026, a true and correct copy of the above and foregoing was e-filed with the Court's CM/ECF electronic filing system, which provided notice to all counsel of record.

/s/ Harrison M. Rosenthal<br>Counsel for Plaintiffs

11