**IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF KANSAS**

JACK TELL; NATASHA TORKZABAN;      )
MORGAN SALISBURY; OPAL MORRIS;      )
HENRY FARTHING; SUZANA               )
KENNEDY; NAOMI SUI PANG; ASHLYN      )
TELL; PHOEBE MORRIS; E.B., a minor,   )
by and through his parent and next friend )
CATHERINE P. BATZA, Ph.D.; and H.C.,  )    Case No.  2:25-cv-02428-KHV-GEB
a minor, by and through his parents and  )
next friends DANIELLE BRUNIN and     )
ERIK CHANEY,                         )
                                     )
            *Plaintiffs*,             )
                                     )
    v.                               )
                                     )
LAWRENCE USD 497, a political        )
subdivision of the State of Kansas,   )
                                     )
            *Defendant*.              )
                                     )

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF
MOTION FOR ATTORNEYS' FEES AND COSTS**

Entitlement is settled. The Court found Defendant denied access to public records without good faith and without a reasonable basis in fact or law, and Defendant concedes K.S.A. § 45-222(d) requires a fee award. (ECF Nos. 79 at 10–12, 95 at 1.) Defendant nevertheless recasts this as a routine dispute over producing public records. The record is not routine: the Court found that Defendant did not provide a meaningful response until January 30, 2026—two months and 28 days late—and described its response as "drawn out," "hollow," and "perplexing"; Defendant produced records with confidentiality stamps invoking a protective order that had not been entered; and Defendant asked the student-journalist requestors not to share produced materials with third parties until a protective order was agreed to and signed. (ECF Nos. 61 at 5-6; 79 at 5–6, 11–12; 91 at 1–4.) The fee should reflect the case Defendant made Plaintiffs litigate.

1

To remove any dispute over clearly separable work, Plaintiffs withdraw 7.3 hours: 7.0 hours from Mr. Rosenthal's April 11 entry concerning Rule 12 preservation and related appellate posture, and 0.3 hours from his April 24 entry concerning amicus materials and the broader surveillance litigation. This reduces the request from $85,355 to $82,435. Plaintiffs' billing judgment goes further: they seek no fees for work before January 30, 2026, including preparation of the January 20 motion that produced the compliance order. (ECF Nos. 86 at 3, 86-1.) They also seek no enhancement; a lodestar based on reasonable rates and hours is presumptively reasonable. *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).

***The remaining work was KORA enforcement work.*** Defendant cannot invoke a supposed discovery stay, qualified-immunity burdens, and the parallel litigation to excuse KORA noncompliance, then call Plaintiffs' responses noncompensable. The Court rejected those theories because KORA requests are "separate from discovery, both legally and logically." (ECF No. 79 at 10.) After the withdrawal above, the remaining challenged work was directed to obtaining compliance, enforcing access, litigating bad faith, and answering Defendant's KORA defenses.

The confidentiality work was even more directly tied to access. Defendant stamped KORA records "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" before any protective order existed and asked the requestors not to share them. The Court ordered removal of the watermarks to address Plaintiffs' concern about disseminating the information, and the protective order refused to ratify the watermarks or no-sharing request, barred blanket designations, and recognized that non-exempt KORA records are public records by operation of law. (ECF Nos. 79 at 12–13; 91 at 1–4.) Removing restrictions on public records was KORA enforcement work. Indeed, the Court found that, absent its order, it was unclear "when—if ever—defendant would have complied with

KORA." (ECF No. 79 at 11-12.) The remaining hours should be assessed against the relief counsel actually had to obtain, not a hypothetical voluntary production that never occurred.

*The requested rates are supported by the relevant market.* Plaintiffs supplied Mr. Johnson's declaration, the Kansas Attorney General outside-counsel contract, and recent fee orders from this Court. (ECF No. 86-1; Exs. A–C.) Those orders found reasonable rates of $745.30, $591.10, and $359.80; $475; and $630, $612, $591, $450, $408, and $400. *Rodriguez Juarez v. Midwest Division–OPRMC, LLC*, No. 23-2417-KHV, 2025 WL 1029395, at *4–6 (D. Kan. Apr. 7, 2025); *Marmon v. RPS Auto, LLC*, No. 22-2381-KHV, 2024 WL 1961432, at *4–5 (D. Kan. May 3, 2024); *Shaw v. Smith*, No. 19-1343-KHV, 2024 WL 1604627, at *3–4 (D. Kan. Apr. 12, 2024). Although the rates in Marmon and Shaw were unopposed and all three cases are factually distinct, the Court found those rates reasonable in the Kansas City market. They therefore rebut Defendant's claim that Plaintiffs' rates—$700, $500, $400, and $350—fall outside that market.

Mr. Cooper reports the rates charged by one Topeka defense firm: $270 for governmental partners and senior counsel, $300 for private one-off clients, and $210 for associates. (ECF No. 95-1 ¶ 6.) His governmental rates are weak market comparators because repeat business and other institutional benefits may produce below-market rates. *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1256–57 (10th Cir. 1998). His private-client figure remains one firm's rate, not by itself evidence of the broader Kansas City market. The Attorney General contract separately shows Kansas paying $600 for named partners, $400 for other partners, and $300 for associates for specialized public-law work. (ECF No. 86-1 at 5, 15.) *Plaintiffs do not rely on Dentons' standard rates*, but on the fee orders, the Attorney General contract, and counsel's experience. If the Court finds that evidence inadequate, it may also consider its own knowledge of the market. *Case*, 157 F.3d at 1257.

3

***The reduced hours are reasonable and reviewable.*** Reasonableness is measured when the work was performed. *Johnson v. City of Tulsa*, 489 F.3d 1089, 1106-07 (10th Cir. 2007). When counsel prepared Morgan Salisbury and Ashlyn Tell, Defendant had identified potential witnesses and preserved its defenses. Their preparation became unnecessary only when Defendant's hearing presentation narrowed the issues.

The hearing staffing was division of labor, not duplication. The April 23 hearing involved four defense witnesses and five cross-examinations because Jared Harpt was recalled. Mr. Rosenthal cross-examined Dr. Jeanice Swift and Jake Potter and argued; Mr. Johnson cross-examined Jared Harpt, Cameron Grant, and Harpt again on recall. (ECF No. 70 at 22, 64, 77, 87, 91–92, 96, 101.) Mr. Johnson's 30 hours reflect substantive revision, advice, and an active hearing role—not passive supervision. Ms. Parker billed 4.8 hours, Mr. Margolies 1.3 hours, and Mr. Bednasek 12.9 hours; Defendant identifies no duplicated task, and Ms. Parker's limited role does not diminish the market value of her time. Nor was the matter top-heavy: after the voluntary reduction, Mr. Rosenthal billed 135.0 of the 184 hours—nearly three-quarters of the total—at $400. The resulting blended rate for the entire request is approximately $448 per hour.

Block billing does not justify Defendant's 20% reduction. *Cadena* rejects a per se reduction; the question is whether the records permit review. *Cadena v. Pacesetter Corp.*, 224 F.3d 1203, 1214-15 (10th Cir. 2000). They do. Defendant isolated entries, quoted their component tasks and allocations, and challenged discrete work. Its own analysis defeats its claim that review is impossible. Its comparator reductions also arose from different records: *Shaw* involved thousands of hours by thirteen attorneys and four paralegals from three organizations; *Rodriguez Juarez* involved an 804-hour request in a comparatively simple case where the defendant had not

4

maneuvered to require extra work. Plaintiffs seek 184.0 hours for one compressed enforcement dispute driven by conduct this Court found lacked good faith and a reasonable basis.

No additional evidentiary hearing or fee discovery is warranted beyond July 21. D. Kan. Rule 54.2(f) permits fee discovery only on motion and for good cause; Defendant identifies neither. Defendant has supplied Mr. Cooper's declaration and specific objections; Plaintiffs have supplied sworn evidence, time records, costs documentation, and the comparator orders. *See Robinson*, 160 F.3d at 1286. K.S.A. § 45-222(d) authorizes reasonable fees for services rendered "in such action," and the Tenth Circuit recognizes that reasonable time spent preparing and presenting a fee application is compensable under comparable fee-shifting statutes. *Case*, 157 F.3d at 1254 (quoting *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1205 (10th Cir. 1986)). Plaintiffs ask only for leave to submit a narrow declaration addressing reasonable post-June 15 fee-litigation time. Because Defendant does not separately challenge the $792.55 in costs, Plaintiffs request $82,435 in fees, $792.55 in costs, denial of Defendant's proposed reductions, and leave to supplement.

Dated: July 13, 2026

**DENTONS US LLP**

*/s/  Harrison M. Rosenthal*
Mark P. Johnson (Kan. No. 22289)
Harrison M. Rosenthal (Kan. No. 28894)
Jacob S. Margolies (Kan. No. 29470)
Rebecca Hughes Parker* (NY No. 4321287)

4520 Main Street, Suite 1100
Kansas City, Missouri 64111-7700
Telephone:  (816) 460-2400
Facsimile:  (816) 531-7545
mark.johnson@dentons.com
harrison.rosenthal@dentons.com
jacob.margolies@dentons.com
rebeccahughes.parker@dentons.com
*Admitted Pro Hac Vice*

*Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on July 13, 2026, a true and correct copy of the above

and foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which

will send notification of such filing to all counsel of record, including:

Alan L. Rupe
Andrew J. Gnefkow
Lewis Brisbois Bisgaard & Smith LLP
4600 Madison Avenue, Suite 700
Kansas City, Missouri 64112
alan.rupe@lewisbrisbois.com
andrew.gnefkow@lewisbrisbois.com

*/s/ Harrison M. Rosenthal*

*Counsel for Plaintiffs*