## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JACK TELL; NATASHA TORKZABAN;              )
MORGAN SALISBURY; OPAL MORRIS;             )
HENRY FARTHING; SUZANA                     )
KENNEDY; NAOMI SUI PANG; ASHLYN            )
TELL; PHOEBE MORRIS; E.B., a minor,        )
by and through his parent and next friend  )
CATHERINE P. BATZA, Ph.D.; and H.C.,       )    Case No.  2:25-cv-02428-KHV-GEB
a minor, by and through his parents and    )
next friends DANIELLE BRUNIN and           )
ERIK CHANEY,                               )
                                           )
                *Plaintiffs*,              )
                                           )
        v.                                 )
                                           )
LAWRENCE USD 497, a political              )
subdivision of the State of Kansas,        )
                                           )
                *Defendant*.               )
                                           )

## PLAINTIFFS' PREHEARING STATEMENT AND SUBMISSION OF DECLARATION IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS

Plaintiffs respectfully submit this Prehearing Statement in advance of the July 21, 2026 hearing on their Motion for Attorneys' Fees and Costs (ECF No. 86).

Defendant contests the reasonableness of Plaintiffs' hourly rates and staffing, argues that Plaintiffs submitted no independent market-rate evidence, and relies on the Declaration of David R. Cooper. (ECF Nos. 95, 95-1.) In response to that evidence, and to assist the Court at the hearing, Plaintiffs submit the Declaration of William G. Creeley, attached hereto as **Exhibit A**.

Mr. Creeley's declaration is limited to the relevant legal market, Plaintiffs' requested hourly rates, and the overall staffing reflected in Plaintiffs' reduced fee request. It does not raise any new category of fees or costs or alter the amount sought. Plaintiffs respectfully request that the Court consider the declaration in connection with the July 21 hearing.

1

2

Dated: July 20, 2026

Respectfully submitted,

**DENTONS US LLP**

*/s/  Harrison M. Rosenthal*
Mark P. Johnson (Kan. No. 22289)
Harrison M. Rosenthal (Kan. No. 28894)
Jacob S. Margolies (Kan. No. 29470)
Rebecca Hughes Parker* (NY No. 4321287)

4520 Main Street, Suite 1100
Kansas City, Missouri 64111-7700
Telephone:  (816) 460-2400
Facsimile:  (816) 531-7545
mark.johnson@dentons.com
harrison.rosenthal@dentons.com
jacob.margolies@dentons.com
rebeccahughes.parker@dentons.com
*Admitted Pro Hac Vice*

*Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on July 20, 2026, a true and correct copy of the above and foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including:

Alan L. Rupe
Andrew J. Gnefkow
Lewis Brisbois Bisgaard & Smith LLP
4600 Madison Avenue, Suite 700
Kansas City, Missouri 64112
alan.rupe@lewisbrisbois.com
andrew.gnefkow@lewisbrisbois.com

*/s/ Harrison M. Rosenthal*

*Counsel for Plaintiffs*

3

# EXHIBIT A

**IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JACK TELL; NATASHA TORKZABAN; MORGAN SALISBURY; OPAL MORRIS; HENRY FARTHING; SUZANA KENNEDY; NAOMI SUI PANG; ASHLYN TELL; PHOEBE MORRIS; E.B., a minor, by and through his parent and next friend CATHERINE P. BATZA, Ph.D.; and H.C., a minor, by and through his parents and next friends DANIELLE BRUNIN and ERIK CHANEY, <br><br> *Plaintiffs,* <br><br> v. <br><br> LAWRENCE USD 497, a political subdivision of the State of Kansas, <br><br> *Defendant.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br> Case No.  2:25-cv-02428-KHV-GEB |

**DECLARATION OF WILLIAM CREELEY IN SUPPORT OF
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**

Pursuant to 28 U.S.C. § 1746, I, William G. Creeley, declare as follows:

1.      I am the Legal Director of the Foundation for Individual Rights and Expression ("FIRE"), a nonpartisan nonprofit organization dedicated to defending freedom of speech and freedom of thought. I submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees and Costs.

2.      I make this declaration based on my personal knowledge, professional experience, and review of the materials identified below. If called as a witness, I could and would testify competently to the matters stated in this declaration.

3.      I have worked at FIRE since 2006. I graduated from New York University School of Law that year and am admitted to practice law in New York and Pennsylvania.

1

4.     As FIRE's Legal Director, I coordinate FIRE's legal advocacy and work with FIRE's litigators, outside counsel, and other attorneys engaged in First Amendment and related civil-liberties matters. I have evaluated potential litigation, supervised legal advocacy, and worked with counsel in courts throughout the country.

5.     FIRE also maintains the FIRE Legal Network, a nationwide network of private attorneys to whom FIRE refers certain matters requiring legal representation, and the Faculty Legal Defense Fund, a network of participating attorneys paid by FIRE to provide legal representation to faculty members in select controversies involving threats to free expression and academic freedom.

6.     Through FIRE's litigation, co-counsel, and referral work, I regularly assess attorneys' experience, availability, proposed staffing, and rates.

7.     That work has made me familiar with the market for attorneys capable of handling specialized First Amendment, civil-rights, student-rights, and related public-law matters.

8.     In preparing this declaration, I reviewed Plaintiffs' motion for attorneys' fees and supporting materials, Defendant's opposition and the Declaration of David R. Cooper, Plaintiffs' reply, the Court's relevant orders, the Kansas Attorney General outside-counsel rate schedule submitted by Plaintiffs, and the recent fee decisions cited by the parties.

9.     I understand that the Court has determined that Plaintiffs are entitled to recover reasonable attorneys' fees and costs under the Kansas Open Records Act. I offer no opinion on that determination or on the compensability of each individual billing entry. My opinions are limited to the relevant market, the requested hourly rates, and the overall staffing reflected in Plaintiffs' reduced fee request.

10. I reviewed Mr. Cooper's declaration, which identifies rates of $270 per hour for partners and senior counsel and $210 per hour for associates in governmental representations, and rates of $300 and $210, respectively, in certain private representations. I do not question whether those rates are appropriate for his firm or its clients. In my opinion, however, they reflect a different segment of the legal market and do not establish the prevailing rate for the specialized plaintiffs-side work involved here.

11. The other market evidence submitted by Plaintiffs corroborates that conclusion. Recent fee decisions from this Court have approved Kansas City-area rates ranging from approximately $360 to $745 per hour. The Kansas Attorney General outside-counsel schedule submitted by Plaintiffs likewise provides partner rates of up to $600 per hour for specialized public-law work.

12. Plaintiffs request rates of $700 per hour for Mark Johnson, $500 per hour for Rebecca Hughes Parker, $400 per hour for Harrison Rosenthal and Jacob Margolies, and $350 per hour for Parker Bednasek.

13. Based on my experience evaluating and working with attorneys in specialized public-law matters, and on the market standards reflected in the fee decisions referenced above, those rates are reasonable for lawyers of comparable skill, experience, and responsibility performing comparable work.

14. I understand that, after withdrawing 7.3 hours, Plaintiffs seek $82,435 for 184 hours of work, 135 of which were performed by Mr. Rosenthal. Assigning most of the work to a lower-rate lawyer, while using senior lawyers for strategic supervision, substantive review, and significant proceedings, is consistent with efficient staffing in public-interest litigation.

15.    The fee request also reflects billing judgment. Plaintiffs seek no compensation for work performed before January 30, 2026, including work on the motion that produced the initial compliance order. Plaintiffs also withdrew additional time to eliminate a dispute concerning separable work and seek no enhancement of the lodestar.

16.    Based on my experience and the materials I reviewed, it is my opinion that Plaintiffs' requested hourly rates and overall staffing are reasonable.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 20, 2026,

Philadelphia, Pennsylvania.

_____

William G. Creeley

4