# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JACK TELL, NATASHA TORKZABAN,    )
MORGAN SALISBURY, OPAL MORRIS,    )
HENRY FARTHING, SUZANA KENNEDY,    )
NAOMI SUI PANG, ASHLYN TELL, and    )
PHOEBE MORRIS,    )
          )
          Plaintiffs,    )    CIVIL ACTION
          )
v.    )    No. 25-2428-KHV
          )
LAWRENCE USD 497, a political subdivision    )
of the State of Kansas,    )
          )
          Defendant.    )
          )

## MEMORANDUM AND ORDER

On June 1, 2026, the Court determined that defendant's violation of the Kansas Open Records Act ("KORA"), K.S.A. § 45-215 et seq., was not in good faith and was without a reasonable basis in fact and law.  Accordingly, the Court determined that plaintiffs are entitled to costs and attorney fees.  This matter is before the Court on Plaintiffs' Motion For Attorneys' Fees And Costs Pursuant To Rule 54 (Doc. #86) filed June 15, 2026.  Plaintiffs seek an award of $112,425.00 in fees and $1,055.35 in costs.[1]  For reasons stated below, the Court sustains plaintiffs' motion.

---

[1]    Plaintiffs originally sought $85,355 but withdrew 7.3 hours to "remove any dispute over clearly separable work."  Plaintiffs' Reply In Further Support Of Motion For Attorneys' Fees And Costs (Doc. #104) filed July 13, 2026 at 2.  After the hearing on July 21, 2026, the Court ordered plaintiffs to submit a declaration supplementing their fee request to reflect additional KORA-related work done through 5:00 P.M. on July 21.  On July 22, plaintiffs filed a supplemental declaration seeking an additional $29,990 in fees and $262.80 in costs for the transcript of the hearing on July 21.  Thus, plaintiffs seek a total of $112,425.00 in fees and $1,055.35 in costs.

**Legal Standard**

The Court has discretion to determine the amount of an award of attorney fees.  Carter v. Sedgwick Cnty., Kan., 36 F.3d 952, 956 (10th Cir. 1994).  To determine whether a fee request is reasonable, the Court first calculates the lodestar amount by multiplying by a reasonable hourly rate the hours that counsel reasonably spent litigating.  Flitton v. Primary Residential Mortg., Inc., 614 F.3d 1173, 1176 (10th Cir. 2010).  The Court has discretion to reduce the number of compensable hours if it determines that the claimed time spent is excessive, and the Court may set a reasonable hourly rate.  Carter, 36 F.3d at 956.  The Court may also reduce the award based on "redundant, excessive, or improperly billed hours, or based on the attorneys' limited success in the case."  Zisumbo v. Ogden Reg'l Med. Ctr., 801 F.3d 1185, 1207 (10th Cir. 2015).

**Analysis**

Plaintiffs request the following rates: $700 per hour for Mark Johnson; $500 per hour for Rebecca Hughes Parker; $400 per hour for Harrison Rosenthal; $400 per hour for Jacob Margolies; and $350 per hour for Parker Bednasek.  Plaintiffs request the following hours: 36.2 hours for Mark Johnson; 12.5 hours for Rebecca Hughes Parker; 178.9 hours for Harrison Rosenthal; 19.2 hours for Jacob Margolies; and 12.9 hours for Parker Bednasek.  In addition to the $85,355 lodestar fee calculation, plaintiffs seek $1,055.35 in costs to reflect what it paid for transcripts of the hearings on April 23 and July 21.[2]

**I.      Rates**

Defendant argues that the requested hourly rates exceed the prevailing market rates in the

---

[2]      Defendant did not contest plaintiffs' request for costs for the transcript of the hearing on April 23.  Though plaintiffs submitted their supplemental requests on July 22, the Court presumes that defendant would not contest plaintiffs' request for the second transcript.  Thus, the Court focuses its analysis on plaintiffs' fee requests.

District of Kansas.  In support, defendant offers the declaration of David R. Cooper, who opines that the reasonable hourly rate for partners and senior of-counsel in this District in 2025 and 2026 is $270 per hour for governmental clients and $300 per hour for private clients, and $210 per hour for associates.  Mr. Cooper practices in Topeka, Kansas, however, and the legal market in Kansas City differs from Topeka.  Thus, Mr. Cooper's declaration does not persuasively show that plaintiffs request hourly rates which exceed the prevailing market rates in Kansas City.  In addition, at the hearing on July 21, plaintiffs offered the testimony of Patrick McInerney, a partner at a law firm in Kansas City, who opined that plaintiffs' requested rates were well within the range of prevailing market rates.

Defendant also argues that the Kansas Attorney General contract which plaintiffs offered as evidence does not support their requested rates.  As Mr. Johnson explained at the hearing, however, the difference in rate is explained by the fact that contingent work justifies higher rates, and attorneys often lower their normal rates for repeat government clients.  Thus, the Kansas Attorney General contract does not indicate that plaintiffs' requested rates are unreasonable.

Lacking persuasive evidence and argument to the contrary, the Court finds that plaintiffs' requested rates are reasonable.  Accordingly, the Court declines to reduce them.

## II.    Hours

Defendant argues that plaintiffs' requested hours are not properly cabined to the KORA bad faith issue and must be substantially reduced.  Specifically, defendant argues that work on constitutional issues, First Amendment issues, the Rule 12 motion and protective order litigation exceeds the scope of KORA fee litigation.  Defendant also argues that plaintiffs overstaffed and over-prepared for the hearing on April 23, because plaintiffs prepared witnesses who did not testify.

Defendant has not shown that any of plaintiffs' requested hours were directed to matters other than obtaining compliance, enforcing access, litigating bad faith and answering defendant's KORA defenses. Defendant stamped KORA records "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" when no protective order existed and asked plaintiffs not to share them, so plaintiffs' work navigating defendant's fictitious protective order and removing restrictions on public records was KORA enforcement work. Similarly, defendant has not shown that plaintiffs overstaffed or overprepared for the hearing on April 23.

Defendant also argues that plaintiffs' "pervasive block billing prevents meaningful review and warrants an across-the-board reduction." As noted at the hearing on July 21, however, plaintiffs did not practice "block billing"—they tracked specific times for each distinct task. The Court rejects defendant's insinuation that some of these time entries were inflated.

In sum, plaintiffs' attorneys successfully litigated plaintiffs' KORA claims, and defendant has not shown that the requested fees are excessive, redundant or improperly billed. Accordingly, the Court declines to reduce plaintiffs' requested hours.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion For Attorneys' Fees And Costs Pursuant To Rule 54 (Doc. #86) filed June 15, 2026 is **SUSTAINED. No later than August 23, 2026, defendant Lawrence USD 497 shall pay plaintiffs $112,425.00 in fees and $1,055.35 in costs.**

Dated this 27th day of July, 2026 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

-4-