SIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JACK TELL, NATASHA TORKZABAN, MORGAN SALISBURY, OPAL MORRIS, HENRY FARTHING, SUZANA KENNEDY, NAOMI SUI PANG, ASHLYN TELL; PHOEBE MORRIS; E.B., a minor, by and through his parent and next friend CATHERINE P. BATZA, Ph.D.; and H.C., a minor, by and through his parents and next friends DANIELLE BRUNIN and ERIK CHANEY,

　　　　　Plaintiffs,

v.

LAWRENCE USD 497, a political subdivision of the State of Kansas,

　　　　　Defendant.

Case No. 2:25-cv-02428-KHV-GEB

**DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFFS'
SECOND AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS**

Defendant Lawrence USD 497 ("School District"), by the undersigned attorneys, Lewis Brisbois Bisgaard & Smith LLP, for its Answer and Defenses to Plaintiffs' Second Amended Complaint for Civil Rights Violations and Demand for Jury Trial (Doc. 101), states as follows:

**INTRODUCTION**

1.　　　Responding to the allegations in Paragraph 1 of Plaintiffs' Second Amended Complaint, Defendant admits that it has used Gaggle and ManagedMethods to identify serious threats to student safety since approximately November 2023. Defendant denies the remaining allegations in Paragraph 1 of Plaintiffs' Second Amended Complaint.

2.　　　Responding to the allegations in Paragraph 2 of Plaintiffs' Second Amended Complaint, Defendant admits that little discussion occurred in public board meetings regarding the

180792897.1

transition to ManagedMethods, but denies the remaining allegations in Paragraph 2 of Plaintiffs' Second Amended Complaint, including the suggestions of impropriety.

3.    Responding to the allegations in Paragraph 3 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 3 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 3 of Plaintiffs' Second Amended Complaint.

4.    Responding to the allegations in Paragraph 4 of Plaintiffs' Second Amended Complaint, Defendant admits that it has used Gaggle to identify serious threats to student safety since November 2023. Defendant denies the remaining allegations in Paragraph 4 of Plaintiffs' Second Amended Complaint.

5.    Responding to the allegations in Paragraph 5 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 5 of Plaintiffs' Second Amended Complaint.

6.    Responding to the allegations in Paragraph 6 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 6 of Plaintiffs' Second Amended Complaint.

7.    Responding to the allegations in Paragraph 7 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 7 of Plaintiffs' Second Amended Complaint.

8.    Responding to the allegations in Paragraph 8 of Plaintiffs' Second Amended Complaint, Defendant admits that they exempted certain journalism students from Gaggle monitoring. Defendant denies the remaining allegations in Paragraph 8 of Plaintiffs' Second Amended Complaint.

9.    Responding to the allegations in Paragraph 9 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 9 of Plaintiffs' Second Amended Complaint.

10.    Responding to the allegations in Paragraph 10 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 10 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 10 of Plaintiffs' Second Amended Complaint.

11.    Responding to the allegations in Paragraph 11 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 11 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 11 of Plaintiffs' Second Amended Complaint.

12.    Responding to the allegations in Paragraph 12 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore deny the allegations in Paragraph 12 of Plaintiffs' Second Amended Complaint.

13.    Responding to the allegations in Paragraph 13 of Plaintiffs' Second Amended Complaint, Defendant admits that Gaggle uses both artificial intelligence and human review to identify serious threats to student safety. Defendant also admits that, during the second six months of operation, Gaggle flagged 285,863 items for review and labeled 1,096 as "actionable incidents." Responding to the remaining allegations in Paragraph 13 of Plaintiffs' Second Amended Complaint, Defendant denies the remaining allegations in Paragraph 13 of Plaintiffs' Second Amended Complaint.

14.    Responding to the allegations in Paragraph 14 of Plaintiffs' Second Amended Complaint, Defendant admits that ManagedMethods is capable of tracking browser activity and that the School District has not publicly shared any information about the switch from Gaggle to ManagedMethods. Defendant denies the remaining allegations in Paragraph 14 of Plaintiffs' Second Amended Complaint.

15.    Responding to the allegations in Paragraph 15 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 15 of Plaintiffs' Second Amended Complaint.

16.    Responding to the allegations in Paragraph 16 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore deny the allegations in Paragraph 16 of Plaintiffs' Second Amended Complaint.

17.    Responding to the allegations in Paragraph 17 of Plaintiffs' Second Amended Complaint, Defendant admits that the School District has transitioned from Gaggle to ManagedMethods, that there was minimal School Board involvement in the transition process, and that the transition decision was made in accordance with state law and other applicable policies. Defendant denies the remaining allegations in Paragraph 17 of Plaintiffs' Second Amended Complaint.

18.    Responding to the allegations in Paragraph 18 of Plaintiffs' Second Amended Complaint, Defendant admits that two Plaintiff-journalists submitted KORA requests for the materials Paragraph 18 lists on October 30, 2025, and that the Defendant responded to these requests within three days stating, among other things, that its attorneys were reviewing the requests. Defendant School Board and School District admits the allegations in Paragraph 18 of

the Second Amended Complaint to the extent they are substantiated by the Court's rulings in this case.

19.      Responding to the allegations in Paragraph 19 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 19 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 19 of Plaintiffs' Second Amended Complaint.

20.      Responding to the allegations in Paragraph 20 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 20 of Plaintiffs' Second Amended Complaint.

**PARTIES**

**I.      Plaintiffs**

16.      Responding to the allegations in Paragraph 16 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 16 of Plaintiffs' Second Amended Complaint.[1]

17.      Responding to the allegations in Paragraph 17 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 17 of Plaintiffs' Second Amended Complaint.

---

[1] After reaching Paragraph 20 in the previous section, Plaintiffs' Second Amended Complaint started at Paragraph 16 (instead of Paragraph 21) in this section. Despite the duplication, Defendant's Answer follows Plaintiffs' numbering throughout, even where Plaintiffs' numbering is incorrect.

18.    Responding to the allegations in Paragraph 18 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 18 of Plaintiffs' Second Amended Complaint.

19.    Responding to the allegations in Paragraph 19 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 19 of Plaintiffs' Second Amended Complaint.

20.    Responding to the allegations in Paragraph 20 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 20 of Plaintiffs' Second Amended Complaint.

21.    Responding to the allegations in Paragraph 21 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 21 of Plaintiffs' Second Amended Complaint.

22.    Responding to the allegations in Paragraph 22 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 22 of Plaintiffs' Second Amended Complaint.

23.    Responding to the allegations in Paragraph 23 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 23 states legal conclusions to which no response is required. To the extent that Paragraph 23 of Plaintiffs' Second Amended Complaint requires a

response, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 23 of Plaintiffs' Second Amended Complaint.

24.    Responding to the allegations in Paragraph 24 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 24 of Plaintiffs' Second Amended Complaint.

25.    Responding to the allegations in Paragraph 25 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 25 of Plaintiffs' Second Amended Complaint.

26.    Responding to the allegations in Paragraph 26 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 26 states legal conclusions to which no response is required. To the extent that Paragraph 26 of Plaintiffs' Second Amended Complaint requires a response, Defendant is  without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 26 of Plaintiffs' Second Amended Complaint.

27.    Responding to the allegations in Paragraph 27 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 27 states legal conclusions to which no response is required. To the extent that Paragraph 27 of Plaintiffs' Second Amended Complaint requires a response, Defendant is  without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 27 of Plaintiffs' Second Amended Complaint.

28.    Responding to the allegations in Paragraph 28 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 28 states legal conclusions to which no response is required. To the extent that Paragraph 28 of Plaintiffs' Second Amended Complaint requires a response, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 28 of Plaintiffs' Second Amended Complaint.

## II.    Defendant

29.    Responding to the allegations in Paragraph 29 of Plaintiffs' Second Amended Complaint, Defendant admits that the School District is a political subdivision of the State of Kansas; that its headquarters is located at 110 McDonald Drive, Lawrence, Kansas 66044; and that it operates two public high schools and one virtual K-12 school—Lawrence High School, Lawrence Free State High School, and Lawerence Virtual School. Defendant denies the remaining allegations in Paragraph 29 of Plaintiffs' Second Amended Complaint.

30.    Responding to the allegations in Paragraph 30 of Plaintiffs' Second Amended Complaint, Defendant admits that the School Board is a political subdivision of the State of Kansas; that it conducts its regular and periodic meetings at the District's Educational Support Center located at 110 McDonald Drive, Lawrence, Kansas 66044; and that it was involved in the decision to implement Gaggle. Defendant denies the remaining allegations in Paragraph 30 of Plaintiffs' Second Amended Complaint.

## JURISDICTION AND VENUE

31.    Responding to the allegations in Paragraph 31 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 31 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 31 of Plaintiffs' Second Amended Complaint.

32. Responding to the allegations in Paragraph 32 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 32 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 32 of Plaintiffs' Second Amended Complaint.

33. Responding to the allegations in Paragraph 33 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 33 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 33 of Plaintiffs' Second Amended Complaint.

34. Responding to the allegations in Paragraph 34 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 34 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 34 of Plaintiffs' Second Amended Complaint.

## FACTUAL ALLEGATIONS

**I.    Defendant Authorized Sweeping, Suspicionless Monitoring Programs.**

35. Responding to the allegations in Paragraph 35 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 35 of Plaintiffs' Second Amended Complaint.

36. Responding to the allegations in Paragraph 36 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 36 of Plaintiffs' Second Amended Complaint.

37. Responding to the allegations in Paragraph 37 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 37 of Plaintiffs' Second Amended Complaint.

38.     Responding to the allegations in Paragraph 38 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 38 of Plaintiffs' Second Amended Complaint.

39.     Responding to the allegations in Paragraph 39 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 39 of Plaintiffs' Second Amended Complaint.

40.     Responding to the allegations in Paragraph 40 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 40 of Plaintiffs' Second Amended Complaint.

41.     Responding to the allegations in Paragraph 41 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 41 of Plaintiffs' Second Amended Complaint.

42.     Responding to the allegations in Paragraph 42 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 42 of Plaintiffs' Second Amended Complaint.

43.     Responding to the allegations in Paragraph 43 of Plaintiffs' Second Amended Complaint, Defendant admits that the School District published a Gaggle FAQ page around the time alleged, and that Exhibit C is a true and accurate copy of that Gaggle FAQ page. Defendant denies the remaining allegations contained in Paragraph 43 of Plaintiffs' Second Amended Complaint.

44.     Responding to the allegations in Paragraph 44 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations in Paragraph 44 of Plaintiffs' Second Amended Complaint.

45.     Responding to the allegations in Paragraph 45 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 45 of Plaintiffs' Second Amended Complaint.

46.     Responding to the allegations in Paragraph 46 of Plaintiffs' Second Amended Complaint, Defendant District denies the allegations in Paragraph 46 of Plaintiffs' Second Amended Complaint.

47.     Responding to the allegations in Paragraph 47 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 47 of Plaintiffs' Second Amended Complaint.

48.     Responding to the allegations in Paragraph 48 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 48 of Plaintiffs' Second Amended Complaint.

49.     Responding to the allegations in Paragraph 49 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 49 of Plaintiffs' Second Amended Complaint.

50.     Responding to the allegations in Paragraph 50 of Plaintiffs' Second Amended Complaint, Defendant admits that the District transitioned from Gaggle to ManagedMethods in summer and fall 2025, and that ManagedMethods scans certain School-District-provided student Google suite materials.  Defendant denies the remaining allegations in Paragraph 50 of Plaintiffs' Second Amended Complaint.

51.     Responding to the allegations in Paragraph 51 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations contained in Paragraph 51 of Plaintiffs' Second Amended Complaint.

52.     Responding to the allegations in Paragraph 52 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 52 of Plaintiffs' Second Amended Complaint.

53.     Responding to the allegations in Paragraph 53 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 53 of Plaintiffs' Second Amended Complaint.

54.     Responding to the allegations in Paragraph 54 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations contained in Paragraph 54 of Plaintiffs' Second Amended Complaint.

55.     Responding to the allegations in Paragraph 55 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 55 of Plaintiffs' Second Amended Complaint.

56.     Responding to the allegations in Paragraph 56 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 56 of Plaintiffs' Second Amended Complaint.

57.     Responding to the allegations in Paragraph 57 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 57 of Plaintiffs' Second Amended Complaint.

58.     Responding to the allegations in Paragraph 58 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 58 of Plaintiffs' Second Amended Complaint.

59.    Responding to the allegations in Paragraph 59 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 59 of Plaintiffs' Second Amended Complaint.

60.    Responding to the allegations in Paragraph 60 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 60 of Plaintiffs' Second Amended Complaint.

61.    Responding to the allegations in Paragraph 61 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 61 of Plaintiffs' Second Amended Complaint.

62.    Responding to the allegations in Paragraph 62 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 62 of Plaintiffs' Second Amended Complaint.

63.    Responding to the allegations in Paragraph 63 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 63 of Plaintiffs' Second Amended Complaint.

64.    Responding to the allegations in Paragraph 64 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 64 of Plaintiffs' Second Amended Complaint.

65.    Responding to the allegations in Paragraph 65 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 65 of Plaintiffs' Second Amended Complaint.

66. Responding to the allegations in Paragraph 66 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 66 of Plaintiffs' Second Amended Complaint.

67. Responding to the allegations in Paragraph 67 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 67 of Plaintiffs' Second Amended Complaint.

68. Responding to the allegations in Paragraph 68 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 68 of Plaintiffs' Second Amended Complaint.

69. Responding to the allegations in Paragraph 69 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 69 of Plaintiffs' Second Amended Complaint.

70. Responding to the allegations in Paragraph 70 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 70 of Plaintiffs' Second Amended Complaint.

71. Responding to the allegations in Paragraph 71 of Plaintiffs' Second Amended Complaint, Defendant admits that it did not mention ManagedMethods in its Motion to Dismiss Plaintiffs' Complaint or Memorandum in Support. Defendant denies the remaining allegations contained in Paragraph 71 of Plaintiffs' Second Amended Complaint.

72. Responding to the allegations in Paragraph 72 of Plaintiffs' Second Amended Complaint, Defendant admits that the School District has configured ManagedMethods to scan certain student content using keywords and machine learning. Defendant denies the remaining allegations contained in Paragraph 72 of Plaintiffs' Second Amended Complaint.

73. Responding to the allegations in Paragraph 73 of Plaintiffs' Second Amended Complaint, Defendant admits that it did not revise School Board policies or the Student Handbook accompanying the switch to ManagedMethods. Defendant denies the remaining allegations contained in Paragraph 73 of Plaintiffs' Second Amended Complaint.

74. Responding to the allegations in Paragraph 74 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations contained in Paragraph 74 of Plaintiffs' Second Amended Complaint.

75. Responding to the allegations in Paragraph 75 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations contained in Paragraph 75 of Plaintiffs' Second Amended Complaint.

76. Responding to the allegations in Paragraph 76 of Plaintiffs' Second Amended Complaint, Defendant admits that ManagedMethods scans certain student materials and provides certain alerts to certain School District personnel regarding those materials. Defendant denies the remaining allegations contained in Paragraph 76 of Plaintiffs' Second Amended Complaint.

77. Responding to the allegations in Paragraph 77 of Plaintiffs' Second Amended Complaint, Defendant admits that ManagedMethods scans certain student materials on the school-provided Google suite of applications and provides certain alerts to certain School District personnel regarding those materials. Defendant denies the remaining allegations contained in Paragraph 77 of Plaintiffs' Second Amended Complaint.

II. **The District's Technology and Standards.**

78. Responding to the allegations in Paragraph 78 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about

the truth of these allegations, and therefore denies the allegations in Paragraph 78 of Plaintiffs' Second Amended Complaint.

79. Responding to the allegations in Paragraph 79 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 79 of Plaintiffs' Second Amended Complaint.

80. Responding to the allegations in Paragraph 80 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations contained in Paragraph 80 of Plaintiffs' Second Amended Complaint.

81. Responding to the allegations in Paragraph 81 of Plaintiffs' Second Amended Complaint, Defendant admits that ManagedMethods uses machine learning to scan materials in certain students' School-District-provided Google suite of applications. Defendant denies the remaining allegations contained in Paragraph 81 of Plaintiffs' Second Amended Complaint.

82. Responding to the allegations in Paragraph 82 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 82 of Plaintiffs' Second Amended Complaint.

83. Responding to the allegations in Paragraph 83 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 83 of Plaintiffs' Second Amended Complaint.

84. Responding to the allegations in Paragraph 84 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 84 of Plaintiffs' Second Amended Complaint.

85. Responding to the allegations in Paragraph 85 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 85 of Plaintiffs' Second Amended Complaint.

86. Responding to the allegations in Paragraph 86 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 86 of Plaintiffs' Second Amended Complaint.

87. Responding to the allegations in Paragraph 87 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 87 of Plaintiffs' Second Amended Complaint.

88. Responding to the allegations in Paragraph 88 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 88 of Plaintiffs' Second Amended Complaint.

89. Responding to the allegations in Paragraph 89 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 89 of Plaintiffs' Second Amended Complaint.

90. Responding to the allegations in Paragraph 90 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 90 of Plaintiffs' Second Amended Complaint.

91. Responding to the allegations in Paragraph 91 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 91 of Plaintiffs' Second Amended Complaint.

92.    Responding to the allegations in Paragraph 92 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 92 of Plaintiffs' Second Amended Complaint.

93.    Responding to the allegations in Paragraph 93 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 93 of Plaintiffs' Second Amended Complaint.

94.    Responding to the allegations in Paragraph 94 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 94 of Plaintiffs' Second Amended Complaint.

95.    Responding to the allegations in Paragraph 95 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 95 of Plaintiffs' Second Amended Complaint.

96.    Responding to the allegations in Paragraph 96 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations contained in Paragraph 96 of Plaintiffs' Second Amended Complaint.

97.    Responding to the allegations in Paragraph 97 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 97 of Plaintiffs' Second Amended Complaint.

98.    Responding to the allegations in Paragraph 98 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 98 of Plaintiffs' Second Amended Complaint.

99. Responding to the allegations in Paragraph 99 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 99 of Plaintiffs' Second Amended Complaint.

100. Responding to the allegations in Paragraph 100 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 100 of Plaintiffs' Second Amended Complaint.

101. Responding to the allegations in Paragraph 101 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 101 of Plaintiffs' Second Amended Complaint.

102. Responding to the allegations in Paragraph 102 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 102 of Plaintiffs' Second Amended Complaint.

## III.  The Lawrence Public Schools' Acceptable Use Policy.

103. Responding to the allegations in Paragraph 103 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 103 of Plaintiffs' Second Amended Complaint.

104. Responding to the allegations in Paragraph 104 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations contained in Paragraph 104 of Plaintiffs' Second Amended Complaint.

105. Responding to the allegations in Paragraph 105 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 105 of Plaintiffs' Second Amended Complaint.

106.    Responding to the allegations in Paragraph 106 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 106 of Plaintiffs' Second Amended Complaint.

107.    Responding to the allegations in Paragraph 107 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 107 of Plaintiffs' Second Amended Complaint.

108.    Responding to the allegations in Paragraph 108 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 108 of Plaintiffs' Second Amended Complaint.

109.    Responding to the allegations in Paragraph 109 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 109 of Plaintiffs' Second Amended Complaint.

110.    Responding to the allegations in Paragraph 110 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 110 of Plaintiffs' Second Amended Complaint.

111.    Responding to the allegations in Paragraph 111 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations in Paragraph 111 of Plaintiffs' Second Amended Complaint.

112.    Responding to the allegations in Paragraph 112 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 112 of Plaintiffs' Second Amended Complaint.

## IV.    AI-Surveillance Monitoring Obstructs Student Journalism.

113.    Responding to the allegations in Paragraph 113 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 113 of Plaintiffs' Second Amended Complaint.

114.    Responding to the allegations in Paragraph 114 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 114 of Plaintiffs' Second Amended Complaint.

115.    Responding to the allegations in Paragraph 115 of Plaintiffs' Second Amended Complaint, Defendant School Board and School District denies the allegations in Paragraph 115 of Plaintiffs' Second Amended Complaint.

116.    Responding to the allegations in Paragraph 116 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 116 of Plaintiffs' Second Amended Complaint.

117.    Responding to the allegations in Paragraph 117 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 117 of Plaintiffs' Second Amended Complaint.

118.    Responding to the allegations in Paragraph 118 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 118 of Plaintiffs' Second Amended Complaint.

119.    Responding to the allegations in Paragraph 119 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 119 of Plaintiffs' Second Amended Complaint.

180792897.1                                            21

120. Responding to the allegations in Paragraph 120 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 120 of Plaintiffs' Second Amended Complaint.

121. Responding to the allegations in Paragraph 121 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 121 of Plaintiffs' Second Amended Complaint.

122. Responding to the allegations in Paragraph 122 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 122 of Plaintiffs' Second Amended Complaint.

**V.    The District Searched and Seized Morris's and Farthing's Personal Effects.**

123. Responding to the allegations in Paragraph 123 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 123 of Plaintiffs' Second Amended Complaint.

124. Responding to the allegations in Paragraph 124 of Plaintiffs' Second Amended Complaint, Defendant admits that Plaintiffs Opal Morris and Henry Farthing were questioned in early 2024 about materials Gaggle flagged. Defendant denies the remaining allegations in Paragraph 124 of Plaintiffs' Second Amended Complaint.

125. Responding to the allegations in Paragraph 125 of Plaintiffs' Second Amended Complaint, Defendant admits that Plaintiffs Opal Morris and Henry Farthing were questioned in early 2024 about materials Gaggle flagged.

126. Responding to the allegations in Paragraph 126 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about

the truth of these allegations, and therefore denies the allegations in Paragraph 126 of Plaintiffs' Second Amended Complaint.

127.    Responding to the allegations in Paragraph 127 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 127 of Plaintiffs' Second Amended Complaint.

128.    Responding to the allegations in Paragraph 128 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 128 of Plaintiffs' Second Amended Complaint.

129.    Responding to the allegations in Paragraph 129 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore deny the allegations in Paragraph 129 of Plaintiffs' Second Amended Complaint.

130.    Responding to the allegations in Paragraph 130 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 130 of Plaintiffs' Second Amended Complaint.

131.    Responding to the allegations in Paragraph 131 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 131 of Plaintiffs' Second Amended Complaint.

132.    Responding to the allegations in Paragraph 132 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 132 of Plaintiffs' Second Amended Complaint.

133.    Responding to the allegations in Paragraph 133 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 133 of Plaintiffs' Second Amended Complaint.

134.    Responding to the allegations in Paragraph 132 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 132 of Plaintiffs' Second Amended Complaint.

135.    Responding to the allegations in Paragraph 134 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 134 of Plaintiffs' Second Amended Complaint.

136.    Responding to the allegations in Paragraph 136 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 136 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 136 of Plaintiffs' Second Amended Complaint.

137.    Responding to the allegations in Paragraph 137 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about

the truth of these allegations, and therefore denies the allegations in Paragraph 137 of Plaintiffs' Second Amended Complaint.

138.    Responding to the allegations in Paragraph 138 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 138 of Plaintiffs' Second Amended Complaint.

139.    Responding to the allegations in Paragraph 139 of Plaintiffs' Second Amended Complaint, Defendant School Board and School District admit that spaghetti-strap tank tops may be permissible under the School District's dress code. Defendant denies the remaining allegations in Paragraph 139 of Plaintiffs' Second Amended Complaint.

140.    Responding to the allegations in Paragraph 140 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 140 of Plaintiffs' Second Amended Complaint.

141.    Responding to the allegations in Paragraph 141 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 141 of Plaintiffs' Second Amended Complaint.

142.    Responding to the allegations in Paragraph 142 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 142 of Plaintiffs' Second Amended Complaint.

143.    Responding to the allegations in Paragraph 143 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 143 of Plaintiffs' Second Amended Complaint.

144.    Responding to the allegations in Paragraph 144 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 144 of Plaintiffs' Second Amended Complaint.

145.    Responding to the allegations in Paragraph 145 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 145 of Plaintiffs' Second Amended Complaint.

146.    Responding to the allegations in Paragraph 146 of Plaintiffs' Second Amended Complaint, Defendant are without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 146 of Plaintiffs' Second Amended Complaint.

147.    Responding to the allegations in Paragraph 147 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 147 of Plaintiffs' Second Amended Complaint.

148.    Responding to the allegations in Paragraph 148 of Plaintiffs' Second Amended Complaint, Defendant admits that no student was given notice of discipline. Defendant denies the remaining allegations in Paragraph 148 of Plaintiffs' Second Amended Complaint.

149. Responding to the allegations in Paragraph 149 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 149 of Plaintiffs' Second Amended Complaint.

150. Responding to the allegations in Paragraph 150 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations contained in Paragraph 150 of Plaintiffs' Second Amended Complaint.

151. Responding to the allegations in Paragraph 151 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 151 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 151 of Plaintiffs' Second Amended Complaint.

152. Responding to the allegations in Paragraph 152 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 152 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 152 of Plaintiffs' Second Amended Complaint.

153. Responding to the allegations in Paragraph 153 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 153 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 153 of Plaintiffs' Second Amended Complaint.

154. Responding to the allegations in Paragraph 154 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 154 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 154 of Plaintiffs' Second Amended Complaint.

155.    Responding to the allegations in Paragraph 155 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 155 of Plaintiffs' Second Amended Complaint.

156.    Responding to the allegations in Paragraph 156 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 156 of Plaintiffs' Second Amended Complaint.

157.    Responding to the allegations in Paragraph 157 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 157 of Plaintiffs' Second Amended Complaint.

158.    Responding to the allegations in Paragraph 158 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 158 of Plaintiffs' Second Amended Complaint.

159.    Responding to the allegations in Paragraph 159 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 159 of Plaintiffs' Second Amended Complaint.

160.    Responding to the allegations in Paragraph 160 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 160 of Plaintiffs' Second Amended Complaint.

161.     Responding to the allegations in Paragraph 161 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 161 of Plaintiffs' Second Amended Complaint.

162.     Responding to the allegations in Paragraph 162 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 162 of Plaintiffs' Second Amended Complaint.

163.     Responding to the allegations in Paragraph 163 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 166 of Plaintiffs' Second Amended Complaint.

164.     Responding to the allegations in Paragraph 164 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 164 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 164 of Plaintiffs' Second Amended Complaint.

165.     Responding to the allegations in Paragraph 165 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 168 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 165 of Plaintiffs' Second Amended Complaint.

166.     Responding to the allegations in Paragraph 166 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 166 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 166 of Plaintiffs' Second Amended Complaint.

**VI.    The Students Met With District Representatives Who Falsely Promised That Journalism Students Would No Longer Be Subject to AI-Surveillance Monitoring Search and Seizure.**

167.    Responding to the allegations in Paragraph 167 of Plaintiffs' Second Amended Complaint, Defendant admits that Plaintiffs Tell, Torkzaban, and Salisbury requested a meeting around this time. Defendant denies the remaining allegations in Paragraph 167 of Plaintiffs' Second Amended Complaint.

168.    Responding to the allegations in Paragraph 168 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 168 of Plaintiffs' Second Amended Complaint.

169.    Responding to the allegations in Paragraph 169 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations in Paragraph 169 of Plaintiffs' Second Amended Complaint.

170.    Responding to the allegations in Paragraph 170 of Plaintiffs' Second Amended Complaint, Defendant admits that David Cunningham was present at the meeting and introduced himself. Defendant denies the remaining allegations in Paragraph 170 of Plaintiffs' Second Amended Complaint.

171.    Responding to the allegations in Paragraph 171 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 171 of Plaintiffs' Second Amended Complaint.

172.    Responding to the allegations in Paragraph 172 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 172 of Plaintiffs' Second Amended Complaint.

173.    Responding to the allegations in Paragraph 173 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations in Paragraph 173 of Plaintiffs' Second Amended Complaint.

174.    Responding to the allegations in Paragraph 174 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 174 of Plaintiffs' Second Amended Complaint.

175.    Responding to the allegations in Paragraph 175 of Plaintiffs' Second Amended Complaint, Defendant admits that Ms. Boyle was aware some time before this meeting that some students took issue with Gaggle monitoring, and that the School District produced internal correspondence in response to a KORA request showing Ms. Boyle's awareness of students' issues some time before this meeting. Defendant denies the remaining allegations in Paragraph 175 of Plaintiffs' Second Amended Complaint.

176.    Responding to the allegations in Paragraph 176 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 176 of Plaintiffs' Second Amended Complaint.

177.    Responding to the allegations in Paragraph 177 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations in Paragraph 177 of Plaintiffs' Second Amended Complaint.

178.    Responding to the allegations in Paragraph 178 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations in Paragraph 178 of Plaintiffs' Second Amended Complaint.

179.    Responding to the allegations in Paragraph 179 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 179 of Plaintiffs' Second Amended Complaint.

180.    Responding to the allegations in Paragraph 180 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations in Paragraph 180 of Plaintiffs' Second Amended Complaint.

181.    Responding to the allegations in Paragraph 181 of Plaintiffs' Second Amended Complaint, Defendant admits that Plaintiffs represented that attorneys with the Student Press Law Center would attend the meeting to provide expertise on Second Amendment issues. Defendant denies the remaining allegations in Paragraph 181 of Plaintiffs' Second Amended Complaint.

182.    Responding to the allegations in Paragraph 182 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 182 of Plaintiffs' Second Amended Complaint.

183.    Responding to the allegations in Paragraph 183 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations in Paragraph 183 of Plaintiffs' Second Amended Complaint.

184.    Responding to the allegations in Paragraph 184 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 184 of Plaintiffs' Second Amended Complaint.

185.    Responding to the allegations in Paragraph 185 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 185 of Plaintiffs' Second Amended Complaint.

186.    Responding to the allegations in Paragraph 186 of Plaintiffs' Second Amended Complaint, Defendant admits that they failed to provide Plaintiffs advance notice that Mr. Cunningham would attend these meetings. Defendant denies the remaining allegations in Paragraph 186 of Plaintiffs' Second Amended Complaint.

187.    Responding to the allegations in Paragraph 187 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 187 of Plaintiffs' Second Amended Complaint.

188.    Responding to the allegations in Paragraph 188 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 188 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant School Board and School District deny the allegations in Paragraph 188 of Plaintiffs' Second Amended Complaint.

189.    Responding to the allegations in Paragraph 189 of Plaintiffs' Second Amended Complaint, Defendant admits that, on or about one week after the March 29 meeting, the School District informed either the journalism students or its instructors that they would be exempted from Gaggle monitoring. Defendant denies the remaining allegations in Paragraph 189 of Plaintiffs' Second Amended Complaint.

190.    Responding to the allegations in Paragraph 190 of Plaintiffs' Second Amended Complaint, Defendant admits that the School District removed Gaggle scanning from all journalism student accounts at Lawrence High School. Defendant denies the remaining allegations in Paragraph 190 of Plaintiffs' Second Amended Complaint.

191.     Responding to the allegations in Paragraph 191 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 191 of Plaintiffs' Second Amended Complaint.

192.     Responding to the allegations in Paragraph 192 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 192 of Plaintiffs' Second Amended Complaint.

193.     Responding to the allegations in Paragraph 193 of Plaintiffs' Second Amended Complaint, Defendant admits that the review process for at least some student content includes review by Gaggle employees. Defendant denies the remaining allegations in Paragraph 193 of Plaintiffs' Second Amended Complaint.

194.     Responding to the allegations in Paragraph 194 of Plaintiffs' Second Amended Complaint, Defendant admits that it has never asked for and do not know the identity of the Gaggle workers who review the materials of students in Lawrence USD 497. Defendant denies the remaining allegations in Paragraph 194 of Plaintiffs' Second Amended Complaint.

195.     Responding to the allegations in Paragraph 195 of Plaintiffs' Second Amended Complaint, Defendant admits that Board of Education President Kelly Jones met with students. Defendant denies the remaining allegations in Paragraph 195 of Plaintiffs' Second Amended Complaint.

196.     Responding to the allegations in Paragraph 196 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 196 of Plaintiffs' Second Amended Complaint.

197.    Responding to the allegations in Paragraph 197 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 197 of Plaintiffs' Second Amended Complaint.

198.    Responding to the allegations in Paragraph 198 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 198 of Plaintiffs' Second Amended Complaint.

199.    Responding to the allegations in Paragraph 199 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 199 of Plaintiffs' Second Amended Complaint.

200.    Responding to the allegations in Paragraph 200 of Plaintiffs' Second Amended Complaint, Defendant admits that ManagedMethods scans the materials in certain students' School-District-provided Google suite of applications. Defendant denies the remaining allegations in Paragraph 200 of Plaintiffs' Second Amended Complaint.

201.    Responding to the allegations in Paragraph 201 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations in Paragraph 201 of Plaintiffs' Second Amended Complaint.

202.    Responding to the allegations in Paragraph 202 of Plaintiffs' Second Amended Complaint, Defendants denies the allegations in Paragraph 202 of Plaintiffs' Second Amended Complaint.

203.    Responding to the allegations in Paragraph 203 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations contained in Paragraph 203 of Plaintiffs' Second Amended Complaint.

204. Responding to the allegations in Paragraph 204 of Plaintiffs' Second Amended Complaint, Defendant admits that it did not revise School Board policies or the Student Handbook accompanying the switch to ManagedMethods. Defendant denies the remaining allegations contained in Paragraph 204 of Plaintiffs' Second Amended Complaint.

205. Responding to the allegations in Paragraph 205 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 205 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 205 of Plaintiffs' Second Amended Complaint.

## VII. Gaggle Obstructed Suzana Kennedy's Investigation Into Its Methodology and Implementation.

206. Responding to the allegations in Paragraph 206 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 206 of Plaintiffs' Second Amended Complaint.

207. Responding to the allegations in Paragraph 207 of Plaintiffs' Second Amended Complaint, Defendant admits that Ms. Kennedy requested information about Gaggle around this time. Defendant denies the remaining allegations in Paragraph 207 of Plaintiffs' Second Amended Complaint.

208. Responding to the allegations in Paragraph 208 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations in Paragraph 208 of Plaintiffs' Second Amended Complaint.

209. Responding to the allegations in Paragraph 209 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations in Paragraph 209 of Plaintiffs' Second Amended Complaint.

210. Responding to the allegations in Paragraph 210 of Plaintiffs' Second Amended Complaint, Defendant admits that Ms. Boyle responded that she anticipated having the information to Ms. Kennedy by the end of the week of October 7, 2024. Defendant denies the remaining allegations in Paragraph 210 of Plaintiffs' Second Amended Complaint.

211. Responding to the allegations in Paragraph 211 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations in Paragraph 211 of Plaintiffs' Second Amended Complaint.

212. Responding to the allegations in Paragraph 212 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations in Paragraph 212 of Plaintiffs' Second Amended Complaint.

213. Responding to the allegations in Paragraph 213 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations in Paragraph 213 of Plaintiffs' Second Amended Complaint.

214. Responding to the allegations in Paragraph 214 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 214 of Plaintiffs' Second Amended Complaint.

215. Responding to the allegations in Paragraph 215 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations in Paragraph 215 of Plaintiffs' Second Amended Complaint.

216. Responding to the allegations in Paragraph 216 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations in Paragraph 216 of Plaintiffs' Second Amended Complaint.

217.    Responding to the allegations in Paragraph 217 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations in Paragraph 217 of Plaintiffs' Second Amended Complaint.

218.    Responding to the allegations in Paragraph 218 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations in Paragraph 218 of Plaintiffs' Second Amended Complaint.

219.    Responding to the allegations in Paragraph 219 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 219 of Plaintiffs' Second Amended Complaint.

220.    Responding to the allegations in Paragraph 220 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 220 of Plaintiffs' Second Amended Complaint.

221.    Responding to the allegations in Paragraph 221 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 221 of Plaintiffs' Second Amended Complaint.

222.    Responding to the allegations in Paragraph 222 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 222 of Plaintiffs' Second Amended Complaint.

223.    Responding to the allegations in Paragraph 223 of Plaintiffs' Second Amended Complaint, Defendant admits  the allegations in Paragraph 223 of Plaintiffs' Second Amended Complaint.

VIII.   **Kennedy's Investigation Uncovered That Gaggle Deters Students from Reporting Mental Health Concerns, Thereby Creating and Exacerbating the Very Problems the District Claimed it Would Remedy.**

224.    Responding to the allegations in Paragraph 224 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 224 of Plaintiffs' Second Amended Complaint.

225.    Responding to the allegations in Paragraph 225 of Plaintiffs' Second Amended Complaint, Defendant admits that Ms. Kennedy received a spreadsheet with materials Gaggle flagged, and that a copy of that spreadsheet is included as Exhibit Q to Plaintiffs' Second Amended Complaint. Defendant denies the remaining allegations in Paragraph 225 of Plaintiffs' Second Amended Complaint.

226.    Responding to the allegations in Paragraph 226 of Plaintiffs' Second Amended Complaint, Defendant admits that the spreadsheet contains lists of triggering key words and phrases. Defendant denies the remaining allegations in Paragraph 226 of Plaintiffs' Second Amended Complaint.

227.    Responding to the allegations in Paragraph 227 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 227 of Plaintiffs' Second Amended Complaint.

228.    Responding to the allegations in Paragraph 228 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 228 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 228 of Plaintiffs' Second Amended Complaint.

229.    Responding to the allegations in Paragraph 229 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 229 of Plaintiffs' Second Amended Complaint.

230. Responding to the allegations in Paragraph 230 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 230 of Plaintiffs' Second Amended Complaint.

231. Responding to the allegations in Paragraph 231 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 231 of Plaintiffs' Second Amended Complaint.

232. Responding to the allegations in Paragraph 232 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 232 of Plaintiffs' Second Amended Complaint.

233. Responding to the allegations in Paragraph 233 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 233 of Plaintiffs' Second Amended Complaint.

234. Responding to the allegations in Paragraph 234 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 234 of Plaintiffs' Second Amended Complaint.

235. Responding to the allegations in Paragraph 235 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore deny the allegations in Paragraph 235 of Plaintiffs' Second Amended Complaint.

236. Responding to the allegations in Paragraph 236 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 236 of Plaintiffs' Second Amended Complaint.

237.    Responding to the allegations in Paragraph 237 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 237 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 237 of Plaintiffs' Second Amended Complaint.

**IX.    Principal Rials Issued a Facially Unconstitutional Directive Prohibiting Student Reporting on This Lawsuit, Which He Continued to Enforce Within Hours of the District's Purported Rescission of Same.**

238.    Responding to the allegations in Paragraph 238 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 238 of Plaintiffs' Second Amended Complaint.

239.    Defendant admits the allegations in Paragraph 239 of Plaintiff's Second Amended Complaint.

240.    Defendant admits Quentin Rials is employed by the District as the Principal at Lawrence High School, executing all the duties associated with this position, and that Rials graduated from Washburn University School of Law and became licensed to practice law in the State of Kansas in 2007. Defendant denies all allegations in Paragraph 240 of Plaintiffs' Second Amended Complaint not specifically admitted herein.

241.    Defendant denies the allegations in Paragraph 241 of Plaintiff's Second Amended Complaint.

242.    Responding to the allegations in Paragraph 242 of Plaintiffs' Second Amended Complaint, Defendant admits that Plaintiff Ashlyn Tell is the editor-in-chief of *The Budget* for the 2025-2026 school year. Defendant denies the remaining allegations in Paragraph 242 of Plaintiffs' Second Amended Complaint.

243.     Responding to the allegations in Paragraph 243 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 243 of Plaintiffs' Second Amended Complaint.

244.     Responding to the allegations in Paragraph 244 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 244 of Plaintiffs' Second Amended Complaint.

245.     Responding to the allegations in Paragraph 245 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 245 of Plaintiffs' Second Amended Complaint.

246.     Responding to the allegations in Paragraph 246 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 246 of Plaintiffs' Second Amended Complaint.

247.     Responding to the allegations in Paragraph 247 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 247 of Plaintiffs' Second Amended Complaint.

248.     Responding to the allegations in Paragraph 248 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about

the truth of these allegations, and therefore denies the allegations in Paragraph 248 of Plaintiffs' Second Amended Complaint.

249.     Responding to the allegations in Paragraph 249 of Plaintiffs' Second Amended Complaint, Defendant admits that Exhibit R contains true and accurate copies of certain emails Mr. Rinkeldei and Mr. Rosenthal exchanged, and that Mr. Finkeldei communicated to Mr. Rosenthal that the School District lifted any restriction on students regarding publication about the lawsuit in *The Budget*.  Defendant denies the remaining allegations in Paragraph 249 of Plaintiffs' Second Amended Complaint.

250.     Responding to the allegations in Paragraph 250 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 250 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 250 of Plaintiffs' Second Amended Complaint.

251.     Responding to the allegations in Paragraph 251 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 251 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 251 of Plaintiffs' Second Amended Complaint.

252.     Responding to the allegations in Paragraph 252 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 252 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 252 of Plaintiffs' Second Amended Complaint.

253.     Responding to the allegations in Paragraph 253 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 253 states legal conclusions to which no response

is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 253 of Plaintiffs' Second Amended Complaint.

254.    Responding to the allegations in Paragraph 254 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 254 of Plaintiffs' Second Amended Complaint.

255.    Responding to the allegations in Paragraph 255 of Plaintiffs' Second Amended Complaint, Defendant admits that Exhibit R contains true and accurate copies of certain emails Mr. Rinkeldei and Mr. Rosenthal exchanged, and that Mr. Finkeldei communicated to Mr. Rosenthal that the School District lifted any restriction on students regarding publication about the lawsuit in *The Budget*.  Regarding the allegations about Mr. Plinsky's alleged meeting with Ms. Tell, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies them. Defendant denies the remaining allegations in Paragraph 255 of Plaintiffs' Second Amended Complaint.

256.    Responding to the allegations in Paragraph 256 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 256 of Plaintiffs' Second Amended Complaint.

257.    Responding to the allegations in Paragraph 257 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 257 of Plaintiffs' Second Amended Complaint.

258. Responding to the allegations in Paragraph 258 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 258 of Plaintiffs' Second Amended Complaint.

259. Responding to the allegations in Paragraph 259 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 259 of Plaintiffs' Second Amended Complaint.

260. Responding to the allegations in Paragraph 260 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 260 of Plaintiffs' Second Amended Complaint.

261. Responding to the allegations in Paragraph 261 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 261 of Plaintiffs' Second Amended Complaint.

262. Responding to the allegations in Paragraph 262 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 262 of Plaintiffs' Second Amended Complaint.

263. Responding to the allegations in Paragraph 263 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about

the truth of these allegations, and therefore denies the allegations in Paragraph 263 of Plaintiffs' Second Amended Complaint.

264. Responding to the allegations in Paragraph 264 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 264 of Plaintiffs' Second Amended Complaint.

265. Responding to the allegations in Paragraph 265 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 265 of Plaintiffs' Second Amended Complaint.

266. Responding to the allegations in Paragraph 266 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 266 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 266 of Plaintiffs' Second Amended Complaint.

267. Responding to the allegations in Paragraph 267 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 267 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 267 of Plaintiffs' Second Amended Complaint.

268. Responding to the allegations in Paragraph 268 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 268 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 268 of Plaintiffs' Second Amended Complaint.

269. Responding to the allegations in Paragraph 269 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 269 states legal conclusions to which no response

is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 269 of Plaintiffs' Second Amended Complaint.

270.    Responding to the allegations in Paragraph 270 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 270 of Plaintiffs' Second Amended Complaint.

271.    Responding to the allegations in Paragraph 271 of Plaintiffs' Second Amended Complaint, Defendant admits that Plaintiffs' referenced Motion (Doc. 4) brought certain facts laid out in that Motion to the Court's attention and sought the two forms of relief mentioned. Defendant denies the remaining allegations in Paragraph 271 of Plaintiffs' Second Amended Complaint.

272.    Responding to the allegations in Paragraph 272 of Plaintiffs' Second Amended Complaint, Defendant admits that Quentin Rials provided Abbi Epperson-Ladd with the Clarification Memo (Doc. 13-1 at 4), which School District officials helped prepare, on August 15, 2025, and that this Clarification Memo stated that the School District would not restrict lawful student reporting. Defendant denies the remaining allegations in Paragraph 272 of Plaintiffs' Second Amended Complaint.

273.    Responding to the allegations in Paragraph 273 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations in Paragraph 273 of Plaintiffs' Second Amended Complaint.

274.    Responding to the allegations in Paragraph 274 of Plaintiffs' Second Amended Complaint, Defendant admits that Ms. Tell published an article about the instant lawsuit.

Defendant denies the remaining allegations in Paragraph 274 of Plaintiffs' Second Amended Complaint.

**X.     Concerned Families May Not Opt Out of AI-Surveillance Monitoring.**

275.    Responding to the allegations in Paragraph 275 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 275 of Plaintiffs' Second Amended Complaint.

276.    Responding to the allegations in Paragraph 276 of Plaintiffs' Second Amended Complaint, Defendant admits that Parent Doe attempted to opt his child out of Gaggle supervision, and that Exhibit S contains true and correct copies of certain email correspondence with Parent Doe. Defendant denies the remaining allegations in Paragraph 276 of Plaintiffs' Second Amended Complaint.

277.    Responding to the allegations in Paragraph 277 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations in Paragraph 277 of Plaintiffs' Second Amended Complaint.

278.    Responding to the allegations in Paragraph 278 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations in Paragraph 278 of Plaintiffs' Second Amended Complaint.

279.    Responding to the allegations in Paragraph 279 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations in Paragraph 279 of Plaintiffs' Second Amended Complaint.

280.    Responding to the allegations in Paragraph 280 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations in Paragraph 280 of Plaintiffs' Second Amended Complaint.

180792897.1                                              48

281.    Responding to the allegations in Paragraph 281 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations in Paragraph 281 of Plaintiffs' Second Amended Complaint.

282.    Responding to the allegations in Paragraph 282 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations in Paragraph 282 of Plaintiffs' Second Amended Complaint.

283.    Responding to the allegations in Paragraph 283 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations in Paragraph 283 of Plaintiffs' Second Amended Complaint.

284.    Responding to the allegations in Paragraph 284 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations in Paragraph 284 of Plaintiffs' Second Amended Complaint.

285.    Responding to the allegations in Paragraph 285 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations in Paragraph 285 of Plaintiffs' Second Amended Complaint.

286.    Responding to the allegations in Paragraph 286 of Plaintiffs' Second Amended Complaint, Defendant admits that student Google workspace activity may be monitored when a student is using a personal device or personal network connection and is logged into their School-District-provided Google account. Defendant denies the remaining allegations in Paragraph 286 of Plaintiffs' Second Amended Complaint.

287.    Responding to the allegations in Paragraph 287 of Plaintiffs' Second Amended Complaint, Defendant admits that Parent Doe was not permitted to opt his son out of Gaggle

supervision. Defendant denies the remaining allegations in Paragraph 287 of Plaintiffs' Second Amended Complaint.

288.    Responding to the allegations in Paragraph 288 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 288 of Plaintiffs' Second Amended Complaint.

289.    Responding to the allegations in Paragraph 289 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 289 of Plaintiffs' Second Amended Complaint.

## XI.    Current Students E.B. and H.C. Have Been Subjected to and Remain Subject to AI-Surveillance Monitoring.

290.    Defendant admits that E.B. is a current Lawrence High School student and staff writer for *The Budget*.  Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations not specifically admitted herein, and therefore denies the allegations in Paragraph 290 of Plaintiffs' Second Amended Complaint.

291.    Responding to the allegations in Paragraph 291 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 291 of Plaintiffs' Second Amended Complaint.

292.    Responding to the allegations in Paragraph 292 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 292 of Plaintiffs' Second Amended Complaint.

293.    Responding to the allegations in Paragraph 293 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about

the truth of these allegations, and therefore denies the allegations in Paragraph 293 of Plaintiffs' Second Amended Complaint.

294. Responding to the allegations in Paragraph 294 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 294 of Plaintiffs' Second Amended Complaint.

295. Responding to the allegations in Paragraph 295 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 295 of Plaintiffs' Second Amended Complaint.

296. Responding to the allegations in Paragraph 296 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 296 of Plaintiffs' Second Amended Complaint.

297. Responding to the allegations in Paragraph 297 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 297 of Plaintiffs' Second Amended Complaint.

298. Responding to the allegations in Paragraph 298 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 298 of Plaintiffs' Second Amended Complaint.

299. Defendant admits that ManagedMethods is still used by Defendant to monitor student content. Defendant denies all allegations in Paragraph 299 of Plaintiffs' Second Amended Complaint not specifically admitted herein.

300. Defendant admits that ManagedMethods is still used by Defendant to monitor student content. Defendant denies all allegations in Paragraph 300 of Plaintiffs' Second Amended Complaint not specifically admitted herein.

## XII.   Defendant Failed to Act Upon Plaintiffs' Kansas Open Records Act Requests.

301. Responding to the allegations in Paragraph 301 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 301 of Plaintiffs' Second Amended Complaint.

302. Responding to the allegations in Paragraph 302 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations in Paragraph 302 of Plaintiffs' Second Amended Complaint.

303. Responding to the allegations in Paragraph 303 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations in Paragraph 303 of Plaintiffs' Second Amended Complaint.

304. Responding to the allegations in Paragraph 304 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations in Paragraph 304 of Plaintiffs' Second Amended Complaint.

305. Responding to the allegations in Paragraph 305 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations in Paragraph 305 of Plaintiffs' Second Amended Complaint.

306. Responding to the allegations in Paragraph 306 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations in Paragraph 306 of Plaintiffs' Second Amended Complaint.

307. Responding to the allegations in Paragraph 307 of Plaintiffs' Second Amended Complaint, Defendant admits that Plaintiffs sent their requests to the School District's records custodian with the listed individuals copied. Defendant denies the remaining allegations in Paragraph 307 of Plaintiffs' Second Amended Complaint.

308. Responding to the allegations in Paragraph 308 of Plaintiffs' Second Amended Complaint, Defendant admits the allegations in Paragraph 308 of Plaintiffs' Second Amended Complaint.

309. Responding to the allegations in Paragraph 309 of Plaintiffs' Second Amended Complaint, Defendant admits that "The October 31 acknowledgments did not identify any custodian holding responsive records, did not describe any search methodology or repositories to be searched, did not forward the requests to other offices or personnel despite Plaintiffs' invitation to do so, [and] did not provide any records." Defendant denies the remaining allegations in Paragraph 309 of Plaintiffs' Second Amended Complaint.

310. Responding to the allegations in Paragraph 310 of Plaintiffs' Second Amended Complaint, Defendant admits that, as of October 31, 2025, Defendant had not denied the requests, produced responsive materials, or provided a list of costs. Defendant denies the remaining allegations in Paragraph 310 of Plaintiffs' Second Amended Complaint.

311. Responding to the allegations in Paragraph 311 of Plaintiffs' Second Amended Complaint, Defendant admits that, as of November 4, 2025, Defendant had not denied the requests, produced responsive materials, or provided the earliest available date and place of

inspection. Defendant denies the remaining allegations in Paragraph 311 of Plaintiffs' Second Amended Complaint.

312.    Responding to the allegations in Paragraph 312 of Plaintiffs' Second Amended Complaint, Defendant admits that, as of the date of this Answer, Defendant has produced responsive materials. Defendant denies the remaining allegations in Paragraph 312 of Plaintiffs' Second Amended Complaint.

313.    Responding to the allegations in Paragraph 313 of Plaintiffs' Second Amended Complaint, Defendant has cited to subsections of KORA for withholdings and outlined costs. Defendant denies the remaining allegations in Paragraph 313 of Plaintiffs' Second Amended Complaint.

314.    Defendant admits that the Court's record speaks for itself.  Defendant denies the allegations in Paragraph 314 of Plaintiffs' Second Amended Complaint not specifically admitted herein.

315.    Responding to the allegations in Paragraph 315 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 315 of Plaintiffs' Second Amended Complaint.

316.    Responding to the allegations in Paragraph 316 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 316 of Plaintiffs' Second Amended Complaint.

317.    Responding to the allegations in Paragraph 317 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 317 of Plaintiffs' Second Amended Complaint.

## INJURIES TO PLAINTIFFS

318.    Responding to the allegations in Paragraph 318 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 318 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 318 of Plaintiffs' Second Amended Complaint.

319.    Responding to the allegations in Paragraph 319 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 319 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 319 of Plaintiffs' Second Amended Complaint.

320.    Responding to the allegations in Paragraph 320 of Plaintiffs' Second Amended Complaint, Defendant is without sufficient knowledge and information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 320 of Plaintiffs' Second Amended Complaint.

321.    Responding to the allegations in Paragraph 321 of Plaintiffs' Second Amended Complaint, Defendant admits that E.B and H.C are current students in the School District and that Gaggle and ManagedMethods have scanned certain students' School-District-provided Google suite materials. Defendant denies the remaining allegations in Paragraph 321 of Plaintiffs' Second Amended Complaint.

322.    Responding to the allegations in Paragraph 322 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 322 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 322 of Plaintiffs' Second Amended Complaint.

323. Responding to the allegations in Paragraph 323 of Plaintiffs' Second Amended Complaint, Defendant admits that ManagedMethods' own documentation acknowledges the potential for false positives. Defendant denies the remaining allegations in Paragraph 323 of Plaintiffs' Second Amended Complaint.

324. Responding to the allegations in Paragraph 324 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 324 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 324 of Plaintiffs' Second Amended Complaint.

325. Responding to the allegations in Paragraph 325 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 325 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 325 of Plaintiffs' Second Amended Complaint.

326. Responding to the allegations in Paragraph 326 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 326 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 326 of Plaintiffs' Second Amended Complaint.

327. Responding to the allegations in Paragraph 327 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 327 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 327 of Plaintiffs' Second Amended Complaint.

328. Responding to the allegations in Paragraph 328 of Plaintiffs' Second Amended Complaint, Defendant admits that certain current students in the School District are subject to ManagedMethods' supervision of its School-District-provided Google suite accounts.

Defendant denies the remaining allegations in Paragraph 328 of Plaintiffs' Second Amended Complaint.

## CAUSES OF ACTION

**FIRST CLAIM**
**Violation of Fourth Amendment (Declaratory Relief)**
**Unreasonable Search, Unreasonable Seizure**
**42 U.S.C. § 1983**
**(E.B. and H.C. against Defendant)**

329.    Defendant incorporates its responses to the preceding paragraphs (1-328) as though fully set forth herein.

330.    Responding to the allegations in Paragraph 330 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 330 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 330 of Plaintiffs' Second Amended Complaint.

331.    Responding to the allegations in Paragraph 331 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 331 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 331 of Plaintiffs' Second Amended Complaint.

332.    Responding to the allegations in Paragraph 332 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 332 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 332 of Plaintiffs' Second Amended Complaint.

333.    Responding to the allegations in Paragraph 333 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 333 states legal conclusions to which no response

180792897.1                              57

is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 333 of Plaintiffs' Second Amended Complaint.

334.    Responding to the allegations in Paragraph 334 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 334 of Plaintiffs' Second Amended Complaint.

335.    Responding to the allegations in Paragraph 335 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations in Paragraph 335 of Plaintiffs' Second Amended Complaint.

336.    Responding to the allegations in Paragraph 336 of Plaintiffs' Second Amended Complaint, Defendant admits that ManagedMethods supervises certain students' School-District-provided Google suite accounts. Defendant denies the remaining allegations in Paragraph 336 of Plaintiffs' Second Amended Complaint.

337.    Responding to the allegations in Paragraph 337 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 337 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 337 of Plaintiffs' Second Amended Complaint.

338.    Responding to the allegations in Paragraph 338 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 338 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 338 of Plaintiffs' Second Amended Complaint.

339.    Responding to the allegations in Paragraph 339 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 339 states legal conclusions to which no response

is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 339 of Plaintiffs' Second Amended Complaint.

340. Responding to the allegations in Paragraph 340 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 340 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 340 of Plaintiffs' Second Amended Complaint.

341. Responding to the allegations in Paragraph 341 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 341 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 341 of Plaintiffs' Second Amended Complaint.

342. Responding to the allegations in Paragraph 342 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 342 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 342 of Plaintiffs' Second Amended Complaint.

343. Responding to the allegations in Paragraph 343 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 343 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 343 of Plaintiffs' Second Amended Complaint.

344. Responding to the allegations in Paragraph 344 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 344 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 344 of Plaintiffs' Second Amended Complaint.

345.    Responding to the allegations in Paragraph 345 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 345 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 345 of Plaintiffs' Second Amended Complaint.

346.    Responding to the allegations in Paragraph 346 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 346 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 346 of Plaintiffs' Second Amended Complaint.

347.    Responding to the allegations in Paragraph 347 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 347 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 347 of Plaintiffs' Second Amended Complaint.

**SECOND CLAIM**
**Violation of Fourth Amendment (Injunctive Relief)**
**Unreasonable Search, Unreasonable Seizure**
**42 U.S.C. § 1983**
**(Plaintiffs E.B and H.C. against Defendant)**

348.    Defendant incorporates its responses to the preceding paragraphs (1-347) as though fully set forth herein.

349.    Responding to the allegations in Paragraph 349 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 349 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 349 of Plaintiffs' Second Amended Complaint.

350.    Responding to the allegations in Paragraph 350 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 350 states legal conclusions to which no response

is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 350 of Plaintiffs' Second Amended Complaint.

351. Responding to the allegations in Paragraph 351 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 351 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 351 of Plaintiffs' Second Amended Complaint.

352. Responding to the allegations in Paragraph 352 of Plaintiffs' Second Amended Complaint, Defendant admits that ManagedMethods supervises certain students' School-District-provided Google suite accounts. Defendant denies the remaining allegations in Paragraph 352 of Plaintiffs' Second Amended Complaint.

353. Responding to the allegations in Paragraph 353 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 353 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 353 of Plaintiffs' Second Amended Complaint.

354. Responding to the allegations in Paragraph 354 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 354 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 354 of Plaintiffs' Second Amended Complaint.

355. Responding to the allegations in Paragraph 355 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 355 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 355 of Plaintiffs' Second Amended Complaint.

356. Responding to the allegations in Paragraph 356 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 356 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 356 of Plaintiffs' Second Amended Complaint.

357. Responding to the allegations in Paragraph 357 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 357 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 357 of Plaintiffs' Second Amended Complaint.

358. Responding to the allegations in Paragraph 358 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 358 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 358 of Plaintiffs' Second Amended Complaint.

359. Responding to the allegations in Paragraph 359 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 359 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 359 of Plaintiffs' Second Amended Complaint.

360. Responding to the allegations in Paragraph 360 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 360 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies allegations in Paragraph 360 of Plaintiffs' Second Amended Complaint.

**THIRD CLAIM**
**Violation of Fourth Amendment (Damages)**
**Unreasonable Search, Unreasonable Seizure**
**42 U.S.C. § 1983**
**(All Plaintiffs against Defendant)**

361.    Defendant incorporates its responses to the preceding paragraphs (1-360) as though fully set forth herein.

362.    Responding to the allegations in Paragraph 362 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 362 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 362 of Plaintiffs' Second Amended Complaint.

363.    Responding to the allegations in Paragraph 363 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 363 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 363 of Plaintiffs' Second Amended Complaint.

364.    Responding to the allegations in Paragraph 364 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 364 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 364 of Plaintiffs' Second Amended Complaint.

365.    Responding to the allegations in Paragraph 365 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 365 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 365 of Plaintiffs' Second Amended Complaint.

366.    Responding to the allegations in Paragraph 366 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 366 states legal conclusions to which no response

is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 366 of Plaintiffs' Second Amended Complaint.

**FOURTH CLAIM**
**Violation of Second Amendment (Declaratory Relief)**
**Freedom of Speech, Freedom of Press**
**42 U.S.C. § 1983**
**(Plaintiffs E.B. and H.C. against Defendant)**

367.    Defendant incorporates its responses to the preceding paragraphs (1-366) as though fully set forth herein.

368.    Responding to the allegations in Paragraph 368 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 368 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 368 of Plaintiffs' Second Amended Complaint.

369.    Responding to the allegations in Paragraph 369 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 369 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 369 of Plaintiffs' Second Amended Complaint.

370.    Responding to the allegations in Paragraph 370 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 370 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 370 of Plaintiffs' Second Amended Complaint.

371.    Responding to the allegations in Paragraph 371 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 371 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 371 of Plaintiffs' Second Amended Complaint.

180792897.1                                          64

372.    Responding to the allegations in Paragraph 372 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 372 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 372 of Plaintiffs' Second Amended Complaint.

373.    Responding to the allegations in Paragraph 373 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 373 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 373 of Plaintiffs' Second Amended Complaint.

374.    Responding to the allegations in Paragraph 374 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 374 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 374 of Plaintiffs' Second Amended Complaint.

375.    Responding to the allegations in Paragraph 375 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 375 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 375 of Plaintiffs' Second Amended Complaint.

376.    Responding to the allegations in Paragraph 376 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 376 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 376 of Plaintiffs' Second Amended Complaint.

377.    Responding to the allegations in Paragraph 377 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 377 states legal conclusions to which no response

180792897.1    65

is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 377 of Plaintiffs' Second Amended Complaint.

378.    Responding to the allegations in Paragraph 378 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 378 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 378 of Plaintiffs' Second Amended Complaint.

379.    Responding to the allegations in Paragraph 379 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 379 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 379 of Plaintiffs' Second Amended Complaint.

**FIFTH CLAIM**
**Violation of Second Amendment (Injunctive Relief)**
**Freedom of Speech, Freedom of Press**
**42 U.S.C. § 1983**
**(Plaintiffs E.B. and H.C. against Defendant)**

380.    Defendant incorporates its responses to the preceding paragraphs (1-379) as though fully set forth herein.

381.    Responding to the allegations in Paragraph 381 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 381 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 381 of Plaintiffs' Second Amended Complaint.

382.    Responding to the allegations in Paragraph 382 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 382 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 382 of Plaintiffs' Second Amended Complaint.

180792897.1                                                66

383.    Responding to the allegations in Paragraph 383 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 383 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 383 of Plaintiffs' Second Amended Complaint.

384.    Responding to the allegations in Paragraph 384 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 384 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 384 of Plaintiffs' Second Amended Complaint.

385.    Responding to the allegations in Paragraph 385 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 385 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 385 of Plaintiffs' Second Amended Complaint.

386.    Responding to the allegations in Paragraph 386 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 386 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 386 of Plaintiffs' Second Amended Complaint.

387.    Responding to the allegations in Paragraph 387 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 387 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 387 of Plaintiffs' Second Amended Complaint.

388.    Responding to the allegations in Paragraph 388 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 388 states legal conclusions to which no response

is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 388 of Plaintiffs' Second Amended Complaint.

389. Responding to the allegations in Paragraph 389 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 389 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 389 of Plaintiffs' Second Amended Complaint.

**SIXTH CLAIM**
**Violation of First Amendment (Damages)**
**Freedom of Speech, Freedom of Press**
**42 U.S.C. § 1983**
**(All Plaintiffs against Defendant)**

390. Defendant incorporates its responses to the preceding paragraphs (1-389) as though fully set forth herein.

391. Responding to the allegations in Paragraph 391 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 391 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 391 of Plaintiffs' Second Amended Complaint.

392. Responding to the allegations in Paragraph 392 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 392 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 392 of Plaintiffs' Second Amended Complaint.

393. Responding to the allegations in Paragraph 393 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 393 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 393 of Plaintiffs' Second Amended Complaint.

394. Responding to the allegations in Paragraph 394 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 394 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 394 of Plaintiffs' Second Amended Complaint.

395. Responding to the allegations in Paragraph 395 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 395 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 395 of Plaintiffs' Second Amended Complaint.

**SEVENTH CLAIM**
**Violation of First, Fourth, and Fourteenth Amendments**
**(Declaratory Relief)**
**Vagueness**
**42 U.S.C. § 1983**
**(All Plaintiffs against Defendant)**

396. Defendant incorporates its responses to the preceding paragraphs (1-395) as though fully set forth herein.

397. Responding to the allegations in Paragraph 397 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 397 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 397 of Plaintiffs' Second Amended Complaint.

398. Responding to the allegations in Paragraph 398 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 398 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 398 of Plaintiffs' Second Amended Complaint.

399. Responding to the allegations in Paragraph 399 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 389 states legal conclusions to which no response

is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 399 of Plaintiffs' Second Amended Complaint.

400.    Responding to the allegations in Paragraph 400 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 400 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 400 of Plaintiffs' Second Amended Complaint.

401.    Responding to the allegations in Paragraph 401 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 401 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 401 of Plaintiffs' Second Amended Complaint.

402.    Responding to the allegations in Paragraph 402 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 402 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 402 of Plaintiffs' Second Amended Complaint.

403.    Responding to the allegations in Paragraph 403 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 403 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 403 of Plaintiffs' Second Amended Complaint.

**EIGHTH CLAIM**
**Violation of First, Fourth, and Fourteenth Amendments**
**(Declaratory Relief)**
**Overbreadth**
**42 U.S.C. § 1983**
**(Plaintiffs E.B. and H.C. against Defendant)**

404.    Defendant incorporates its responses to the preceding paragraphs (1-403) as though fully set forth herein.

405.    Responding to the allegations in Paragraph 405 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 405 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 405 of Plaintiffs' Second Amended Complaint.

406.    Responding to the allegations in Paragraph 406 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 406 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 406 of Plaintiffs' Second Amended Complaint.

407.    Responding to the allegations in Paragraph 407 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 407 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 407 of Plaintiffs' Second Amended Complaint.

408.    Responding to the allegations in Paragraph 408 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 408 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 408 of Plaintiffs' Second Amended Complaint.

409.    Responding to the allegations in Paragraph 409 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 409 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 409 of Plaintiffs' Second Amended Complaint.

410.    Responding to the allegations in Paragraph 410 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 410 states legal conclusions to which no response

is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 410 of Plaintiffs' Second Amended Complaint.

411. Responding to the allegations in Paragraph 411 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 411 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 411 of Plaintiffs' Second Amended Complaint.

412. Responding to the allegations in Paragraph 412 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 412 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 412 of Plaintiffs' Second Amended Complaint.

413. Responding to the allegations in Paragraph 413 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 413 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 413 of Plaintiffs' Second Amended Complaint.

414. Responding to the allegations in Paragraph 414 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 414 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 414 of Plaintiffs' Second Amended Complaint.

**TENTH CLAIM[2]**
**Violation of Kansas Open Records Act**
**Failure to Conduct Adequate Search for Responsive Records**
**(Injunctive and Declaratory Relief)**
**K.S.A. 45-215 et seq.; 28 U.S.C. § 1367**
**(Plaintiff Ashlyn Tell and Phoebe Morris against Defendant)**

415.    Defendant incorporates its responses to the preceding paragraphs (1-414) as though fully set forth herein.

416.    Responding to the allegations in Paragraph 416 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 416 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 416 of Plaintiffs' Second Amended Complaint.

417.    Responding to the allegations in Paragraph 417 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 417 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 418 of Plaintiffs' Second Amended Complaint.

418.    Responding to the allegations in Paragraph 418 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 418 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 418 of Plaintiffs' Second Amended Complaint.

---

[2] In this section, Plaintiffs' Second Amended Complaint labels the claim as the "Tenth Claim" rather than the "Ninth Claim"). For consistency, Defendant's Answer follows Plaintiffs' numbering throughout, including where the numbering is incorrect.

**ELEVENTH CLAIM[3]**
**Violation of Kansas Open Records Act**
**Failure to Disclose Responsive Records**
**(Injunctive and Declaratory Relief)**
**K.S.A. 45-215 et seq.; 28 U.S.C. § 1367**
**(Plaintiffs Ashlyn Tell and Phoebe Morris against Defendant)**

419.    Defendant incorporates its responses to the preceding paragraphs (1-418) as though fully set forth herein.

420.    Responding to the allegations in Paragraph 420 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 420 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 420 of Plaintiffs' Second Amended Complaint.

421.    Responding to the allegations in Paragraph 421 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 421 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 421 of Plaintiffs' Second Amended Complaint.

422.    Responding to the allegations in Paragraph 422 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 422 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 422 of Plaintiffs' Second Amended Complaint.

---

[3] In this section, Plaintiffs' Second Amended Complaint labels the claim as the "Eleventh Claim" rather than the "Tenth Claim"). For consistency, Defendant's Answer follows Plaintiffs' numbering throughout, including where the numbering is incorrect.

## TWELFTH CLAIM[4]
### Violation of Kansas Open Records Act
### Failure to Respond Within Time Required
### (Injunctive and Declaratory Relief)
### K.S.A. 45-215 et seq.; 28 U.S.C. § 1367
### (Plaintiff Ashlyn Tell and Phoebe Morris against Defendant)

423. Defendant incorporates its responses to the preceding paragraphs (1-422) as though fully set forth herein.

424. Responding to the allegations in Paragraph 424 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 424 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 424 of Plaintiffs' Second Amended Complaint.

425. Responding to the allegations in Paragraph 425 of Plaintiffs' Second Amended Complaint, Defendant states that Paragraph 425 states legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the allegations in Paragraph 425 of Plaintiffs' Second Amended Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Defendant denies that Plaintiffs are entitled to any relief against Defendant as set out in the unnumbered "Plaintiffs respectfully request" clause contained in the "Prayer for Relief" section of Plaintiffs' Second Amended Complaint, including all subparts (A – I), and prays that it be dismissed from this action and awarded its costs and fees incurred in defense of this action, and all other relief the Court deems just and proper under the circumstances.

---

[4] In this section, Plaintiffs' Second Amended Complaint labels the claim as the "Twelfth Claim" rather than the "Eleventh Claim"). For consistency, Defendant's Answer follows Plaintiffs' numbering throughout, including where the numbering is incorrect.

**GENERAL DENIAL**

Defendant denies every allegation in Plaintiffs' Second Amended Complaint unless specifically admitted herein, including the relief requested in the Prayer for Relief.

**AFFIRMATIVE AND OTHER DEFENSES**

As and for its affirmative and other defenses, Defendant alleges as follows, subject to its right to amend and assert such other affirmative defenses as may become available during discovery. By setting forth these affirmative and other defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs.

1. Defendant denies each and every allegation, count, claim, and prayer for relief contained in Plaintiffs' Second Amended Complaint unless specifically admitted herein, including the relief requested in any prayer for relief included in unnumbered paragraphs.

2. Plaintiffs' Second Amended Complaint fails to state a claim upon which relief can be granted.

3. No Defendant is liable under any of Plaintiffs' Section 1983 claims because Plaintiffs have not adequately alleged, and cannot show, that any Plaintiff suffered a deprivation of a federally protected right by Defendant acting under color of state law.

4. Plaintiffs' claims are barred by lack of subject matter jurisdiction.

5. Plaintiffs' claims are barred by the doctrine of sovereign immunity under the Eleventh Amendment to the United States Constitution.  No Defendant is subject to suit, nor are they liable, under any of Plaintiffs' claims for damages because the doctrine of immunity under the Eleventh Amendment to the United States Constitution protects Defendant from suit for Plaintiffs' claims.  Eleventh Amendment immunity applies to federal question lawsuits

against "arms of the state" of Kansas brought in federal court by Kansas state citizens. Section 1983 claims do not override a state's sovereign immunity. Defendant is "arms of the state," and therefore are immune from suit under the Eleventh Amendment. Congress has not abrogated the Defendant's Eleventh Amendment immunity through its power to enforce the Fourteenth Amendment, nor has the state of Kansas or the Defendant waived its Eleventh Amendment immunity by consenting to this lawsuit. The *ex parte* Young exception also does not apply to the extent that Plaintiffs seek non-prospective relief, seeks relief against the Defendant it its individual capacity only, or both; and the exception does not apply at all to the School District.

6.      Plaintiffs' claims are barred by the applicable statute of limitations. Plaintiffs' claims fail, in whole or in part, to the extent that they were filed after the applicable statute of limitations had passed. In particular, to the extent that Plaintiffs brought their Section 1983 claims more than two years after those claims accrued (as provided for by Kansas' statute of limitations for personal injury actions, Kan. Stat. Ann. § 60-513(a)(4)), those claims must be dismissed.

7.      Defendant is not liable under any of Plaintiffs' claims because Defendant's use of Gaggle and ManagedMethods was permitted—and perhaps even required—by the Children's Internet Protection Act of 2000 and any other state or federal statutory or common-law rules requiring schools to protect and supervise children in their care.

8.      All of Plaintiffs' Second Amendment claims fail against the Defendant. The materials at issue were not "speech" because, among other reasons, they constituted obscenity, fighting words, incitement, true threats, speech integral to criminal conduct, child pornography, and/or fraud. And no restrictions on speech occurred because Gaggle and ManagedMethods

merely flagged and temporarily quarantined potentially problematic materials, and because students were free to use Microsoft 365 instead of the Google suite—another platform provided by the School District with equivalent capabilities and no Gaggle or ManagedMethods monitoring.  The less restrictive *Hazelwood* standard should apply.  Under the *Hazelwood* standard, Defendant's restrictions and actions were reasonably related to legitimate pedagogical concerns.  Under the *Tinker* standard, Defendant's restrictions and actions were limited to speech that they reasonably forecasted would materially and substantially disrupt the school environment and/or interfere with the requirements of appropriate discipline in the operation of the school or impinge upon the rights of other students. Plaintiffs' and other students' speech was neither passive nor silent.  Defendant's restrictions were also per se constitutional to the extent that the speech at issue was vulgar, lewd, offensive, or could reasonably be viewed as promoting illegal drug use.  Additionally, Defendant did not violate Plaintiffs' free speech rights because Defendant had a compelling interest to, among other things, protect the educational mission of the school and ensure school safety.

9.      Plaintiffs' Second Amendment Freedom of Speech claims also fail to the extent that they allege that Defendant's actions or policies constituted an impermissible prior restraint. No prior restraint existed to the extent that no speech was restricted before the speech was made. No prior restraint existed to the extent that no speech was restricted on the basis of content.  No judicial injunction or other order impermissibly forbidding specific speakers from specific expression existed.  And no administrative licensing scheme, requiring approval before engaging in certain forms of speech in a given forum, existed.  Further, procedural safeguards existed that were designed to obviate the dangers of a censorship system and content discrimination.

10.     Plaintiffs' Second Amendment Freedom of Press claims also fail to the extent that Defendant did not interfere with the production and dissemination of ideas, nor with the circulation of any student newspaper.

11.     All Plaintiffs' Fourth Amendment claims fail against Defendant. No "search" or "seizure" occurred under the Fourth Amendment because, among other reasons, Gaggle and ManagedMethods merely flag and temporarily quarantine potentially problematic materials, and because students were free to use Microsoft 365 instead of the Google suite—another platform provided by the School District with equivalent capabilities and no Gaggle or ManagedMethods monitoring. No "search" occurred when Defendant use Gaggle or ManagedMethods to monitor student documents and communications through the Google suite because, among other reasons, the materials were not shielded from the School District's view, but were located on the School District's platforms, and therefore were open to public view of Defendant. No "seizure" occurred when materials were quarantined or removed from students' accounts. Students in the School district do not believe that they had an expectation of privacy in materials stored on School District-provided Google Suite applications—or, if they do have such an expectation, that expectation is unreasonable. Additionally, no "seizure" of students themselves occurred because, among other reasons, it was not a seizure to confine students to a specific location within the school. All searches and seizures were proper because they were justified at their inception and reasonably related in scope to the circumstances which justified the interference in the first place. Probable cause was not required. All searches and seizures were preceded by any necessary notice and announcement. All searches and seizures were reasonable under all of the circumstances. All searches and seizures were justified at their inception because reasonable grounds existed for suspecting that the searches would turn up

evidence that the students had violated or were violating either the law or the rules of the school. There was a sufficient nexus or link between that evidence and the Google suite of applications (which Gaggle and ManagedMethods monitored). All searches and seizures were reasonably related in scope to the circumstances which justified the interference because, among other reasons, the alleged searches and/or seizures were reasonably related to the objectives of the search and not excessively intrusive. All searches and seizures were proper because they were based upon consent to the extent that students agreed to such searches through the student handbook or other applicable policies, or through other means. All searches and seizures were proper because the materials involved were exposed to plain/open public view because, among other reasons, the materials were located on Google Suite applications owned, provided, and maintained by the School District; therefore, Defendant could examine the materials while being located in a place where it has a right to be and without using any extraordinary means to gain its vantage point. All searches and seizures were proper because, among other reasons, at least some of the searches and seizures were done in a state of emergency and/or exigent circumstances because, among other reasons, Defendant became aware of credible threats of harm to students, and therefore the search or seizure was necessary to render aid to protect life or avoid injury. All searches and seizures were proper as "special needs" searches and seizures because, among other reasons, public schools have special needs that justify modifying the normal law-enforcement procedures, particularly when the alleged searches and seizures sought, found, and sometimes removed materials that involved suspected threats of violence, self-harm, bullying, child pornography, and other serious issues. All searches and seizures were proper because they involved abandoned items to the extent that, among other reasons, the prior owner disclaimed ownership, disassociated themselves with the property, or left it. All searches

and seizures sought only fruits, instrumentalities, contraband, evidence, or other materials that were the proper objects of a search.

12.    Plaintiffs' facial challenges to Defendant's policies or actions fail. Plaintiffs cannot establish that no set of circumstances exist under which the policies or actions would be valid. A most exacting analysis applies to such claims, and they are disfavored. None of Defendant's policies or actions violate any constitutional rights in their entirety, without regard to any particular applications. None of Defendant's policies or actions threaten to chill constitutionally protected conduct, nor are they incapable of valid application. There is no realistic danger that Defendant's policies or actions will significantly compromise the rights of parties not before this Court. And Plaintiffs' attempt to facially challenge "whole collections of laws or policies" related to Gaggle or ManagedMethods is inappropriate and should not be permitted.

13.    All of Plaintiffs' claims for overbreadth fail because no substantial number of the applications of any law or policy at issue are unconstitutional when judged in relation to the statute's plainly legitimate sweep. Defendant's policies and actions have not, and will not, prohibit a broad range of protected conduct and thereby create a realistic danger of having a chilling effect on or significantly compromising the free speech rights of parties not before the court—nor is there a realistic danger that this will happen. This "strong medicine" should be employed "only as a last resort," and is inappropriate here.

14.    All of Plaintiffs' claims for vagueness, whether facial or as-applied, fail because all of Defendant' policies provided people of ordinary intelligence a reasonable opportunity to understand what conduct the policies prohibit, and because none of Defendant's policies authorize or encourage arbitrary and discriminatory enforcement. All of Defendant's policies

provided explicit standards that provided sufficient guidance to those who applied them. Any ambiguity or lack of clarity in the policies or actions at issue did not chill protected speech or otherwise violate constitutional rights.

15.     All of Plaintiffs' claims for Second Amendment Retaliation (Ninth Claim) fail because none of Defendant's actions caused any Plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in constitutionally-protected activity, nor did Defendant engage in adverse actions that were substantially motivated as a response to any Plaintiff's exercise of constitutionally protected conduct, nor can any other causal relationship be established. Plaintiffs' Ninth Claim, to the extent it seeks declaratory or injunctive relief, is moot to the extent that Defendant has terminated and promised to avoid in the future the actions that form the basis for Plaintiffs' claims for Second Amendment Retaliation. *See* Doc. 13. Defendant cannot be held liable under this claim under vicarious liability, institutional liability, supervisory liability, direct liability, or any other form of liability. Among other reasons, the School District has no custom, practice, or policy that encouraged or condoned unconstitutional behavior, nor did causation or state of mind exist. Additionally, the School District did not promulgate, create, implement, or possess responsibility for a policy that caused constitutional harm with the requisite state of mind. Plaintiffs are also not entitled to attorneys' fees or costs under this claim.

16.     Defendant acted at all times within the scope of its authority without actual or imputed knowledge that its actions violated any of the Plaintiffs' constitutional rights, which said violations are denied by the Defendant, and therefore, they are immune from suit.

17.     Plaintiffs Jack Tell, Natasha Torkzaban, Morgan Salisbury, Opal Morris, Henry Farthing, Suzana Kennedy, and Naomi Sui Pang are no longer enrolled in schools within the

School District and/or have graduated from high school, and therefore are no longer subject to the School District's alleged censorship using Gaggle or ManagedMethods. Therefore, they have no standing to bring any claims for declaratory or injunctive relief against Defendant, and all such claims against Defendant are moot. To the extent that Plaintiffs Ashlyn Tell and Phoebe Morris have graduated or soon will graduate, their claims for either declaratory or injunctive relief are all moot as well, and they have no standing to bring those claims.

18.     All Plaintiffs have no standing and/or their claims are moot with respect to Gaggle—at least insofar as they bring claims for declaratory or injunctive relief—to the extent that Defendant has ended Gaggle's use. Additionally, all Plaintiffs have no standing and/or their claims are moot to the extent that the journalism students have been exempted from Gaggle and/or Managed Methods monitoring.

19.     All of Plaintiffs' claims against Defendant fail because Defendant had a compelling interest in protecting students from mass shootings, suicides, drug abuse, sexual exploitation, and other serious harms. Gaggle and ManagedMethods monitoring have substantially furthered this and other compelling interests. These interests outweighed any alleged harms or rights restrictions Gaggle or ManagedMethods monitoring have allegedly inflicted.

20.     All claims against the School Board should be dismissed because the School Board is merely the governing body of the School District and is not a separate legal entity. Therefore, any judgment against the School Board is necessarily against the School District, and—as with claims against individuals acting for the School District in their official capacities—a claim against a sub-unit of the School District is duplicative because it is the equivalent of a claim against the School District itself.

21.     All of Plaintiffs claims for both injunctive and declaratory relief should be dismissed against the Defendant because neither injunctive nor declaratory relief are separate claims, but merely types of relief.

22.     All of Plaintiffs' claims against the Defendant may be barred, in whole or in part, because Defendant acted in good faith, and therefore are immune from suit.

23.     Any data Gaggle or ManagedMethods has monitored was the property of the School District.

24.     Plaintiffs' claims are barred, in whole or in part, because Defendant at all times acted properly, promptly, appropriately, reasonably, lawfully, and in good faith at all times in the performance of its obligations and duties, if any.

25.     Plaintiffs' alleged damages were the result of Plaintiffs' own actions or omissions.

26.     Plaintiffs' requests for damages are invalid and should be rejected to the extent that they seek presumed damages. Among other reasons, Plaintiffs are not entitled to presumed damages because they did not suffer any injuries and because such damages would be wholly divorced from any compensatory purpose.

27.     To the extent that Plaintiffs request punitive damages against the School District, those requests fail because Section 1983 bars punitive damage awards against municipal agencies.

28.     Additionally, Plaintiffs are not entitled to punitive damages on any of their claims against the Defendant. Among other reasons, they cannot recover such damages because they cannot show that the Defendant's conduct was motivated by evil motive or intent, or involved reckless or callous indifference to the federally-protected rights of others.

180792897.1                                84

29.     Plaintiffs' recovery against Defendant may be barred or reduced, in whole or in part, by the doctrines of contribution, indemnification, joint and several liability, and/or related or similar doctrines.

30.     Plaintiffs have not sustained any legally cognizable injury, harm, and/or damages as a result of any actions, inactions, or omissions alleged in Plaintiffs' Second Amended Complaint.

31.     Defendant is not liable under any of Plaintiffs' claims because Plaintiffs have not adequately alleged, and cannot show, that their actions or policies directly caused the injuries that Plaintiffs allege.

32.     Plaintiffs are not entitled to prejudgment interest because such an award would not compensate them, and the equities would preclude such an award.

33.     To the extent that they are prevailing parties and/or Plaintiffs' action was frivolous, vexatious, unreasonable, without foundation, or brought to harass or embarrass, Defendant is entitled to an award of reasonable attorney's fees.

34.     Plaintiffs cannot prevail on any of their claims, and therefore are not entitled to attorney's fees. To the extent that Plaintiffs are prevailing parties, they are entitled to a reasonable fee in accordance with applicable law only.

35.     Defendant reserves the right to assert additional defenses as may be revealed by discovery, further investigation, or factual developments in this case, and reserves the right to amend its Answer to assert any such defenses, which are specifically incorporated herein.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury on all issues so triable.

/s/ Alan L. Rupe
Alan L. Rupe, KS #08914
LEWIS BRISBOIS BISGAARD & SMITH LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, KS 67206
Telephone:  (316) 609-7900
Facsimile:   (316) 462-5746
alan.rupe@lewisbrisbois.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on July 28, 2026, I filed the above Defendant' Answer and Defenses to Plaintiffs' Second Amended Complaint for Civil Rights Violations using the Court's CM/ECF system which will send notification to all counsel of record.

/s/ Alan L. Rupe
Alan L. Rupe

180792897.1

86