**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JACK TELL; NATASHA TORKZABAN; MORGAN SALISBURY; OPAL MORRIS; HENRY FARTHING; SUZANA KENNEDY; NAOMI SUI PANG; ASHLYN TELL; PHOEBE MORRIS; E.B., a minor, by and through his parent and next friend CATHERINE P. BATZA, Ph.D.; and H.C., a minor, by and through his parents and next friends DANIELLE BRUNIN and ERIK CHANEY,

*Plaintiffs*,

v.

LAWRENCE USD 497, a political subdivision of the State of Kansas,

*Defendant*.

Case No. 2:25-cv-02428-KHV-GEB

**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs move under Federal Rule of Civil Procedure 56(a) for partial summary judgment on the claims and parts of claims identified below and, alternatively, under Rule 56(g) for an order establishing material facts that are not genuinely disputed. The accompanying memorandum and cited record supply the grounds for each requested ruling.

1. On the Fourth Amendment program challenge, Plaintiffs seek judgment that the District's continuous, suspicionless examination of student-account message and file contents for generalized safety screening is unconstitutional on its face. Independently, E.B. and H.C. seek an as-applied judgment against that practice in their required accounts, declaratory and injunctive relief under Counts I–II, and liability under Count III.

2. On the First Amendment program challenge, E.B. and H.C. seek an independent judgment against the continuing compulsory examination of their developing expression,

declaratory and injunctive relief under Counts IV–V, and liability under Count VI. They also seek judgment on Count VIII's substantial-overbreadth challenge to the defined continuing content-review practice. Their as-applied requests remain independent alternatives to facial relief.

3. Opal Morris and Henry Farthing seek liability judgment under Counts III and VI for the challenged quarantines of their classwork. If the Court finds a material dispute concerning a particular image or the timing of review and restoration, they request judgment on the seizure element, the constitutional insufficiency of the general program authorization, and the absence of justification for continued withholding after resolution of the safety concern. Trial would then address only the identified incident facts and resulting damages.

4. Natasha Torkzaban and Suzana Kennedy seek liability judgment under Count VI for the District's content restrictions and prior restraints on their reporting communications. If the Court finds a genuine dispute about the mechanism and municipal causation of Suzana's post-exemption hold, she alternatively seeks adjudication of the communication's protected character and the constitutional insufficiency of an automated label as the asserted justification for its suppression.

5. Ashlyn Tell seeks judgment on the constitutional-violation element of her First Amendment damages claims under Counts VI and IX arising from the communicated August 2025 prohibition on reporting about the Gaggle litigation. Opal Morris seeks judgment on the same element of her Count VI damages claim arising from the instruction not to discuss her questioning with other students. Plaintiffs reserve genuinely disputed questions concerning each instruction's source, authority, municipal attribution, duration, attributable delay, causal consequences, and damages for trial. They seek no renewed injunction against the withdrawn August 2025 reporting prohibition.

6. For the surviving claims and parts of claims submitted by this motion, and alternatively to the full liability requests above, Plaintiffs seek adjudication of the program's constitutionality, governmental action, municipal responsibility for authorized program operation, the seizure character of access-denying quarantines, the constitutional limits on continued withholding, and protection of the identified journalistic and artistic work. The memorandum identifies the individual causation, permission, content, duration, and attribution questions that may remain.

7. If the Court does not grant all the requested relief, Plaintiffs request an order under Rule 56(g) identifying material facts that are not genuinely disputed and treating them as established in further proceedings. Those facts include the program's operation and account coverage; quarantine's access-denying effect and the identified account-level quarantines; Natasha's email hold; the blocked delivery of Suzana's records spreadsheet; the instruction that Opal not discuss her questioning; and the communicated reporting restriction and withdrawal chronology, to the extent established without genuine dispute by the cited record. SUMF ¶¶ 1–5, 10–17, 23, 25–26, 29–30, 33, 37–41. These factual determinations would supplement the rulings requested under Rule 56(a), leaving unresolved elements and genuinely disputed facts for trial.

8. E.B. and H.C. request a permanent injunction prohibiting the District from conducting or causing the challenged continuous, suspicionless safety examination of their account contents and communications awaiting delivery, and from issuing alerts or imposing access or delivery restrictions resulting from that examination. The injunction would preserve their ordinary educational access, ordinary instructional review, lawful filtering, and independently justified searches and emergency responses. Plaintiffs also request implementation and reporting requirements sufficient to make that relief effective. Alternatively, if the Court finds the access

restrictions unlawful but declines to enjoin the examination itself, E.B. and H.C. request an injunction requiring prompt notice identifying any file or communication whose access ManagedMethods restricts, prompt contextual review by a District employee, and restoration of access once the basis for the restriction is resolved. Plaintiffs reserve compensatory causation and the amount of damages for trial and seek nominal damages for completed constitutional violations attributable to the District when compensatory loss is not proved. Plaintiffs also preserve their requests for authorized fees, costs, and interest through the appropriate applications.

9. Plaintiffs do not seek affirmative summary judgment on Count VII's facial-vagueness theory, the Count III detention theories arising from Opal's and Henry's removal from class and questioning, or the First Amendment theory concerning restrictions on dissemination of KORA-produced material. Plaintiffs preserve those theories for trial and will identify them in the revised proposed pretrial order. The KORA relief and continuing obligations established by ECF Nos. 56, 79, and 119 remain in effect; Plaintiffs do not request a duplicate recovery. They request rulings on the submitted claims and parts of claims and identification of the issues remaining for trial.

WHEREFORE, Plaintiffs request that the Court grant partial summary judgment and the declaratory and injunctive relief specified above and in the accompanying memorandum. Alternatively, Plaintiffs request judgment on the identified parts of their claims under Rule 56(a) and an order establishing undisputed material facts under Rule 56(g), while reserving the identified factual disputes, compensatory damages issues, and remaining theories for trial.

Dated: November 2, 2026

**DENTONS US LLP**

*/s/ Harrison M. Rosenthal*
Mark P. Johnson (Kan. No. 22289)
Harrison M. Rosenthal (Kan. No. 28894)
Jacob S. Margolies (Kan. No. 29470)
Rebecca Hughes Parker* (NY No. 4321287)

4520 Main Street, Suite 1100
Kansas City, Missouri 64111-7700
Telephone: (816) 460-2400
Facsimile: (816) 531-7545
mark.johnson@dentons.com
harrison.rosenthal@dentons.com
jacob.margolies@dentons.com
rebeccahughes.parker@dentons.com
**Admitted Pro Hac Vice*

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on November 2, 2026, Plaintiffs' Motion for Partial Summary Judgment was filed using the Court's CM/ECF system, which will send notice to all counsel of record, and was served by electronic mail on Defendant Lawrence USD 497 through its counsel of record at the email addresses listed below:

Cameron Grant
Andrew J. Gnefkow
Melika Harris
Lewis Brisbois Bisgaard & Smith LLP
4600 Madison Avenue, Suite 700
Kansas City, Missouri 64112
cameron.grant@lewisbrisbois.com
andrew.gnefkow@lewisbrisbois.com
melika.harris@lewisbrisbois.com

*/s/ Harrison M. Rosenthal*
*Counsel for Plaintiffs*