**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JACK TELL, NATASHA TORKZABAN, MORGAN SALISBURY, OPAL MORRIS, HENRY FARTHING, SUZANA KENNEDY, NAOMI SUI PANG, ASHLYN TELL; PHOEBE MORRIS, E.B., a minor, by and through his parent and next friend CATHERINE P. BATZA, Ph.D.; and H.C., a minor, by and through his parents and next friends DANIELLE BRUNIN and ERIK CHANEY,<br><br>Plaintiffs,<br><br>v.<br><br>LAWRENCE USD 497,<br><br>Defendant. | Case No. 2:25-cv-02428-KHV-GEB |

# PLAINTIFF H.C.'S ANSWERS TO DEFENDANT'S FIRST INTERROGATORIES

COMES NOW Plaintiff H.C., a minor by and through his parents and next friends Danielle Brunin and Erik Chaney, by his undersigned counsel, and responds to Defendant's First Interrogatories, as follows:

## INTERROGATORIES

**INTERROGATORY NO. 1.** Identify each Document, sent or received by You, which You contend was flagged, searched, seized, deleted, quarantined, censored or otherwise interfered with by Defendant or the Monitoring Software. For each item identified, state:

a. The date it was created or transmitted (or approximate date, if unknown);

b. The name and, if known, title/role of the person who created it;

c. The platform or application on which it was created;

EXHIBIT 14

d. Whether it was created or transmitted using a personal device or a school-issued device;

e. Where it was stored (including the platform/account and folder/location, if known);

f. The date You first discovered it was unavailable or inaccessible;

g. Whether it was later returned or restored, and if so, the date and manner of return/restoration;

h. Whether you contend you were permanently and irrevocably deprived of access to and use of the Document; and

i. Whether You maintained a separate, personal copy of the Document in any format.

**ANSWER: I presently identify one email. In late 2024 or early 2025, while I attended West Middle School, I sent a joking email reply to a friend that included the phrase "stop bullying me.' I created and sent the email through my District-managed email account; I do not presently recall the exact date, subject line, recipient, device used, or folder location. Gaggle flagged the email. I learned of the interference when school counselor Tiffany Fike removed me from class, displayed the email on her screen, and asked whether the bullying was an actual issue and whether the school needed to do anything. I explained that the email was a joke. I cannot now locate the email or other emails from that period and believe the flagged email was seized or deleted by Gaggle or the District. It has not been restored to my knowledge, and I did not maintain a separate personal copy. Because the District did not notify students each time content**

**was scanned or flagged, I cannot determine what additional documents may have been reviewed, briefly restricted, or released without my knowledge. I will supplement this answer if additional responsive information is identified.**

**<u>INTERROGATORY NO. 2.</u>** Identify all communications and correspondence between You and Defendant regarding Gaggle, Managed Methods, student monitoring, surveillance, scanning, flagging or the seizure of students' digital speech as referenced and described in the Complaint, from November 2023 through the present. For each such communication or correspondence, state:

a. The date of the communication or correspondence;
b. The sender(s) and intended recipient(s) (including name, title and affiliation);
c. The other participant(s) to the communication (if different from the sender/recipient identified in subpart b);
d. The method of communication (e.g., in person, telephone, video conference, email, text message, chat, etc.); and
e. The substance of the communication or correspondence

**ANSWER: In late 2024 or early 2025, school counselor Tiffany Fike pulled me from class without explanation and escorted me to student services. In an approximately ten-minute, in-person meeting, she displayed my email containing the phrase 'stop bullying me' and asked whether the bullying was an actual issue and whether the school needed to do anything. I explained that the email was a joke and not serious. Ms. Fike may have said that 'our system flagged it,' but she did not identify Gaggle or explain the District's AI monitoring. My parents were not notified before or during**

**the meeting. I do not presently recall any other responsive communication with a District employee. Responsive documents maintained in my District-managed account or otherwise in my possession are being produced with these answers.**

**<u>INTERROGATORY NO. 3.</u>** Identify each injury, loss, or damage that You contend You have personally sustained as a result of the acts or omissions alleged in the Complaint, including any alleged damage to reputation, mental anguish, emotional distress, humiliation, public embarrassment, and any deprivation of or interference with constitutionally protected artistic or expressive activity. For each injury, loss, or damage identified, state:

a. The nature of the alleged injury, loss, or damage;

b. The date or approximate time period during which the injury or damage allegedly occurred;

c. The specific event(s) or circumstances that You contend caused it;

d. Whether the injury or damage is ongoing, and if so, the present status; and

e. Whether You have sought or received any treatment, counseling, or other care relating to it (and, if so, the type and approximate date(s)).

**ANSWER: Being removed from class and questioned about a joking, non-disruptive email caused worry, embarrassment, and fear that ordinary communications could trigger further investigation or discipline. The email and other emails from that period are no longer accessible to me. As a result, I stopped sending joke emails and changed how I communicate online, including avoiding ordinary words or phrases that I fear the monitoring system could flag. That self-censorship continues. I remain required to use a District-issued iPad, Google Classroom, and other District-managed**

**tools for school and remain subject to ManagedMethods monitoring. The continuing monitoring forces me to choose between self-censorship and using the tools required for my education. I am not presently claiming medical expenses or identifying treatment or counseling attributable to these injuries.**

**<u>INTERROGATORY NO. 4.</u>** Identify each item of damages You seek in this action. For each item, state:

a. The specific count(s) to which the item relates;

b. The category of damages claimed (e.g., actual, nominal, compensatory, attorneys' fees, costs, or other);

c. The amount claimed (or, if not yet known, Your best estimate and the basis for it); and

d. The manner in which the amount was calculated or computed, including the facts, documents, and assumptions relied upon.

**ANSWER: I object to this Interrogatory to the extent it calls for legal conclusions concerning the availability and allocation of remedies among claims. Subject to that objection, under Counts III and VI I seek nominal damages for the completed violations of my First and Fourth Amendment rights and compensatory damages for the resulting loss of access to communications, non-economic harm, and chilling of protected expression, in amounts to be determined by the jury based on the evidence. Those injuries are not susceptible to a mathematical calculation, and no sum certain has been determined. I also seek reasonable attorneys' fees and costs under 42 U.S.C.**

**section 1988. I seek declaratory and injunctive relief under Counts I, II, IV, V, VII, and VIII, but those forms of relief are not monetary damages. I will supplement this answer if a further computation becomes available.**

**INTERROGATORY NO. 5.** Identify every instance in which You claim the Defendant instructed You not to publish, edit, distribute, or create any article, photograph, artwork, or other expressive work. For each instance state:

a. The date;
b. The individual(s) involved;
c. The work at issue; and
d. Every witness to the communication.

**ANSWER: None. I do not contend that a District employee expressly instructed me not to publish, edit, distribute, or create a particular work. I do contend that the District's monitoring and its response to my joking email caused me to self-censor my communications.**

**INTERROGATORY NO. 6.** Identify each instance in which You were disciplined, investigated, questioned, warned, counsel, reprimanded, suspended, or otherwise subjected to any disciplinary or corrective action by Defendant that You contend was related in any way to Gaggle, ManagedMethods, Your speech or expression, Your journalism activities, Your artwork, or any other conduct alleged in the Complaint. For each instance state:

a. The date of the disciplinary or corrective action;
b. The nature of the disciplinary or corrective action;

c. The name of the individual who imposed the disciplinary or corrective action;

**ANSWER: In late 2024 or early 2025, school counselor Tiffany Fike removed me from class and questioned me for approximately ten minutes in student services after Gaggle flagged my joking email containing the phrase 'stop bullying me.' She asked whether the bullying was an actual issue and whether the school needed to do anything. I explained that the email was a joke. My parents were not notified before or during the meeting. I was not formally disciplined, suspended, or reprimanded.**

**INTERROGATORY NO. 7.** State the date on which You first became aware that the Defendant implemented Gaggle, ManagedMethods, or any other software to monitor, review, scan or analyze content contained in District-issued accounts, devices, or Google Workspace.

**ANSWER: I first became aware that the District had monitored a communication in my account in late 2024 or early 2025, when Tiffany Fike pulled me from class and displayed the flagged email. She may have said that 'our system flagged it,' but no one identified Gaggle or explained the District's AI surveillance at that time. I learned the name and broader nature of the monitoring program later, but I do not presently recall the precise date.**

**INTERROGATORY NO. 8.** Identify each instance in which You contend that Gaggle, ManagedMethods, or any other software implemented by the Defendant interfered with Your academic, journalistic, artistic, or other expressive activities. For each instance state the date, the work or activity at issue, the nature of the alleged interference, and the individuals involved.

**ANSWER: In late 2024 or early 2025, Gaggle flagged my joking email containing the phrase 'stop bullying me,' after which Tiffany Fike removed me from class and questioned me. I cannot now locate that email or other emails from the same period. The incident caused me to stop sending joke emails and to avoid words and phrases that I fear the monitoring software could flag. That interference and self-censorship continue because I must use a District-issued iPad, Google Classroom, and other District-managed platforms that remain subject to ManagedMethods monitoring.**

**INTERROGATORY NO. 9.** Identify each notice, policy, handbook, provision, user agreement, consent form, acknowledgment, announcement, or other communication concerning Defendant's monitoring, accessing, reviewing, or collecting student electronic activity that You or Your parent or guardian received, reviewed, signed, or otherwise acknowledged from January 1, 2021 through the present.

**ANSWER: I recall the District's general Student Acceptable Use Policy and student-handbook provisions associated with enrollment and use of District technology, including general statements that students should not expect privacy in District devices, accounts, email, files, or directories and that transmissions could be reviewed. In connection with registering for high school at the end of eighth grade, I received or acknowledged the District's general Acceptable Use Policy. Neither I nor my**

**parents recall receiving or signing a separate notice or consent that disclosed continuous AI scanning by Gaggle or ManagedMethods, identified those vendors, explained what content would be flagged or quarantined, or provided an opt-out procedure. Neither I nor my parents received advance notice that my email would be monitored or flagged. To the extent additional responsive enrollment or policy records exist, they are maintained by the District or included among the documents being produced.**

**INTERROGATORY NO. 10.** Identify each request for records Plaintiff submitted to Defendant pursuant to the Kansas Open Records Act ("KORA"), including the date submitted, the method of submission, the records requested, the person(s) to whom it was directed, Defendant's response (including the date and substance of any response), and the disposition of the request (including whether records were produced, withheld, or redacted and the basis stated for any withholding or redaction).

**ANSWER: None.**

**Dated:** September 1, 2026

**DENTONS US LLP**

*/s/ Harrison M. Rosenthal*
Mark P. Johnson (Kan. No. 22289)
Harrison M. Rosenthal (Kan. No. 28894)
Jacob S. Margolies (Kan. No. 29470)
Rebecca Hughes Parker (pro hac vice)

4520 Main Street, Suite 1100 Kansas
City, Missouri 64111-7700
Telephone: (816) 460-2400
Facsimile: (816) 531-7545
mark.johnson@dentons.com
harrison.rosenthal@dentons.com
jacob.margolies@dentons.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 1, 2026, a true and correct copy of the above and foregoing was served via electronic mail to counsel for Defendant, including:

Cameron Grant
Melika T. Harris
Andrew J. Gnefkow
**Lewis Brisbois Bisgaard & Smith LLP**
4600 Madison Ave., Suite 700
Kansas City, Missouri 64112
Cameron.Grant@lewisbrisbois.com
Melika.Harris@lewisbrisbois.com
Andrew.Gnefkow@lewisbrisbois.com

/s/ *Harrison M. Rosenthal*
Harrison M. Rosenthal