IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JACK TELL; NATASHA TORKZABAN; MORGAN SALISBURY; OPAL MORRIS; HENRY FARTHING; SUZANA KENNEDY; NAOMI SUI PANG; ASHLYN TELL; PHOEBE MORRIS; E.B., a minor, by and through his parent and next friend, CATHERINE P. BATZA, Ph.D.; and H.C., a minor, by and through his parents and next friends, DANIELLE BRUNIN and ERIK CHANEY, | ) | |
| Plaintiffs, | ) | |
| vs. | ) | Case No: 2:25-cv-02428-KHV-GEB |
| LAWRENCE USD 497, a political subdivision of the State of Kansas, | ) | |
| Defendant. | ) | |

DEPOSITION OF NAOMI SUI PANG, taken on September 15, 2026, at 12:30 p.m., remotely via Zoom Videoconference, before Stacy L. Decker, a Certified Court Reporter, taken on behalf of the Defendant.



EXHIBIT 4

how Gaggle worked?
A. Yes.
Q. So as described in Paragraph 4, and I'm obviously paraphrasing, but it seems to me that there are a few different steps in the process. One is that content would be flagged by Gaggle. Two is that it would be reviewed by a Gaggle contractor. And then, three, potentially it would be reviewed by the district. Is that roughly consistent with your understanding of how Gaggle worked?
A. Yes.
Q. All right. I'll ask you some questions about each one of those steps now, again, recognizing that I've kind of paraphrased Paragraph 4. But if we talk about the first step that I identified, which is content being flagged by Gaggle, do you know whether any content that you created was ever flagged by Gaggle?
A. I don't know.
Q. So given that you're not sure whether or not your content was flagged by Gaggle, am I correct to assume that you also don't know whether any Gaggle contractor ever

reviewed content of yours that was flagged?
A. Yes.
Q. And am I also correct to assume that you don't know whether or not any content that you created was ever reviewed by anyone at the district as part of the Gaggle process; is that correct?
A. Yes.
Q. And I should have been more clear when I was asking these questions initially. But I was asking about content which could include, for example, videos or pictures or anything else. But if I ask the same question with regard to any emails, would your answers be the same?
A. Yes.
Q. You cited the example of Opal Morris. Are you aware of any other examples where student content was flagged by Gaggle?
A. Yes.
Q. What other examples can you think of or do you know of?
A. My other friend, Zana Kennedy, who is also a plaintiff on this lawsuit, I remember when she was -- the whole like email

If you could turn to Paragraph 45, do you see where it says, "Students reported that Gaggle flagged email communications accessed via personal devices?

A. Yes.

Q. Do you contend that Gaggle ever monitored your personal email account?

A. Can you ask the question one more time.

Q. Do you know -- do you contend that Gaggle ever monitored your personal email account?

A. No.

Q. And so am I correct that the allegation in Paragraph 45, that Gaggle flagged email communications accessed via personal devices, would only pertain to the school's email accounts; is that correct?

A. Yes.

Q. So, in other words, you testified that sometimes you would have both your personal Gmail account and your school Gmail account logged into your personal cell phone. And so I believe I understand the plaintiffs are alleging that, if they were using student