ATTACHMENT 2

# PROPOSED ORDER IN LIMINE

**The following will be excluded at trial:**

1. Privileged communications.

The intent or understanding of any parties' counsel, and the content of any attorney-client privileged or confidential communications, or lack thereof. FED. R. EVID. 501. Counsel shall refrain from asking questions that may tend to require an attorney or witness to divulge a client confidential or privileged communication, or which may tend to require an attorney or witness to have to object to answering on such grounds. FED. R. EVID. 403.

2. Questions about trial preparation.

Questions about how counsel prepared witnesses who they represent for their trial testimony.

3. References to the filing of a motion in limine.

Reference to the filing of any Motion in Limine by any party because such references are inherently prejudicial in that they suggest or infer that a party sought to prohibit proof or that the Court has excluded proof of matters damaging to a party's case. FED. R. EVID. 401-403.

4. Exclusion of evidence.

Any reference in any manner by counsel or any witness that suggests, by argument or otherwise, that a party sought to exclude from evidence or proof any matters bearing on the issues in this cause or the rights of the parties to this suit. FED. R. EVID. 401-403.

5. Statement of any venire person.

After the close of voir dire, reference to the statement of any venire person. FED. R. EVID. 401-403.

6. Questioning attorneys.

Any question by a witness, in front of the jury, directed to the adverse party's counsel. FED. R. EVID. 401-403.

7. Probable testimony of unavailable witnesses who will not be called by deposition.

That the probable testimony of a witness, who is absent, unavailable or not called to testify in the cause would be of a certain nature. FED. R. EVID.401-403.

8. Any reference to any exhibit not being offered by any party.

Any reference to any exhibit not being offered by any party. FED. R. EVID. 401-403.

9. Pretrial motions or matters.

Any pretrial motions or matters, specifically including but not limited to summary judgment motions and the Court's rulings on such motions. FED. R. EVID. 401-403.

10. Attorney's objections.

In reading or playing videotaped depositions, any attorney's objections, comments, side bars, or responses to objections. FED. R. EVID. 401-403.

11. Settlements and settlement discussions.

Settlements entered into or discussed with any party, including a party to this lawsuit or to any other action and proceeding, as well as any and all statements made by any party in the settlement discussions during the course of those discussions. FED. R. EVID. 408.

12. Refusing to stipulate to any matter.

Any reference to the fact that counsel for any party may have declined or refused to stipulate to any matter. FED. R. EVID. 401-403.

13. References to anyone sitting in the courtroom.

Any reference to anyone sitting in this courtroom other than witnesses, counsel, the party's corporate representatives, or Court personnel. FED. R. EVID. 401-403.

14. Reference to other suits.

Any reference, comment, or statement by counsel, or by any witness called to testify, regarding any other suit, litigation, arbitration, or other legal or administrative proceeding.

15. Alternative pleadings, theories, and requests for relief.

Any reference, comment, or statement by counsel, or any witness called to testify, regarding the fact that one party or the other may have had alternative pleadings, other theories of liability, or other requests for relief in this lawsuit than those contained in the latest pleading.

16. Opinions not disclosed in expert report.

Eliciting any opinion from an expert that is not contained in that expert's written report.

17. Location or size of any law firm.

Any suggestion as to where a particular lawyer or firm is from or how big it is.

18. The Wealth, Religious or Political Beliefs or Sexual Preferences of any party

Any reference to the wealth, religious or political beliefs or sexual preferences of any party.