**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JACK TELL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LAWRENCE USD 497,<br><br>Defendant. | Case No. 2:25-cv-02428-KHV-GEB |

# DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' CLAIMS FOR COMPENSATORY DAMAGES FROM THE PRETRIAL ORDER

Defendant Lawrence USD 497 ("Defendant" or the "District") respectfully moves pursuant to Fed. R. Civ. P. 37(c)(1) to strike Plaintiffs' claims for compensatory damages from the Pretrial Order.

## INTRODUCTION

Plaintiffs served their Initial Disclosures on June 8, 2026, stating they sought "declaratory and injunctive relief and nominal damages," but no other relief. They stated: "Plaintiffs will supplement under Rule 26(e) if they later seek any additional monetary relief."

The initial three Plaintiffs Defendant deposed – Salisbury, Torkzaban and Farthing – confirmed, consistent with Plaintiffs' initial disclosures, that they did not seek compensatory damages. Then came Jack Tell. After initially testifying consistent with the other Plaintiffs, following a break, Jack clarified he sought compensatory damages of up to One Billion Dollars. Subsequent Plaintiff testimony varied widely, and then on October 23, 2026, Plaintiff Phoebe Morris testified Plaintiffs decided they would seek $10,000 in compensatory damages each.

During all this time, Plaintiffs never supplemented their initial disclosures to disclose "additional monetary relief" they would seek beyond nominal damages. The September 9, 2026 deadline for Plaintiffs to supplement their disclosures came and went, but then Plaintiffs included claims for compensatory damages in the draft Pretrial Order. Plaintiffs then served supplemental initial disclosures, including claims for compensatory damages for the first time, on October 29, 2026, after the close of discovery, ten minutes before the Pretrial Conference.

Plaintiffs unquestionably violated Rule 26 by failing to supplement their Initial Disclosures to disclose compensatory damages. The question is the appropriate remedy.

There is a fundamental difference between a case in which plaintiffs allege civil rights violations and seek only nominal damages and injunctive relief, versus one in which plaintiffs seek that same relief, and also upwards of One Billion Dollars in compensatory damages. Plaintiffs' failure to disclose compensatory damages under Rule 26 materially prejudiced Defendant: (1) Plaintiffs' failure to disclose, combined with wildly disparate deposition testimony about the relief each Plaintiff sought, deprived Defendant of mandatory Rule 26 information necessary to ascertain the scope of and basis for Plaintiffs' damages; (2) the failure deprived Defendant of information necessary to make strategic litigation decisions; (3) mediation was impeded; and (4) Defendant detrimentally relied on Plaintiffs' disclosures in not seeking further discovery, or relief under Rule 37(a).

A party facing sanctions under Rule 37(c) has a burden to show the failure to disclose was either substantially justified or harmless. Neither is true here, so Plaintiffs' claim for compensatory damages should be stricken from the Pretrial Order.

## FACTUAL AND PROCEDURAL HISTORY

As set forth in the Grant Declaration (**Exhibit 1**), Section 2.a of the Scheduling Order provides supplemental disclosures must be served 40 days before the deadline to complete

discovery, and "[w]itness or other information included in a party's final Fed. R. Civ. P. 26(a)(3) disclosures that did not previously appear in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto presumptively will be excluded from evidence under Fed. R. Civ. P. 37(c)(1)." (**Ex. 2**.) The initial close of discovery was September 11, 2026. (*Id.*)

Plaintiffs' First Amended Complaint filed November 17, 2025, and their Second Amended Complaint filed July 10, 2026, both contain requests for compensatory damages. (Grant Dec. ¶¶ 3, 6, Exs. 3, 6.) But Plaintiffs' Initial Disclosures served June 8, 2026, did not disclose any claim for compensatory damages; Plaintiffs disclosed only declaratory and injunctive relief, and nominal damages. (**Ex. 4**.)

The first three Plaintiffs deposed were Salisbury, Torkzaban and Farthing. They all testified they did not seek compensatory damages. (**Exs. 8-10**.) So did Plaintiff Jack Tell, at least initially, but then following a break in his deposition during which he presumably discussed his testimony with counsel, he clarified that he sought compensatory damages up to One Billion Dollars. (**Ex. 11**.) Remaining Plaintiff depositions only confirmed, if anything, a lack of consistency in the relief Plaintiffs sought. To summarize:

| **Plaintiff** | **Deposition Date** | **Damages Sought** | **Exhibit** |
|---|---|---|---|
| Morgan Salisbury | 8/18/2026 | Nominal damages. | 8 |
| Natasha Torkzaban | 8/19/2026 | Nominal damages. | 9 |
| Henry Farthing | 8/21/2026 | Confirmed he did not "really want money from this." | 10 |
| Jack Tell | 8/24/2026 | Compensatory damages up to One Billion Dollars. | 11 |
| H.C. | 9/8/2026 | Nominal and compensatory damages. | 12 |
| Naomi Pang | 9/15/2026 | Inconsistent, but testified she would not ask the jury to award her money. | 13 |

| | | | |
|---|---|---|---|
| Ashlyn Tell | 9/17/2026 | Compensatory damages, including emotional distress damages, up to One Billion Dollars. | 14 |
| Zana Kennedy | 9/18/2026 | Emotional distress damages. | 15 |
| E.B. | 10/1/2026 | Compensatory damages. | 16 |
| Phoebe Morris | 10/6/2026 | Does not appear to seek compensatory damages. | 17 |
| Opal Morris | 10/23/2026 | Plaintiffs decided they would seek $10,000 each in damages. | 18 |

Plaintiffs' interrogatory responses identified damages such as mental anguish and emotional distress, but Plaintiffs did not disclose a particular amount sought. (Grant Dec., ¶ 9, Ex. 19.) Plaintiffs' written responses to Defendant's requests for production stated they would produce documents regarding damages in their possession, but no Plaintiff identified or produced any documents specific to damages. (Grant Dec., ¶¶ 10-11, Ex. 20.)

The close of discovery was extended to October 12, 2026. (Grant Dec., ¶ 7, Ex. 12.) Without having amended their Initial Disclosures, Plaintiffs submitted a draft Pretrial Order including a request for compensatory damages. About ten minutes before the Pretrial Conference, Plaintiffs served "supplemental initial disclosures regarding damages" on October 29, 2026, disclosing that Plaintiffs would seek compensatory damages, such as emotional distress, and identifying "supporting evidence" specific to each Plaintiff. (Grant Dec., ¶ 12, Ex. 21.) The Pretrial conference then proceeded on October 29. (Grant Dec. ¶ 13.) Defendant objected to Plaintiffs' inclusion of a request for compensatory damages (Grant Dec. ¶ 13), but the entered Pretrial Order retains that request for relief. (Ex. 22.)

## ARGUMENT

### A. Legal Standard.

"Rule 26(a)(1)(A) requires that 'a party must, without awaiting a discovery request, provide to the other parties certain categories of information about witnesses and documents

that a party may use to support its claims or defenses in a lawsuit, as well as information about the damages claimed by the disclosing party." *Walker v. Corizon Health, Inc.,* No. 17-2601-DDC-KGG, 2022 WL 1062262, at *3 (D. Kan. Apr. 8, 2022) (citing Fed. R. Civ. P. 26(a)(1)(A)). For damages claims, Rule 26(a)(1) requires the disclosure of: "a computation of each category of damages claimed by the disclosing party ..." *Id.*, citing Fed. R. Civ. P. 26(a)(1)(A)(iii).

Disclosing damages in the Complaint or discovery responses does not satisfy a party's Rule 26 disclosure obligations. *Id.* at *5 ("[P]laintiffs' reliance on the Complaint's allegations and an interrogatory response to provide notice of their punitive damages claim concedes—in effect—that they never included a punitive damages claim in their Rule 26 disclosures or supplemented their Rule 26 disclosures to include a punitive damages claim. So, the court finds, plaintiffs failed to comply with their obligations to disclose the punitive damages claim under Rule 26(a)(1)(A)(iii).").

**B. Plaintiffs Violated Rule 26**.

1. Plaintiffs violated Rule 26 by failing to timely disclose compensatory damages.

The Scheduling Order provides Rule 26 disclosures must be supplemented within forty days of the close of discovery. (Ex. 2.) The initial close of discovery was September 11, 2026. The close of discovery was then extended to October 12, 2026 (Ex. 7), making the deadline September 2, 2026. Plaintiffs did not supplement their initial disclosures to disclose compensatory damages until October 29, 2026 (Grant Dec. ¶¶ 12-13, Ex. 21), on the eve of the Pretrial Conference, almost two months after the deadline, and over two weeks after discovery was closed.

2. Plaintiffs' supplemental disclosures are deficient because they fail to compute damages.[1]

Defendant acknowledges that where a party claims civil rights violations, the party is not necessarily required to compute its damages, and may make an open request to the jury – provided the party has disclosed it seeks damages. *See Walker*, 2022 WL 1062262 at *7 ("[W]hen, as here, a plaintiff elects not to disclose a computation of non-economic damages during discovery, courts typically preclude the plaintiff from suggesting *any* amount of non-economic damages to the jury at any point or manner during the trial." (citation modified)); *Montoya v. Retiree Health Care Auth.*, 2019 WL 2718689, at *6-*7 (D.N.M. June 7, 2019) .

Here, however, Plaintiffs were able to, and did, compute their compensatory damages. After multiple Plaintiffs equivocated and stated they sought anything from zero to One Billion Dollars each, Opal Morris announced during her deposition on October 23, 2026, that the Plaintiffs had decided, collectively, they would seek $10,000 each. (Grant Dec., ¶ 8, Ex. 16.) Even this amount was not included in Plaintiffs' supplemental initial disclosures concerning damages. (Ex. 21.) In this case, where Plaintiffs were able to, and in fact did compute their compensatory damages, Plaintiffs' failure to disclose them violated Rule 26.

**C. The Court Should Strike Plaintiffs' Claims for Compensatory Damages from the Pretrial Order.**

The Scheduling Order presumes that matters not timely disclosed will be excluded pursuant to Rule 37(c)(1). (Ex. 2.) Plaintiffs cannot overcome that presumption, so their claims for compensatory damages should be struck from the Pretrial Order.

[1] Defendant also contends that Plaintiffs improperly failed to disclose the amount of attorneys' fees they seek. Because Plaintiffs' entitlement to recover attorneys' fees at all is heavily dependent on whether, and the extent to which Plaintiffs ultimately obtain relief, Defendant does not move to strike Plaintiffs' claim for attorneys' fees from the Pretrial Order at this time, but preserves its right to do so following trial.

In deciding which sanction to impose for a violation of Rule 26, the Court applies Rule 26(a) in line with its purpose:

> Any critique of a party's initial disclosures must also take into consideration the objectives underlying Rule 26(a)(1). The mandatory disclosure requirements under Rule 26(a)(1) are designed to accelerate the exchange of basic information, help focus the discovery that is needed, facilitate preparation for trial or settlement, and eliminate surprise. The purpose of discovery and initial disclosures is to avoid one side ambushing the other, and the litigants should not indulge in gamesmanship with respect to their disclosure obligations. The Rule 26 disclosure requirements should be applied with common sense in light of the principles of Rule 1, keeping in mind the salutary purposes that the rule is intended to accomplish.

*Digital Ally, Inc. v. Z3 Tech., LLC*, 2012 WL 2402771, at * 2 (D. Kan. June 26, 2012), (quotation and footnotes omitted), *see also Walker,* 2022 WL 1062262 at *4 (same). "[T]he party facing sanctions under Rule 37(c)(1) bears the burden to show that the failure to disclose was substantially justified or harmless." *Walker,* 2022 WL 1062262 at *7.

Plaintiffs' failure to disclose compensatory damages under Rule 26 has prejudiced Defendant, so the proper sanction is to strike those damages from the Pretrial Order. *See Walker,* 2022 WL 1062262, at *5-7 (striking claims for punitive damages and compensatory damages from the pretrial order).

1. <u>The Plaintiffs' inconsistent testimony and pleadings meaningfully deprived Defendant of the benefit of disclosure of the categories of damages Plaintiffs would seek at trial.</u>

Plaintiffs' First and Second Amended Complaints seek a variety of relief. Plaintiffs consistently disclosed that they would seek nominal damages, declaratory relief and an injunction. None of these claims, however, entails the possibility of money damages, beyond nominal damages, against the District.

While the First and Second Amended Complaints reference compensatory damages, Plaintiffs' initial disclosures did not delineate those damages, and Plaintiffs themselves gave wildly conflicting testimony about the nature and extent of damages they were seeking. Some

Plaintiffs confirmed, consistent with Plaintiffs' initial disclosures, that they do not seek compensatory damages. Defendant elicited some of this testimony – from Naomi Pang and Phoebe Morris – even after Jack Tell revised his testimony (after conferring with counsel), and stated for the first time that he sought compensatory damages up to One Billion Dollars.

Defendant does not fault Plaintiffs themselves for failing to know the difference or distinguish between nominal and compensatory damages. But it is precisely in a case such as this – where numerous Plaintiffs seek a variety of relief that may or may not be compensable monetarily, and as to which an award beyond nominal damages may or may not be appropriate or even sought – that Defendant is entitled to disclosure, *under Rule 26*, about what damages Plaintiffs will seek at trial. Disclosing categories of damages in the Complaint or in discovery responses is insufficient. *Walker,* 2022 WL 1062262 at *5.

Plaintiffs implicitly acknowledged their failure to disclose compensatory damages when they served supplemental initial disclosures on October 29, 2026, after the close of discovery. That disclosure in no way cures Plaintiffs' prior failure to disclose and was insufficient to "accelerate the exchange of basic information, help focus the discovery that is needed, facilitate preparation for trial or settlement, and eliminate surprise." *Digital Ally,* 2012 WL 2402771, at *2.

This is not a case involving something like a personal injury, where the nature of the damages sought may be obvious or inferable. And it is not one in which Defendant complains about Plaintiffs' failure to disclose some marginal or technical aspect of damages. Rather, it is a case involving eleven plaintiffs, all with varying interests (some have already graduated, while some have not), who failed to disclose an *entire category* of damages under Rule 26. If disclosure of damages under Rule 26 is necessary in any case, it is this case. Plaintiffs' failure to disclose compensatory damages is not harmless.

2. Plaintiffs' failure to disclose damages prejudiced Defendant's ability to make strategic decisions about its defense.

The District is a public entity with limited insurance. Its insurance is also publicly-funded through the Kansas Educational Risk Management Pool. The District must make decisions, in consultation with its insurer, about how aggressively to staff the case, how much written discovery to pursue, how many depositions to take, whether to retain experts, and how to staff trial preparation—to name a few—that guide litigation strategy *from its outset*.

If Plaintiffs' initial disclosures are accurate, and Plaintiffs seek only declaratory and injunctive relief along with nominal damages, that represents a fundamentally different decision calculus than a case in which each of eleven plaintiffs request up to One Billion Dollars in damages. Defendant, in conjunction with its counsel, can of course make decisions about the Plaintiffs' likely recovery, if they seek – and disclose – compensatory damages. But a case in which Plaintiffs seek compensatory damages, versus one in which they do not, is a fundamentally different case. Defendant was entitled to know what damages Plaintiffs sought. Plaintiffs' failure to disclose that information prejudiced Defendant.

3. Plaintiffs' failure to disclose damages impeded Defendant's ability to mediate.

The Court ordered the parties to mediate (Grant Dec., ¶ 15, Ex. 23), and mediation occurred on October 26, 2026; the case did not settle. (Grant Dec., ¶ 15.) Plaintiffs were ordered to mediation with a public entity insured by a publicly-funded insurance pool. As with litigation generally, mediating a case involving requests for injunctive relief and nominal damages only is fundamentally different from mediating a case involving requests for injunctive relief, nominal damages, and compensatory damages. Although disclosure of damages would not have guaranteed settlement, from Defendant's perspective, Plaintiffs' failure to disclose their damages and Defendant's resulting inability to obtain authority in advance from its insurer (Grant Dec. ¶ 15) materially impeded mediation.

4. Defendant detrimentally relied on Plaintiffs' disclosures in conducting discovery.

In their supplemental disclosures on damages, Plaintiffs broadly disclose "proven emotional distress" damages. (Ex. 21 at 2.) As described in the Grant Declaration, at least two Plaintiffs have previously sought treatment for mental health issues. Defendant requested documents from Plaintiffs related to their damages, and while Plaintiffs claimed they would produce documents in their possession, not a single one identified specific documents related to damages.

Faced with allegations in the Second Amended Complaint referencing compensatory damages, Plaintiff testimony about preexisting mental health issues and treatment they sought, Plaintiffs' discovery responses promising the production of documents supporting their damages, but Plaintiffs' seeming failure to produce any documents, Defendant had two options. One, Defendant could seek relief under Rule 37(a), or two, Defendant could rely on Plaintiffs' disclosure of damages identified in their Initial Disclosures. Defendant reasonably chose the latter course.

Plaintiffs are represented by a sophisticated law firm, whose attorneys Defendant reasonably presumes to know and understand their Rule 26 obligations. It was not incumbent upon Defendant to remind Plaintiffs of their disclosure obligations; rather, it was incumbent upon Plaintiffs' counsel to timely supplement their initial disclosures, as Plaintiffs confirmed they would do when they stated in their Initial Disclosures on June 8: "Plaintiffs will supplement under Rule 26(e) if they later seek any additional monetary relief." (Ex. 4.) If Plaintiffs are permitted to proceed to trial and claim compensatory damages and emotional distress, they will have deprived Defendant of its ability to take further discovery on those issues, among others, to Defendant's detriment.

**CONCLUSION**

Defendant respectfully requests the Court strike Plaintiffs' request for compensatory damages from Section 5.a of the Pretrial Order, pursuant to Rule 37(c).

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH, LLP

By: /s/ *Cameron E. Grant*

Cameron E. Grant, KS No. 28388
Melika Harris, KS No. 30908
Andrew Gnefkow, KS. No. 79266
4600 Madison Ave., Suite 700
Kansas City, MO 64112
Telephone: (816)299-4255
Facsimile: (816)299-4245
Cameron.Grant@lewisbrisbois.com
Melika.Harris@lewisbrisbois.com
Andrew.Gnefkow@lewisbrisbois.com

*Counsel for Defendant*