UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JACK TELL; NATASHA TORKZABAN; MORGAN SALISBURY; OPAL MORRIS; HENRY FARTHING; SUZANA KENNEDY; NAOMI SUI PANG; ASHLYN TELL; and PHOEBE MORRIS,<br><br>Plaintiffs,<br><br>v.<br><br>LAWRENCE USD 497, a political subdivision of the State of Kansas,<br><br>Defendant. | ) | Case No.: 25-2428-KHV-GEB |

**SCHEDULING ORDER**

On June 1, 2026, the undersigned U.S. Magistrate Judge, Gwynne E. Birzer, conducted a scheduling conference in accordance with Fed. R. Civ. P. 16. Plaintiffs Jack Tell, Natasha Torkzaban, Morgan Salisbury, Opal Morris, Henry Farthing, Suzana Kennedy, Naomi Sui Pang, Ashlyn Tell, and Phoebe Morris appeared through counsel Mark Johnson, Harrison Rosenthal, and Jacob Margolies of Dentons US LLP, by videoconference. Defendant Lawrence USD 497 appeared through counsel Andrew Gnefkow of Lewis Brisbois Bisgaard & Smith LLP, by videoconference.

Following is a brief summary of the nature of the case:

> This is a civil rights action brought by current and former students of the Lawrence, Kansas public school district, challenging the district's use of AI-powered surveillance programs—specifically Gaggle and ManagedMethods—to conduct argumentative monitoring, scanning, flagging, quarantine, and deletion of student digital content housed on district-provided Google accounts. The court's subject-matter

jurisdiction is predicated on federal-question jurisdiction under 28 U.S.C. § 1331. Plaintiffs assert claims for relief under 42 U.S.C. § 1983, alleging violations of the First Amendment (freedom of speech and press, including prior restraint and retaliation against student journalists), the Fourth Amendment (unreasonable search and seizure through suspicionless AI surveillance), and the Fourteenth Amendment (vagueness and overbreadth of the district's policies). The Court has granted judgment on the pleadings as to liability on Plaintiffs' KORA claims (Counts Ten, Eleven, and Twelve). Defendant denies the claims. Defendant's primary defenses include: (1) mootness and lack of standing (arguing that graduated plaintiffs cannot seek prospective relief and that certain claims are moot); (2) that searches were reasonable under the "special needs" doctrine applicable to public schools, were justified at inception, were consented to via the student handbook, or involved materials in plain/open view on district-owned platforms; and (3) the applicable statutes of limitations.

After consultation with the parties, the court enters this scheduling order, summarized in the following table:

**1. Alternative Dispute Resolution (ADR).**

The parties discussed ADR during the scheduling conference. Given the nature of the claims, the parties' positions, and the procedural posture of the case, the parties do not believe that alternative dispute resolution is workable in this case. The court will further address ADR at the pretrial conference.

**2. Discovery.**

**a.** The parties have served Fed. R. Civ. P. 26(a)(1) initial disclosures regarding witnesses, exhibits, damage computations, and insurance coverage. To facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without the need for formal requests for production, copies of the documents described in the parties'

Rule 26(a)(1) disclosures shall be exchanged by **June 8, 2026**. Supplementations of initial disclosures must be served at such times and under such circumstances as required by Fed. R. Civ. P. 26(e). In addition, such supplemental disclosures must be served 40 days before the deadline to complete discovery, to identify all witnesses and exhibits that probably will be or even might be used at trial so that the opposing party can decide whether to take a particular deposition or pursue follow-up written discovery before the time allowed for discovery expires. Witnesses or other information included in a party's final Fed. R. Civ. P. 26(a)(3) disclosures that did not previously appear in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto presumptively will be excluded from evidence under Fed. R. Civ. P. 37(c)(1).

**b.** All discovery must be commenced or served in time to be completed by **September 11, 2026**. The parties agree that all written discovery shall be answered within twenty (20) days of service, without regard to the customary response times for such discovery.

**c.** The parties agree that principles of comparative fault do not apply.

**d.** The parties agree that, in light of the expedited discovery schedule ordered by the court in this case, no party shall make use of expert witnesses.

**e.** The parties agree that physical or mental examinations pursuant to Fed. R. Civ. P. 35 are not appropriate in this case.

**f.** The court considered the following discovery problem(s) raised by one or more of the parties: None.

**g.** Consistent with the parties' agreement, electronically stored information (ESI) in this case will be handled as follows:

> ESI discovery shall include, as relevant and non-privileged: (i) Google Workspace data relevant to the claims and defenses, including account-level audit logs, responsive documents, and data concerning scanning, flagging, quarantine, deletion, access, review, and export activity; (ii) Gaggle and ManagedMethods records, including flagged content, quarantined materials, alert logs, configuration settings, and audit/activity logs; (iii) vendor communications between Defendant and Gaggle, ManagedMethods, or other surveillance software providers; (iv) district policy documents, handbooks, and training materials concerning student technology use and digital surveillance; and (v) relevant emails, texts, attachments, and associated metadata. ESI shall be produced in native format where reasonably accessible, or in searchable PDF with load files for email, including metadata fields for date, sender, recipient, and subject. The parties shall meet and confer in good faith to agree upon search terms and custodians. If the parties cannot agree, they shall submit competing proposals to the Court by June 30, 2026. Both parties shall preserve all ESI relevant to the claims and defenses in this action, including any materials subject to automatic deletion, in accordance with their litigation hold obligations.

**h.** Consistent with the parties' agreement, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows:

> The parties agree that the protections of Fed. R. Evid. 502(d) shall apply to this litigation. Production of privileged or work-product protected documents, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection in this action or in any other federal or state proceeding. Upon notice of such production, the receiving party shall promptly return, sequester, or destroy all copies of the specified documents and may not use or disclose them until the claim is resolved. The parties may also include clawback provisions in any agreed protective order submitted to the Court. If the parties cannot agree on privilege/clawback procedures, they shall submit the

dispute to the Court at the same time as the protective order motion deadline of June 5, 2026.

**i.** To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the court adopts as its order the following procedures agreed to by the parties and counsel: None.

**j.** No more than ten (10) depositions may be taken by Plaintiffs, and no more than ten (10) depositions may be taken by Defendant. Each deposition must be limited to seven (7) hours. Deposition notices may provide for depositions as soon as five (5) business days after service. All depositions will be governed by the written guidelines on the court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/depoguidelines.pdf*

**k.** If the parties agree on the need for, scope, and form of such a protective order, they must confer and then submit a jointly proposed protective order by **June 5, 2026**. This proposed protective order should be drafted in compliance with the guidelines available on the court's website and must include a concise but sufficiently specific recitation of particular facts that provide the court with an adequate basis upon which to make the required good cause finding pursuant to Fed. R. Civ. P. 26(c). Given the nature of this case, the protective order should address: (a) confidential education records and student information protected under FERPA, 20 U.S.C. § 1232g; (b) information identifying minor students; (c) proprietary vendor/platform information from Gaggle, ManagedMethods, or other third parties; and (d) KORA-produced documents, including whether any party contends that specific documents require protection notwithstanding

their production under KORA. A pre-approved form protective order is available on the court's website:

https://ksd.uscourts.gov/file/919

If the parties disagree on the need for, scope, and/or form of a protective order, the party or parties seeking such an order must file an appropriate motion and supporting memorandum, with the proposed protective order attached, by **June 12, 2026**.

**l.** The parties consent to electronic service of disclosures and discovery requests and responses. *See* Fed. R. Civ. P. 5(b).

**m.** The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1. Accordingly, the parties and counsel are reminded of their important obligations under Fed. R. Civ. P. 26(g) in certifying discovery disclosures, requests, responses, and objections and that the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" if the certification violates Rule 26(g) (e.g., overbroad discovery requests, boilerplate objections, etc.) without substantial justification.

**3. Motions**

**a.** Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed on or before **June 26, 2026**. To the extent an agreed Amended Complaint can be filed in time to permit Defendants to file a responsive pleading by June 26, 2026, that is the court's preference.

**b.** All potentially dispositive motions (e.g., motions for summary judgment), must be filed **no later than 5:00 p.m. November 2, 2026**, responses thereto **no later than 5:00 p.m. November 16, 2026**, and replies to responses **no later than 5:00 p.m. November 23, 2026**.

**c.** Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute. The parties should follow the summary-judgment guidelines available on the court's website:

District of Kansas Guidelines | District of Kansas | United States District Court

**d.** Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the court to arrange a telephone conference with the judge and opposing counsel. The email request, preferably in a joint submission, must include a brief, nonargumentative statement of the nature of the dispute; the estimated amount of time needed for the conference, and suggested dates and times; and any preference for conducting the conference in person or by phone. The court will typically grant the request and contact the parties to arrange the conference within a few days. The court will inform the parties whether any additional

information should be submitted or filed in advance of this conference. Unless otherwise requested by the court, no disputed discovery-related motion, material, or argument should be filed or submitted prior this telephone conference. *See* D. Kan. Rule 37.1(a).

**For purposes of complying with the "meet and confer" requirements, the Court construes the term "confer" to require more than mere email communication. The parties, in person and/or through counsel, shall have verbal communications with each other; that is, they must first actually *talk* with each other about their discovery disputes, and then contact the Court for a discovery conference, before filing a motion to compel or similarly related discovery motion.**

**e.** To avoid unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(c).

**f.** Page limitations for principal briefs, responses and replies must comply with D. Kan. Rule 7.1.

**4. Pretrial Conference, Trial, and Other Matters.**

**a.** A status conference prior to the pretrial conference is not requested.

**b.** Pursuant to Fed. R. Civ. P. 16(a), a pretrial conference is scheduled for **September 30, 2026 at 1:30 p.m. via Zoom**. Attorneys wishing to appear by videoconference may request permission to do so by sending an e-mail to chambers 7 days before the conference; however, the judge may require all parties to appear in person if the pretrial order is not in the appropriate format or other problems require counsel to appear

in person. No later than **September 23, 2026**, defense counsel must submit the parties' proposed pretrial order in Word format as an attachment to an e-mail sent to ksd_birzer_chambers@ksd.uscourts.gov. The proposed pretrial order must not be filed with the clerk's office. It must be in the form available on the court's website:

Pretrial-Order-GEB.docx

**c.** The parties expect the jury trial of this case to take approximately 8–10 trial days. This case is set for trial beginning on **January 4, 2027 at 9:00 a.m.** in Kansas City, Kansas. Unless otherwise ordered, this is not a "special" or "No. 1" trial setting. Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin. The trial setting may be changed only by order of the judge presiding over the trial.

**d.** If at any time the parties wish to consent to trial by a U.S. Magistrate Judge, they must email the Clerk's Office their signed form, "Consent and Reference of a Civil Action to a Magistrate Judge" available on the court's website at:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

**e.** This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated June 2, 2026, at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge

Case 2:25-cv-02428-KHV Document 24 Filed 01/13/26 Page 10 of 10

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Jointly proposed protective order submitted to court | **June 5, 2026** |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | **June 12, 2026** |
| Produce documents identified in the parties Rule 26(a) disclosures | **June 8, 2026** |
| Motions to amend | **June 26, 2026** |
| Mediation completed | **Discuss at Pretrial Conference** |
| ADR report filed by Defendant | **14 days after mediation, if applicable** |
| Supplementation of initial disclosures | **40 days before the deadline for completing all discovery** |
| All discovery completed | **September 11, 2026** |
| Proposed pretrial order due | **September 23, 2026** |
| Pretrial conference | **September 30, 2026 at 1:30 p.m. via Zoom** |
| Potentially dispositive motions (e.g., summary judgment) | **November 2, 2026 no later than 5:00 p.m.** **Responses thereto, no later than 5:00 p.m. November 16, 2026.** **Replies to responses no later than 5:00 p.m. November 23, 2026.** |
| Trial @ Kansas City, Kansas; ETT: 8-10 days | **January 4, 2027 at 9:00 a.m.** |