IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| JACK TELL; NATASHA TORKZABAN; MORGAN SALISBURY; OPAL MORRIS; HENRY FARTHING; SUZANA KENNEDY; NAOMI SUIPANG; ASHLYN TELL, PHOEBE MORRIS, E.B. a minor, by and through his parent and next friend CATHERINE P. BATZA, PH.D.; and H.C., a minor, by and through his parents and next friends DANIELLE BRUNIN and ERIK CHANEY, | ) | No. 2:25-cv-02428-KHV-GEB |
| Plaintiffs, | ) | |
| v. | ) | |
| LAWRENCE USD 497, a political subdivision of the State of Kansas, | ) | |
| Defendant. | ) | |

DEPOSITION OF E.B., a Witness, taken on behalf of the Defendant before Jane A. Blackerby, CSR #1369, CCR #877, pursuant to Notice on the 1st day of October, 2026, at the offices of Lewis Brisbois Bisgaard & Smith, LLP, 4600 Madison Avenue, Suite 700, Kansas City, Missouri.

Page 102

Q. Okay. Beyond the possible, and sorry if these questions are going to seem repetitive, but you know, you provided testimony in response to other questions but then specifically with regard to Paragraph 4, and now, with me, having pointed you to that paragraph and have an understanding of how the process works as alleged by the Plaintiffs, setting aside the possible NATO example, are you aware of any content of yours that was ever flagged?
A. I am not.
Q. And so then am I correct to infer or assume that you're therefore not aware of any other example of any examples of where a contractor identified your content as suspect?
A. That is correct.
Q. And you're not aware of a District official having reviewed your content?
A. That is also correct.
Q. And beyond the example of NATO, has any District official ever spoken for you about content that you have created in a way that led you to believe that somebody had reviewed that content?
A. Not off the top of my head, no.

Page 103

MR. GRANT: We can go off the record. Looks like lunch is here.
(Recess.)
Q. (By Mr. Grant) I'll hand you what's previously been marked as Exhibit 67. These are the initial disclosures. I only have a couple of questions about this document.
MR. JOHNSON: I can almost ask them now.
MR. GRANT: Yeah, you could. There's nothing new coming, just so you know.
MR. JOHNSON: And that wouldn't surprise me.
Q. (By Mr. Grant) Did you have any role in preparing this document?
A. I don't believe so.
Q. All right. If you could turn to, I think it's the next to the last page of the document, and it's Section 3. Yes, it is. Regarding computation of damages. And do you see where the fist sentence says, "Plaintiffs presently seek declaratory and injunctive relief and nominal damages for alleged constitutional violations"?
A. Uh-huh.

Page 104

MR. JOHNSON: You need to speak up.
THE WITNESS: Yes, sorry.
Q. (By Mr. Grant) Are you seeking any other damages or relief besides what is stated here?
A. We are seeking all damages.
Q. Which include what?
A. Declaratory, nominal, whatever. I mean, all damages.
Q. So are you seeking damages beyond nominal damages?
MR. JOHNSON: Well, objection. Calls for a legal conclusion, but you can answer.
A. I mean, nominal, compensatory, all those, yeah.
Q. (By Mr. Grant) Is there a specific dollar amount you can tell me you're going to be seeking?
A. No.
Q. Okay. I'll hand you what's been previously marked as Exhibit 5. You can set that document to the side. We're done with that. Have you seen this document before?

Page 105

A. Not to my memory.
Q. I had asked you earlier with regard to the acceptable use policy described in the Complaint whether you or somebody on your behalf had ever signed it, and you said that you didn't remember yourself having signed it or you weren't aware of anybody else having signed it on your behalf. Is that correct?
A. Correct.
Q. Now having this document in front of you does that change your answer at all?
A. Nope.
Q. And if I told you that LHS required an acceptable use policy to be signed by every student as a prerequisite to enrollment each year, would you have any reason to doubt that?
MR. JOHNSON: Objection, calls for speculation, but you can answer.
A. I have no reason to doubt that, no.
Q. (By Mr. Grant) If you look at the first page, the heading on the bottom or there is a heading at the bottom that says students will. Do you see that?
A. Yes.
Q. And the second bullet point says that