**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JACK TELL; NATASHA TORKZABAN; MORGAN SALISBURY; OPAL MORRIS; HENRY FARTHING; SUZANA KENNEDY; NAOMI SUI PANG; ASHLYN TELL; PHOEBE MORRIS; E.B., a minor, by and through his parent and next friend CATHERINE P. BATZA, Ph.D.; and H.C., a minor, by and through his parents and next friends DANIELLE BRUNIN and ERIK CHANEY,

*Plaintiffs*,

v.

LAWRENCE USD 497, a political subdivision of the State of Kansas,

*Defendant*.

Case No. 2:25-cv-02428-KHV-GEB

**PLAINTIFFS' SUPPLEMENTAL INITIAL DISCLOSURES**
**REGARDING DAMAGES**

Under Federal Rules of Civil Procedure 26(a)(1)(A)(iii) and 26(e), Plaintiffs supplement and correct their initial disclosures concerning damages. This disclosure replaces Section III of Plaintiffs' June 8, 2026 initial disclosures and states their current damages requests. Except as expressly supplemented herein, Plaintiffs' other initial disclosures remain in effect.

## I. Claims and categories of damages

Each of the eleven Plaintiffs seeks compensatory damages from Lawrence USD 497 under the Third and Sixth Claims of the Second Amended Complaint, ECF No. 101, for actual injury caused by the alleged Fourth and First Amendment violations, respectively. Each Plaintiff alternatively seeks nominal damages of $1 if a constitutional violation is established without

proof of compensable injury. Plaintiffs seek a single recovery for any injury common to both claims, without duplication.

## II. Computation and basis

The compensatory damages presently sought are unliquidated, non-economic damages for the particular injuries described in Section III below, including proven emotional distress, humiliation, interference with expressive activity, and loss of use of protected materials. The nature, duration, severity, and consequences of each Plaintiff's injury provide the basis for the requested award. Plaintiffs seek compensation for actual consequences of the challenged conduct, rather than an award based on the abstract importance of a constitutional right.

Plaintiffs' claimed non-economic injuries are not susceptible to a precise mathematical calculation. Plaintiffs presently seek an amount that the jury determines will fairly compensate each Plaintiff for the actual injury established by the evidence. Plaintiffs do not presently specify a dollar amount or range for those damages. The absence of a specified amount does not withdraw the compensatory-damages requests or limit Plaintiffs to nominal damages. Any specific amount or range Plaintiffs later intend to request will be disclosed, together with its factual basis, in compliance with Rule 26(e), the Court's orders, and applicable deadlines.

For each Plaintiff, the present computation of claimed economic damages is $0: no lost earnings, medical expenses, tuition loss, or other out-of-pocket loss is presently claimed as compensatory damages. Attorneys' fees, litigation expenses, taxable costs, and interest are addressed separately below. The nominal-damages request is $1 for each Plaintiff, in the alternative described in Section I.

## III. Plaintiff-specific injuries and supporting evidence

**1. Jack Tell.** Jack Tell claims interference with student journalism and the resulting loss of time and expressive opportunities, including the work required to move or recreate journalism materials in the adviser's account to avoid monitoring and restrictions. Supporting evidence includes his August 24, 2026 deposition at 53–56 and 109–113, the journalism materials and meeting records previously produced, and the events alleged in ECF No. 101, paragraphs 119–122.

**2. Natasha Torkzaban.** Natasha Torkzaban claims interference with reporting and communications, disruption of journalism work, and resulting distress, including restrictions affecting her test email, the ensuing meeting, and her use of in-person communications to avoid monitoring. Her deliberately composed test email is not asserted to establish an actual mental-health emergency. Supporting evidence includes her August 19, 2026 deposition at 140–147, the test email and May 3, 2024 meeting recording previously produced, and ECF No. 101, paragraphs 119–122.

**3. Morgan Salisbury.** Morgan Salisbury claims interference with reporting and access to journalism materials, including the loss of access to a collaboratively prepared test document, and the resulting burden on expression. Supporting evidence includes the August 18, 2026 deposition at 6–10, the previously produced journalism meeting records, and ECF No. 101, paragraphs 119–122. The claimed loss of access does not depend on proving that the document was permanently deleted.

**4. Opal Morris.** Opal Morris claims distress, humiliation, embarrassment, and interference with artistic work arising from removal from class, questioning concerning allegedly indecent photographs, review of her portfolio, and restrictions on access to her work. Supporting materials include the events alleged in ECF No. 101, paragraphs 123–164, the photographs and

communications previously produced, and Defendant's responses to Requests for Admission 40, 43, and 44 concerning removal of images from student accounts, the requirement that she explain her photography portfolio, and eventual restoration of the images. Restored access does not eliminate the claimed injury during the restriction.

**5. Henry Farthing.** Henry Farthing claims distress and interference with artistic expression arising from the treatment of photography as inappropriate and restrictions affecting its sharing. Supporting evidence includes the August 21, 2026 deposition at 140–146, the photography materials and related communications previously produced, and ECF No. 101, paragraphs 123–164. The claim does not include an identified lost college opportunity or financial loss.

**6. Suzana Kennedy.** Suzana Kennedy claims anxiety and emotional upset associated with monitoring, restrictions affecting journalistic communications, and interference with journalism. Supporting evidence includes her September 18, 2026 deposition at 87–91 and 105–111; her answers to Interrogatories 3 and 4, marked as Exhibit 137; and the related communications previously produced. The claim concerns consequences attributable to the challenged conduct; it does not attribute all preexisting anxiety to the District or assert Gaggle-related treatment expenses.

**7. Naomi Sui Pang.** Naomi Sui Pang claims a burden on her journalism and video-production work, including self-censorship and concern about uploading protected work after learning of restrictions affecting other students. Supporting evidence includes her September 15, 2026 deposition at 73–77 and her answers to Interrogatories 3 and 4, marked as Exhibit 118. She does not presently identify a particular file of her own that the District edited or permanently deleted.

**8. Ashlyn Tell.** Ashlyn Tell claims anxiety, emotional upset, and interference with journalism arising from the challenged monitoring of her accounts. She also seeks compensation under the Sixth Claim for injury caused by the alleged August 2025 prior restraint on reporting about this lawsuit, including interference with editorial decisions, delayed publication, and resulting fear and emotional distress. She attributes the delay in publishing a story she intended to publish on August 15, 2025, until August 19, 2025, to the instruction communicated to her on August 14 and its continuing effects. Supporting materials include her September 17, 2026 deposition at 9–15, 50–67, and 121–124; her answer to Interrogatory 3, marked as Exhibit 125; the published article marked as Exhibit 122; and the related communications previously produced. The prior-restraint injury is alleged in ECF No. 101, paragraph 327, which the Sixth Claim incorporates. Plaintiffs seek these damages under the Sixth Claim and do not reassert the standalone retaliation claim dismissed in ECF No. 56.

**9. Phoebe Morris.** Phoebe Morris claims interference with protected journalistic research, materials, and communications while using District-managed accounts, and the resulting burden on her expression. The basis presently identified includes her student-journalism activities and the monitoring alleged in ECF No. 101, paragraphs 25, 113, 372, and 393, together with the related journalism materials previously disclosed and her answers to Interrogatories 3, 4, and 8, served September 1, 2026. No specific economic loss is presently claimed.

**10. E.B.** E.B. claims temporary loss of access to a class presentation, which he believes resulted from the monitoring program, and resulting interference with schoolwork and expression. He also claims concern, self-censorship, and changes in research or storage practices after later learning of the monitoring. Supporting evidence includes the October 1, 2026 deposition at 103–115. The account is subject to the corrections stated there to the draft marked

as Exhibit 147: no claim of several deleted essays is advanced, the presentation's precise subject is uncertain, and E.B.'s concern about Gaggle arose after later learning of its use.

**11. H.C.** H.C. claims fear and nervousness when removed from class and taken to the office concerning an email, embarrassment upon returning to classmates, and resulting changes in communications and self-censorship. Supporting evidence includes the September 8, 2026 deposition at 60–62 and 80–81, the answers to Interrogatories 3 and 4 marked as Exhibit 101, and the email and meeting materials previously disclosed.

## IV. Evidentiary materials and witnesses

The deposition transcripts and exhibits, written discovery responses, recordings, communications, and other materials identified above have been exchanged in this action or are available in the court record. Plaintiffs make their nonprivileged supporting materials available for inspection and copying through counsel under Rule 34. The existing witness disclosures include the Plaintiffs and the other identified witnesses with knowledge of the events and their effects; those disclosures remain incorporated. Plaintiffs will identify and make available additional supporting material as required by Rule 26(e).

## V. Other relief and further supplementation

This damages supplement does not alter the declaratory and injunctive relief sought by E.B. and H.C. under the operative complaint, subject to the Court's orders, or Plaintiffs' rights under the KORA declaratory, compliance, and fee rulings in ECF Nos. 56 and 79, including any remaining enforcement or fee proceedings. Plaintiffs also seek reasonable attorneys' fees and recoverable expenses and costs under 42 U.S.C. § 1988, K.S.A. 45-222, and other applicable law, together with prejudgment and postjudgment interest as permitted by law. Those amounts are separate from personal compensatory damages and will be supported by the applicable fee,

cost, and interest submissions. Existing fee and cost awards remain separate. Plaintiffs do not seek punitive damages against Lawrence USD 497.

Plaintiffs will supplement this disclosure in accordance with Rule 26(e) and the Court's orders if materially incomplete or incorrect. Any later proposed dollar amount or range, additional damages category, or calculation will be disclosed with its basis within the applicable deadlines or upon leave of Court. This statement does not extend a deadline or excuse compliance with the pretrial order.

Dated: October 29, 2026

**DENTONS US LLP**

*/s/ Harrison M. Rosenthal*
Mark P. Johnson (Kan. No. 22289)
Harrison M. Rosenthal (Kan. No. 28894)
Jacob S. Margolies (Kan. No. 29470)
Rebecca Hughes Parker* (NY No. 4321287)

4520 Main Street, Suite 1100
Kansas City, Missouri 64111-7700
Telephone: (816) 460-2400
Facsimile: (816) 531-7545
mark.johnson@dentons.com
harrison.rosenthal@dentons.com
jacob.margolies@dentons.com
rebeccahughes.parker@dentons.com
**Admitted Pro Hac Vice*

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on October 29, 2026, Plaintiffs' Supplemental Initial Disclosures Regarding Damages were served by electronic mail on Defendant Lawrence USD 497 through its counsel of record at the email addresses listed below:

Cameron Grant
Andrew J. Gnefkow
Melika Harris
Lewis Brisbois Bisgaard & Smith LLP
4600 Madison Avenue, Suite 700
Kansas City, Missouri 64112
cameron.grant@lewisbrisbois.com
andrew.gnefkow@lewisbrisbois.com
melika.harris@lewisbrisbois.com

*/s/ Harrison M. Rosenthal*
*Counsel for Plaintiffs*