**UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **JACK TELL,** | ) | |
| **NATASHA TORKZABAN,** | ) | |
| **MORGAN SALISBURY,** | ) | |
| **OPAL MORRIS,** | ) | |
| **HENRY FARTHING,** | ) | |
| **SUZANA KENNEDY,** | ) | |
| **NAOMI SUI PANG,** | ) | |
| **DAVE TELL, as father and natural parent of minor A.T.,** | ) | |
| **HANNAH TELL, as mother and natural parent of minor A.T.,** | ) | |
| **MARGARET WEISBROD MORRIS, as mother and natural parent of minor P.M.,** | ) | |
| **JONATHAN MORRIS, as father and natural parent of minor P.M.,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Case No. 25-2428-KHV-GEB** |
| **USD 497 LAWRENCE,** | ) | |
| **Defendant.** | ) | |

**ORDER**

The Court held a discovery hearing in this matter. Plaintiffs appeared through counsel, Harrison Rosenthal and Jacob Margolies. Defendant appeared through counsel, Cameron Grant and Andrew Gnefkow. During the hearing Plaintiffs raised an Oral Motion to Compel (ECF No. 132). The Court and parties additionally discussed the extension of certain deadlines in this matter. The parties' collectively raised a Joint Oral Motion to Amend Scheduling Order (ECF No. 133). Having reviewed the parties' joint position statement, the discovery responses and privilege log at issue, the parties' conferral correspondence, District Judge Vratil's rulings regarding Defendant's KORA production, Defendant's Status Reports Regarding KORA production, and the current deadlines in this matter, additionally having heard arguments of counsel, the Court **GRANTED**

Plaintiffs' Oral Motion to Compel **(ECF No. 132)** and **GRANTED** the parties' Joint Oral Motion to Amend Scheduling Order **(ECF No. 133)**.

## I. Attorneys' Fees Ordered to Compensate Plaintiffs' Counsel for Delayed Arrival of Defendant's Counsel for Hearing

Before addressing the two oral motions, the Court must address the late arrival of Defendant's Counsel. Plaintiffs' counsel, Jacob Margolies, wrote to the undersigned's chambers on Friday, July 24, 2026 requesting a discovery hearing in this matter.[1] Defense counsel Alan Rupe and Andrew Gnefkow were included in the correspondence regarding this request. The undersigned's chambers responded to all counsel the following day, Saturday, July 25, 2026 advising the undersigned was available for a discovery hearing on Tuesday, August 4, 2026 at 12:30 p.m. in Wichita courtroom 326.[2] An Order granting Plaintiffs' Oral Motion for Discovery Hearing and setting the hearing for August 4, 2026 at 12:30 p.m. (ECF No. 115) was entered the same day.

Plaintiffs' counsel arrived in advance of the hearing. As the start time for the hearing passed, the undersigned's chambers began to call Defendant's counsel of record regarding the status of their arrival. Defense counsel were en route from Kansas City but were not expected to arrive for at least another hour. Given the compressed discovery period in this matter and the number of pending discovery disputes, the Court, in its discretion[3] determined the best course was to wait for Defense counsel to arrive and allow the hearing to proceed.

---

[1] July 24, 2026 email saved in Chamber's electronic file.
[2] July 25, 2026 response saved in Chamber's electronic file.
[3] *In re Peterson*, 338 F. App'x 763, 764 (10th Cir. 2009) ("District courts have broad power to manage their dockets, and their exercise of that power is reviewed only for abuse of discretion.")

The discovery hearing commenced as soon as Defense counsel arrived in the courtroom at 1:47 p.m., one hour and 17 minutes or 1.3 hours, after the scheduled start of the hearing. While waiting for the hearing to begin, Plaintiffs' counsel confirmed their hourly rates charged in this matter. At the beginning of the conference, they announced Mr. Rosenthal's rate is $675 per hour and Mr. Margolies' rate is $630 per hour.

The Court understands the very recent changes in lead counsel, appreciates new lead counsel taking responsibility for the late arrival, and accepts the explanation the hearing was simply mis-calendared. Nonetheless, at least one attorney of record had entered his appearance at the time the Order setting the hearing was entered. He, or any counsel who entered their appearance prior to the date of the hearing, could have confirmed the date and time of the hearing insuring Defense counsel would arrive at the scheduled time for the hearing.

On its own motion, the Court orders the law firm of Lewis Brisbois to pay Mr. Rosenthal and Mr. Margolies each for 1.1 hours of their time spent waiting for Defense counsel to arrive so the discovery hearing could commence. The Court trusts counsel will confer regarding the logistics of making the ordered payment.

## II. Plaintiffs' Oral Motion to Compel

Plaintiffs raised seven topics for discussion during the hearing. They include: 1) automatic withdrawal of any KORA confidentiality designations due to Defendant's failure to follow the parties' agreed protocol set out in the Court's Protective Order, production of unredacted documents, and preparation of an amended privilege log; 2) Defendant's failure to provide a written response to Plaintiffs' First Requests for Production served June 23, 2026; 3) unverified and incomplete answers to Plaintiffs' First Set of Interrogatories; 4) deficient answers to Plaintiffs' First Requests for Admissions; 5) production of insurance policies required by Fed. R. Civ. P. 26;

6) identification of documents produced in productions LBOE007 and LBOE008; and 7) number and scheduling of depositions. The Court will address each topic in turn.

**a. Automatic Withdrawal of any KORA Confidentiality Designation for Failure to Follow the Parties' Agreed Protocol, Production of Unredacted Documents, and Preparation of Amended Privilege Log**

The parties added multiple protocols to their agreed Protective Order. One involves the challenge of the designation of any material or document as Confidential Information. Of course, the parties must confer as required by local rule before raising any issue with the Court. However, the parties additionally agreed to a three-day deadline to respond to any written challenge regarding a confidentiality designation. And with regard to the KORA production specifically, if there is a challenged to a confidentiality designation, the designating party: 1) must identify the specific subsection of K.S.A. § 45-221(a) or other legal basis for the designation; and 2) shall have five business days from the date of written objection to request the required pre-motion conference with the Court or the confidentiality designation is automatically withdrawn.

The current dispute is regarding the confidential designations of documents which have redactions or were withheld in full based on K.S.A. § 45-221(a)(30) involving 13,477 entries on Defendant's privilege log. Plaintiffs wrote objecting to the confidentiality designations on July 13, 2026. Pursuant to the parties agreed protocol, Defendant's written response was due on July 16, 2026 and a request for a pre-motion conference was due July 20, 2026. Due to the volume of the documents and privilege log entries at issue, the Court finds the parties' agreed to protocol is not viable in this instance. A span of seven days was insufficient for Defendant to: 1) make a substantive response regarding 13,477 log entries; 2) meaningfully confer with Plaintiff in the spirit of the local rules; and 3) reach out to the Court to request a pre-motion conference. As such, the Court declines to find the 13,477 confidentiality designations withdrawn. However, Defendant

will not be permitted the requested weeks to re-review and re-produce the documents and privilege log.

The parties have agreed to the removal of certain redactions from the KORA production since their agreed Protective Order is now entered. Defendant shall produce the documents removing the agreed to redactions no later than **close of business August 7, 2026**. It is the Court's hope that the production of the unredacted documents will greatly reduce the size of the required privilege log. However, the Court understands documents may still need to be logged for attorney-client privilege, work product protection, FERPA issues, and even some remaining KORA issues. An amended privilege log which complies with the caselaw in this District[4] must be served by **August 14, 2026**. Defendants should be on notice that the Court will not consider a privilege log which only includes the language of K.S.A. 45-221(30) as the description or basis for every KORA privileged document withheld or redacted as complying with the relevant caselaw. The privilege log must provide sufficient information for Plaintiffs to determine whether they need to challenge any asserted privilege.

**b. Defendant's Failure to Provide a Written Response to Plaintiffs' First Requests for Production served June 23, 2026**

Plaintiffs served their First Requests for Production to Defendant on June 23, 2026. In an effort to comply with deadlines set by the District Judge in this matter, the parties agreed to reduce the deadline for response to written discovery from 30 days to within 20 days of service. Defendant's written response was therefore due July 13, 2026. Defendant has been making rolling productions, but no written response was made until August 4, 2026, just prior to the subject hearing. Plaintiffs did not have the opportunity to review the responses prior to the hearing. The

---

[4] *See New Jersey v. Sprint Corp.*, 258 F.R.D. 421, 448–49 (D. Kan. 2009).

Court is encouraged based on the recent communications between counsel that any disagreements regarding the responses can be resolved through meaningful conferral. The issue regarding the failure to provide a written response became moot on the day of the conference.

However, the Court and parties discussed certain production issues including the failure to de-duplicate the production, the production of documents without attachments, and time to complete all production. The parties are directed to continue to meaningfully confer regarding how to address the de-duplication issue. Also, Defendants shall complete production, including production of prior documents which were produced without their attachments by **August 14, 2026**.

**c. Unverified and Incomplete Answers to Plaintiffs' First Set of Interrogatories**

Like the requests for production, Plaintiffs served their First Set of Interrogatories on June 23, 2026 with Defendant's response due July 13, 2026 based upon the 20 day response time agreed to in the Scheduling Order.[5] Defendant served its answers on July 14, 2026, however, the answers are unverified. Plaintiffs argue, and the Court agrees, the answers are incomplete. Pursuant to Fed. R. Civ. P. 33(b)(3), each "interrogatory must, to the extent not objected to, be answered separately and fully in writing under oath."

Reviewing Defendant's answers, the Court finds only Interrogatory No. 4 to be answered fully. The answers to Interrogatory Nos. 1-3, 5-15, and 17-20 indicate Defendant will provide the information requested. And the answers to Interrogatory No. 16 directs the Plaintiffs to the Answer to their Complaint, reserving the right to supplement their answer in the future. Defendant shall provide a supplemental, full answer to Interrogatory Nos. 1-3, 5-15, and 17-20 no later than

[5] Although Fed. R. Civ. P. 33(b)(2) requires a responding party to serve its answers and any objections withing 30 days after being served with the interrogatories, a shorter time may be stipulated to or ordered by the court.

**August 14, 2026**. These answers shall provide the Bates number for any document Defendant refers to or relies on in answering the interrogatory.

**d. Deficient Responses to Plaintiffs' First Requests for Admissions**

Plaintiffs served 90 requests for admissions on Defendant on June 23, 2026. Defendant served its responses one day beyond the agreed to 20-day response period, on July 14, 2026. Two of the requests, Request for Admission Nos. 45 and 47, were set out in the responses, but were not answered. Another request was completely omitted from the responses.[6] Twenty-five of the requests, Request for Admission Nos. 7, 23, 24, 25, 31-33, 35-39, 41, 42, 68-74, 78, 79, 87, and 88, were denied "as phrased." An additional three requests, Request for Admission Nos. 8, 9, and 22 as denied "as characterized."

Though the Court does not find any of the requests for admission have been deemed admitted, it does find all requests denied as phrased or as characterized are insufficient and do not respond to the substance of the request as required by Fed. R. Civ. P. 36.[7] Defendant shall supplement its responses to Plaintiffs' request for admissions, answering all requests previously not responded to and indicating what portions of each request is admitted and what portion is denied for Request for Admission Nos. 7-9, 22-25, 31-33, 35-39, 41, 42, 68-74, 78, 79, and 87. Further the supplemental responses either need to be numbered in accordance with the original requests or Defendant shall provide an index cross-referencing the number of its supplemental response with the number of the original request. Defendant shall produce its supplemental responses, and any index no later than **August 19, 2026**.

---

[6] Neither Plaintiffs nor Defendant identified the number of the omitted request.

[7] *In re: Motor Fuel Temperature Sales Pracs. Litig.*, No. 07-MD-1840-KHV, 2011 WL 13077510, at *8 (D. Kan. Aug. 1, 2011).

**e. Production of Insurance Policies Required by Fed. R. Civ. P. 26(a)**

The deadline for production of insurance policies and other documents identified in the parties' Rule 26(a) disclosures was June 8, 2026. Although the parties agree certain policies or portions of policies have been produced, Plaintiffs have a list of documents they allege are still missing. We are approaching 60 days after the deadline the parties agreed to produce all documents identified in their initial disclosures. Defendant shall produce all identified policies in full, including declarations, endorsements, schedules, and exclusions no later than **August 7, 2026**.

**f. Identification of Documents Produced in Productions LBOE007 and LBOE008**

Defendant's Status Reports indicate it made six KORA productions through April 23, 2026 and produced two more volumes of documents LBOE007 and LBOE008 on July 27, 2026. As with other document production there remains a de-duplication issue with these last two productions. The parties shall meaningfully confer and Defendant shall address the de-duplication issue as agreed no later than **August 19, 2026**.

**g. Number and Scheduling of Depositions**

During the Scheduling Conference, the parties discussed the number of depositions each side would be permitted. At the time, the Court limited each side, all Plaintiffs and Defendant, to 10 depositions each. Since the time of the Scheduling Conference, additional Plaintiffs have been added to the case increasing the number of depositions needed. After discussion with the parties, the number of depositions permitted for each side is increased to 12.

The parties shall continue to confer regarding scheduling these depositions and provide the Court with a status report by **August 21, 2026**. A Status Conference before the undersigned is set for **August 27, 2026 at 11:00 a.m. via Zoom**. If there are any issues remaining regarding either written discovery or scheduling depositions, the parties shall provide a joint position statement,

with relevant caselaw, limited to 10 pages (5 pages per side), all relevant conferral correspondence, and copies of any discovery responses at issue by **August 24, 2026 at noon**.

**III. Joint Oral Motion to Amend Scheduling Order**

After discussion with the parties and finding good cause, certain deadlines were extended as set forth below:

Close of Discovery – **October 12, 2026**;

Submission of Proposed Pretrial Order – **October 19, 2026**;

Pretrial Conference – **October 27, 2026 at 10:00 a.m. via Zoom**.

The Court orders the parties to mediate this matter. During the hearing parties disagreed regarding the timing best suited to produce meaningful discussions. The Court directs the parties to continue to confer regarding this issue as well as the appropriate mediator. The parties shall file a joint mediation notice no later than **September 18, 2026**.

**The briefing schedule for dispositive motions and the trial setting will remain as set by District Judge Vratil.**

For the reasons set forth above, **IT IS THEREFORE ORDERED** the law firm of Lewis Brisbois pay Mr. Rosenthal and Mr. Margolies each for 1.1 hours of their time. The parties shall confer regarding the logistics of making the ordered payment.

**IT IS SO ORDERED** Plaintiffs' Oral Motion to Compel **(ECF No. 132)** and the parties' Joint Oral Motion to Amend Scheduling Order **(ECF No. 133)** are both **GRANTED**. The deadlines for Defendant's further response regarding KORA production and supplementing responses to Plaintiffs' First Set of Interrogatories, First Requests for Production, and First Requests for Admissions, along with addressing any production issues are as set forth above. The extended scheduling deadlines are additionally set forth above.

**IT IS FURTHER ORDERED** A Status Conference before the undersigned Magistrate Judge is set for **August 27, 2026 at 11:00 a.m. via Zoom**. The parties shall continue to confer regarding scheduling depositions and provide the Court with a status report by **August 21, 2026**. If there are any issues remaining regarding either written discovery or scheduling depositions, the parties shall provide a joint position statement, with relevant caselaw, limited to 10 pages (5 pages per side), all relevant conferral correspondence, and copies of any discovery responses at issue by **August 24, 2026 at noon**.

**IT IS SO ORDERED.**

Dated this 7th day of August, 2026.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge