IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JACK TELL, et al., Plaintiffs, v. LAWRENCE USD 497, Defendant. | Case No. 2:25-cv-02428-KHV-GEB |

**DEFENDANT'S MOTION TO WITHDRAW MATTERS DEEMED ADMITTED RESPONSIVE TO PLAINTIFFS' SECOND REQUESTS FOR ADMISSION**

Defendant Lawrence USD 497 ("Defendant" or the "District") respectfully moves pursuant to Fed. R. Civ. P. 36(b) to withdraw any matters deemed admitted responsive to Plaintiffs' Second Requests for Admission, and deem its October 22, 2026 responses timely.

## INTRODUCTION

On September 22, 2026, Plaintiffs served one hundred five Requests for Admission ("Second RFAs"). At that time, the discovery cutoff was October 12, 2026. Plaintiffs' service of the Second RFAs would have been untimely, but for the fact that the Scheduling Order shortened Defendant's time to respond from thirty days to twenty days. Having overlooked the modification established by the Scheduling Order, Defendant served its responses on October 22, 2026, believing the responses were timely pursuant to Rule 36.

Plaintiffs did not initially raise the issue of Defendant's late service of its responses, including at the Pretrial Conference held on October 29, 2026, until Plaintiffs filed their motion for partial summary judgment on November 2, 2026 (ECF 193), contending at notes 1 and 2 that Defendant's Second RFA responses were untimely, and relying on two RFAs "deemed admitted" (RFAs 151 and 156) in support of their motion.

Defendant now seeks to withdraw its admissions to Plaintiffs' Second RFAs, and asks the Court to deem its responses timely. Allowing Defendant to withdraw any admitted facts is necessary to preserve adjudication on the merits, and Plaintiffs cannot demonstrate prejudice, defined as "the sudden need to obtain evidence required to prove the matter that had been admitted." *Ramphal v. Sherwin-Williams Co.,* No.25-2350-AJP-BGS, 2026 WL 2640585, at *5 (D. Kan. Sept. 8, 2026) (quotation omitted). There can be no prejudice here because (1) Plaintiffs served the Second RFAs on the last possible day prior to the close of discovery, so they cannot have been deprived of discovery as to any facts otherwise deemed admitted; (2) Defendant's nine-day delay does not establish any independent prejudice prior to trial; and (3) Defendant does not dispute any facts Plaintiffs rely upon as "deemed admitted" in support of their summary judgment motion filed on November 2. To preserve adjudication of this action on the merits, any admissions in response to Plaintiffs' Second RFAs should be deemed withdrawn, and Defendant's responses should be deemed timely.

## FACTUAL AND PROCEDURAL HISTORY

The complete factual and procedural history is set forth in the accompanying Grant Declaration, attached as **Exhibit 1**. As set forth therein, Plaintiffs served their Second RFAs on September 22, 2026. Defendant's response ordinarily would have been due on October 22, 2026, pursuant to Fed. R. Civ. P. 36(a)(3), and Defendant calendared its response deadline for that date, having overlooked the fact that the Scheduling Order shortened the time to respond by ten days. Defendant served its responses on October 22, 2026, and believed the responses were timely.

Plaintiffs did not raise the issue during the Pretrial Conference, and Defendant was not aware that Plaintiffs considered the responses untimely until Plaintiffs filed their motion for partial summary judgment on November 2, 2026. Plaintiffs rely on the "deemed admitted" status of RFAs 151 and 156, but Plaintiffs also support facts relying upon those deemed

admissions with other evidence. As explained in Defendant's opposition to Plaintiffs' motion, Defendant considers facts supported by RFAs 151 and 156 immaterial to Plaintiffs' motion, and did not therefore deny any related facts for purposes of summary judgment.

## ARGUMENT

### A. Legal Standard.

This Court recently discussed the grounds upon which a party should be permitted to withdraw admissions, in *Ramphal v. Sherwin-Williams Co.,* No. 25-2350-AJP-BGS, 2026 WL 2640585 (D. Kan. Sept. 8, 2026). Rule 36(b), which permits withdrawal of admissions, "has been used where a party … seeks to respond out of time." *Id.* at *5 (quotation omitted).

In applying Rule 36(b), "courts in the District of Kansas apply a two-part test. First, it is [movant's] burden … to demonstrate that the merits of this action will be subserved or facilitated by ordering the withdrawal of the admission. Then, [non-movant], as the party who obtained the admission, bears the burden of demonstrating to the court that withdrawal of the admissions will prejudice him in maintaining the action on the merits." *Id.* (quotations omitted).

### B. Withdrawal of the admissions will preserve resolution of this action on the merits.

Defendant admits the substance of most of Plaintiffs' Second RFAs; Defendant outright denied only a few of the RFAs. Nevertheless, permitting Defendant to withdraw any facts otherwise deemed admitted is necessary to serve the "merits of this action." *Id.*

The Second RFAs ask Defendant to admit certain facts that are not true, or that may not be true. RFA 121 asks the District to admit that an individual's account could be "selected for Gaggle monitoring," when, in fact, the District did not select individual accounts for monitoring. (Ex. 2.) Request 151 asks the District to admit that before Torkzaban sent a test email, former District employee Tholen notified District administrators the email would be

a test, but Defendant has not been able to verify this occurred. (*Id.*) Request 156 asks the District to admit that notice was not required before ManagedMethods would restrict a student's access to a file, when, in fact, students are notified their accounts are subject to restrictions. (*Id.*) RFA 194 asks the District to admit that before ManagedMethods first scanned E.B.'s account, the District had not notified E.B. that automated content review could restrict his access to stored files, when, in fact, E.B. was subject to and on notice of the Student Acceptable Use Policy, notifying him that his content would be monitored and inappropriate content could be removed without notice. (*Id.*)

Beyond its express denials, the District denies many of Plaintiffs' purported facts as lacking context, and as implying facts that are not true. If Plaintiffs were permitted to introduce all 105 of these facts as unequivocally true to a jury, a jury would be (i) led to accept as true facts that are not true; and/or (ii) be led to accept, as unequivocally true, facts or legal conclusions that Defendant disputes in material part, as set forth in its responses. Under these circumstances, Defendant would be prejudiced if Plaintiffs were permitted to state, as truth, all these facts. Preserving Defendant's responses, rather than deeming each fact admitted, will accordingly preserve the merits of the District's defenses.

**C. Plaintiffs cannot demonstrate prejudice**.

For purposes of this analysis, prejudice "is not that the party who obtained the admission will have to convince the jury of the truth of the matter," but rather, prejudice "relates to the difficulty a party may face in proving its case because of the sudden need to obtain evidence required to prove the matter that had been admitted." *Ramphal,* 2026 WL 2640585, at *5.

Plaintiffs cannot demonstrate prejudice. Plaintiffs served the Second RFAs such that Defendant's responses were due on the date discovery closed, meaning Plaintiffs could not have pursued additional discovery necessary to prove facts Defendant denied. To whatever

extent the need to *marshal*, as opposed to *obtain*, facts prior to trial is prejudice within the meaning of Rule 36(b) (and it is not clear that it is), Plaintiffs cannot demonstrate this prejudice because Defendant served its responses only nine days late.

The only conceivable prejudice Plaintiffs could demonstrate would be reliance on the truth of a denied fact, otherwise deemed admitted, for purposes of summary judgment, but this is not cognizable prejudice. *In re Durability Inc.*, 212 F.3d 551, 557 (10th Cir. 2000) ("[P]reparing a summary judgment motion in reliance upon an erroneous admission does not constitute prejudice.") Regardless, Defendant agreed not to dispute Plaintiffs' facts in support of their summary judgment motion relying on deemed admissions to RFAs 151 and 156. (Grant Dec. ¶ 16, ECF 202.) Defendant has been unable to identify who Tholen purportedly notified regarding Natasha's test email (RFA 151), and denies the District does not provide notice before ManagedMethods restricts access to a file (RFA 156), but did not dispute Plaintiffs' factual contentions that relied on RFAs 151 and 156. There is thus no prejudice to Plaintiffs if this motion is granted.

**D. Defendant does not seek to amend its response to RFA 187 because E.B.'s exemption status on October 22, 2026 is irrelevant, and Defendant will rely on other grounds for summary judgment.**

As explained in the Grant Declaration, Defendant has identified a mistake in its response to RFA 187, which asked the District to admit that ManagedMethods is currently (as of the date of Defendant's responses) configured to scan E.B.'s account. Although E.B.'s account is *not* monitored, Defendant admitted that fact, erroneously, because Defendant mistakenly identified that E.B. is enrolled in "Digital Media Technology," which is not exempt from ManagedMethods (under that name), before determining, prior to moving for summary judgment, that "Digital Media Technology" is the same as "Media Design & Production," and students enrolled in "Media Design & Production" are exempt from ManagedMethods. (Grant

Dec. ¶ 18.) E.B. is, in fact, exempt from ManagedMethods because he is enrolled in Media Design & Production, a/k/a Digital Media Technology. (ECF 194-2, ¶ 12.)

Despite its mistake, Defendant does not seek to amend its response to RFA 187, for two reasons. One, Plaintiffs rely heavily on the admission in their opposition to Defendant's motion for summary judgment, and regardless of whether Defendant's mistake was reasonable, Defendant agrees Plaintiffs were justified in relying upon Defendant's admission, and the parties' dispositive motion practice should not be thrown into chaos because Defendant made a mistake, however justified. Defendant has asserted other grounds for summary judgment against E.B., and will rely on those other grounds in its reply.

Further, Defendant admitted (erroneously) E.B.'s monitoring status as of the specific date of its response, October 22, 2026, but that specific date is arguably irrelevant. A plaintiff's standing is generally determined as of the time the complaint was filed. *Tandy v. City of Wichita*, 380 F.3d 1277, 1284 (10th Cir. 2004). The Polk Declaration accurately states that E.B. has been enrolled in Media Design & Production since the fall of 2025. (ECF 194-2, ¶ 12.) E.B. became a Plaintiff in this case on July 10, 2026 (ECF 101). Defendant's response to RFA 187 does not admit E.B. was subject to ManagedMethods on the date he became a Plaintiff – and he was not. To the extent E.B.'s enrollment status as of the trial date is determinative, trial does not start until January 4, 2027, at which point the current semester will be over, and whether E.B. was monitored on October 22, 2026, will be irrelevant.

For these reasons, Defendant does not seek to amend its prior response to RFA 187 to correctly state that E.B.'s account was not, in fact, monitored on October 22, 2026. Defendant will indulge the fiction that E.B.'s account was subject to monitoring on that date for purposes of summary judgment – even though it was not.

**CONCLUSION**

Defendant respectfully requests the Court permit Defendant to withdraw any facts deemed admitted in response to Plaintiffs' Second Requests for Admission served September 22, 2026, and deem its October 22, 2026 responses timely.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH, LLP

By: /s/ *Cameron E. Grant*

Cameron E. Grant, KS No. 28388
Melika Harris, KS No. 30908
Andrew Gnefkow, KS. No. 79266
4600 Madison Ave., Suite 700
Kansas City, MO 64112
Telephone: (816)299-4255
Facsimile: (816)299-4245
Cameron.Grant@lewisbrisbois.com
Melika.Harris@lewisbrisbois.com
Andrew.Gnefkow@lewisbrisbois.com

*Counsel for Defendant*