**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JACK TELL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LAWRENCE USD 497,<br><br>Defendant. | Case No. 2:25-cv-02428-KHV-GEB |

**DECLARATION OF CAMERON E. GRANT IN SUPPORT OF DEFENDANT'S MOTION TO WITHDRAW ADMISSIONS**

I, Cameron E. Grant, state as follows:

1. I am lead counsel for Defendant in this case. I have personal knowledge of all matters stated herein. I submit this Declaration in support of Defendant's motion to withdraw any matter deemed admitted based on Defendant's untimely service of its response to Plaintiffs' Second Requests for Admission.

2. On September 22, 2026, Dentons paralegal Beth Conner emailed a secure link to Plaintiffs' Second Requests for Admission ("Second RFAs") to Defendant's counsel.

3. On September 22, 2026, Lewis Brisbois attorney Melika Harris asked a Lewis Brisbois secretary to calendar Defendant's response deadline to Plaintiffs' Second RFAs.

4. Defendant calendared its deadline to respond to Plaintiffs' Second RFAs for October 22, 2026, consistent with Fed. R. Civ. P. 36(a)(3).

5. Although Cameron Grant, Melika Harris, and Andrew Gnefkow contemporaneously reviewed Plaintiffs' Second RFAs, and had begun investigating which matters should be admitted or denied, as the deadline approached, I realized no one had downloaded a local copy of the Second RFAs, and the secure link containing them had expired.

6. On October 21, 2026, I emailed Ms. Conner and requested another copy of Plaintiffs' Second RFAs. Plaintiffs' attorney Harrison Rosenthal responded on October 21, 2026, attaching the Second RFAs, and stating: "Resending them does not extend the response deadline. Plaintiffs reserve all rights and arguments concerning timeliness, including the argument that the matters are deemed admitted under Rule 36."

7. Defendant served its responses to Plaintiffs' Second RFAs on October 22, 2026. A copy of Defendant's response is attached as **Exhibit 2**.

8. Plaintiffs did not contend that Defendant's responses were untimely until they filed their motion for partial summary judgment on November 2, 2026 (ECF 193). Plaintiffs did not raise the issue at the Pretrial Conference held on October 30, 2026. At the time I received Mr. Rosenthal's October 21 email response regarding timeliness, I believed Mr. Rosenthal was preemptively conveying that responses to the requests would not be considered timely if they were received after October 22, 2026. Mr. Gnefkow had the same impression. (I have not spoken to Ms. Harris about this issue.)

9. When Plaintiffs filed their motion for partial summary judgment on November 2, 2026, Defendant realized for the first time that Plaintiffs considered Defendant's responses untimely.

10. Plaintiffs contend Defendant's responses were untimely, based on Section 2.b of the Scheduling Order, which provides that all discovery shall be answered within twenty (20) days of service, without regard to the customary response times for such discovery. (**Exhibit 3**.)

11. Defendant agrees that its responses to Plaintiffs' Second RFAs were untimely, based on the modified deadline set forth in the Scheduling Order. Defendant's failure to timely serve responses was caused by attorney failure, in that none of the three attorneys who received the requests (Cameron Grant, Melika Harris and Andrew Gnefkow) flagged that the Scheduling Order modified Defendant's time to respond under Rule 36. Until reviewing Plaintiffs' motion for summary judgment, counsel believed they had timely served the responses.

12. Although not an excuse in and of itself, Cameron Grant and Melika Harris did not enter their appearances in this case until July 31, 2026, and August 4, 2026, respectively, after the Scheduling Order modifying deadlines had already been entered. Defendant's counsel should have taken steps to ensure that the calendaring of any discovery response deadlines accounted for Scheduling Order Section 2.b's modification of deadlines. Counsel failed to do so.

13. At the time Plaintiffs served their Second RFAs, by Order entered August 10, 2026, the Court had extended the close of discovery to October 12, 2026 (**Exhibit 4**), meaning Plaintiffs' Second RFAs were served so that responses were due the day discovery closed.

14. Although also not an excuse in and of itself, Defendant notes there was a <u>lot</u> going on around the time Plaintiffs served their Second RFAs on September 22. Defendant was working to timely complete its document production in response to Plaintiffs' Second RFPs. The parties were working to complete depositions, including the District's 30(b)(6) depositions, prior to the discovery cutoff. Defendant was seeking supplemental discovery from Plaintiffs. And the parties were preparing for mediation on October 26, and the dispositive motion deadline of November 2. The high level of activity in this case contributed to Defendant's failure to properly calendar the response deadline for the Second RFAs.

15. Plaintiffs' motion for partial summary judgment states that Plaintiffs rely in part on matters deemed admitted, "notably Nos. 151 and 156,", and "alternatively on the late answers and corroborating testimony and records." (ECF 193 n.2.)

16. In its response to Plaintiffs' motion, Defendant stated that these deemed admissions were immaterial to Plaintiffs' motion, and therefore, for purposes of summary judgment, Defendant did not dispute facts relying on RFAs 151 and 156. (ECF 202, n.1.)

17. Plaintiffs' opposition to Defendant's motion for partial summary judgment raises a separate issue, as to RFA 187, which Defendant expressly admitted. Plaintiffs rely heavily on that admission, in which the District admitted that as of the date of the District's response, ManagedMethods is configured to scan E.B.'s District-managed Google account.

18. Defendant's admission of RFA 187 was a mistake. After receiving Plaintiffs' Second RFAs, the District sought to determine whether E.B.'s account was, in fact, monitored. The District initially determined, incorrectly, that E.B.'s account is monitored, when in fact it is not. This mistake was made because E.B. is enrolled in a class that goes by two different names. Before responding to Plaintiffs' Second RFAs, the District determined that E.B. is enrolled in "Digital Media Technology." That class, by that name, is not exempted from ManagedMethods. But then before filing its motion for summary judgment, James Polk determined that "Digital Media Technology" is the same class as "Media Design & Production," and students in "Media Design & Production" are exempt from ManagedMethods. Accordingly, James Polk's declaration stating E.B. is exempt (ECF 194-2) is correct. Defendant's admission of RFA 187 is incorrect.

19. As explained in the accompanying Motion, Defendant does <u>not</u> seek to amend its admission of RFA 187, for several reasons: (i) in Defendant's view, Plaintiffs reasonably relied on the District's admission of RFA 187 in its opposition to Defendant's motion; (ii) the District is entitled to summary judgment on other grounds, independent of E.B.'s exemption status, as will be set forth in the District's reply; and (iii) by the time trial starts on January 4, 2027, E.B. will be enrolled in separate classes in any event, so his exemption status can be determined at that time. In other words, for purposes of summary judgment, Defendant will indulge in the fiction that E.B.'s account is monitored by ManagedMethods – when in fact it is not.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: November 18, 2026

Cameron E. Grant